**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02770-WJM-SKC

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

Defendants.

---

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINT MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

---

Pursuant to Rule 201 of the Federal Rules of Evidence and Practice Standards for Civil and Criminal Matters, Standard III.B., Defendants InnovAge Holding Corp. ("InnovAge" or "the Company"), Maureen Hewitt, Barbara Gutierrez, John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor, Richard Zoretic, Welsh, Carson, Anderson & Stowe, and Apax Partners, L.P.[1] (collectively, "Defendants") respectfully request that this Court take judicial notice of the following documents attached to the Declaration of Diane L. McGimsey in Support of Joint Motion when considering Defendants' Motion to Dismiss:[2]

- **Exhibit 3**: Chapter 15 of the CMS PACE Manual. The CMS PACE Manual is referenced in the Amended Complaint at paragraphs 81, 94, and 126, and is available at https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Internet-Only-Manuals-IOMs-Items/CMS019036.
- **Exhibit 4**: PACE Audit Results published by CMS, referenced in the Amended Complaint at paragraphs 150 and 151 and available at https://www.cms.gov/Medicare/Compliance-and-Audits/Part-C-and-Part-D-Compliance-and-Audits/PACE-Audit-Results.
- **Exhibit 5**: Colorado Department of Public Health & Environment's ("CDPHE") dashboard that populates the results of inspections conducted by CDPHE within the previous five years, available at https://cdphe.colorado.gov/find-and-compare-facilities,

---

1 On April 1, 2021, Apax Partners, L.P. converted from a Delaware limited partnership to a Delaware limited liability company and is now known as Apax Partners US, LLC.

2 Unless otherwise indicated, capitalized terms have the same meaning as defined in Defendants' Joint Motion.

as well as the full text of the citations quoted in paragraphs 158, 160, and 161 of the Amended Complaint that were downloaded from the dashboard.

- **Exhibit 10**: Order to Dismiss Action and to Unseal Case (Dkt. No. 19) from *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. Apr. 2, 2020), the action in which the Whistleblower Complaint referenced in the Amended Complaint at paragraphs 143, 145-46, and 148-49 arose.
- **Exhibits 12 to 17**: Publicly available news articles published by *The Capitol Forum* concerning InnovAge, relied on by Plaintiffs throughout the Amended Complaint.[3]

It is well settled that on a motion to dismiss a securities action, a court "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). "Rule 201(d) [now Rule 201(c)(2)] makes the rule mandatory when it applies: 'A court shall take judicial notice if requested by a party and supplied with the necessary information.'" *O'Toole* v. *Northrop Grumman Corp.*, 499 F.3d 1218, 1224

[3] The remaining Exhibits attached to the McGimsey Declaration—which include the Company's SEC filings and associated earnings call transcripts—may be considered because they are incorporated by reference into the Amended Complaint. Even if the Court were to find they were not incorporated by reference, the Court would be able to take judicial notice of them. *See, e.g.*, *Wolfe* v. *Aspenbio Pharma, Inc.*, 2012 WL 4040344, at *2 (D. Colo. Sept. 13, 2012) (granting request for judicial notice of "documents publicly filed with the SEC" as matters of public record); *In re Gold Res. Corp. Sec. Litig.*, 957 F. Supp. 2d 1284, 1293 (D. Colo. 2013) (taking judicial notice of "transcript of earnings conference calls" with investors and "press releases"), *aff'd*, 776 F.3d 1103 (10th Cir. 2015).

(10th Cir. 2007) (quoting Fed. R. Evid. 201(d) (2007)); *see also* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal* v. *Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

Exhibits 3, 4, and 5 are official government publications obtained through public government websites. Courts generally may take judicial notice of "official government publications." *High Desert Relief, Inc.* v. *United States*, 917 F.3d 1170, 1175 n.1 (10th Cir. 2019); *see, e.g.*, *Cook* v. *Whyde*, 2021 WL 4459051, at *2 n.5 (D. Colo. Sept. 29, 2021) (taking judicial notice of contents of local police operations manual). Courts similarly may take judicial notice of information publicly available on government websites. *See, e.g.*, *New Mexico ex rel. Richardson* v. *Bureau of Land Mgmt.*, 565 F.3d 683, 719 & n.22 (10th Cir. 2009) (taking judicial notice of facts published on "websites of two federal agencies"). Accordingly, the Court may take judicial notice of the CMS PACE Manual, the summary of CMS PACE audits from 2017 to 2019 published on CMS's website, the CDPHE dashboard to review historical results of CDPHE audits for the last five years, and the full text of the three citations downloaded therefrom that are quoted in the Amended Complaint. (McGimsey Decl. ¶¶ 4-6 (Exs. 3-5).) The Court may also take judicial notice of these exhibits because they constitute facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2).

The Court also should take judicial notice of the date on which the Whistleblower Complaint was unsealed. Courts may take judicial notice of publicly available court documents

filed in other actions. *Stan Lee Media, Inc.* v. *Walt Disney Co.*, 774 F.3d 1292, 1299 n.2 (10th Cir. 2014) ("[W]e can take judicial notice of documents and docket materials filed in other courts." (citing *Estate of McMorris* v. *C.I.R.*, 243 F.3d 1254, 1258 n. 8 (10th Cir.2001)). Here, the Amended Complaint relies upon the Whistleblower Complaint's allegations, which was filed in federal court in July 2019 (*see* Compl. ¶¶ 143, 145-46, 148-49) and unsealed on April 2, 2020, before the challenged statements were made. (McGimsey Decl. ¶ 11 (Ex. 10)); *see, e.g.*, *Young* v. *Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) ("[P]ublic docket sheet" showing date of appearance that was used to calculate claim accrual date was "a matter of public record.").

Finally, the Court should take notice that the market was aware of the information contained in *The Capitol Forum* articles attached as Exhibits 12 through 17 to the McGimsey Declaration, as courts may take "take judicial notice of newspaper articles for the fact of their publication without transforming the motion into one for summary judgment." *Barilli* v. *Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 249 (S.D.N.Y. 2019) (quoting *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 n.15 (S.D.N.Y. 2003).) Defendants do not request that the Court take judicial notice of the truth of the contents of the articles, but only the date on which the information contained therein was known to the market. *See, e.g.*, *Chipman* v. *Aspenbio Pharma, Inc.*, 2012 WL 4069353, at *5 (D. Colo. Sept. 17, 2012) (taking judicial notice of stock analysts' reports to reject "plaintiff['s] claim[] [that information] was concealed from him").

**CONCLUSION**

For the foregoing reasons, the Court should consider and take judicial notice of exhibits 3, 4, 5, 10, and 12-17 attached to the McGimsey Declaration.

Dated: September 13, 2022

SULLIVAN & CROMWELL LLP

By: /s/ Karen Patton Seymour
Karen Patton Seymour
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 291-9307
seymourk@sullcrom.com

Diane L. McGimsey
Ryan J. Nielsen
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
mcgimseyd@sullcrom.com
nielsenr@sullcrom.com

*Counsel for InnovAge Holding Corp., Maureen Hewitt, Barbara Gutierrez, John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor, Richard Zoretic, Apax Partners, L.P., and Welsh, Carson, Anderson & Stowe*

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ John Walsh
John Walsh
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3154
Facsimile: (720) 274-3133
john.walsh@wilmerhale.com

Matthew Benedetto
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5323
Facsimile: (213) 443-5400
matthew.benedetto@wilmerhale.com

*Counsel for InnovAge Holding Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2022, I electronically filed a true and correct copy of the foregoing **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINT MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties via the CM/ECF system.

*/s/ Ryan J. Nielsen*
Ryan J. Nielsen