IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02770-WJM-SKC

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, and INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

 Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY LLC,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO. LLC,
ROBERTS & RYAN INVESTMENTS, INC.

 Defendants.

*(Caption continues on following page)*

**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINT MOTION TO DISMISS AMENDED CLASS AC-TION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiffs respond and object, in part, to Defendants' Request for Judicial Notice in Support of Joint Motion to Dismiss Amended Class Action Complaint for Violations of the Federal Securities Laws under Federal Rule of Evidence 201, ECF No. 76 ("Defs. Req").[1]

## INTRODUCTION

In connection with their motion to dismiss, Defendants filed a request for judicial notice, asking the Court to take judicial notice of ten documents and find that eleven other documents are incorporated into the Complaint by reference. While Plaintiffs do not oppose the Court's consideration of these documents generally, Defendants improperly try to use these documents in their Motion to contradict the well-pled facts. Defendants ask the Court to take judicial notice of documents, including a document not referenced in the Complaint, to support their defense that the market was purportedly aware of certain alleged omitted facts. *See* Defs. Exs. 4, 5, 10, 12-17; Mot. 20-21, 30-31 & n.18.[2] But whether the market is aware of information is not subject to judicial notice because it is not a fact "generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Morgan v. Baker Hughes Inc.*, 728 Fed. Appx. 850, 857 (10th Cir. 2018) (citing Fed. R. Evid. 201(b)). Further, the truth-on-the-

---

[1] The Defendants making the request are InnovAge Holding Corp., Maureen Hewitt, Barbara Gutierrez, John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor, Richard Zoretic, Welsh, Carson, Anderson & Stowe, and Apax Partners, L.P.

[2] "Defs. Ex." refer to the exhibits to the Declaration of Diane L. McGimsey in Support of Defendants' Joint Motion to Dismiss, ECF No. 74; "Mot." refers to Defendants' Joint Motion to Dismiss, ECF No. 73; "Pls. Opp" refers to Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss, filed concurrently with this response; and "Pls. Decl." refers to the Declaration of Jan E. Messerschmidt in Support of Lead Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss Amended Class Action Complaint for Violations of the Federal Securities Laws, filed concurrently with this response.

1

market analysis necessarily requires a fact-intensive inquiry that is rarely appropriate to resolve on summary judgment, let alone at the pleading stage.

Many courts have warned of the "concerning pattern" of defendants in securities cases misusing judicial notice to "dispute facts stated in a well-pleaded complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-1003 (9th Cir. 2018). This "unscrupulous use of extrinsic documents to resolve competing theories against the complaint" is impermissible at the motion-to-dismiss stage because doing so "risks premature dismissals of plausible claims that may turn out to be valid after discovery," especially in securities cases. *Id.* at 998. "Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 999.

While Plaintiffs do not oppose the Courts' consideration of these documents, the Court should reject Defendants' attempt to introduce their own version of the facts or to resolve factual disputes or inferences in their favor.

## LEGAL STANDARD

In ruling on a motion to dismiss, courts must generally consider only the "facts...alleged in the complaint itself." *Employees' Retirement System of R.I. v. Williams Companies, Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018). But a court has "discretion to consider documents attached to a Rule 12(b)(6) motion to dismiss if the documents are referenced in a complaint, are central to a plaintiff's claims, and are indisputably authentic." *Oregon Laborers Employers Pension Tr. Fund v. Maxar Techs. Inc.*, 2020 WL 5500458, at *1 n.1 (D. Colo. Sept. 11, 2020) (Martinez, J.) (citing *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997)). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). Facts subject to judicial notice are those "not subject to reasonable dispute" because they are "generally known within the trial

court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Morgan*, 728 Fed. Appx. at 857 (citing Fed. R. Evid. 201(b)). "In order for a fact to be judicially noticed, indisputability is a prerequisite." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (citation omitted). Further, judicially noticed documents "may only be considered to show their contents, not prove the truth of the matters asserted therein." *Tal*, 453 F.3d at 1265 n.24 (internal quotations omitted); 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure (Evidence) § 5102.2 (2d ed. 2005) (explaining that Rule 201(b) limits judicial notice to "indisputable facts, thus limiting the use of judicial notice to clear cases").

