**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02770-WJM-SKC

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE
PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on
behalf of all others similarly situated,

  Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

  Defendants.

---

**REPLY TO PLAINTIFFS' RESPONSE TO REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF JOINT MOTION TO DISMISS AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

---

Defendants respectfully submit this Reply to Plaintiffs' Response (the "Response") to Defendants' Request for Judicial Notice (the "Request").[1]

The Response refers to the ten documents that are the subject of Defendants' request for judicial notice and the eleven other documents incorporated into the Amended Complaint by reference and states, "Plaintiffs do not oppose the Court's consideration of these documents generally." (Resp. at 1.) However, Plaintiffs argue that the Request should be denied as to Exhibits 4, 5, 10, and 12-17 because (1) "Defendants improperly try to use these documents in their Motion to contradict the well-pled facts"; and (2) the Court may not take judicial notice of the fact that these documents were publicly available. (Resp. at 1, 4-5.) Neither argument is correct.

*First*, numerous courts in this Circuit have taken judicial notice of the fact that information was "readily available to a reasonable investor" in granting a motion to dismiss a securities complaint. *In re PolarityTE, Inc., Sec. Litig.*, --- F. Supp. 3d ---, 2020 WL 6873798, at *1 n.1, 11 (D. Utah Nov. 22, 2020) (taking judicial notice of publicly available SEC filings showing that certain disclosures had been made); *see, e.g.*, *Chipman* v. *Aspenbio Pharma, Inc.*, 2012 WL 4069353, at *2 (D. Colo. Sept. 17, 2012) ("[F]or the limited purpose of showing that various disclosures were made and available to investors, I may judicially notice publicly available investor communications and stock analysts' reports."); *Noble Asset Mgmt.* v. *Allos Therapeutics, Inc.*, 2005 WL 4161977, at *7 (D. Colo. Oct. 20, 2005) (taking judicial notice of publicly available FDA guidance and policies). The Tenth Circuit has explained that

---

[1]     Capitalized terms not defined herein have the same meaning as used in the Request and Defendants' Joint Motion to Dismiss (the "Motion").

"[u]ndisclosed information is material only if its disclosure would have significantly altered the total mix of information available to a reasonable investor" and "[p]ublic documents are part of that total mix if an investor interested in a particular type of information about a company would know of the existence of the record and could readily access it." *United Food & Com. Workers Union Loc. 880 Pension Fund* v. *Chesapeake Energy Corp.*, 774 F.3d 1229, 1237-38 (10th Cir. 2014) (quotations omitted). That courts routinely take such information into account in securities cases makes eminent sense because "[a] 'reasonable investor' is neither an ostrich, hiding her head in the sand from relevant information, nor a child, unable to understand the facts and risks of investing." *Id.* at 1238 (quotation omitted).

Plaintiffs try to avoid controlling Tenth Circuit authority by relying on cases from the Central District of California and the District of Utah, respectively. (Resp. at 4.) Neither case helps Plaintiffs' argument. Rather, *Patel* v. *Parnes* confirms that "it is appropriate [for this Court] to consider [the exhibits] for the purpose for which [D]efendants offer them—*i.e.*, to show 'whether and when information was provided to the market.'" 253 F.R.D. 531, 546 (C.D. Cal. 2008). Meanwhile, *Gelt Trading, Ltd.* v. *Co-Diagnostics, Inc.*, which discussed the issue exclusively in a footnote in response to an argument raised for the first time at oral argument, is not directly on point. Instead, the court discusses non-binding authority concerning the "truth-on-the-market defense," which goes to whether the misrepresentation impacted stock price, rather than whether the alleged omissions were misleading in light of the publicly available information. 2022 WL 716653, at *5 n.2 (D. Utah Mar. 9, 2022).

*Second*, contrary to Plaintiffs' claim, Defendants do not use these Exhibits to contradict factual allegations in the Amended Complaint. Rather, Defendants ask the Court to take judicial

notice only of the fact that the information in the documents—accurate or not—was publicly disclosed. For example, the Court need not consider whether CMS correctly identified the deficiencies reflected in the 2017 to 2019 CMS audit results, but whether the fact that CMS indicated it had found deficiencies was public. (Compl. ¶ 150.)[2] Similarly, the Court need not consider whether the allegations in *The Capitol Forum* articles were true to conclude those allegations were public during most Post-Offering Statements. In any event, the information for which Defendants seek judicial notice does not contradict any factual allegations in the Amended Complaint.

