**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02770-WJM-SKC

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

     Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

     Defendants.

---

**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

---

Defendants InnovAge Holding Corp. ("InnovAge" or the "Company"), Maureen Hewitt and Barbara Gutierrez (the "Officer Defendants"), John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor and Richard Zoretic (the "Director Defendants," and together with InnovAge and the Officer Defendants, "Defendants"), by their undersigned counsel, hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") in the above-captioned proceeding. For the avoidance of doubt, any allegation not expressly admitted herein by Defendants is denied. Further, Defendants are not required to respond to headings and sub-headings of the Amended Complaint, but, to the extent any response is required, unless otherwise expressly stated, Defendants deny the allegations and characterizations of allegations set forth in the headings and sub-headings of the Amended Complaint.

On December 21, 2023, this Court issued an Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss Amended Class Action Complaint. The Court dismissed claims based on a majority of the misstatements alleged in the Amended Complaint and found that Plaintiffs failed to allege control person liability against John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor and Richard Zoretic (the "Director Defendants") (together, the "Dismissed Claims"). Accordingly, portions of the Amended Complaint are inoperative and do not require a response. Additionally, as explained in Defendants' Joint Motion and Brief to Dismiss Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. 73 at 43-45) and as set forth in InnovAge's public filings, Apax Partners US, LLC (formerly

Apax Partners, L.P.) and an entity called "Welsh, Carson, Anderson & Stowe" do not own shares in InnovAge. Admissions, denials and references to "Apax" and "WCAS" set forth herein are for simplicity to match Plaintiffs' pleading and do not waive this argument. Defendants answer the allegations of the like-numbered paragraphs and subparagraphs of the Amended Complaint as follows:

1. Defendants admit that Plaintiffs seek to bring this federal securities action against InnovAge, Maureen Hewitt ("Hewitt"), Barbara Gutierrez ("Gutierrez"), Welsh, Carson, Anderson & Stowe ("WCAS"), Apax Partners ("Apax"), the underwriters in InnovAge's IPO and members of the InnovAge's Board of Directors as of the completion of InnovAge's IPO, and otherwise deny the remaining allegations in Paragraph 1 and refer the Court to InnovAge's Schedule 14(a) Proxy Statement for a description of the investment vehicle through which entities affiliated with WCAS and Apax and certain other holders hold their investment. By way of further answer, Thomas Scully ("Scully"), Sean Traynor ("Traynor") and Caroline Dechert ("Dechert") deny the existence of an entity called "Welsh, Carson, Anderson & Stowe."

2. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 2, and on that basis deny them. Defendants admit that InnovAge completed an initial public offering ("IPO") in March 2021, but otherwise deny the allegations in the second sentence of Paragraph 2. The third sentence of Paragraph 2 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves.[1] Defendants respectfully refer the Court to the Offering

---

[1] The Offering Documents, as defined in Paragraph 241 of the Amended Complaint, include InnovAge's Registration Statement on Form S-1, filed with the Securities and Exchange

Documents for their complete and accurate contents, and otherwise deny the allegations in the third sentence of Paragraph 2. Defendants deny the allegations in the fourth sentence of Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. The first sentence of Paragraph 4 is too vague as to time to permit a response and Defendants therefore deny it on that basis, however, by way of further answer, Defendants state that InnovAge's 2023 Annual Report states that based on an analysis of available data by the National PACE Association in July 2023, costs under the Program of All-inclusive Care for the Elderly ("PACE") were estimated to be 15% lower on average than for a comparable dual-eligible population aged 65 and older under Medicaid. Defendants further admit that the capitated payments are pooled, InnovAge's PACE program model incentivizes InnovAge to avoid costly but preventable treatments, and that PACE programs can use their funds to install grab bars to reduce falls, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4, and on that basis deny them.

5. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 5, and on that basis deny them. Defendants admit that Hewitt served as InnovAge's CEO from 2006-2021 and that, in 2016, Hewitt had the vision to convert InnovAge from a not-for-profit entity to a for-profit entity in order to increase its agility in the marketplace and access the required capital to grow its footprint

---

Commission ("SEC") on February 8, 2021, First Amended Registration Statement, filed with the SEC on February 24, 2021, Second Amended Registration Statement, filed with the SEC on February 26, 2021, Third Amended Registration Statement, filed with the SEC on March 3, 2021, and Prospectus, filed with the SEC on March 3, 2021.

nationally and reach more participants, but otherwise deny the allegations in the second sentence of Paragraph 5.  Defendants further admit that Scully was the former Administrator of the Centers for Medicare & Medicaid Services ("CMS") under President George W. Bush.  InnovAge, Scully, Traynor and Dechert admit that Scully is a general partner of the investment advisor WCAS Management Corporation.  InnovAge and Hewitt further admit that (a) InnovAge backed a bill that permitted Colorado's Medicaid program to contract with for-profit PACE programs; and (b) InnovAge converted to a for-profit company in 2016.  Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5, and on that basis deny them, except respectfully refer the Court to the transaction documents through which entities affiliated with WCAS invested in InnovAge in 2016 for a complete and accurate description of the transaction and entities involved.

6.      Defendants admit that (a) a *Modern Healthcare* article dated January 6, 2017, contains quotes attributed to Scully and respectfully refer the Court to that document for its complete and accurate contents, (b) InnovAge completed an IPO in March 2021, (c) InnovAge was a nonprofit company prior to converting to a for-profit company in 2016, (d) Hewitt served as InnovAge's CEO at the time it converted to a for-profit entity and at the time of its IPO, (e) as of June 2020,  InnovAge had expanded its model to a network of 16 centers in five states, and (f) InnovAge's enrollment and revenue grew from 3,155 participants and $231 million in 2016 to 6,400 participants and $567.2 million in 2020, but otherwise deny the remaining allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7, which do not present a fair and complete description of the matters described therein. By way of further answer, however,

Defendants admit that in June 2020, Ignite Aggregator LP, TCO Group Holdings, Inc. and the equity holders of TCO Group Holdings, Inc. entered into a Securities Purchase Agreement pursuant to which the equity holders of TCO Group Holdings, Inc. sold a portion of their equity interest in InnovAge to Ignite Aggregator LP and respectfully refer the Court to InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 3021, for a complete description of Ignite Aggregator LP, TCO Group Holdings, L.P. and their respective affiliations with Apax and WCAS.

8.      Defendants admit that InnovAge's IPO was launched in March 2021 through a syndicate of 11 underwriters, but otherwise deny the allegations in Paragraph 8, which do not present a fair and complete description of the matters described herein, except respectfully refer the Court to InnovAge's Offering Documents for a complete and accurate statement of their contents.

9.      InnovAge and the Officer Defendants deny the allegations in Paragraph 9.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 9, and on that basis deny them.  The Director Defendants deny the remaining allegations in Paragraph 9.

10.      The first sentence of Paragraph 10 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves.  Defendants respectfully refer the Court to the Offering Documents for their complete and accurate contents, and otherwise deny the allegations in the first sentence of Paragraph 10.  The allegations in the second sentence of Paragraph 10 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that InnovAge's stock price for the IPO

was $21 per share, the price at the close of trading on March 4, 2021, was $24.20 and the price at the close of trading on March 12, 2021, was $25.98, but otherwise deny the allegations in the second sentence of Paragraph 10.  Defendants deny the allegations in the third sentence of Paragraph 10, which are too vague to permit a response.

11.    Defendants admit that (a) on September 17, 2021, CMS notified InnovAge that it was suspending InnovAge Sacramento's enrollment of new Medicare beneficiaries under its contract number H2368, (b) InnovAge held an earnings call on September 23, 2021, and (c) InnovAge's stock was priced at $13.85 per share at the open of trading on September 20, 2021, InnovAge's stock was priced at $12.71 per share at the close of trading on September 20, 2021, and its stock was priced at $6.76 per share at the close of trading on September 23, 2021, and otherwise deny the remaining allegations in Paragraph 11, except respectfully refer the Court to CMS's Notice of Imposition of Sanction to Suspend Enrollment of Programs of All-inclusive Care for the Elderly (PACE) participants into contract number: H2368 and a transcript of InnovAge's September 21, 2021 earnings conference call for a complete and accurate statement of their contents.

12.    Defendants admit that on December 23, 2021, InnovAge issued a press release and filed with the SEC a Form 8-K announcing that CMS had determined to suspend new enrollments at InnovAge's Colorado centers and respectfully refer the Court to the press release and Form 8-K for a complete and accurate statement of their contents, and otherwise deny the allegations in the first sentence of Paragraph 12.  Defendants admit that InnovAge's stock was priced at $8.25 per share at the close of trading on December 22, 2021, and $5.31 per share at the close of trading on December 23, 2021, but otherwise deny the allegations in the second sentence of Paragraph 12.

13.     Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and on that basis deny them.  Defendants admit that the second sentence of Paragraph 13 purports to quote from and characterize a December 23, 2021 report published by William Blair, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 13.

14.     Defendants deny the allegations in the first sentence of Paragraph 14.  The second sentence of Paragraph 14 purports to characterize a Summary of Findings - InnovAge Colorado PACE Complaint Investigation, from the Colorado Department of Health Care Policy and Financing ("HCPF"), which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in the second sentence of Paragraph 14.

15.     Defendants admit that InnovAge held an earnings conference call on May 10, 2022, and otherwise deny the allegations in Paragraph 15, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to a transcript of the May 10, 2022 earnings conference call for a complete and accurate statement of its contents.

16.     Defendants admit that InnovAge held an earnings conference call on May 10, 2022, and otherwise deny the allegations in Paragraph 16, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to a transcript of the May 10, 2022 earnings conference call for a complete and accurate statement of its contents.

17.     The allegations in Paragraph 17 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

-7-

18. The allegations in Paragraph 18 constitute legal conclusions, to which no response is required.

19. The allegations in Paragraph 19 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 19.

20. The allegations in the first sentence of Paragraph 20 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants admit the allegations in the first sentence of Paragraph 20. The allegations in the second sentence of Paragraph 20 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that InnovAge's principal executive offices are located in Denver, Colorado, but otherwise deny the allegations in the second sentence of Paragraph 20.

21. The allegations in Paragraph 21 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that basis deny them.

23. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that basis deny them.

24. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis deny them.

25. The allegations in Paragraph 25 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26. Defendants admit the allegations in the first, third, fourth, sixth and seventh sentences of Paragraph 26. Defendants further admit that (a) InnovAge Holding Corp. (formerly,

TCO Group Holdings, Inc.) and certain wholly owned subsidiaries were formed as for-profit corporations effective May 13, 2016, for the purpose of purchasing all the outstanding common stock of Total Community Options, Inc. d/b/a InnovAge, which was formed in May 2007, (b) in connection with this purchase, Total Community Options, Inc. and certain of its subsidiaries converted from not-for-profit organizations to for-profit corporations, (c) in connection with the IPO in March 2021, InnovAge changed its name from TCO Group Holdings, Inc. to InnovAge Holding Corp., (d) the IPO was conducted pursuant to a registration statement that was filed with the SEC on February 8, 2021 and an incorporated prospectus that registered 19,166,667 shares of InnovAge common stock for sale to the public and (e) as of June 14, 2021 InnovAge had over 135 million shares of common stock outstanding.  Defendants otherwise deny or deny knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and therefore deny them.

27.    Scully, Traynor and Dechert admit that WCAS has been involved with private equity since 1979, focuses on investing in the technology and healthcare industries, primarily in the United States, and has raised capital across at least 18 partnerships and invested in more than 170 companies, but otherwise deny the remaining allegations in the first and second sentences of Paragraph 27.  InnovAge, the Officer Defendants and the other Director Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 27, and on that basis deny them.  Defendants deny the allegations in the third sentence of Paragraph 27, but respectfully refer the Court to the transaction documents pursuant to which entities affiliated with WCAS invested in InnovAge in 2016 for a complete and accurate description of the transaction and entities involved.

28.    As to the first sentence in Paragraph 28, Andrew Cavanna ("Cavanna") and Pavithra Mahesh ("Mahesh") admit that non-party Apax Partners LLP is a global private equity advisory firm focusing on the technology, services, healthcare, and eConsumer industries and InnovAge, the Officer Defendants and the other Director Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny them. Defendants deny the allegations in the second sentence of Paragraph 28, however, by way of further answer, Defendants admit that in June 2020, Ignite Aggregator LP, TCO Group Holdings, Inc. and the equity holders of TCO Group Holdings, Inc. entered into a Securities Purchase Agreement pursuant to which the equity holders of TCO Group Holdings, Inc. sold a portion of their equity interest in InnovAge to Ignite Aggregator LP and respectfully refer the Court to InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 3021, for a complete description of Ignite Aggregator LP, TCO Group Holdings, L.P. and their respective affiliations with Apax and WCAS. Defendants admit that InnovAge completed an IPO in March 2021, but otherwise deny the allegations in the third sentence of Paragraph 28, which do not present a fair and complete description of the matters described therein.

29.    Defendants deny the allegations of Paragraph 29, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

30.    Defendants deny the allegations in the first sentence of Paragraph 30, except admit that in connection with its IPO, InnovAge entered into a Director Nomination Agreement. Defendants further admit that Paragraph 30 purports to quote from and characterize the Director

-10-

Nomination Agreement and respectfully refer the Court to the Director Nomination Agreement for a complete and accurate statement of its contents.