**ARGUMENT**

To be sure, the Court may properly take judicial notice of the publication and filing dates of news articles and court filings, because those dates are not subject to reasonable dispute and "can be accurately and readily determined." *Morgan,* 728 Fed. Appx. at 857 (internal quotations omitted). But Defendants go further, asking the Court to "take notice that the *market was aware of the information*" contained in nine documents, including articles published by *The Capitol Forum* (Exs. 12-17) (emphasis added), a court order unsealing a 2019 whistleblower complaint against InnovAge (Ex. 10), a spreadsheet of aggregated results of PACE audits by CMS (Ex. 4), and a screenshot of an online database of inspection results by a Colorado regulator (Ex. 5). In their Motion, Defendants try to use these documents to advance their "truth-on-the-market" defense, claiming that information contained in the documents was known to the market at the time Defendants' statements were made. Mot. 20-21, 30-31. Each of these requests is improper, because whether the market was aware of information in the documents and whether the information was conveyed with sufficient intensity and credibility to influence the market is not a fact "verifiable with certainty" that is subject to judicial notice. *MusclePharm*

3

*Corp. v. Liberty Ins. Underwriters, Inc.*, 712 Fed. Appx. 745, 757 (10th Cir. 2017) (internal quotations omitted).

Indeed, the market's "awareness" of information requires a fact-intensive inquiry that "is rarely an appropriate basis for dismissing" a case at the pleadings stage. *Gelt Trading, Ltd. v. Co-Diagnostics, Inc.*, 2022 WL 716653, at *5 n.2 (D. Utah Mar. 9, 2022); *see also Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (internal quotations omitted) ("Though records of litigation are subject to judicial notice for some purposes at the pleading stage, judicial notice is not a proper basis for rejecting factual allegations appearing in the plaintiff's complaint"); *Khoja*, 899 F.3d at 1000 (finding it to be an abuse of discretion to use judicially noticed documents "to determine what the investors knew").

Further, even if the Court could take judicial notice of an inference that the market was aware of information in *The Capital Forum* articles—and it cannot—there would be no basis for drawing such an inference from these documents. The articles published by *The Capitol Forum* were not, as Defendants wrongly claim, "publicly available." Unlike widely circulated or mainstream news sources, *The Capitol Forum* is a subscription-only investigative news organization, whose articles are generally not immediately available to the public. ¶115; Pls. Decl. ¶¶3-4. For access to *The Capitol Forum*'s articles, subscribers pay annual subscription fees ranging from at least $35,000 to as much as $80,000 per year. Pls. Decl.¶4. It is true that, for promotional and marketing purposes, *The Capitol Forum* will sometimes "unlock" certain articles, making them publicly available on its website. Pls. Decl. ¶3. But a representative from *The Capitol Forum* confirmed to Lead Counsel that when they release articles publicly, it is "almost always months before or after we see that doing so won't diminish the value our [subscribing] clients already get." Pls. Decl. ¶14. Indeed, the representative explained that while it could not determine the precise date when the six InnovAge-related articles were unlocked, they were "certainly not" publicly available "on the publication date or any time soon afterwards (by months).'" Pls. Decl. ¶14.

4

Thus, there is no basis to infer that any of those articles were even "publicly available," much less that the market was indisputably aware of the information contained in those articles.[3] *Select Portfolio Servicing v. Valentino*, 875 F. Supp. 2d 975, 991 (N.D. Cal. 2012) (refusing to "take judicial notice of an inference" because a court "may not take judicial notice of a fact that is subject to reasonable dispute").