Plaintiffs' heavy reliance on *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) is therefore misplaced. (*See* Resp. at 2, 4.) The *Khoja* court declined to take judicial notice of documents, the contents of which were "subject to varying interpretations," or consider the truth of incorporated documents "if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 999-1003 (quotation omitted). In contrast, here, the "Court need not consider any content within the [documents] in such a way that would create a disputed fact," but need only take judicial notice of "their public nature." *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920-21 (N.D. Cal. 2020) (distinguishing *Khoja* on this basis and taking judicial notice of the fact "that this information [in news articles] was available to the market"). Plaintiffs mischaracterize *Khoja* as "finding it to be an abuse of discretion to use

---

[2]     Plaintiffs argument that it is "improper" to take judicial notice of the fact that virtually every CMS audit from 2017 to 2019 of non-InnovAge facilities identified at least one deficiency (Resp. at 5 n.4) fails for similar reasons. Defendants do not ask this Court to take notice of the truth of the findings, but rather of what CMS told the market.

judicially noticed documents 'to determine what the investors knew.'" (Resp. at 4 (quoting

*Khoja*, 899 F.3d at 1000).) This language does not refer to whether "investors knew" of the

public existence of the document sought to be judicially noticed—an earnings call transcript—

but rather refers to the fact that a portion of a particular transcript was "subject to varying

interpretations" such that there was "reasonable dispute as to what the transcript establishes."

*Long Miao* v. *Fanhua, Inc.*, 442 F. Supp. 3d 774, 786 n.9 (S.D.N.Y. 2020) (quoting *Khoja*, 442

F. Supp. 3d at 999-1000) (distinguishing *Khoja* and taking judicial notice of "investor call

transcripts, not for the truth of the matters asserted therein, but to reflect what was stated").

Plaintiffs' arguments about specific Exhibits fare no better. The Response asserts that the

fact that the Whistleblower Complaint[3] was publicly available (*see* Ex. 10) should not be

considered (Resp. at 3), but offers no support.

Courts routinely take judicial notice of news articles and analyst reports similar to *The*

*Capitol Forum* articles to conclude information was publicly available. For example, in *Colbert*

v. *Rio Tinto PLC*, the Second Circuit relied on an "analyst report publicly stating . . . [the] very

fact that [plaintiff] asserts was concealed" to grant defendants' motion to dismiss. 824 F. App'x

5, 11 & n.5 (2d Cir. 2020). Similarly, in *Chipman*, the District of Colorado judicially noticed

"publicly available investor communications and stock analysts' reports" "for the limited

purpose of showing that various disclosures were made and available to investors." 2012 WL

4069353, at *2. And, in *Barilli* v. *Sky Solar Holdings, Ltd*. the court took judicial notice of

---

[3]     Plaintiffs cannot plausibly argue that Defendants are improperly asking the Court to
judicially notice the facts contained in the Whistleblower Complaint while Plaintiffs claim that
the factual allegations therein—public as of April 2, 2020 (*See* Ex. 10)—were true by repeatedly
relying on them in the Amended Complaint. (*See, e.g.*, Compl. ¶¶ 143, 145-46, and 148-49.)

"news and magazine articles proffered by [the] [d]efendants" that showed the "information

regarding the conditions and regulatory actions [the] [p]laintiffs allege were not disclosed was

publicly available at the time [of] the Prospectus." 389 F. Supp. 3d 232, 249, 255 (S.D.N.Y.

2019) ("A defendant has no duty to disclose information that is within the public domain through

publication in the news media.").

Plaintiffs respond that, because *The Capitol Forum* is a subscription service, the articles it

publishes are not "publicly available." (Resp. at 4.) Plaintiffs cite no authority supporting this

argument, which other courts have rejected. For example, in *Sanches* v. *IXYS Corp.* the court

rejected plaintiff's argument that information available only on Bloomberg "should not

constitute publicly available information because it is a subscription service." 2018 WL

4787070, at *3-4 (N.D. Cal. Oct. 2, 2018) Regardless, *The Capitol Forum* articles attached as

Exhibits can be downloaded for free without a subscription. (*See* McGimsey Decl. ¶¶ 13-18.)