31.    The allegations in Paragraph 31 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 31, which do not present a fair and complete description of the matters described therein.

32.    Defendants admit the allegations in the first two sentences of Paragraph 32, except deny that Hewitt's resignation was effective January 1, 2021, and by way of further answer, state that Hewitt's resignation was effective January 1, 2022.  Defendants deny the allegations in the third sentence of Paragraph 32, except respectfully refer the Court to Form 10-K/A filed with the SEC on October 28, 2021, for a complete and accurate statement of compensation earned by Hewitt in InnovAge's fiscal year 2021.

33.    Defendants admit the first and third sentences of Paragraph 33, except deny that Gutierrez is InnovAge's current Chief Financial Officer.  As to the second sentence of Paragraph 33, Gutierrez admits the allegations and InnovAge, Hewitt and the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny them.  Defendants deny the allegations in the fourth sentence of Paragraph 33, except respectfully refer the Court to InnovAge's Form 10-K/A filed with the SEC on October 28, 2021, for a complete and accurate statement of compensation earned by Gutierrez in InnovAge's fiscal year 2021.

34.    The allegations in Paragraph 34 constitute a characterization of certain defined terms in the Amended Complaint, to which no response is required.

-11-

35.     The allegations in Paragraph 35 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35, which do not present a fair and complete description of the matters described therein, except admit that Hewitt and Gutierrez performed responsibilities of InnovAge's CEO and CFO, respectively, and were privy to certain confidential information in those roles.

36.     Defendants admit that John Ellis Bush ("Bush") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge but otherwise deny the remaining allegations in the first sentence of Paragraph 36.  Defendants admit that Bush signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report but otherwise deny the allegations of the second sentence of Paragraph 36.  Defendants admit the allegations in the third sentence of Paragraph 36.  The allegations in the fourth sentence of Paragraph 36 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 36.  Defendants admit that Bush received $50,000 in connection with services rendered to InnovAge during fiscal year 2021, but otherwise deny the allegations in the fifth sentence of Paragraph 36.

37.     Defendants admit that Cavanna became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge, but deny that Cavanna is the current Chair of InnovAge's Board of Directors.  Defendants admit that Cavanna signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report.  Defendants admit the allegations in the third sentence of Paragraph 37.  The allegations in the fourth sentence of Paragraph 37 constitute legal

-12-

conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 37.

38.    Defendants admit that Dechert became a Director of InnovAge upon the completion of InnovAge's IPO, but otherwise deny the remaining allegations in the first sentence of Paragraph 38.  By way of further answer, Defendants admit that Dechert became a Director of InnovAge as a "WCAS Nominee" as that term is defined in the Director Nomination Agreement and respectfully refer the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the entities referred to as "WCAS" under the Director Nomination Agreement. Defendants admit that Dechert signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report.  InnovAge, Scully, Traynor and Dechert admit that Dechert joined one or more entities affiliated with WCAS in 2012 and serves as a Principal in the healthcare group, but otherwise deny the remaining allegations in the third sentence of Paragraph 38.  The Officer Defendants and other Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 38, and on that basis deny them.  The allegations in the fourth sentence of Paragraph 38 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 38.

39.    Defendants admit that Edward Kennedy, Jr. ("Kennedy") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge. Defendants admit that Kennedy signed a written consent to being named in the Offering

-13-

Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. Defendants admit the allegations in the third sentence of Paragraph 39. Defendants deny the allegations in the fourth sentence of Paragraph 39 and respectfully refer the Court to InnovAge's Form 10-K/A filed with the SEC on October 28, 2021 for a complete and accurate description of compensation received by Kennedy during fiscal year 2021. The allegations in the fifth sentence of Paragraph 39 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the fifth sentence of Paragraph 39.

40. Defendants admit that Mahesh became a Director of InnovAge upon the completion of InnovAge's IPO, but otherwise deny the remaining allegations of the first sentence of Paragraph 40. By way of further answer, Defendants state that Mahesh became a Director of InnovAge as an "Apax Partners Nominee" as that term is defined in the Director Nomination Agreement and respectfully refer the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the entities referred to as "Apax Partners" under the Director Nomination Agreement. Defendants admit that Mahesh signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. Defendants admit the allegations in the third sentence of Paragraph 40. The allegations in the fourth sentence of Paragraph 40 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 40.

41. Defendants admit that Scully became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge, but otherwise deny the remaining

allegations in the first sentence of Paragraph 41.  By way of further answer, Defendants admit that Scully became a Director of InnovAge as a "WCAS Nominee" as that term is defined in the Director Nomination Agreement and respectfully refer the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the entities referred to as "WCAS" under the Director Nomination Agreement. Defendants admit that Scully signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report.  InnovAge, Scully, Traynor and Dechert deny the allegations in the third sentence of Paragraph 41, except admit that Scully is a General Partner of WCAS Management Corporation, and admit the allegations in the fourth sentence of Paragraph 41.  The Officer Defendants and other Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 41, and on that basis deny them.  The allegations in the fifth sentence of Paragraph 41 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fifth sentence of Paragraph 41.

42.    Defendants admit that Marilyn Tavenner ("Tavenner") became a Director of InnovAge upon the completion of InnovAge's IPO.  Defendants admit that Tavenner signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report.  Defendants admit the allegations in the third and fourth sentences of Paragraph 42.    Tavenner admits that she worked at the Hospital Corporation of America ("HCA").  The remaining allegations in the fifth sentence of Paragraph 42 are too vague to permit a response and Defendants therefore deny them on that basis.  Defendants

-15-

deny the allegations in the sixth sentence of Paragraph 42 and respectfully refer the Court to InnovAge's Form 10-K/A filed with the SEC on October 28, 2021, for a complete and accurate description of compensation received by Tavenner during fiscal year 2021. The allegations in the seventh sentence of Paragraph 42 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the seventh sentence of Paragraph 42.

43.     Defendants admit that Traynor became a Director of InnovAge upon the completion of InnovAge's IPO, but otherwise deny the remaining allegations in the first sentence of Paragraph 43. By way of further answer, Defendants admit that Traynor became a Director of InnovAge as a "WCAS Nominee" as that term is defined in the Director Nomination Agreement and respectfully refer the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the entities referred to as "WCAS" under the Director Nomination Agreement. Defendants admit that Traynor signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. InnovAge, Scully, Traynor and Dechert deny the allegations in the third sentence of Paragraph 43, except admit that Traynor joined one or more entities affiliated with WCAS in 1999 and is a General Partner of WCAS Management Corporation. The Officer Defendants and other Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 43, and on that basis deny them. The allegations in the fourth sentence of Paragraph 43 constitute legal conclusions, to which no

-16-

response is required. To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 43.

44.    Defendants admit that Richard Zoretic ("Zoretic") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge, but otherwise deny the remaining allegations in the first sentence of Paragraph 44. Defendants admit that Zoretic signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. Defendants deny the allegations in the third sentence of Paragraph 44 and respectfully refer the Court to InnovAge's Form 10-K/A filed with the SEC on October 28, 2021 for a complete and accurate description of compensation received by Zoretic during fiscal year 2021. The allegations in the fourth sentence of Paragraph 44 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 44.

45.    The allegations in Paragraph 45 constitute a characterization of certain defined terms in the Amended Complaint, to which no response is required.

46.    Defendants admit that Defendants Cavanna, Dechert, Mahesh, Scully and Traynor were appointed as Directors in accordance with the Director Nomination Agreement dated March 8, 2021 but otherwise deny the allegations in Paragraph 46 and respectfully refer the Court to the Director Nomination Agreement for a complete and accurate statement of its contents, including the entities that are parties to that agreement.

47.    Paragraph 47 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 47

constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 47.

48.      The allegations in Paragraph 48 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 48, which do not present a fair and complete description of the matters described therein.

49.      Paragraph 49 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 49 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 49.

50.      The allegations in Paragraph 50 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.      Defendants admit the allegations in Paragraph 51.

52.      Defendants admit the allegations in Paragraph 52.

53.      Defendants admit the allegations in Paragraph 53.

54.      Defendants admit the allegations in Paragraph 54.

55.      Defendants admit the allegations in Paragraph 55.

56.      Defendants admit the allegations in Paragraph 56.

57.      Defendants admit the allegations in Paragraph 57.

58.      Defendants admit the allegations in Paragraph 58.

59.      Defendants admit the allegations in Paragraph 59.

60.      Defendants admit the allegations in Paragraph 60.

61.      Defendants admit the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 constitute a characterization of certain defined terms in the Amended Complaint, to which no response is required.

63.     Defendants admit the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants admit the allegations in Paragraph 65.

66.     Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, and on that basis deny them.

67.     Defendants admit that during the time period March 2019 to February 2021, (a) Melissa Welch ("Welch") was InnovAge's Chief Medical Officer, (b) Hewitt was InnovAge's CEO and (c) Welch reported to Hewitt, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and on that basis deny them.

68.     Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and on that basis deny them.

69.     Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and on that basis deny them.

70.     Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and on that basis deny them.

71.     Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and on that basis deny them.

72.    Defendants admit the allegations in the first and third sentences of Paragraph 72. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 72, and on that basis deny them.

73.    Defendants admit the allegations in the first, second, and sixth sentences of Paragraph 73.  Defendants admit that costs under the PACE program are estimated to be 15% lower on average than for a comparable dual-eligible population aged 65 and older under Medicaid, based on an analysis of available data by the National PACE Association in July 2023, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 73, and on that basis deny them.  Defendants admit that fully capitated models, such as PACE, incentivize organizations to better manage chronic conditions to avoid high-cost acute episodes and to invest in services that fall outside the scope of a fee-for-service model, but otherwise deny the allegations in the fourth sentence of Paragraph 73.  Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of Paragraph 73, and on that basis deny them.

74.    Paragraph 74 appears to characterize the CMS PACE Manual, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 74.

75.    Defendants admit the allegations in the third and fourth sentences of Paragraph 75, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the remaining allegations of Paragraph 75, and on that basis deny them.

76.     Defendants admit the allegations in the first sentence of Paragraph 76, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 76, and on that basis deny them.

77.     Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 77, and on that basis deny them. The second sentence of Paragraph 77 appears to characterize the CMS PACE Manual, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in the second sentence of Paragraph 77.

78.     Paragraph 78 appears to characterize the CMS PACE Manual, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 78.  The second sentence of Paragraph 78 also contains legal conclusions, to which no response is required.

79.     The allegations in Paragraph 79 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 79, provided that the first sentence of Paragraph 79 is intended to cite to 42 C.F.R. § 460.30 rather than 42 U.S.C. § 460.30.

80.     The allegations in Paragraph 80 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 80.

81.     The allegations in the first sentence of Paragraph 81 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit the allegations in the first sentence of Paragraph 81.  The second, third and fourth sentences of

Paragraph 81 purport to quote from and characterize the CMS PACE Manual, which is a document that speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in the second, third and fourth sentences of Paragraph 81. The remaining allegations in Paragraph 81 purport to characterize a graphic, which is a document that speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the remaining allegations in Paragraph 81.

82. The allegations in Paragraph 82 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 82.

83. Defendants admit that Paragraph 83 purports to quote from and characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 83 to the extent they do not present a fair and complete description of the matters described therein.

84. Defendants admit that Paragraph 84 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 84 to the extent they do not present a fair and complete description of the matters described therein.

85. Defendants admit that Paragraph 85 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 85 to the extent they do not present a fair and complete description of the matters described therein.

86.    Defendants admit that Paragraph 86 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 86 to the extent they do not present a fair and complete description of the matters described therein.

87.    The allegations in the first and second sentences of Paragraph 87 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit the allegations in the first and second sentences of Paragraph 87.  Defendants admit the allegations in the third sentence of Paragraph 87.

88.    Defendants admit the allegations in Paragraph 88.

89.    Defendants admit that Paragraph 89 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 89 to the extent they do not present a fair and complete description of the matters described therein.

90.    Defendants admit that Paragraph 90 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 90 to the extent they do not present a fair and complete description of the matters described therein.

91.    Defendants admit that (a) the State Administrating Agency ("SAA") and CMS have primary responsibility to ensure PACE organizations maintain compliance with state and federal requirements, and (b) the remainder of the first sentence of Paragraph 91 appears to characterize the CMS PACE Manual, and respectfully refer the Court to the PACE manual for a complete and accurate statement of its contents, and otherwise deny the allegations in the first sentence in

Paragraph 91 to the extent they do not present a fair and complete description of the matters described therein.    Defendants admit that the CMS PACE Manual provides that PACE organizations must have annual audits during their first three contract years and audits at least every two years following a successful completion of the three year trial period, and lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 91, and on that basis deny them.

a)    The allegations in Paragraph 91(a) constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 CFR § 460.190(a) for a complete and accurate statement of its contents.

b)    Defendants admit that Paragraph 91(b) appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents and otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91(b) and on that basis deny them.

c)    Defendants admit that Paragraph 91(c) appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91(c) and on that basis deny them.