Defendants' other requests are equally improper. For instance, Defendants attach a screenshot of a website maintained by the Colorado Department of Public Health & Environment ("CDPHE"), which allows users to access the results of inspections conducted by the agency in the previous five years, along with the text of the results for certain inspections of InnovAge. Ex. 5. Similarly, Defendants attach an undated spreadsheet of aggregated results of PACE audits conducted by CMS from 2017 to 2019. Ex. 4.[4] Defendants then rely on these documents in their Motion to argue that the information contained in those sources is "readily accessible" and "contemporaneously released to the public." Mot. 21. But the "mere fact" that a government agency posted a document "on its website," or that the document was "made public," is "not enough" to establish the market's awareness of that information, particularly at the pleading stage. *In re Amgen Inc. Securities Litig.*, 2014 WL 12585809, at *15 (C.D. Cal. Aug. 4, 2014) (explaining that even if the Court took judicial notice of documents that the FDA posted to its website, "a dispute of fact precludes the Court from indisputably finding" that

---

[3] For this reason, the articles published by *The Capitol Forum* are nothing like the "publicly available investor communications" considered in Defendants" cited cases. *Chipman v. Aspenbio Pharma, Inc.*, 2012 WL 4069353, at *2 (D. Colo. Sept. 17, 2012) (Blackburn, J.) (judicially noticing "publicly available investor communications and stock analysts' reports").

[4] In their Motion, Defendants also try to misuse the PACE audit results document to introduce facts not alleged in the Complaint, stating "CMS publishes its audit results, which reflect that out of 193 audits of PACE organizations from 2017 to 2019, only *one* audit resulted in no CARs or ICARs." Mot. 4 (emphasis in original). But while this purported fact has no bearing on the questions presently before the Court, it is also improper because judicially noticed documents cannot be considered for "the truth of matters asserted therein." *Tal*, 453 F.3d at 1265 n.24.

the document was sufficiently available to the public "to shield Defendants from liability"). Nor, for that matter, is there anything in Defendants' exhibits that show when the documents were posted, let alone that they were available before the events at issue in this case. Thus, the Court could take judicial notice of, at most, the fact that those documents are currently available, not that they were available at the time Defendants' statements were made.[5]

## CONCLUSION

For the reasons above, the Court should deny Defendants' request for judicial notice of the fact that the market was aware of information contained in Exhibits 4, 5, 10, and 12-17.

---

[5] For this reason, Defendants' exhibits are unlike the documents considered in their cited cases. *New Mexico ex rel. Richardson v. Bureau of Land Mgt.*, 565 F.3d 683, 719 (10th Cir. 2009) (taking judicial notice of the existing and online availability of an agency's review that was accompanied by a dated "press release").

Date: November 14, 2022

Respectfully submitted,

*/s/ Cecil E. Morris*

FAIRFIELD AND WOODS, P.C.
Jason B. Robinson
Cecil E. Morris
1801 California Street, Suite 2600
Denver, CO 80202
Tel.: (303) 830-2400
Fax: (303) 830-1033
jrobinson@fwlaw.com
cmorris@fwlaw.com

*Liaison Counsel for Lead Plaintiffs*

COHEN MILSTEIN SELLERS & TOLL PLLC
Julie G. Reiser
S. Douglas Bunch
Jan E. Messerschmidt
1100 New York Avenue, N.W., Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
jreiser@cohenmilstein.com
dbunch@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

Carol V. Gilden
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Tel.: (312) 357-0370
Fax: (312) 357-0369
cgilden@cohenmilstein.com

Manuel J. Dominguez
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel.: (561) 515-1400
Fax.: (561) 515-1401
jdominguez@cohenmilstein.com

*Lead Counsel for Lead Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2022, I electronically filed a true and correct copy of the foregoing Response to Defendants' Request for Judicial Notice in Support of Joint Motion to Dismiss Amended Class Action Complaint for Violations of the Federal Securities Laws with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties via the CM/ECF system.

/s/ *Cecil E. Morris*
Cecil E. Morris