While Plaintiffs argue that *The Capitol Forum* waits "months" after publication to make articles

public (Resp. at 4), the first of the articles, dated March 29, 2021, was published well over a

month before the first Post-Offering Statement made on May 10, 2021 and many months before

the September and November 2021 Post-Offering Statements. Accordingly, even under

Plaintiffs' timeline, this information was freely available before most of the alleged

misstatements.[4]

---

[4]      Plaintiffs' citation of *Select Portfolio Servicing* v. *Valentino*, 875 F. Supp. 2d 975 (N.D.
Cal. 2012), to suggest the Court may not "take judicial notice of an inference" (Resp. at 4-5),
misses the mark. In that case, defendants asked the court to take judicial notice of the fact that
they paid rent during a particular period, in an action in which one of plaintiff's claims was
premised on the allegation that defendants failed to do so, based on an inference from a
document that did not clearly support that fact. *See Valentino*, 875 F. Supp. 2d at 990-91. The
case therefore stands for nothing more than the unremarkable proposition, expressed in *Khoja*,

Plaintiffs argue that the fact the CMS and CDPHE's audits (Exs. 4-5)—publicly available government records—were posted on their websites is not enough to establish they were readily available to a reasonable investor (Resp. at 5-6), citing *In re Amgen Inc. Securities Litigation*, 2014 WL 12585809 (C.D. Cal. Aug. 4, 2014). But in that case, the defendant sought judicial notice of a case-specific briefing book posted by the FDA to argue that defendant's stock price did not significantly fall on the day the briefing documents was posted by the FDA, and thus plaintiffs had failed to plead loss causation (*i.e.* that the alleged misrepresentations caused plaintiffs financial harm). *Id.* at *13-15. By contrast, Defendants ask this Court to take judicial notice of the fact that these Exhibits were publicly available for purpose of assessing whether the allegedly omitted information "would have significantly altered the total mix of information available to a reasonable investor," an entirely distinct element. *United Food*, 774 F.3d at 1237-38 (quotation omitted).

Plaintiffs' only other response to these Exhibits is to argue that it is uncertain when the CMS and CDPHE results of 2017 to 2020 audits were posted on their respective websites. (Resp. at 5-6.) The Amended Complaint itself alleges that the CMS audit results were always "public records" (Compl. ¶ 150),[5] a fact confirmed by archived versions of the CMS website from 2020.[6] Colorado law has also required CDHPE, since at least 2013, to make "available to

---

that courts should not take judicial notice of the truth of statements in documents for the purpose of contradicting factual allegations in the complaint.

[5]    This allegation is confirmed by the CMS PACE Manual, which Plaintiffs concede is incorporated by reference into the Amended Complaint, clarifying that "Corrective Action Plans are public documents which are posted on the CMS website." (Ex. 3, at 8.)

[6]    *See* https://web.archive.org/web/20200604232507/https://www.cms.gov/ Medicare/Compliance-and-Audits/Part-C-and-Part-D-Compliance-and-Audits/PACE-Audit-Results. While unnecessary given Plaintiffs' allegations, the Court may take judicial notice of

the public" the "investigation summaries" with a "listing of any deficiency citations issued".

Colo. Rev. Stat. § 25-1-124(6)(a).  Accordingly, Plaintiffs' argument lacks merit.

## CONCLUSION

For the foregoing reasons, the Court should consider and take judicial notice of exhibits

3, 4, 5, 10, and 12-17 attached to the McGimsey Declaration.

---

this web archive from The Wayback Machine.  *See Erickson* v. *Nebraska Mach. Co.*, 2015 WL
4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of
web pages available through the Wayback Machine as facts that can be accurately and readily
determined from sources whose accuracy cannot reasonably be questioned, and the Court does so
here." (internal citations omitted)).

-8-

Dated:        December 14, 2022

SULLIVAN & CROMWELL LLP

By:  /s/ *Karen Patton Seymour*
Karen Patton Seymour
125 Broad Street
New York, NY 10004-2498
Telephone:  (212) 558-4000
Facsimile:  (212) 291-9307
seymourk@sullcrom.com

Diane L. McGimsey
Ryan J. Nielsen
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800
mcgimseyd@sullcrom.com
nielsenr@sullcrom.com

*Counsel for InnovAge Holding Corp.,
Maureen Hewitt, Barbara Gutierrez, John
Ellis Bush, Andrew Cavanna, Caroline
Dechert, Edward Kennedy, Jr., Pavithra
Mahesh, Thomas Scully, Marilyn Tavenner,
Sean Traynor, Richard Zoretic, Apax
Partners, L.P., and Welsh, Carson,
Anderson & Stowe*

WILMER CUTLER PICKERING HALE
AND DORR LLP

By:  /s/ *John Walsh*
John Walsh
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone:  (720) 274-3154
Facsimile:  (720) 274-3133
john.walsh@wilmerhale.com

Matthew Benedetto
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone:  (213) 443-5323
Facsimile:  (213) 443-5400
matthew.benedetto@wilmerhale.com

*Counsel for InnovAge Holding Corp.*

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2022, I electronically filed a true and correct copy of the foregoing **REPLY TO PLAINTIFFS' RESPONSE TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINT MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties via the CM/ECF system.

/s/ Ryan J. Nielsen
Ryan J. Nielsen

-9-