92.    Defendants admit that the first sentence of Paragraph 92 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in the first sentence of Paragraph 92 to the extent they do not present a fair and complete description of the matters described therein.

-24-

Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 92, and on that basis deny them.

93.    Defendants admit that CMS published a bulletin addressed to All Medicare Advantage Organizations, Part D Sponsors, Medicare-Medicaid Plans, and All Programs of All-Inclusive Care for the Elderly (PACE) Organizations dated March 30, 2020 and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis deny them.

94.    Defendants admit that (a) CMS may take enforcement action and impose sanctions on PACE organizations, and (b) Paragraph 94 purports to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 94 to the extent they do not present a fair and complete description of the matters described therein.

95.    Defendants admit that Paragraph 95 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 95 to the extent they do not present a fair and complete description of the matters described therein.

96.    Defendants admit that Paragraph 96 appears to characterize the CMS PACE Manual and respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and on that basis deny them.

97.    The allegations in Paragraph 97 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny that 42 C.F.R. § 40 sets forth specific violations for which CMS may impose sanctions on the PACE organization, however, by way of further response, Defendants state that 42 C.F.R. § 460.40 sets forth violations for which CMS may impose sanctions and respectfully refer the Court to that section for a complete and accurate statement of its contents.

a)    The allegation in Paragraph 97(a) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

b)    The allegation in Paragraph 97(b) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

c)    The allegation in Paragraph 97(c) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

d)    The allegation in Paragraph 97(d) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

e)    The allegation in Paragraph 97(e) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

-26-

f)      The allegation in Paragraph 97(f) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

g)      The allegation in Paragraph 97(g) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

h)      The allegation in Paragraph 97(h) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

i)      The allegation in Paragraph 97(i) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

98.     The allegation in Paragraph 98 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.42 for a description of CMS's authority to suspend enrollment or payment.

99.     The allegation in Paragraph 99 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. §§ 460.40 and 460.46 for a list of violations for which CMS may impose sanctions and a description of CMS's authority to impose civil monetary penalties.

100.    The allegations in Paragraph 100 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 42 C.F.R. § 460.48 for a statement of additional actions by CMS or the State "if CMS determines that

the PACE organization is not in substantial compliance with" the requirements in Part 60, and § 460.50 for a statement of circumstances under which CMS or an SAA may terminate a PACE program agreement.

101.    The first sentence of Paragraph 101 purports to quote from and characterize the Articles of Incorporation of Total Community Options, Inc., which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise admits the allegations in the first sentence of Paragraph 101.  Defendants admit the allegations in the second sentence of Paragraph 101, except deny that Hewitt is its current CEO.

102.    The first sentence of Paragraph 102 is too vague to permit a response and Defendants therefore deny it on that basis.  Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 102, and on that basis deny them, except (a) InnovAge and Hewitt admit that Dr. Alan Lazaroff was a co-founder of Total Longterm Care, Inc., and (b) Defendants admit that a *MarketWatch* article dated November 11, 2021 contains quotes attributed to Dr. Lazaroff, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

103.    Scully admits that (a) he was a General Partner of WCAS Management Corporation when he met Hewitt, (b) he served as Administrator of CMS under President George W. Bush, (c) a *MarketWatch* article dated November 11, 2021 purports to quote him, and otherwise denies the remaining allegations in Paragraph 103, which do not present a fair and complete description of the matters described therein, and as to the fourth sentence in Paragraph 103, constitutes a legal conclusion, to which no response is required.  The remaining Defendants admit that (a) Scully

served as Administrator of CMS under President George W. Bush and (b) a *MarketWatch* article dated November 11, 2021 purports to quote Scully, and otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and on that basis deny them, except with respect to the fourth sentence in Paragraph 103, which consitutes a legal conclusion, to which no response is required, and is denied on that basis.

104.    Defendants admit that (a) Tavenner served as chief operating officer and acting administrator for CMS from 2010-2013 and (b) a *MarketWatch* article dated November 11, 2021, purports to quote Scully and refer the Court to that document for a complete and accurate statement of its contents.  InnovAge, Hewitt and Scully otherwise deny the allegations in Paragraph 104, which do not present a fair and complete description of the matters described therein.  Gutierrez and the remaining Director Defendants other than Scully lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 104, and on that basis deny them.

105.    The first sentence of Paragraph 105 is too vague to permit a response and Defendants therefore deny it on that basis.  Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 105, and on that basis deny them.  The fourth, fifth, sixth, seventh and eighth sentences of Paragraph 105 purport to quote from and characterize an article published by *The Denver Post* dated December 6, 2015 and an opinion of the Colorado Attorney General, *In the Matter of the InnovAge Master Plan of Conversion*, dated March 24, 2016, which are documents that speaks for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents, and otherwise deny the allegations in the fourth,

fifth, sixth, seventh and eighth sentences of Paragraph 105, which do not present a fair and complete description of the matters described therein.

106.    Defendants admit that InnovAge and certain wholly owned subsidiaries were formed as for-profit corporations effective May 13, 2016, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 106, and on that basis deny them.  The second sentence of Paragraph 106 purports to quote from and characterize an article published by *The New York Times* on August 20, 2016, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in the second sentence of Paragraph 106.

107.    The first and second sentences of Paragraph 107 are too vague to permit a response and do not contain a fair and complete description of the matters described therein, and Defendants therefore deny them on those bases, except Defendants admit that (a) InnovAge aimed to grow its footprint nationally and reach more participants, and (b) a *MarketWatch* article dated November 11, 2021, contains quotes attributed to Scully and respectfully refer the Court to that article for a complete and accurate statement of its contents, and otherwise deny the remaining allegations in Paragraph 107, which do not contain a fair and complete description of the matters described therein.

108.    Defendants deny the allegations in Paragraph 108, which do not contain a fair and complete description of the matters described therein, except admit that (a) a *Modern Healthcare* article dated January 6, 2017 contains quotes attributed to Scully, and (b) Paragraph 108 purports

to characterize and quote from a *MarketWatch* article dated November 11, 2021, and respectfully refer the Court to those articles for a complete and accurate statement of their contents.

109. InnovAge and the Officer Defendants deny the allegations in the first sentence of Paragraph 109. The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Hewitt's growth strategy, and otherwise deny the allegations in the first sentence of Paragraph 109. Defendants admit that InnovAge's Form 10-K, filed with the SEC on September 23, 2021, and InnovAge's Form 10-K, filed with the SEC on September 12, 2023, report that approximately 99.5% of InnovAge's revenue for the fiscal years ended June 30, 2020 and 2021, and approximately 99.7% and 99.8% of InnovAge's revenue for the fiscal years ended June 30, 2022 and 2023, respectively, was derived from capitation agreements with government payors in which it received fixed per member, per month ("PMPM") fees, but otherwise deny the allegations in the second and third sentences of Paragraph 109, which are too vague to permit a response. Defendants deny the allegations in the fourth sentence of Paragraph 109.

110. InnovAge and Hewitt admit that (a) in 2015, InnovAge launched the "Aging in Place" campaign with Susan Sarandon, which included materials stating the phrase "life on your terms," and (b) Paragraph 110 purports to quote from and characterize InnovAge's 2015 Annual Report, but otherwise deny the allegations in Paragraph 110, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to InnovAge's 2015 Annual Report for a complete and accurate statement of its contents. Gutierrez and the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110, and on that basis deny them.

111.    InnovAge and the Officer Defendants deny the allegations in the first and sixth sentences of Paragraph 111, which do not present a fair and complete description of the matters described therein.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and sixth sentences of Paragraph 111, and on that basis deny them.  Defendants admit that (a) InnovAge reported increases in participants and revenue in its 2018, 2019, 2020 and 2021 Annual Reports, (b) InnovAge expanded its network of centers by developing de novo centers and acquiring others, and (c) Plaintiffs purport to quote from and characterize InnovAge's 2016, 2017, 2018, 2019 and 2020 Annual Reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents, and otherwise deny the remaining allegations in Paragraph 111.

112.    Paragraph 112 purports to quote from and characterize InnovAge's 2019 Annual Report, including an image, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 112, which do not present a fair and complete description of the matters described therein.

113.    Defendants admit that (a) in May 2019, InnovAge increased the size of a term loan facility from $75 million to $190 million, and that InnovAge paid $66.1 million in dividends to its shareholders in approximately May 2019 and (b) a *MarketWatch* article dated November 11, 2021 contains a quote attributed to Scully, but otherwise deny the allegations in Paragraph 113, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the *MarketWatch* article dated November 11, 2021, for a complete and accurate statement of its contents.

114.    Defendants admit that in 2020, one or more entities affiliated with WCAS solicited bids for a full or partial sale of InnovAge and otherwise deny the allegations in the first sentence of Paragraph 114, which do not present a fair and complete description of the matters described therein. The second sentence of Paragraph 114 purports to characterize an article published by *PE Hub* on July 3, 2020, which is a document that speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in the second sentence of Paragraph 114. Defendants deny the allegations in the third and fourth sentences of Paragraph 114; however, by way of further response, Defendants state that in June 2020, Ignite Aggregator LP, TCO Group Holdings, Inc. and the equity holders of TCO Group Holdings, Inc. entered into a Securities Purchase Agreement pursuant to which the equity holders of TCO Group Holdings, Inc. sold a portion of their equity interest in InnovAge to Ignite Aggregator LP and respectfully refer the Court to InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 3021, for a complete description of Ignite Aggregator LP, TCO Group Holdings, L.P. and their respective affiliations with Apax and WCAS.

115.    Defendants deny the allegations in Paragraph 115, which are too vague to permit a response and pertain to matters of which Defendants lack knowledge. Defendants further state that the allegations in the second sentence of Paragraph 115 constitute legal conclusions, to which no response is required.

116.    Defendants deny the allegations in Paragraph 116, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated

March 29, 2021, contains quotes attributed to unnamed former employees and respectfully refer the Court to that article for a complete and accurate statement of its contents.

117.    Defendants deny the allegations of Paragraph 117, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated March 29, 2021, contains quotes attributed to unnamed former employees and respectfully refer the Court to that article for a complete and accurate statement of its contents.

118.    Defendants deny the allegations of Paragraph 118, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated March 29, 2021, contains quotes attributed to unnamed former employees and respectfully refer the Court to that article and the *Capitol Forum* article dated July 9, 2021, referenced in Paragraph 118 for a complete and accurate statement of their contents.

119.    Defendants deny the allegations in the first sentence of Paragraph 119, which do not present a fair and complete description of the matters described therein. Defendants deny the remaining allegations in Paragraph 119, which pertain to statements by unnamed former employees of which Defendants lack knowledge.

120.    The allegations in the first sentence of Paragraph 120 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants admit the allegations in the first sentence of Paragraph 120. Defendants deny the second, third and fourth sentences of Paragraph 120, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former and current employees of which

Defendants lack knowledge, except admit that a *Capitol Forum* article dated May 10, 2021, contains quotes attributed to unnamed former and current employees and respectfully refer the Court to that article for a complete and accurate statement of its contents.

121.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121, and on that basis deny them.

122.    Defendants deny or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122, which do not present a fair and complete description of the matters described therein, and on that basis deny them, except admit that Welch was the Chief Medical Officer at InnovAge in January 2021.

123.    Paragraph 123 purports to quote from and characterize an article published by *MarketWatch* on November 11, 2021, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 123, which do not present a fair and complete description of the matters described therein.

124.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 124, and on that basis deny them.  Defendants deny the remaining allegations of Paragraph 124, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former business development representative of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* article dated July 9, 2021, that is cited in Paragraph 124 for a complete and accurate statement of its contents.

125.    Defendants deny the allegations in the first and third sentences of Paragraph 125. Defendants further state that the allegations in the third sentence of Paragraph 125 constitute legal conclusions, to which no response is required.  The second sentence of Paragraph 125 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves.  Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents, and otherwise deny the allegations in the second sentence of Paragraph 125.  Defendants deny the remaining allegations of Paragraph 125, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former social workers of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* article dated July 9, 2021, that is referenced in Paragraph 125 for a complete and accurate statement of its contents.

126.    The first sentence of Paragraph 126 includes a legal conclusion, to which no response is required, and purports to quote from and characterize the CMS PACE Marketing Guidelines, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.  The allegations in the second sentence of Paragraph 126 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit the allegations in the second sentence of Paragraph 126.

127.    Defendants deny the allegations of Paragraph 127, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated

May 10, 2021, contains quotes attributed to unnamed former employees and respectfully refer the Court to that article for a complete and accurate statement of its contents.

128.    Defendants deny the allegations of Paragraph 128, which do not present a fair and complete description of the matters described therein.

129.    Defendants deny the allegations of Paragraph 129, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former Denver social worker and unnamed current and former employees of which Defendants lack knowledge, except admit that *Capitol Forum* articles dated March 29, 2021, and May 10, 2021, contain quotes attributed to an unnamed former Denver social worker and unnamed current and former employees, and respectfully refer the Court to those articles for a complete and accurate statement of their contents.

130.    Defendants deny the allegations of Paragraph 130, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed current and former employees of which Defendants lack knowledge, except admit that *Capitol Forum* articles dated March 29, 2021, and May 10, 2021, contain quotes attributed to unnamed current and former employees and respectfully refer the Court to those articles for a complete and accurate statement of their contents.

131.    Defendants deny the allegations of Paragraph 131, which do not present a fair and complete description of the matters described therein and pertain to statements by Shelbie Engelking ("Engelking") and current and former employees of which Defendants lack knowledge, except admit that (a) Engelking has served as the State of Colorado's PACE Ombudsman, and (b) *Capitol Forum* articles dated March 29, 2021, and May 10, 2021, contain quotes attributed to

-37-

Engelking and current and former employees and respectfully refer the Court to those articles for a complete and accurate statement of their contents.

132.    Defendants deny the allegations of Paragraph 132, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former InnovAge social worker of which Defendants lack knowledge, except respectfully refer the Court to the article published by *The Capitol Forum* on May 10, 2021, for its complete and accurate contents.

133.    Defendants deny the allegations of Paragraph 133, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former social worker of which Defendants lack knowledge, except admit that (a) PACE organizations must establish interdisciplinary teams and assign each participant an interdisciplinary team, and (b) a *Capitol Forum* article dated to the article dated May 10, 2021, contains quotes attributed to an unnamed former social worker, and respectfully refer the Court to Title 42, Chapter IV, Subchapter E, Part 460 and the PACE Manual for a complete and accurate description of the interdisciplinary team requirements and the May 10, 2021 *Capitol Forum* article for a complete and accurate statement of its contents.

134.    Defendants deny the allegations of Paragraph 134, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former doctor of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated May 10, 2021, contains a quote attributed to an unnamed former doctor and respectfully refer the Court to that article for a complete and accurate statement of its contents.

135.    The allegations in the first sentence of Paragraph 135 constitute legal conclusions, to which no response is required.  To the extent a response in required, Defendants deny the allegations in the first sentence of Paragraph 135.  The allegations in the second sentence of Paragraph 135 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit the allegations in the second sentence of Paragraph 135. Defendants admit that home care services may include assisting a patient with cooking and using the bathroom and providing medications and physical therapy.  The remainder of the allegations in the third sentence of Paragraph 135 are too vague to permit a response and Defendants therefore deny them on that basis. The fourth sentence of Paragraph 135 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves. Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents, and otherwise deny the allegations in the fourth sentence of Paragraph 135.

136.    Defendants deny the allegations of Paragraph 136, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed current employee and an unnamed former InnovAge enrollment representative of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 136 for a complete and accurate statement of its contents.

137.    Defendants admit the allegations in the first sentence of Paragraph 137 and, by way of further answer, state that InnovAge also transitioned care to telehealth services during the

-39-

pandemic. Defendants deny the allegations in the second sentence of Paragraph 137, which do not present a fair and complete description of the matters described therein.

138. Defendants deny the allegations of Paragraph 138, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former social worker and unnamed former employee of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 138 for a complete and accurate statement of its contents.

139. Defendants deny the allegations of Paragraph 139, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed current and former employees of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 139 for a complete and accurate statement of its contents.

140. Defendants deny the allegations of Paragraph 140, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former representative of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 139 for a complete and accurate statement of its contents.

141. Defendants deny the allegations of Paragraph 141, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former vice president of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* articles dated June 23, 2021, and July 9, 2021, that purportedly are characterized and quoted in Paragraph 141 for a complete and accurate statement of their contents.

142.    InnovAge and the Officer Defendants deny the allegations in Paragraph 142, which are too vague to permit a response.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142, and on that basis deny them.

143.    Defendants admit that a complaint asserting claims under the False Claims Act was filed by a former InnovAge employee on July 25, 2019, and by way of further response, state that the complaint was initially filed under seal but on April 2, 2020, the complaint was dismissed and the seal was lifted from the action, making the complaint publicly available.  Defendants deny the remaining allegations of Paragraph 143, which do not present a fair and complete description of the matters described therein, except admit that the complaint and accompanying exhibits filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), which was dismissed on April 2, 2020, contain allegations that "mock audits" in 2016 and 2017 found deficiencies and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

144.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144, and on that basis deny them.

145.    InnovAge and Hewitt deny the allegations of Paragraph 145, which do not present a fair and complete description of the matters described therein, except admit that the complaint and accompanying exhibits filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019) include allegations that a "mock audit" in May 2017 found deficiencies and respectfully refer the Court to those documents for a complete and accurate statement of their contents.  Gutierrez and the Director Defendants lack the

-41-

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146, and on that basis deny them.

146.    InnovAge and Hewitt deny the allegations in Paragraph 146, which do not present a fair and complete description of the matters described therein, except admit that the complaint and accompanying exhibits filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019) include allegations that the results of a 2017 internal audit were provided to senior management, including Hewitt, and respectfully refer the Court to those documents for a complete and accurate statement of their contents. Gutierrez and the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and on that basis deny them.

147.    InnovAge and Hewitt deny the allegations in Paragraph 147, which do not present a fair and complete description of the matters described therein.  Gutierrez and the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147, and on that basis deny them.

148.    InnovAge and the Officer Defendants deny the allegations of Paragraph 148, which do not present a fair and complete description of the matters described therein, except admit that the minutes of a Participant Advisory Committee meeting dated September 26, 2017, refer to a concern about medication delivery and respectfully refer the Court to those minutes, attached as Exhibit 7 to the complaint filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), for a complete and accurate statement of their contents.  Gutierrez and the Director Defendants lack the knowledge or

-42-

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148, and on that basis deny them.

149.    InnovAge and the Officer Defendants deny the allegations of Paragraph 149, which do not present a fair and complete description of the matters described therein, except admit that the complaint filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), which was dismissed on April 2, 2020, contains an allegation that InnovAge withheld documentation from CMS, and respectfully refer the Court to that complaint and its accompanying exhibits for a complete and accurate statement of their contents.  Gutierrez and the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149, and on that basis deny them.

150.    Defendants deny the allegations in Paragraph 150, which do not present a fair and complete description of the matters described therein, except admit (a) that CMS audits identified deficiencies at InnovAge's California and Colorado centers in 2017, 2018 and 2019, and (b) those audit results are CMS public records, and respectfully refer the Court to the PACE audit results published by CMS for a complete and accurate statement of their contents.

151.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 151, and on that basis deny them, except admit that CMS has assigned audit scores for InnovAge's audited programs.  Defendants admit that InnovAge's programs in California and Colorado received audit scores of 4 and 5.2, and otherwise deny the remaining allegations in the third sentence of Paragraph 151, which do not present a fair and complete description of the matters described

therein, and respectfully refer the Court to CMS's published audit scores for 2017 for a complete and accurate statement of their contents.

152.    InnovAge and the Officer Defendants deny the allegations in Paragraph 152, which do not present a fair and complete description of the matters described therein, except admit that CMS's August 2017 audit of InnovAge's San Bernadino center identified certain deficiencies, and respectfully refer the Court to the August 2017 PACE audit results published by CMS for a complete and accurate statement of its contents.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152, and on that basis deny them.

153.    InnovAge and the Officer Defendants deny the allegations in the first sentence of Paragraph 153, which do not present a fair and complete description of the matters described therein.  InnovAge and the Officer Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 153 regarding FE-1's alleged role as a social worker at San Bernardino center from March 2019 to August 2019 or FE-1's subjective views and assessments as alleged in Paragraph 153, and on that basis deny them. The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153, and on that basis deny them.

154.    InnovAge and the Officer Defendants deny the allegations of Paragraph 154, which do not present a fair and complete description of the matters described therein, except admit that Paragraph 154 purports to characterize an email sent by an unidentified former employee on August 9, 2019, and respectfully refer the Court to a copy of that email for a complete and accurate

-44-

statement of its contents.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154, and on that basis deny them.

155.    Defendants deny the allegations in Paragraph 155.

156.    InnovAge and the Officer Defendants admit that (a) CMS issued an audit report dated November 9, 2017, and (b) that the audit report identified certain deficiencies, but otherwise deny the allegations in Paragraph 156, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the audit report for a complete and accurate statement of its contents.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156, and on that basis deny them.

157.    InnovAge and the Officer Defendants admit that CMS issued an audit report reflecting results of an audit on InnovAge's Colorado centers dated September 30, 2019, and that the audit identified certain CARs and ICARs, but deny the remaining allegations of Paragraph 157, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the CMS audit report, dated September 30, 2019, for a complete and accurate statement of its contents.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157, and on that basis deny them.

158.    Hewitt and the Officer Defendants admit (a) the allegations in the first sentence of Paragraph 158, (b) that the Colorado Department of Public Health & Environment ("CDPHE") conducted an inspection of InnovAge Home Care North, operating under facility ID 04J693 in or

-45-

around approximately January 2019, and (c) that the CDPHE inspection identified certain deficiencies, but deny the remaining allegations in Paragraph 158, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the CDPHE's dashboard of inspection results for a complete and accurate statement of its contents. The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158, and on that basis deny them.

159.    Defendants admit the allegations in the first sentence of Paragraph 159. Defendants deny the second, third and fourth sentences in Paragraph 159, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to the March 1, 2021 letter from the HCPF for a complete and accurate statement of its contents. The allegations in the fifth sentence of Paragraph 159 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of Paragraph 159, and on that basis deny them.

160.    Defendants deny the allegations in Paragraph 160, which do not present a fair and complete description of the matters described therein, except admit that (a) CDPHE oversaw InnovAge's home care programs, (b) CDPHE issued citations to InnovAge in the three years before the IPO, and (c) by way of further answer, Defendants state that information concerning those citations is published on CDPHE's website, and respectfully refer the Court to CDPHE's public dashboard of inspection results for a complete and accurate statement of its contents.

161.    Defendants deny the allegations in Paragraph 161, which do not present a fair and complete description of the matters described therein, except admit that CDPHE inspections of

-46-

InnovAge Home Care North, Facility ID 04J693, exit date February 21, 2019, and InnovAge Pace Home Care, Facility ID 04N711, exit date July 21, 2020, resulted in the issuance of citations to InnovAge, and by way of further answer, state that information concerning those citations is published on CDPHE's website, and respectfully refer the Court to CDPHE's public dashboard of inspection results for a complete and accurate statement of its contents.

162.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 concerning statements allegedly made by former employees, and on that basis deny them.

163.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 concerning statements allegedly made by FE-4, and on that basis deny them. Defendants deny the remaining allegations in Paragraph 163, which do not present a fair and complete description of the matters described therein.

164.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 concerning statements allegedly made by FE-2, and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 164, which do not present a fair and complete description of the matters described therein.

165.    Defendants deny the allegations in the first sentence of Paragraph 165, which do not present a fair and complete description of the matters described therein.  InnovAge and the Officer Defendants admit that (a) Strange was a Regional Medical Officer of InnovAge, (b) Michelle Blanton ("Blanton") previously served as a Vice President of Clinical Operations at InnovAge, and (c) employees of CDPHE came onsite to its Denver center in December 2020 to conduct an audit, but otherwise deny the remaining allegations of Paragraph 165, which do not

-47-

present a fair and complete description of the matters described therein.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165, and on that basis deny them.

166.    Defendants deny the allegations in Paragraph 166, which do not present a fair and complete description of the matters described therein and of which Defenants lack the knowledge or information sufficient to form a belief as to the truth or falsity.

167.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and third sentences in Paragraph 167, and on that basis deny them.  The Officer Defendants and InnovAge deny the remaining allegations in Paragraph 167, which do not present a fair and complete description of the matters described therein, except admit that Blanton served as a Vice President of Compliance for InnovAge from approximately June 2020 through October 2021.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 167, and on that basis deny them.

168.    Defendants admit the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169, which do not present a fair and complete description of the matters described therein, except admit that a *Home Health Care News* article dated March 4, 2021, contains quotes attributable to Hewitt, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

170.    Defendants deny the allegations in Paragraph 170, which do not present a fair and complete description of the matters described therein, except admit that the Offering Documents

-48-

include the quoted statements set forth in Paragraph 170 and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

171.    Defendants deny the allegations in Paragraph 171, which do not present a fair and complete description of the matters described therein, except admit that the Offering Documents contain the quoted statements set forth in Paragraph 171 and referred to InnovAge's growth since it converted to a for-profit entity in 2016, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

172.    Defendants deny the allegations in Paragraph 172, which do not present a fair and complete description of the matters described therein, except admit that the Offering Documents refer to InnovAge's "patient-centered" business model and the InnovAge Platform, which consists of (1) IDTs; and (2) InnovAge's community-based care delivery model, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

173.    Defendants deny the allegations in Paragraph 173, which do not present a fair and complete description of the matters described therein, except admit that IDTs are a core component of InnovAge's model and respectfully refer the Court to the Offering Documents for a complete and accurate statement of the role of IDTs.

174.    Defendants deny the allegations in Paragraph 174, which do not present a fair and complete description of the matters described therein, except admit that the Offering Documents discuss InnovAge's care model and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

175.    Defendants deny the allegations in Paragraph 175, which do not present a fair and complete description of the matters described therein, except admit that the Offering Documents

discuss InnovAge's business model and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

176.    Defendants deny the allegations in Paragraph 176, which do not present a fair and complete description of the matters described therein, except admit that the Offering Documents discuss InnovAge's growth and sales and marketing capabilities and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

177.    Defendants deny the allegations in Paragraph 177, which do not present a fair and complete description of the matters described therein, except admit that the Offering Documents discuss InnovAge's growth and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

178.    The allegation in the first sentence of Paragraph 178 is too vague to permit a response and Defendants therefore deny it on that basis.  Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 178, and on that basis deny them.  Defendants admit the allegations in the third sentence of Paragraph 178.  Defendants deny the allegations in the fourth sentence of Paragraph 178.  Defendants admit that InnovAge's market capitalization was $2.8 billion on March 4, 2021, $3.2 billion on March 5, 2021, and $3.5 billion on March 11, 2021, but otherwise deny the allegations in the fifth sentence of Paragraph 178.  The sixth sentence of Paragraph 178 purports to characterize InnovAge's Offering Documents, which are documents that speak for themselves.  Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents, and otherwise deny the allegations in the sixth sentence of Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179, which do not present a fair and complete description of the matters described therein, except admit that InnovAge reported increased year-over-year revenue for the third quarter of Fiscal Year 2021 and that a transcript of the May 10, 2021 InnovAge earnings conference call contains a reference to a "multi-pronged strategy" and respectfully refer the Court to that document for a complete and accurate statement of its contents.

180.    Defendants deny the allegations in Paragraph 180, which do not present a fair and complete description of the matters described therein, except admit that InnovAge received a letter from HCPF dated March 10, 2021, concerning a complaint received by HCPF concerning InnovAge's Thornton, Colorado facility and respectfully refer the Court to the March 10, 2021 letter from HCPF for a complete and accurate statement of its contents.

181.    Defendants deny the allegations of Paragraph 181, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to the March 10, 2021 letter from HCPF for a complete and accurate statement of its contents.

182.    Defendants deny the allegations in Paragraph 182, which do not present a fair and complete description of the matters described therein, except admit that in March 2021, the Thornton center Medical Officer, Vice President, Nursing and Center Director sent a letter to Thornton participants and caregivers and respectfully refer the Court to that document for a complete and accurate statement of its contents.

183.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 concerning alleged statements by unnamed former employees and FE-6, and on that basis deny them.  InnovAge and the Officer Defendants

-51-

deny the remaining allegations in Paragraph 183, which do not present a fair and complete description of the matters described therein, except direct the Court to the National PACE Association document referred to in Paragraph 183 for a complete and accurate statement of its contents. The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 183, and on that basis deny them.

184. Defendants deny the allegations in Paragraph 184, which do not present a fair and complete description of the matters described therein and which pertain to alleged statements of operators of assisted living homes, of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refer the Court to that article for a complete and accurate statement of its contents.

185. Defendants deny the allegations in Paragraph 185, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed operators of assisted living homes of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refer the Court to that article for a complete and accurate statement of its contents.

186. Defendants deny the allegations in Paragraph 186, which do not present a fair and complete description of the matters described therein and pertain to statements of unnamed operators of assisted living homes of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed "operators of

assisted living homes" and respectfully refer the Court to that article for a complete and accurate statement of its contents.

187.    Defendants deny the allegations in Paragraph 187, which do not present a fair and complete description of the matters described therein and pertain to alleged statements of unnamed operators of assisted living homes of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refer the Court to that article for a complete and accurate statement of its contents.

188.    Defendants deny the allegations in Paragraph 188, which do not present a fair and complete description of the matters described therein and pertain to statements of unnamed operators of assisted living homes of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refer the Court to that article for a complete and accurate statement of its contents.

189.    Defendants deny the allegations in Paragraph 189, which do not present a fair and complete description of the matters described therein and pertain to alleged statements of unnamed operators of assisted living homes of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refer the Court to that article for a complete and accurate statement of its contents.

190.    InnovAge and the Officer Defendants deny the allegations in Paragraph 190.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 190, and on that basis deny them.

191.    Defendants deny the allegations in Paragraph 191, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to the *Capitol Forum* article dated May 10, 2021, and unidentified email that are referenced and characterized in Paragraph 191 for a complete and accurate statement of their contents.

192.    Defendants deny the allegations in Paragraph 192, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed current employees of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated May 10, 2021 contains quotes attributed to unnamed current employees at InnovAge's centers other than its Pueblo center and respectfully refer the Court to that article for a complete and accurate statement of its contents.

193.    Defendants deny the allegations in the first sentence of Paragraph 193, which do not present a fair and complete description of the matters described therein and are too vague to permit a response.  Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 193, and on that basis deny them.

194.    Defendants deny the allegations in Paragraph 194, which do not present a fair and complete description of the matters described therein, except admit (a) the allegations in the second sentence of Paragraph 194, (b) that InnovAge received engagement letters from CMS in advance of the audits of its Sacramento and Colorado centers, and (c) by way of further answer, state that

-54-

InnovAge received engagement letters for the audits on March 24, 2021, and May 2, 2021, respectively.

195.    InnovAge and the Officer Defendants deny the allegations in Paragraph 195, which do not present a fair and complete description of the matters described therein; the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 195 and on that basis deny them; except Defendants admit that (a) Hewitt was interviewed by *Home Health Care News* and (b) a *Home Health Care News* article dated March 4, 2021, includes quotes attributed to Hewitt, and respectfully refer the Court to the March 4, 2021 article for a complete and accurate statement of its contents.

196.    Defendants deny the allegations in Paragraph 196, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

197.    Defendants deny the allegations in Paragraph 197, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

198.    Defendants deny the allegations in Paragraph 198, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

-55-

199.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 199, and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 199, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to reports published by William Blair, Piper Sandler, and Barclays on May 11, 2021, for a complete and accurate statement of their contents.

200.    Defendants admit that (a) CMS completed its onsite fieldwork for the Sacramento audit on approximately May 21, 2021, (b) on May 26, 2021, HCPF and CDPHE initiated a joint audit of InnovAge's Colorado centers, and (c) on June 21, 2021, CMS initiated a separate focused desk audit of InnovAge's Colorado PACE program, but otherwise deny the allegations in the first and third sentences of Paragraph 200.  The second sentence of Paragraph 200 appears to characterize the CMS PACE Manual, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in the second sentence of Paragraph 200.  Defendants admit the allegations in the third sentence of Paragraph 200.

201.    Defendants deny the allegations in Paragraph 201, which do not present a fair and complete description of the matters described therein, except admit that (a) Welch was InnovAge's Chief Medical Officer as of May 27, 2021, and (b) a *Capitol Forum* article dated May 27, 2021, includes quotes attributed to Welch, and respectfully refer the Court to that article for a complete and accurate statement of its contents.

202.    Defendants deny the allegations in Paragraph 202, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former

employees of which Defendants lack knowledge, and respectfully refer the Court to the *Capitol Forum* article dated July 15, 2021, for a complete and accurate statement of its contents.

203. InnovAge and the Officer Defendants deny the allegations in Paragraph 203, which do not present a fair and complete description of the matters described therein and pertain to statements by former employees of which InnovAge and the Officer Defendants lack knowledge; the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 203 and on that basis deny them; except Defendants admit that (a) Welch served as InnovAge's Chief Medical Officer as of July 15, 2021, and (b) a *Capitol Forum* article dated July 15, 2021, includes quotes attributed to Welch and unnamed InnovAge employees and respectfully refer the Court to that article for a complete and accurate statement of its contents.

204. Defendants deny the allegations in Paragraph 204, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to the *Capitol Forum* article dated August 26, 2021, for a complete and accurate statement of its contents.

205. Defendants deny the allegations in Paragraph 205, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed owner of an assisted living facility of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated August 26, 2021, includes a quote attributed to the unnamed owner and respectfully refer the Court to that article for a complete and accurate statement of its contents.

206. Defendants admit that *The Capitol Forum* published an article concerning InnovAge dated September 2, 2021, and that as of that date CMS was conducting an audit of InnovAge's Colorado and Sacramento centers. Defendants deny the remaining allegations in

-57-

Paragraph 206, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed current employees of which Defendants lack knowledge, except respectfully refer the Court to the *Capitol Forum* article dated September 2, 2021, for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed employee of which Defendants lack knowledge, except admit that a *Capitol Forum* article dated September 2, 2021, includes quotes attributed to the unnamed employee and respectfully refer the Court to that article for a complete and accurate statement of its contents.

208.    Paragraph 208 purports to quote from and characterize an article published by *The Capitol Forum* on September 10, 2021, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for its complete and accurate contents.  InnovAge and the Officer Defendants otherwise deny the allegations in Paragraph 208, which do not present a fair and complete description of the matters described therein.  The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 208 concerning the staff call, and otherwise deny the allegations in Paragraph 208, which do not present a fair and complete description of the matters described therein.

209.    Paragraph 209 purports to quote from and characterize an article published by *The Capitol Forum* on September 10, 2021, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for its complete and accurate contents, and otherwise

deny the allegations in Paragraph 209, which do not present a fair and complete description of the matters described therein and are too vague to permit a response.

210.    Paragraph 210 purports to characterize a September 17, 2021 letter from CMS, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for its complete and accurate contents, and otherwise deny the allegations in Paragraph 210, which do not present a fair and complete description of the matters described therein.

211.    Defendants deny the allegations in Paragraph 211, which do not present a fair and complete description of the matters described therein, however, by way of further answer, state that InnovAge filed its 2021 Annual Report with the SEC on Form 10-K on September 23, 2021 and respectfully refer the Court to InnovAge's Form 10-K, for a complete and accurate statement of its contents.

212.    Defendants deny the allegations in Paragraph 212, except admit that (a) InnovAge held an earnings conference call on September 21, 2021 and (b) Paragraph 212 purports to quote from statements made during that call, and, respectfully refer the Court to the transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

213.    Defendants deny the allegations in Paragraph 213, except admit that (a) InnovAge held an earnings conference call on September 21, 2021 and (b) Paragraph 213 purports to quote from statements made during that call, and respectfully refer the Court to the transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

-59-

214.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 214, and on that basis deny them. Defendants deny the second and third sentences of Paragraph 214, which do not reflect a fair and complete description of the matters described therein, except admit that InnovAge's stock price closed at $11.65 on September 21, 2021, and respectfully refer the Court to the September 22, 2021 report published by Barclays for a complete and accurate statement of its contents. Defendants deny the allegations in the fourth and fifth sentences of Paragraph 214, which do not reflect a fair and complete description of the matters described therein, except respectfully refer the Court to the September 22, 2021 report published by Piper Sandler for a true and correct statement of its contents.

215.    InnovAge and the Officer Defendants deny the allegations in Paragraph 215, which do not present a fair and complete description of the matters described therein; the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 215 concerning statements by an unnamed former executive; except Defendants admit that (a) as of October 9, 2021, InnovAge contracted with ICR Westwicke to provide certain communications services to InnovAge and Mark Corbae was an employee of Westwicke as of that date, and (b) an article in *The Gazette* dated October 9, 2021 contains quotes attributed to Corbae and a person claimed to be a former executive of InnovAge, and respectfully refer the Court to the article published by *The Gazette* on October 9, 2021, for a complete and accurate statement of its contents.

216.    Defendants admit the allegations in the first sentence of Paragraph 216. Defendants deny the remaining allegations in Paragraph 216, which do not present a fair and complete

description of the matters described therein, except admit that Paragraph 216 purports to characterize and quote from InnovAge's Form 10-Q and transcript of the November 9, 2021 InnovAge earnings conference call and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

217. Defendants deny the allegations in Paragraph 217, which do not present a fair and complete description of the matters described therein, except admit that Paragraph 217 purports to quote statements made during a November 9, 2021 earnings conference call and respectfully refer the Court to a transcript of the November 9, 2021 earnings conference call for a complete and accurate statement of its contents.

218. Defendants deny the allegations in Paragraph 218, which do not present a fair and complete description of the matters described therein, except admit that Paragraph 218 purports to quote statements made during a November 9, 2021 earnings conference call and respectfully refer the Court to a transcript of the November 9, 2021 earnings conference call for a complete and accurate statement of its contents.

219. Defendants deny the allegations in Paragraph 219, which do not present a fair and complete description of the matters described therein, except admit that Paragraph 219 purports to characterize and quote statements made during a November 9, 2021 earnings conference call and respectfully refer the Court to a transcript of the November 9, 2021 earnings conference call for a complete and accurate statement of its contents.

220. Defendants deny the allegations in Paragraph 220, which do not present a fair and complete description of the matters described therein, except admit that (a) Piper Sandler published an analyst report concerning InnovAge dated November 9, 2021, (b) InnovAge's closing price on

-61-

November 9, 2021, was \$7.06 per share (c) Barclays published an analyst report concerning InnovAge dated November 10, 2021 and (d) William Blair published an analyst report concerning InnovAge dated November 10, 2021, and respectfully refer the Court to the reports published by Piper Sandler, William Blair and Barclays for a complete and accurate statement of their contents.

221.    InnovAge and Hewitt deny the allegations in Paragraph 221, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to the *Capitol Forum* article dated November 11, 2021, that is characterized and referenced in Paragraph 221 for a complete and accurate statement of its contents.  Gutierrez and the Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 221, and on that basis deny them.

222.    Defendants deny the allegations in Paragraph 222, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to the *MarketWatch* article dated November 13, 2021, for a complete and accurate statement of its contents.

223.    Defendants deny the allegations in Paragraph 223, which do not present a fair and complete description of the matters described therein, except admit that a *MarketWatch* article dated November 13, 2021, includes quotes attributed to Scully, and respectfully refer the Court to the *MarketWatch* article for a complete and accurate statement of its contents.

224.    Defendants deny the allegations in Paragraph 224, which do not present a fair and complete description of the matters described therein, except (a) admit that on December 22, 2021, CMS notified InnovAge that effective December 23, 2021, CMS was suspending InnovAge's enrollment of new Medicare beneficiaries at its Colorado centers, (b) by way of further answer,

state that on December 23, 2021, HCPF notified InnovAge that it was suspending enrollments of new Medicaid beneficiaries at InnovAge's Colorado centers, and (c) respectfully refer the Court to the letter from CMS dated December 22, 2021 and the letter from HCPF dated December 23, 2021 for a complete and accurate statement of their contents.

225.    Defendants deny the allegations in Paragraph 225, which do not present a fair and complete description of the matters described therein, except admit that CMS conducted an audit of InnovAge's Colorado operations from June 21 to July 8, 2021, and respectfully refer the Court to the December 22, 2021 letter from CMS for a complete and accurate statement of its contents.

226.    Defendants admit that (a) InnovAge filed a Form 8-K on December 23, 2021, attaching a press release announcing that HCPF had verbally communicated to InnovAge that it was issuing sanctions in conjunction with CMS regarding deficiencies specific to Medicaid, and (b) CMS identified deficiencies in InnovAge's Sacramento and Colorado locations as a result of audits in 2021 and respectfully refer the Court to InnovAge's Form 8-K dated December 23, 2021, and letters from CMS dated September 17, 2021, and December 22, 2021, for a complete and accurate statement of their contents.  Defendants deny the remaining allegations in Paragraph 226, which do not present a fair and complete description of the matters described therein.

227.    Defendants admit the allegations in Paragraph 227.

228.    Defendants deny the allegations in Paragraph 228, which do not present a fair and complete description of the matters described therein, except admit that (a) Barclays issued an analyst report dated December 23, 2021 that stated that it was downgrading InnovAge to "Equal Weight," and (b) Cowen, Piper Sandler and William Blair also issued analyst reports concerning

InnovAge dated December 23, 2021, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

229.    Defendants admit that InnovAge's stock price closed at $8.25 per share on December 22, 2021, $5.31 per share on December 23, 2021, and $4.71 per share on December 27, 2021, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 229, and on that basis deny them.

230.    Defendants deny the allegations in Paragraph 230, which are too vague to permit a response.

231.    Defendants deny the allegations in Paragraph 231, which do not present a fair and complete description of the matters described therein, except admit that (a) CMS announced its suspension of enrollments at InnovAge Colorado on December 22, 2021, (b) Hewitt served as CEO of InnovAge for approximately 15 years, (c) Hewitt resigned effective January 1, 2022, and (d) the Board of Directors elevated Patrick Blair ("Blair") to the position of President and CEO, effective January 1, 2022, and by way of further response, state that InnovAge announced on November 12, 2021, that Blair had been appointed as President of InnovAge.

232.    Defendants admit the allegations in Paragraph 232 and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, for a complete and accurate statement of its contents.

        a)    Defendants admit the allegations in Paragraph 232(a) and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, for a complete and accurate statement of its contents.

-64-

b)      Defendants deny the allegations in Paragraph 232(b), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-Q for a complete and accurate statement of its contents.

c)      Defendants deny the allegations in Paragraph 232(c), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-Q for a complete and accurate statement of its contents.

d)      Defendants admit the allegations in Paragraph 232(d) and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, for a complete and accurate statement of its contents.

e)      Defendants admit the allegations in Paragraph 232(e) and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, for a complete and accurate statement of its contents.

233.    Defendants admit the allegations in the first sentence of Paragraph 233.  The remaining allegations in Paragraph 233 purport to quote from and characterize InnovAge's press release dated May 10, 2022, which is a document that speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents, and otherwise deny the allegations in Paragraph 233, which do not present a fair and complete description of the matters described therein.

234.    Defendants admit the allegations in Paragraph 234 and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on May 10, 2022, for a complete and accurate statement of its contents.

235.    Defendants admit (a) the first sentence of Paragraph 235, and (b) that Paragraph 235 purports to characterize and quote from a May 10, 2022 earnings conference call, and otherwise deny the allegations in Paragraph 235, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2022 earnings conference call for a complete and accurate statement of its contents.

236.    Defendants admit that Paragraph 236 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise deny the allegations in Paragraph 236, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete and accurate statement of its contents.

237.    Defendants admit that Paragraph 237 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise deny the allegations in Paragraph 237, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete and accurate statement of its contents.

238.    Defendants admit that Paragraph 238 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise deny the allegations in Paragraph 238, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete and accurate statement of its contents.

239.    Defendants admit that Paragraph 239 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise deny the allegations in Paragraph 239, which do

-66-

not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete and accurate statement of its contents.

240.    The allegations in Paragraph 240 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 240.

241.    Defendants admit the allegations in the first sentence of Paragraph 241.  The allegations in the second sentence of Paragraph 241 and in subparagraphs (a) through (l) constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 241 and in subparagraphs (a) through (l), as further answered below.

(a)    Paragraph 241(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

(b)    Defendants deny the allegations of Paragraph 241(b), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

(c)    Paragraph 241(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(c), which do not present a fair and complete description of the matters

-67-

described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

        (d)      Paragraph 241(d) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(d), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

        (e)      Paragraph 241(e) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(e), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

        (f)      Defendants deny the allegations in Paragraph 241(f), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

        (g)      Paragraph 241(g) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(g), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

(h)     Defendants deny the allegations in Paragraph 241(h), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

(i)     Paragraph 241(i) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(i), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

(j)     Paragraph 241(j) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(j), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

(k)     Paragraph 241(k) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(k), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

(l)     Paragraph 241(l) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 241(l), which do not present a fair and complete description of the matters

-69-

described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

242. The allegations in Paragraph 242 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242 and its subparagraphs, as further answered below.

(a) Paragraph 242(a) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242(a).

(b) Defendants deny the allegations in Paragraph 242(b).

(c) Paragraph 242(c) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242(c).

(d) Paragraph 242(d) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242(d).

(e) Paragraph 242(e) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242(e).

(f) Defendants deny the allegations in Paragraph 242(f).

(g) Paragraph 242(g) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242(g).

-70-

(h)    Defendants deny the allegations in Paragraph 242(h).

(i)    Paragraph 242(i) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 242(i).

(j)    Paragraph 242(j) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 242(j).

(k)    Paragraph 242(k) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 242(k).

(l)    Paragraph 242(l) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 242(l).

243.    Paragraph 243 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 243 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 243.

244.    Paragraph 244 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 244 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants state that Paragraph 244 purports to quote from and characterize sections

of the Code of Federal Regulations and respectfully refer the Court to those sections for a complete and accurate statement of their contents.

245. Paragraph 245 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 245 constitute legal conclusions, to which no response is required. To the extent any further response is required, Defendants deny the allegations in Paragraph 245.

246. Paragraph 246 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants admit the allegations in the first and second sentences of Paragraph 246. Defendants deny the remaining allegations in Paragraph 246, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's press release, dated May 10, 2021, for a complete and accurate statement of its contents.

247. Paragraph 247 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 247 constitute legal conclusions, to which no response is required. To the exent a further response is required, Defendants deny the allegations in Paragraph 247.

248. Paragraph 248 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants admit the allegations in the first sentence of Paragraph 248. The allegations in the second sentence of Paragraph 248 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent any further response is required, Defendants deny the allegations in the second sentence of Paragraph 248 and the subparagraphs, as further answered below.

(a)    Paragraph 248(a) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 248(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

(b)    Paragraph 248(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 248(b), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

249.    Paragraph 249 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 249 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 249 and its subparagraphs, as further answered below.

(a)    Paragraph 249(a) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 249(a).

(b)    Paragraph 249(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 249(b).

-73-

250.     Defendants admit that InnovAge filed a Form 10-Q, signed by Hewitt and Gutierrez, with the SEC on May 11, 2021.  The remaining allegations in Paragraph 250 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 250 and its subparagraphs.

(a)     Paragraph 250(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 250(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(b)     Defendants deny the allegations in Paragraph 250(b), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-Q filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(c)     Paragraph 250(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 250(c), which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(d)     Paragraph 250(d) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 250(d), which do not present a fair and complete description of the matters

described therein, and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(e)    Paragraph 250(e) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 250(e), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

251.    The allegations in Paragraph 251 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 251 and its subparagraphs, as further answered below.

(a)    Paragraph 251(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 251(a).

(b)    Defendants deny the allegations in Paragraph 251(b).

(c)    Paragraph 251(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 251(c).

(d)    Paragraph 251(d) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 251(d).

(e)      Paragraph 251(e) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 251(e).

252.     Paragraph 252 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants admit the allegations in the first and second sentences of Paragraph 252.  Defendants deny the remaining allegations in Paragraph 252, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's press release, dated September 21, 2021, for a complete and accurate statement of its contents.

253.     Paragraph 253 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 253 constitute legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 253.

254.     Paragraph 254 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants admit the allegations in the first sentence of Paragraph 254 and otherwise deny the remaining allegations in Paragraph 254, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court a transcript of the September 21, 2021 earnings conference call for a complete and accurate statement of its contents.

(a)      Defendants deny the allegations in Paragraph 254(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to

-76-

a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

(b)     Paragraph 254(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 254(b), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

255.     The allegations in Paragraph 255 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 255 and its subparagraphs, as further answered below.

(a)     Defendants deny the allegations in Paragraph 255(a).

(b)     Paragraph 255(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 255(b).

256.     Paragraph 256 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in the second sentence of Paragraph 256 and Paragraph 256's subparts constitute legal conclusions to which no response is required.  To the extent a further response is required, Defendants admit that (a) InnovAge filed a Form 10-K, for the fiscal year ended June 30, 2021, with the SEC on September 23, 2021, and (b) the Form 10-K was signed by Hewitt, Gutierrez, Bush, Cavanna, Dechert, Kennedy, Mahesh, Scully, Tavenner, Traynor, and Zoretic, but otherwise deny the remaining allegations in Paragraph 256, which do not present a fair and complete description of the matters described

-77-

therein, except respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

(a)    Paragraph 256(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 256(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

(b)    Paragraph 256(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 256(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

257.    Paragraph 257 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 257 constitute legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 257.

(a)    Paragraph 257(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 257(a).

(b)    Paragraph 257(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 257(b).

-78-

258.     Paragraph 258 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants admit the allegations in the first and second sentences of Paragraph 258, but deny the remaining allegations in Paragraph 258, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

259.     Defendants admit the allegations in the first sentence of Paragraph 259.  The allegations in the second sentence of Paragraph 259 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 259 and the subparagraphs, as further answered below.

(a)     Defendants deny the allegations in Paragraph 259(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the November 9, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

(b)     Paragraph 259(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 259(b), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the November 9, 2021 InnovAge earnings conference call, for a true and correct statement of its contents.

(c)     Paragraph 259(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the

allegations in Paragraph 259(c), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the November 9, 2021 InnovAge earnings conference call for a true and correct statement of its contents. Defendants respectfully refer the Court to that document for its complete and accurate contents.

260. The allegations in Paragraph 260 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 260 and its subparagraphs, as further answered below.

(a) Defendants deny the allegations in Paragraph 260(a).

(b) Paragraph 260(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 260(b).

(c) Paragraph 260(c) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 260(c).

261. Paragraph 261 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 261 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a further response is required, Defendants admit that InnovAge filed a Form 10-Q, signed by Hewitt and Gutierrez, with the SEC on November 9, 2021, but otherwise deny the allegations in Paragraph 261.

(a) Paragraph 261(a) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the

allegations in Paragraph 261(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on November 9, 2021, for a complete and accurate statement of its contents.

(b)    Paragraph 261(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 261(a), which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on November 9, 2021, for a complete and accurate statement of its contents.

262.    The allegations in Paragraph 262 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 262. The allegations of Paragraph 262 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

263.    Defendants deny the allegations in Paragraph 263, which do not present a fair and complete description of the matters described therein and are too vague to permit a response, and respectfully admit that Hewitt served as its CEO from 2006-2021 and Gutierrez served as its CFO from 2017-2023. The allegations of Paragraph 263 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

264.    Defendants admit that (a) Hewitt served as InnovAge's CEO and Gutierrez served as InnovAge's CFO, (b) InnovAge's annual and quarterly reports filed with the SEC during the alleged Class Period were signed and/or certified by Hewitt and Gutierrez, and (c) Hewitt and Gutierrez attended and spoke on earnings conference calls, and otherwise deny the remaining allegations of Paragraph 264, which do not present a complete and accurate description of the

-81-

matters described therein, and respectfully refer the Court to InnovAge's SEC filings and transcripts of InnovAge earnings conference calls for their complete and accurate contents. The allegations of Paragraph 264 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

265.    Defendants deny the allegations in Paragraph 265, which do not present a fair and complete description of the matters described therein, except admit that (a) InnovAge's SEC filings during the alleged Class Period were signed by Hewitt and/or Gutierrez and (b) Hewitt and Gutierrez participated in certain conference calls with investors during the alleged Class Period. Defendants further state that the allegations in the third sentence of Paragraph 265 constitute legal conclusions, to which no response is required. The allegations of Paragraph 265 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

266.    The allegations in Paragraph 266 are too vague to permit a response and Defendants therefore deny them on that basis, except admit that Hewitt and Gutierrez (a) had access to certain confidential and proprietary information concerning InnovAge while serving in their respective roles as CEO and CFO and (b) attended certain management and Board meetings and meetings of committees thereof. The allegations of Paragraph 266 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

267.    Defendants deny the allegations in Paragraph 267, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2022 InnovAge earnings conference call that is purportedly quoted in Paragraph 267 for a complete and accurate statement of its contents. The allegations of Paragraph

-82-

267 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

268.    Defendants deny the allegations in Paragraph 268, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the May 10, 2022 InnovAge earnings conference call that is purportedly quoted in Paragraph 268 for a complete and accurate statement of its contents.  The allegations of Paragraph 268 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

269.    Paragraph 269 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in the first sentence of Paragraph 269 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in the first sentence of Paragraph 269. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 269, and on that basis deny them.  The allegations of Paragraph 269 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

270.    Paragraph 270 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 270, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a report published by Barclays on March 29, 2021, for a complete and accurate statement of its contents.  The allegations of Paragraph 270 are also not

-83-

directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

271.    Paragraph 271 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 271, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to reports published by Piper Sandler and William Blair on March 29, 2021, for a complete and accurate statement of their contents.  The allegations of Paragraph 271 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

272.    Paragraph 272 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 272 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 272.  The allegations of Paragraph 272 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

273.    The allegations in Paragraph 273 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 273, which do not present a fair and complete description of the matters described therein.  The allegations of Paragraph 273 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

274.    Paragraph 274 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants admit that InnovAge's

business strategy was to grow by expanding its network of centers and that the majority of its revenue for the fiscal years ended in June 2020, 2021, 2022 and 2023 was derived from capitation agreements with government payors, but otherwise deny the allegations in Paragraph 274, which do not present a fair and complete description of the matters contained therein. The allegations of Paragraph 274 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

275. Paragraph 275 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, InnovAge and the Officer Defendants admit that Hewitt served as InnovAge's CEO from approximately 2006 to 2021 and Gutierrez served as InnovAge's CFO from approximately 2017 to 2022 and otherwise deny the allegations in Paragraph 275, which do not present a fair and complete description of the matters described therein. The Director Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 275, and on that basis denies them. The allegations of Paragraph 275 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

276. Paragraph 276 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, Defendants admit that Michelle Blanton served as Vice President of Clinical Operations at InnovAge and later served as Vice President of Compliance at InnovAge, but otherwise deny the allegations in Paragraph 276, which do not present a fair and complete description of the matters described therein, and as to some of which Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276. The allegations of Paragraph 276 are also not directed

-85-

to the Director Defendants, and the Director Defendants are not required to answer such allegations.

277.    Paragraph 277 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants admit that between March 4, 2021, and December 22, 2021, InnovAge filed reports with the SEC and otherwise deny the allegations of Paragraph 277, which do not present a fair and complete description of the matters described therein, but respectfully refer the Court to InnovAge's SEC filings and conference call transcripts for a complete and accurate statement of their contents.  The allegations of Paragraph 277 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

156    Paragraph 156 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 156, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the September 21, 2021 InnovAge earnings conference call and a transcript of the November 9, 2021 InnovAge earnings conference call, for a complete and accurate statement of their contents.  The allegations of Paragraph 156 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

278.    Paragraph 278 includes allegations pertaining to the Dismissed Claims, to which no response is required.  The allegations in the first and fifth sentences of Paragraph 278 also constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that (a) Blair was appointed to serve as President of InnovAge on November 12,

2021, and (b) on January 3, 2022, InnovAge announced Hewitt's resignation, and otherwise deny the remaining allegations of Paragraph 278, which do not present a fair and complete description of the matters described therein. The allegations of Paragraph 278 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

279. Defendants deny the allegations in the first sentence of Paragraph 279. The remaining allegations in Paragraph 279 purport to characterize InnovAge's Form 10-K/A, filed with the SEC on October 28, 2021, which is a document that speaks for itself. Defendants respectfully refer the Court to that document for its complete and accurate contents, and otherwise deny the remaining allegations in Paragraph 279. The allegations of Paragraph 279 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

280. The allegations in Paragraph 280 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 280. The allegations of Paragraph 280 are also not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

281. The allegations in Paragraph 281 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 281.

282. InnovAge and the Officer Defendants deny the allegations in Paragraph 282, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to a transcript of a discussion during the June 9, 2021 Goldman Sachs 42nd Annual Global Healthcare Conference for a complete and accurate statement of its contents. The Director

Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282, and on that basis deny them.

283. Defendants admit that InnovAge's stock price closed at $20.49 per share on June 9, 2021, and $20.98 per share on June 10, 2021. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 283, and on that basis deny them. Defendants deny the remaining allegations in Paragraph 283, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of a discussion during the June 9, 2021 Goldman Sachs 42nd Annual Global Healthcare Conference for a complete and accurate statement of its contents.

284. Defendants admit that InnovAge held its Q4 2021 earnings call on September 21, 2021. Defendants deny the remaining allegations in Paragraph 284, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

285. Defendants admit that InnovAge's stock price closed at $11.65 per share on September 21, 2021, $8.75 per share on September 22, 2021, and $6.76 per share on September 23, 2021, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and third sentences of Paragraph 285, and on that basis deny them. The allegations in the second sentence of Paragraph 285 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 285. Defendants deny the remaining allegations

in Paragraph 285, which do not present a fair and complete description of the matters described therein, except admit that Piper Sandler and Cowen published research reports concerning InnovAge dated September 22, 2021, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

286.    Defendants deny the allegations in Paragraph 286, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

287.    Defendants admit the allegations of Paragraph 287.

288.    Defendants deny the allegations of Paragraph 288, which do not present a fair and complete description of the matters described therein, except admit that William Blair, J.P. Morgan, Cowen and Barclays published research reports concerning InnovAge dated December 23, 2021, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

289.    Defendants admit that InnovAge's stock price closed at $8.25 per share on December 22, 2021, and $5.31 per share on December 23, 2021, with a volume of 14,188,300 shares, but otherwise deny the allegations in the first sentence of Paragraph 289, which do not present a fair and complete description of the matters described therein.  The allegations in the second sentence of Paragraph 289 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 289.

290.    The allegations in Paragraph 290 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 290.

291.    Defendants deny the allegations in Paragraph 291, including subparagraphs (a)-(d), except admit that (a) InnovAge stock was listed and traded on the Nasdaq Stock Market, (b) InnovAge filed periodic reports with the SEC, (c) InnovAge issued communications to public investors and (d) external securities analysts published publicly available reports about InnovAge.

292.    The allegations in Paragraph 292 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 292.

293.    The allegations in Paragraph 293 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 293.

294.    Defendants admit that Plaintiffs seek to bring this putative class action on behalf of all of those who purchased or otherwise acquired the common stock of InnovAge between March 4, 2021 and December 22, 2021, excluding Defendants; the officers and directors of InnovAge at all relevant times; members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns; Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and any entity in which Defendants or their immediate families have or had a controlling interest, but otherwise deny the allegations in Paragraph 294.

295.    The allegations in Paragraph 295 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that InnovAge's stock is listed on the Nasdaq Stock Market, but otherwise deny the allegations in Paragraph 295.

296.    Defendants admit the allegations in the first sentence of Paragraph 296.  The remaining allegations in Paragraph 296 constitute legal conclusions, to which no response is

required. To the extent a response is required, Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 296.

297. The allegations in Paragraph 297 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 297.

298. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 298, and on that basis deny them.

299. The allegations in Paragraph 299 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 299.

300. The allegations in Paragraph 300 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 300.

301. The allegations in Paragraph 301 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 301.

302. The allegations in Paragraph 302 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 302.

303. The allegations in Paragraph 303 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 303.

304. Defendants incorporate each response set forth above as if it were fully set forth herein.

305. The allegations in Paragraph 305 constitute legal conclusions, to which no response is required.

306. The allegations in Paragraph 306 constitute legal conclusions, to which no response is required. To the extent a response is required, InnovAge and the Officer Defendants deny the

-91-

allegations in Paragraph 306.  The allegations of paragraph 306 are not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

307.    The allegations in Paragraph 307 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge and the Officer Defendants deny the allegations in Paragraph 307.  The allegations of paragraph 307 are not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

308.    The allegations in Paragraph 308 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge and the Officer Defendants deny the allegations in Paragraph 308.  The allegations of paragraph 308 are not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

309.    The allegations in Paragraph 309 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge and the Officer Defendants deny the allegations in Paragraph 309.  The allegations of paragraph 309 are not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

310.    The allegations in Paragraph 310 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge and the Officer Defendants deny the allegations in Paragraph 310.  The allegations of paragraph 310 are not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

311.    The allegations in Paragraph 311 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge and the Officer Defendants deny the allegations in Paragraph 311.  The allegations of paragraph 311 are not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

312.    The allegations in Paragraph 312 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge and the Officer Defendants deny the allegations in Paragraph 312.  The allegations of paragraph 312 are not directed to the Director Defendants, and the Director Defendants are not required to answer such allegations.

313.    Defendants incorporate each response set forth above as if it were fully set forth herein.

314.    The allegations in Paragraph 314 constitute legal conclusions, to which no response is required.  To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 314.  The allegations of Paragraph 314 are not directed to InnovAge and the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

315.    The allegations in Paragraph 315 constitute legal conclusions, to which no response is required.  To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 315.  The allegations of Paragraph 315 are not directed to InnovAge and the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

316.    The allegations in Paragraph 316 constitute legal conclusions, to which no response is required.  To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 316.  The allegations of Paragraph 316 are not directed to InnovAge and the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

317. The allegations in Paragraph 317 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants admit that Hewitt and Gutierrez spoke to investors during their respective tenures as CEO and CFO, but otherwise deny the allegations in Paragraph 317. The allegations of Paragraph 317 are not directed to InnovAge and the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

318. The allegations in Paragraph 318 constitute legal conclusions, to which no response is required. To the extent a response is required, InnovAge denies the allegations in Paragraph 318. The allegations of Paragraph 318 are not directed to the Officer Defendants and the Director Defendants, and the Officer Defendants and the Director Defendants are not required to answer such allegations.

319. The allegations in Paragraph 319 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 319. The allegations of Paragraph 319 are not directed to InnovAge and the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

320. The allegations in Paragraph 320 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 320. The allegations of Paragraph 320 are not directed to InnovAge and the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

321.    The allegations in Paragraph 321 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 321.

322.    The allegations in Paragraph 322 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 322.

323.    Defendants admit that Plaintiffs purports to assert Securities Act claims based on statements in InnovAge's Offering Documents and further admit the allegations in the second sentence of Paragraph 323.

324.    The allegations in Paragraph 324 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 324.

325.    The allegations in Paragraph 325 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 325.

326.    The allegations in Paragraph 326 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 326.

327.    Paragraph 327 and its subparagraphs include allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 327 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 327 and its subparagraphs.

328.    Paragraph 328 and its subparagraphs include allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 328 and its subparagraphs.

329.    Paragraph 329 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 329 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 329.

330.    Paragraph 330 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 330 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants state that Paragraph 330 purports to quote from and characterize sections of the Code of Federal Regulations, which speak for themselves.  Defendants respectfully refer the Court to those sections for their complete and accurate contents, and otherwise deny the allegations in Paragraph 330.

331.    Paragraph 331 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 331 constitute legal conclusions, to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 331.

332.    Defendants admit that Plaintiffs purport to bring this action as a putative class action on behalf of a Class consisting of all those who purchased or otherwise acquired the common stock of InnovAge in or traceable to the IPO, and who were damaged thereby (the "Securities Act Class"), excluding Defendants; the officers and directors of InnovAge at all relevant times; members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns; Defendants' liability insurance carriers and any affiliates or

subsidiaries thereof; and any entity in which Defendants or their immediate families have or had a controlling interest, but otherwise deny the allegations in Paragraph 332.

333.    The allegations in the first, fourth and fifth sentences of Paragraph 333 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first, fourth and fifth sentences of Paragraph 333. Defendants admit the allegations in the second and third sentences of Paragraph 333.

334.    The allegations in Paragraph 334 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 334.

335.    Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 335, and on that basis deny them.

336.    The allegations in Paragraph 336 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 336.

337.    The allegations in Paragraph 337 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 337.

338.    Defendants deny the allegations in Paragraph 338.

339.    The allegations in Paragraph 339 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 339, which do not present a fair and complete description of the matters described therein.

340.    The allegations in Paragraph 340 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 340, which do not present a fair and complete description of the matters described therein.

341.    Defendants deny the allegations of Paragraph 341, which do not present a fair and complete description of the matters described therein, except respectfully refer the Court to correspondence between InnovAge and federal and state regulators, including audit reports, for a complete and accurate statement of their contents.  Defendants further state that the allegations in the first sentence of Paragraph 341 constitute legal conclusions, to which no response is required.

342.    The allegations in Paragraph 342 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 342.

343.    The allegations in Paragraph 343 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 343.

344.    The allegations in Paragraph 344 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 344.

345.    The allegations in Paragraph 345 are not directed at the Director Defendants, and the Director Defendants are not required to answer such allegations.  To the extent a response is required, the allegations in the first sentence of Paragraph 345 constitute legal conclusions, to which no response is required.  To the extent a further response is required, Defendants admit that, as an emerging growth company, InnovAge was required to present only two years of audited financial statements, plus unaudited condensed consolidated financial statements for applicable interim periods, in the Offering Documents, but otherwise deny the remaining allegations in Paragraph 345, which do not present a fair and complete description of the matters described therein, and as to some of which Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them.

346.    The allegations in Paragraph 346 are not directed at the Director Defendants, and the Director Defendants are not required to answer such allegations.  To the extent a response is required, the allegations in Paragraph 346 constitute legal conclusions, to which no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 346.

347.    The allegations in Paragraph 347 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 347.

348.    The allegations in Paragraph 348 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 348, which are too vague to permit a response.

349.    Defendants incorporate each response set forth above as if it were fully set forth herein.

350.    The allegations in Paragraph 350 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 350.

351.    The allegations in Paragraph 351 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 351.

352.    The allegations in Paragraph 352 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 352.

353.    The allegations in Paragraph 353 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 353.

354.    The allegations in Paragraph 354 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants admit that the Underwriter

Defendants served as underwriters for InnovAge's IPO, but otherwise deny the allegations in Paragraph 354.

355. The allegations in Paragraph 355 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 355.

356. The allegations in Paragraph 356 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 356.

357. Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 357, and on that basis deny them.

358. The allegations in Paragraph 358 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 358.

359. Defendants deny the allegations in Paragraph 359.

360. The allegations in Paragraph 360 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 360.

361. Defendants incorporate each response set forth above as if it were fully set forth herein.

362. The allegations in Paragraph 362 constitute legal conclusions, to which no response is required. To the extent a response is required, InnovAge denies the allegations in Paragraph 362. The allegations in Paragraph 362 are not directed at the Officer Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations.

363.    Defendants admit the allegations in Paragraph 363.    The allegations in Paragraph 363 are not directed at the Officer Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations.

364.    The allegations in Paragraph 364 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge denies the allegations in Paragraph 364. The allegations in Paragraph 364 are not directed at the Officer Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations

365.    The allegations in Paragraph 365 constitute legal conclusions, to which no response is required.  To the extent a response is required, InnovAge denies the allegations in Paragraph 365. The allegations in Paragraph 365 are not directed at the Officer Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations

366.    The allegations in Paragraph 366 constitute legal conclusions, to which no response is required.  The allegations in Paragraph 366 are also not directed at the Officer Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations.  To the extent a response is required, Defendants lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 366, and on that basis deny them.

367.    InnovAge states that no response to Plaintiffs' offer to tender their shares of InnovAge stock is required.  The allegations in Paragraph 367 are not directed at the Officer

-101-

Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations.

368. The allegations in Paragraph 368 constitute legal conclusions, to which no response is required. To the extent a response is required, InnovAge denies the allegations in Paragraph 368. The allegations in Paragraph 368 are not directed at the Officer Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations.

369. The allegations in Paragraph 369 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 369. The allegations in Paragraph 369 are not directed at the Officer Defendants or the Director Defendants, and the Officer Defendants and Director Defendants are not required to answer such allegations.

370. Defendants incorporate each response set forth above as if it were fully set forth herein.

371. The allegations in Paragraph 371 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 371. The allegations in Paragraph 371 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

372. The allegations in Paragraph 372 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 372. The allegations in Paragraph 372 are not directed to InnovAge, and relate to claims

that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

373. The allegations in Paragraph 373 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 373. The allegations in Paragraph 373 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

374. The allegations in Paragraph 374 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 374. The allegations in Paragraph 374 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

375. The allegations in Paragraph 375 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 375. The allegations in Paragraph 375 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

376. The allegations in Paragraph 376 constitute legal conclusions, to which no response is required. To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 376. The allegations in Paragraph 376 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

377.     The allegations in Paragraph 377 constitute legal conclusions, to which no response is required.  To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 377.  The allegations in Paragraph 377 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

378.     The Officer Defendants deny the allegations of Paragraph 378, which do not present a fair and complete description of the matters described therein, and respectfully refer the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, and other quarterly and annual SEC filings, for a complete and accurate statement of their contents.   The allegations in Paragraph 378 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

379.     The Officer Defendants deny the allegations of Paragraph 379, which do not present a fair and complete description of the matters described therein, except admit that InnovAge entered into a Director Nomination Agreement and respectfully refer the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the parties to the agreement and a statement of its contents.  The allegations in Paragraph 379 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

380.     The allegations in Paragraph 380 constitute legal conclusions, to which no response is required.  To the extent a response is required, the Officer Defendants deny the allegations in

-104-

Paragraph 380, which do not present a complete and accurate statement of the matters described therein.  The allegations in Paragraph 380 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

381.    The allegations in Paragraph 381 constitute legal conclusions, to which no response is required.  To the extent a response is required, the Officer Defendants deny the allegations in Paragraph 381.  The allegations in Paragraph 381 are not directed to InnovAge, and relate to claims that have been dismissed as to the Director Defendants, and InnovAge and the Director Defendants are not required to answer such allegations.

382.    Paragraph 382 subparts (a) through (d) contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

As separate defenses to the Amended Complaint and the causes of actions asserted against Defendants therein (the "Causes of Action"), and without assuming the burden of proof on matters as to which it has no such burden, Defendants state as follows:

### FIRST DEFENSE

#### (Dismissed Claims)

By its December 21, 2023 Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss Amended Class Action Complaint, the Court dismissed claims based on (1) the Patient-Centered Care Statement, (2) the Standardized and Well-Staffed Operations Statement, (3) the Robust Compliance Statement, (4) the Successful Risk Management Statement, (5) the Technology Statement, (6) the Expansion Model Statement, (7) the Scalability Statement,

(8) the Virtuous Cycle Statement, (9) the Government Relationships Statement, (10) Items 105 and 303 of Regulation S-K, (11) Hewitt's alleged statements on May 10, 2021 concerning organic growth and staffing, (12) the Deficient Participant Assessments Statement, (13) the Alignment with Government Payors Statement, (14) Hewitt and Gutierrez's May 2021 SOX certifications, (15) the alleged September 21, 2021 Organic Growth Statement, (16), the September 21, 2021 Earnings Call Audit Statement, (17) Hewitt and Gutierrez's September 2021 SOX certifications, (18) Hewitt's alleged November 9, 2021 Audit Update Statements, (19) the Government Relationship Statement, and (20) Hewitt and Gutierrez's November 2021 SOX certifications.  The Court also found that Plaintiffs failed to allege control person liability against the Director Defendants.

## SECOND DEFENSE

### (Failure to State a Cause of Action Upon Which Relief May Be Granted)

The Amended Complaint fails to state any claim against Defendants upon which relief may be granted.

## THIRD DEFENSE

### (Failure to Comply with Pleading Requirements)

The Amended Complaint failed to plead fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

## FOURTH DEFENSE

### (Barred by Statutory Safe Harbor)

Plaintiffs' claims are barred by the PSLRA's statutory safe harbor.  *See* 15 U.S.C. § 78u-5(c).  The alleged misstatements and omissions are forward-looking, were accompanied by sufficient cautionary language, and were not made with actual knowledge that they were false or misleading.

-106-

## FIFTH DEFENSE

### (Reasonable Care and Due Diligence)

Plaintiffs and putative class members are not entitled to any recovery because Defendants exercised reasonable care; Defendants had, after reasonable and diligent investigation, reasonable grounds to believe and did believe that the statements at issue herein were true and that they omitted no material fact necessary to make those statements not misleading.

## SIXTH DEFENSE

### (No Reliance)

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions alleged in the Amended Complaint.

## SEVENTH DEFENSE

### (Knowledge)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had knowledge of the alleged untruths or omissions at the time they acquired the securities in question.

## EIGHTH DEFENSE

### (Assumption of Risks)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased the securities at issue with knowledge of the risks involved and assumed those risks, and any alleged losses were caused by those risks coming to fruition.

## NINTH DEFENSE

### (Lead Plaintiffs Not Adequate or Typical)

The claims and Causes of Action brought on behalf of a putative class are barred in whole or in part because the named Lead Plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

## TENTH DEFENSE

### (Lead Plaintiffs Improper under Rule 23)

Lead Plaintiffs' claims are improperly brought, and cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## ELEVENTH DEFENSE

### (Lack of Standing)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because Lead Plaintiffs and putative class members lack standing to pursue some or all of their claims against Defendants.

## TWELFTH DEFENSE

### (No Duty)

Plaintiffs' and putative class members' claims are barred in whole or in part because Defendants neither owed nor breached any duty to Plaintiffs or putative class members to disclose information allegedly omitted from any statement alleged in the Amended Complaint, and had no duty to verify, opine upon, audit, review or correct such information.

## THIRTEENTH DEFENSE

### (Loss Causation)

Plaintiffs' claims are barred in whole or in part because of the lack of loss causation. Any damages or injuries allegedly suffered by Plaintiffs or any putative class members were not legally caused by the alleged misstatements on which Plaintiffs base their claims or any omission by Defendants.

## FOURTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged

injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

## FIFTEENTH DEFENSE

### (Equitable Defenses)

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of laches, equitable estoppel, waiver or other equitable defenses.

## SIXTEENTH DEFENSE

### (Class Action)

The putative class alleged in the Complaint cannot be certified under Rule 23 of the Federal Rules of Civil Procedure

## SEVENTEENTH DEFENSE

### (Good Faith)

Defendants Hewitt and Gutierrez are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and they did not directly or indirectly induce any of the alleged acts that would constitute a violation of the Exchange Act.

## EIGHTEENTH DEFENSE

### (Contributory Negligence)

Plaintiffs' and putative class members' damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than the Defendants; however, in the event that a finding is made that negligence exists on the part of Defendants, Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other persons or entities contributed to the alleged damages upon which Plaintiffs or putative class members seek recovery.

-109-

## NINETEENTH DEFENSE

### (No Fees or Costs)

Plaintiffs and putative class members are not entitled to attorney's fees, or expert fees, as a matter of law.

## TWENTIETH DEFENSE

### (Ratification)

The Amended Complaint is barred, in whole or in part, by the doctrine of ratification.

## TWENTY-FIRST DEFENSE

### (Proportionate Liability)

Any recovery for alleged damages, if any, is limited to the percentage of responsibility of each Defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiffs' alleged damages, in accordance with the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f).

## TWENTY-SECOND DEFENSE

### (Reservation of Rights)

Defendants reserve the right to raise any additional defenses, counterclaims, cross claims and third-party claims not asserted herein of which it may become aware through discovery or other investigation, and will amend or modify its answer accordingly. Defendants further reserve the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief and judgment, as follows:

**A.** **That judgment be entered in favor of Defendants;**

**B.** **That Plaintiffs take nothing by reason of the claims and Causes of Action asserted herein;**

**C.** **That the Amended Complaint, and the Causes of Action against Defendants, be dismissed with prejudice;**

**D.** **For Defendants' costs of suit, including attorneys' fees incurred in defense of this action; and**

**E.** **For such other and further relief as the Court may deem just and proper.**

Dated:          March 4, 2024

SULLIVAN & CROMWELL LLP

By:  /s/ *Diane L. McGimsey*
Karen Patton Seymour
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 291-9307
seymourk@sullcrom.com

Diane L. McGimsey
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
mcgimseyd@sullcrom.com

*Counsel for InnovAge Holding Corp.,*
*Maureen Hewitt, Barbara Gutierrez, John*
*Ellis Bush, Andrew Cavanna, Caroline*
*Dechert, Edward Kennedy, Jr., Pavithra*
*Mahesh, Thomas Scully, Marilyn Tavenner,*
*Sean Traynor, Richard Zoretic, Apax*

WILMER CUTLER PICKERING HALE
AND DORR LLP

Peter Kurtz
1225 17th Street, Suite 2600
Denver, Colorado  80202
Telephone: (720) 274-3135
Peter.Kurtz@wilmerhale.com

Matthew D. Benedetto
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5323
Facsimile: (213) 443-5400
matthew.benedetto@wilmerhale.com

*Counsel for InnovAge Holding Corp.*

*Partners, L.P., and Welsh, Carson,
Anderson & Stowe*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2024, I electronically filed a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties via the CM/ECF system.

*/s/ Diane L. McGimsey*
Diane L. McGimsey