## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02770-WJM-SKC

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

     Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

     Defendants.

---

## DEFENDANT WCAS'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
## FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

---

Defendant Welsh, Carson, Anderson & Stowe ("WCAS"), by its undersigned counsel, hereby answers as to itself the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") in the above-captioned proceeding. WCAS denies the existence of an entity called "Welsh, Carson, Anderson & Stowe." For the avoidance of doubt, and notwithstanding that no proper defendant has been named, the denials and admissions of "WCAS" herein are made on behalf of the entity or entities, if any, which Plaintiffs may ultimately claim are associated with "Welsh, Carson, Anderson & Stowe." Additionally, for the avoidance of doubt, any allegation not expressly admitted herein by WCAS is denied. Any denial that WCAS asserts below based on a lack of knowledge or information is further made with the explicit assertion that WCAS and related parties have taken all appropriate steps in good faith to fully comply with their legal obligation, if any, to be diligently informed as to the matters alleged in the Amended Complaint. Further, WCAS is not required to respond to headings and sub-headings of the Amended Complaint, but, to the extent any response is required, unless otherwise expressly stated, WCAS denies the allegations and characterizations of allegations set forth in the headings and sub-headings of the Amended Complaint.

On December 21, 2023, this Court issued an Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss Amended Class Action Complaint. The Court dismissed claims based on a majority of the misstatements alleged in the Amended Complaint and found that Plaintiffs failed to allege control person liability against John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor and Richard Zoretic (the "Director Defendants") (together, the "Dismissed Claims"). Accordingly, portions of the Amended Complaint are inoperative and do

not require a response.  WCAS answers the allegations of the like-numbered paragraphs and subparagraphs of the Amended Complaint as follows:

1.      WCAS admits that Plaintiffs seek to bring this federal securities action against InnovAge, Maureen Hewitt ("Hewitt"), Barbara Gutierrez ("Gutierrez"), WCAS, Apax Partners ("Apax"), the underwriters in InnovAge's IPO and members of InnovAge's Board of Directors as of the completion of InnovAge's IPO, and otherwise deny the remaining allegations in Paragraph 1 and refer the Court to InnovAge's Schedule 14(a) Proxy Statement for a description of the investment vehicle through which entities affiliated with WCAS and Apax and certain other holders hold their investment.

2.      WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 2, and on that basis denies them. WCAS admits that InnovAge completed an initial public offering ("IPO") in March 2021, but otherwise denies the allegations in the second sentence of Paragraph 2.  The third sentence of Paragraph 2 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves.[1]  WCAS respectfully refers the Court to the Offering Documents for their complete and accurate contents, and otherwise denies the allegations in the third sentence of Paragraph 2.  WCAS denies the allegations in the fourth sentence of Paragraph 2.

---

[1] The Offering Documents, as defined in Paragraph 241 of the Amended Complaint, include InnovAge's Registration Statement on Form S-1, filed with the Securities and Exchange Commission ("SEC") on February 8, 2021, First Amended Registration Statement, filed with the SEC on February 24, 2021, Second Amended Registration Statement, filed with the SEC on February 26, 2021, Third Amended Registration Statement, filed with the SEC on March 3, 2021, and Prospectus, filed with the SEC on March 3, 2021.

3.      WCAS admits that InnovAge's 2023 Annual Report states that (a) InnovAge focuses on providing all-inclusive care to frail, high-cost, dual-eligible seniors; (b) InnovAge directly contracts with government payors, such as Medicare and Medicaid, through PACE; (c) approximately 99.8% and 99.7% of InnovAge's revenue for the years ended June 30, 2023 and 2022, respectively, was derived from capitation agreements with government payors in which InnovAge receives fixed per member, per month ("PMPM") fees; (d) InnovAge receives a capitated risk-adjusted payment to manage the totality of a participant's medical care across all settings; and (e) InnovAge's in-home care capabilities are designed to enable its participants to live safely in their homes and avoid nursing homes to the extent safely possible, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and on that basis denies them.

4.      The first sentence of Paragraph 4 is too vague as to time to permit a response and WCAS therefore denies it on that basis, however, by way of further answer, WCAS states that based on an analysis of available data by the National PACE Association in July 2023, which data WCAS has not independently verified but assumes to be accurate, costs under the Program of All-inclusive Care for the Elderly ("PACE") were estimated to be 15% lower on average than for a comparable dual-eligible population aged 65 and older under Medicaid.  WCAS further admits that InnovAge's 2023 Annual Report states that (a) InnovAge receives 100% of the pooled capitated payment to directly provide or manage the healthcare needs of its participants; (b) InnovAge's vertically integrated care model and full-risk contracts incentivize it to coordinate and manage all aspects of a participant's health; (c) InnovAge's care model reduces unnecessary or avoidable medical spend; and (d) InnovAge's capitated payment model gives it the flexibility to

invest in home modifications, such as ramps, grab bars and shower chairs, to reduce falls and make the home safer for its seniors, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4, and on that basis denies them.

5.      WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 5, and on that basis denies them. WCAS admits that InnovAge's Offering Documents and press releases indicate that Hewitt served as InnovAge's CEO from 2006-2021 and that InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that in 2016 Hewitt had the vision to convert InnovAge from a not-for-profit entity to a for-profit entity and this conversion allowed InnovAge to increase its agility in the marketplace and access the required capital to grow its footprint nationally and reach more participants, but otherwise denies the allegations in the second sentence of Paragraph 5. WCAS further admits that (a) Thomas Scully was the former Administrator of the Centers for Medicare & Medicaid Services ("CMS") under President George W. Bush and is a general partner of the investment advisor WCAS Management Corporation, and (b) InnovAge converted to a for-profit company in 2016.  WCAS denies or lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5, and on that basis denies them, except respectfully refers the Court to the transaction documents through which entities affiliated with WCAS invested in InnovAge in 2016 for a complete and accurate description of the transaction and entities involved.

6.      WCAS admits that (a) a *Modern Healthcare* article dated January 6, 2017, contains quotes attributed to Scully and respectfully refers the Court to that document for its complete and

accurate contents, (b) InnovAge completed an IPO in March 2021, (c) InnovAge was a nonprofit company prior to converting to a for-profit company in 2016, (d) Hewitt served as InnovAge's CEO at the time it converted to a for profit entity and at the time of its IPO, (e) InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that for the fiscal year ended June 30, 2020, InnovAge's participant census was approximately 6,400 across its 16 centers in five states, (f) InnovAge's 2016 Annual Report states that the total number of InnovAge PACE participants grew in fiscal year 2016 to 3,155 and its total revenue was $231,807,412, and (g) InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that InnovAge provided care for approximately 6,400 participants during the year ended June 30, 2020 and its total revenue was $567.2 million, but otherwise denies the remaining allegations in Paragraph 6.

7.     WCAS denies the allegations in Paragraph 7, which do not present a fair and complete description of the matters described therein.  By way of further answer, however, WCAS admits that in June 2020, Ignite Aggregator LP, TCO Group Holdings, Inc. and the equity holders of TCO Group Holdings, Inc. entered into a Securities Purchase Agreement pursuant to which the equity holders of TCO Group Holdings, Inc. sold a portion of their equity interest in InnovAge to Ignite Aggregator LP.  WCAS respectfully refers the Court to InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 3021, for a complete description of Ignite Aggregator LP, TCO Group Holdings, L.P. and their respective affiliations with Apax and WCAS.

8.     WCAS admits that InnovAge's IPO was launched in March 2021 through a syndicate of 11 underwriters, but otherwise denies the allegations in Paragraph 8, which do not present a fair and complete description of the matters described herein, except respectfully refers

the Court to InnovAge's Offering Documents for a complete and accurate statement of their contents.

9.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 9, and on that basis denies them. WCAS denies the remaining allegations in Paragraph 9.

10.    The first sentence of Paragraph 10 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves.  WCAS respectfully refers the Court to the Offering Documents for their complete and accurate contents, and otherwise denies the allegations in the first sentence of Paragraph 10.  The allegations in the second sentence of Paragraph 10 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS admits that InnovAge's stock price for the IPO was $21 per share, the price at the close of trading on March 4, 2021, was $24.20 and the price at the close of trading on March 12, 2021, was $25.98, but otherwise denies the allegations in the second sentence of Paragraph 10.  WCAS denies the allegations in the third sentence of Paragraph 10, which are too vague to permit a response.

11.    WCAS admits that (a) on September 17, 2021, CMS notified InnovAge that it was suspending InnovAge Sacramento's enrollment of new Medicare beneficiaries under its contract number H2368, (b) InnovAge held an earnings call on September 23, 2021, and (c) InnovAge's stock was priced at $13.85 per share at the open of trading on September 20, 2021, InnovAge's stock was priced at $12.71 per share at the close of trading on September 20, 2021, and its stock was priced at $6.76 per share at the close of trading on September 23, 2021, and otherwise denies the remaining allegations in Paragraph 11, except respectfully refers the Court to CMS's Notice

of Imposition of Sanction to Suspend Enrollment of Programs of All-inclusive Care for the Elderly

(PACE) participants into contract number: H2368 and a transcript of InnovAge's September 21,

2021 earnings conference call for a complete and accurate statement of their contents.

12.    WCAS admits that on December 23, 2021, InnovAge issued a press release and

filed with the SEC a Form 8-K announcing that CMS had determined to suspend new enrollments

at InnovAge's Colorado centers and respectfully refers the Court to the press release and Form

8-K for a complete and accurate statement of their contents, and otherwise denies the allegations

in the first sentence of Paragraph 12.  WCAS admits that InnovAge's stock was priced at $8.25

per share at the close of trading on December 22, 2021, and $5.31 per share at the close of trading

on December 23, 2021, but otherwise denies the allegations in the second sentence of

Paragraph 12.

13.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 13 and on that basis denies them.  WCAS admits that the

second sentence of Paragraph 13 purports to quote from and characterize a December 23, 2021

report published by William Blair, which is a document that speaks for itself.  WCAS respectfully

refers the Court to that document for a complete and accurate statement of its contents, and

otherwise denies the allegations in Paragraph 13.

14.    WCAS denies the allegations in the first sentence of Paragraph 14.  The second

sentence of Paragraph 14 purports to characterize a document, Summary of Findings - InnovAge

Colorado PACE Complaint Investigation, from the Colorado Department of Health Care Policy

and Financing ("HCPF"), which is a document that speaks for itself.  WCAS respectfully refers

the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the second sentence of Paragraph 14.

15.    WCAS admits that InnovAge held an earnings conference call on May 10, 2022, and otherwise denies the allegations in Paragraph 15, which do not present a fair and complete description of the matters described therein, except respectfully refers the Court to a transcript of the May 10, 2022 earnings conference call for a complete and accurate statement of its contents.

16.    WCAS admits that InnovAge held an earnings conference call on May 10, 2022, and otherwise denies the allegations in Paragraph 16, which do not present a fair and complete description of the matters described therein, except respectfully refers the Court to a transcript of the May 10, 2022 earnings conference call for a complete and accurate statement of its contents.

17.    The allegations in Paragraph 17 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 17.

18.    The allegations in Paragraph 18 constitute legal conclusions, to which no response is required.

19.    The allegations in Paragraph 19 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in Paragraph 19.

20.    The allegations in the first sentence of Paragraph 20 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the first sentence of Paragraph 20.  The allegations in the second sentence of Paragraph 20 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits that InnovAge's principal executive offices are located in Denver, Colorado, but otherwise denies the allegations in the second sentence of Paragraph 20.

21.     The allegations in Paragraph 21 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 21.

22.     WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that basis denies them.

23.     WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that basis denies them.

24.     WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis denies them.

25.     The allegations in Paragraph 25 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 25.

26.     As to the allegations in the first, third, fourth, sixth and seventh sentences of Paragraph 26, WCAS admits that (a) InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that InnovAge is the leading healthcare delivery platform by number of participants focused on providing all-inclusive, capitated care to high-cost, dual-eligible seniors and it directly contracts with government payors, such as Medicare and Medicaid, through PACE; (b) InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that InnovAge's principal executive office is located in Denver, Colorado; (c) InnovAge's press release dated March 4, 2021 states that InnovAge shares were expected to begin trading on Nasdaq under the ticker symbol "INNV" on March 4, 2021; and (d) InnovAge's press release dated March 12, 2021, states that underwriters of InnovAge's previously announced IPO of 16,666,667 shares of its common stock exercised their option to purchase an additional 2,329,234 shares of common stock from InnovAge at the initial public offering price of $21.00 per

share, less underwriting discounts and commissions and, including the exercise of the over-allotment option, InnovAge issued a total of 18,995,901 shares, for gross proceeds of approximately $399 million before deducting underwriting discounts and commissions. WCAS further admits that (a) InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that TCO Group Holdings, Inc. and certain wholly-owned subsidiaries were formed as for-profit corporations effective May 13, 2016, for the purpose of purchasing all the outstanding common stock of Total Community Options, Inc. d/b/a InnovAge, which was formed in May 2007, (b) InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that in connection with this purchase, InnovAge and certain of its subsidiaries converted from not-for-profit organizations to for-profit corporations, (c) InnovAge's Form 10-K, filed with the SEC on September 22, 2021, states that in connection with the IPO in March 2021, InnovAge changed its name from TCO Group Holdings, Inc. to InnovAge Holding Corp., (d) the IPO was conducted pursuant to a registration statement that was filed with the SEC on February 8, 2021, and an incorporated prospectus that registered 19,166,667 shares of InnovAge common stock for sale to the public and (e) InnovAge's 2021 Annual Report states that as of September 20, 2021, there were 135,516,513 shares of InnovAge common stock outstanding. WCAS otherwise denies or denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and therefore denies them.

27.    WCAS admits that it has been involved with private equity since 1979 and focuses on investing in the technology and healthcare industries, primarily in the United States. WCAS denies the rest of the allegations in the first sentence of Paragraph 27. WCAS admits that it has raised capital across at least 18 partnerships and invested in more than 170 companies but denies

the remaining allegations in the second sentence of Paragraph 27.  WCAS denies the allegations in the third sentence of Paragraph 27, but respectfully refers the Court to the transaction documents pursuant to which entities affiliated with WCAS invested in InnovAge in 2016 for a complete and accurate description of the transaction and entities involved.

28.     WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 28, and on that basis denies them. WCAS denies the allegations in the second sentence of Paragraph 28, however, by way of further answer, WCAS admits that in June 2020, Ignite Aggregator LP, TCO Group Holdings, Inc. and the equity holders of TCO Group Holdings, Inc. entered into a Securities Purchase Agreement pursuant to which the equity holders of TCO Group Holdings, Inc. sold a portion of their equity interest in InnovAge to Ignite Aggregator LP.  WCAS respectfully refers the Court to InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 3021, for a complete description of Ignite Aggregator LP, TCO Group Holdings, L.P. and their respective affiliations with Apax and WCAS.  WCAS admits that InnovAge completed an IPO in March 2021, but otherwise denies the allegations in the third sentence of Paragraph 28, which do not present a fair and complete description of the matters described therein.

29.     WCAS denies the allegations of Paragraph 29, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

30.     WCAS denies the allegations in the first sentence of Paragraph 30, except admits that in connection with its IPO, InnovAge entered into a Director Nomination Agreement.  WCAS

further admits that Paragraph 30 purports to quote from and characterize the Director Nomination Agreement and respectfully refers the Court to the Director Nomination Agreement for a complete and accurate statement of its contents.

31.     The allegations in Paragraph 31 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 31, which do not present a fair and complete description of the matters described therein.

32.     As to the first and second sentences of Paragraph 32, WCAS admits that InnovAge's Offering Documents and press releases indicate that Hewitt served as InnovAge's CEO from 2006-2021 and that InnovAge's public filings indicate that Hewitt signed the Offering Documents and other public filings.  WCAS denies the allegations in the third sentence of Paragraph 32, except respectfully refers the Court to InnovAge's Form 10-K/A filed with the SEC on October 28, 2021, for a complete and accurate statement of compensation earned by Hewitt in InnovAge's fiscal year 2021.

33.     WCAS admits the first and third sentences of Paragraph 33, except denies that Gutierrez is InnovAge's current Chief Financial Officer.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 33, and on that basis denies them.  WCAS denies the allegations in the fourth sentence of Paragraph 33, except respectfully refers the Court to InnovAge's Form 10-K/A filed with the SEC on October 28, 2021, for a complete and accurate statement of compensation earned by Gutierrez in InnovAge's fiscal year 2021.

34.     The allegations in Paragraph 34 constitute a characterization of certain defined terms in the Amended Complaint, to which no response is required.

35.     The allegations in Paragraph 35 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 35, which do not present a fair and complete description of the matters described therein, except admit that Hewitt and Gutierrez performed responsibilities of InnovAge's CEO and CFO, respectively.

36.     WCAS admits that John Ellis Bush ("Bush") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge but otherwise denies the remaining allegations in the first sentence of Paragraph 36.  WCAS admits that Bush signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report but otherwise denies the allegations of the second sentence of Paragraph 36.  WCAS admits the allegations in the third sentence of Paragraph 36. The allegations in the fourth sentence of Paragraph 36 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in the fourth sentence of Paragraph 36.  WCAS admits that InnovAge's Form 10-K/A, filed with the SEC on October 28, 2021, states that Bush received $50,000 in connection with services rendered to InnovAge during fiscal year 2021, but otherwise denies the allegations in the fifth sentence of Paragraph 36.

37.     WCAS admits that Andrew Cavanna ("Cavanna") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge, but denies that Cavanna is the current Chair of InnovAge's Board of Directors.  WCAS admits that Cavanna signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report.  WCAS admits the allegations in the third sentence of Paragraph 37.  The allegations in the fourth sentence of Paragraph 37 constitute

legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in the fourth sentence of Paragraph 37.

38.    WCAS admits that Caroline Dechert ("Dechert") became a Director of InnovAge upon the completion of InnovAge's IPO, but otherwise denies the remaining allegations in the first sentence of Paragraph 38.  By way of further answer, WCAS admits that Dechert became a Director of InnovAge as a "WCAS Nominee" as that term is defined in the Director Nomination Agreement and respectfully refers the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the entities referred to as "WCAS" under the Director Nomination Agreement.  WCAS admits that Dechert signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. WCAS admits that Dechert joined one or more entities affiliated with WCAS in 2012 and serves as a Principal in the healthcare group, but otherwise denies the remaining allegations in the third sentence of Paragraph 38.  The allegations in the fourth sentence of Paragraph 38 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in the fourth sentence of Paragraph 38.

39.    WCAS admits that Edward Kennedy, Jr. ("Kennedy") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge. WCAS admits that Kennedy signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report.  WCAS admits the allegations in the third sentence of Paragraph 39.  WCAS denies the allegations in the fourth sentence of Paragraph 39 and respectfully refers the Court to InnovAge's Form 10-K/A

filed with the SEC on October 28, 2021, for a complete and accurate description of compensation received by Kennedy during fiscal year 2021. The allegations in the fifth sentence of Paragraph 39 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in the fifth sentence of Paragraph 39.

40.    WCAS admits that Pavithra Mahesh ("Mahesh") became a Director of InnovAge upon the completion of InnovAge's IPO, but otherwise denies the remaining allegations of the first sentence of Paragraph 40. By way of further answer, WCAS states that Mahesh became a Director of InnovAge as an "Apax Partners Nominee" as that term is defined in the Director Nomination Agreement and respectfully refers the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the entities referred to as "Apax Partners" under the Director Nomination Agreement. WCAS admits that Mahesh signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. WCAS admits the allegations in the third sentence of Paragraph 40. The allegations in the fourth sentence of Paragraph 40 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in the fourth sentence of Paragraph 40.

41.    WCAS admits that Thomas Scully ("Scully") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge, but otherwise denies the remaining allegations in the first sentence of Paragraph 41. By way of further answer, WCAS admits that Scully became a Director of InnovAge as a "WCAS Nominee" as that term is defined in the Director Nomination Agreement and respectfully refers the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on

February 8, 2021, for a complete and accurate description of the entities referred to as "WCAS"

under the Director Nomination Agreement. WCAS admits that Scully signed a written consent to

being named in the Offering Documents as an individual to become a director of InnovAge and

signed the 2021 Annual Report.   WCAS denies the allegations in the third sentence of

Paragraph 41, except admits that Scully is a General Partner of WCAS Management Corporation.

WCAS admits the allegations in the fourth sentence of Paragraph 41.  The allegations in the fifth

sentence of Paragraph 41 constitute legal conclusions, to which no response is required.  To the

extent a response is required, WCAS denies the allegations in the fifth sentence of Paragraph 41.

42.     WCAS admits that Marilyn Tavenner ("Tavenner") became a Director of InnovAge

upon the completion of InnovAge's IPO.  WCAS admits that Tavenner signed a written consent

to being named in the Offering Documents as an individual to become a director of InnovAge and

signed the 2021 Annual Report.  WCAS admits the allegations in the third and fourth sentences of

Paragraph 42.   WCAS admits that Tavenner worked at the Hospital Corporation of America

("HCA").  The remaining allegations in the fifth sentence of Paragraph 42 are too vague to permit

a response, and WCAS therefore denies them on that basis.   WCAS denies the allegations in the

sixth sentence of Paragraph 42 and respectfully refers the Court to InnovAge's Form 10-K/A filed

with the SEC on October 28, 2021, for a complete and accurate description of compensation

received by Tavenner during fiscal year 2021.   The allegations in the seventh sentence of

Paragraph 42 constitute legal conclusions, to which no response is required.  To the extent a

response is required, WCAS denies the allegations in the seventh sentence of Paragraph 42.

43.     WCAS admits that Sean Traynor ("Traynor") became a Director of InnovAge upon

the completion of InnovAge's IPO, but otherwise denies the remaining allegations in the first

sentence of Paragraph 43. By way of further answer, WCAS admits that Traynor became a Director of InnovAge as a "WCAS Nominee" as that term is defined in the Director Nomination Agreement and respectfully refers the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the entities referred to as "WCAS" under the Director Nomination Agreement. WCAS admits that Traynor signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. WCAS denies the allegations in the third sentence of Paragraph 43, except admits that Traynor joined one or more entities affiliated with WCAS in 1999 and is a General Partner of WCAS Management Corporation. The allegations in the fourth sentence of Paragraph 43 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in the fourth sentence of Paragraph 43.

44.     WCAS admits that Richard Zoretic ("Zoretic") became a Director of InnovAge upon the completion of InnovAge's IPO and is currently a Director of InnovAge, but otherwise denies the remaining allegations in the first sentence of Paragraph 44. WCAS admits that Zoretic signed a written consent to being named in the Offering Documents as an individual to become a director of InnovAge and signed the 2021 Annual Report. WCAS denies the allegations in the third sentence of Paragraph 44 and respectfully refers the Court to InnovAge's Form 10-K/A filed with the SEC on October 28, 2021, for a complete and accurate description of compensation received by Zoretic during fiscal year 2021. The allegations in the fourth sentence of Paragraph 44 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in the fourth sentence of Paragraph 44.

45.     The allegations in Paragraph 45 constitute a characterization of certain defined terms in the Amended Complaint, to which no response is required.

46.     WCAS admits that Defendants Cavanna, Dechert, Mahesh, Scully and Traynor were appointed as Directors in accordance with the Director Nomination Agreement dated March 8, 2021, but otherwise denies the allegations in Paragraph 46 and respectfully refers the Court to the Director Nomination Agreement for a complete and accurate statement of its contents, including the entities that are parties to that agreement.

47.     Paragraph 47 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 47 constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 constitute legal conclusions and are not directed at WCAS, therefore no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 48.

49.     Paragraph 49 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 49 constitute legal conclusions and are not directed at WCAS, and therefore no response is required. To the extent any further response is required, WCAS denies the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 constitute legal conclusions and are not directed at WCAS, and therefore no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 50.

51.     WCAS admits the allegations in Paragraph 51.

52.    WCAS admits the allegations in Paragraph 52.

53.    WCAS admits the allegations in Paragraph 53.

54.    WCAS admits the allegations in Paragraph 54.

55.    WCAS admits the allegations in Paragraph 55.

56.    WCAS admits the allegations in Paragraph 56.

57.    WCAS admits the allegations in Paragraph 57.

58.    WCAS admits the allegations in Paragraph 58.

59.    WCAS admits the allegations in Paragraph 59.

60.    WCAS admits the allegations in Paragraph 60.

61.    WCAS admits the allegations in Paragraph 61.

62.    The allegations in Paragraph 62 constitute a characterization of certain defined terms in the Amended Complaint, to which no response is required.

63.    WCAS admits the allegations in Paragraph 63.

64.    WCAS admits the allegations in Paragraph 64.

65.    WCAS admits the allegations in Paragraph 65.

66.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, and on that basis denies them.

67.    WCAS admits that during the time period March 2019 to February 2021, (a) Melissa Welch ("Welch") was InnovAge's Chief Medical Officer, (b) Hewitt was InnovAge's CEO and (c) Welch reported to Hewitt, but otherwise lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and on that basis denies them.

-19-

68.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and on that basis denies them.

69.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and on that basis denies them.

70.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and on that basis denies them.

71.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and on that basis denies them.

72.    As to the allegations in the first and third sentences of Paragraph 72, WCAS admits that (a) InnovAge's 2023 Annual Report states that PACE is a fully-capitated managed care program, which serves the frail elderly, and predominantly dual-eligible, population in a community-based service model, and (b) InnovAge contracts directly with Medicare and Medicaid on a PMPM basis and receives 100% of the pooled capitated payment to directly provide or manage the healthcare needs of its participants.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 72, and on that basis denies them.

73.    WCAS admits that the allegations in the first, second and sixth sentences of Paragraph 73 appear to characterize the CMS PACE Manual.  WCAS admits that costs under the PACE program are estimated to be 15% lower on average than for a comparable dual-eligible population aged 65 and older under Medicaid, based on an analysis of available data by the National PACE Association in July 2023, which data WCAS has not independently verified but assumes to be accurate, but otherwise lacks the knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in the third sentence of Paragraph 73, and on that basis denies them.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth and fifth sentences of Paragraph 73, and on that basis denies them.

74.    Paragraph 74 appears to characterize the CMS PACE Manual, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 74.

75.    WCAS admits that the allegations in the third and fourth sentences of Paragraph 75 appear to characterize the CMS PACE Manual, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the remaining allegations of Paragraph 75, and on that basis denies them.

76.    WCAS admits that the allegations in the first sentence of Paragraph 76 appear to characterize the CMS PACE Manual, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 76, and on that basis denies them.

77.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 77, and on that basis denies them. The second sentence of Paragraph 77 appears to characterize the CMS PACE Manual, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the second sentence of Paragraph 77.

-21-

78.     Paragraph 78 appears to characterize the CMS PACE Manual, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 78. Paragraph 78 also contains legal conclusions, to which no response is required.

79.     The allegations in Paragraph 79 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in Paragraph 79, provided that the first sentence of Paragraph 79 is intended to cite to 42 C.F.R. § 460.30 rather than 42 U.S.C. § 460.30.

80.     The allegations in Paragraph 80 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in Paragraph 80.

81.     The allegations in the first sentence of Paragraph 81 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the first sentence of Paragraph 81.  The second, third and fourth sentences of Paragraph 81 purport to quote from and characterize the CMS PACE Manual, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the second, third and fourth sentences of Paragraph 81.  The remaining allegations in Paragraph 81 purport to characterize a graphic, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the remaining allegations in Paragraph 81.

82.     The allegations in Paragraph 82 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in Paragraph 82.

83.    WCAS admits that Paragraph 83 purports to quote from and characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 83 to the extent they do not present a fair and complete description of the matters described therein.

84.    WCAS admits that Paragraph 84 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 84 to the extent they do not present a fair and complete description of the matters described therein.

85.    WCAS admits that Paragraph 85 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 85 to the extent they do not present a fair and complete description of the matters described therein.

86.    WCAS admits that Paragraph 86 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 86 to the extent they do not present a fair and complete description of the matters described therein.

87.    The allegations in the first and second sentences of Paragraph 87 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the first and second sentences of Paragraph 87.  WCAS admits that the allegations in the third sentence of Paragraph 87 appear to characterize the CMS PACE Manual.

88.    WCAS admits the allegations in the first sentence of Paragraph 88.  WCAS admits that the second sentence of Paragraph 88 appears to characterize the CMS PACE Manual and

-23-

respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 88 to the extent they do not present a fair and complete description of the matters described therein.

89. WCAS admits that Paragraph 89 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 89 to the extent they do not present a fair and complete description of the matters described therein.

90. WCAS admits that Paragraph 90 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 90 to the extent they do not present a fair and complete description of the matters described therein.

91. WCAS admits that (a) the State Administrating Agency ("SAA") and CMS have primary responsibility to ensure PACE organizations maintain compliance with state and federal requirements, and (b) the remainder of the first sentence of Paragraph 91 appears to characterize the CMS PACE Manual, and respectfully refers the Court to the PACE manual for a complete and accurate statement of its contents, and otherwise denies the allegations in the first sentence in Paragraph 91 to the extent they do not present a fair and complete description of the matters described therein.  WCAS admits that the CMS PACE Manual provides that PACE organizations must have annual audits during their first three contract years and audits at least every two years following a successful completion of the three year trial period, and lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 91, and on that basis denies them.

a)      The allegations in Paragraph 91(a) constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 CFR § 460.190(a) for a complete and accurate statement of its contents.

b)      WCAS admits that Paragraph 91(b) appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91(b) and on that basis denies them.

c)      WCAS admits that Paragraph 91(c) appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91(c) and on that basis denies them.

92.      WCAS admits that the first sentence of Paragraph 92 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the first sentence of Paragraph 92 to the extent they do not present a fair and complete description of the matters described therein. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 92, and on that basis denies them.

93.      WCAS admits that CMS published a bulletin addressed to All Medicare Advantage Organizations, Part D Sponsors, Medicare-Medicaid Plans, and All Programs of All-Inclusive Care for the Elderly (PACE) Organizations dated March 30, 2020, and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise lacks the

-25-

knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies them.

94. WCAS admits that (a) CMS may take enforcement action and impose sanctions on PACE organizations, and (b) Paragraph 94 purports to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 94 to the extent they do not present a fair and complete description of the matters described therein.

95. WCAS admits that Paragraph 95 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 95 to the extent they do not present a fair and complete description of the matters described therein.

96. WCAS admits that Paragraph 96 appears to characterize the CMS PACE Manual and respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96, and on that basis denies them.

97. The allegations in Paragraph 97 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies that 42 C.F.R. § 40 sets forth specific violations for which CMS may impose sanctions on the PACE organization, however, by way of further response, WCAS states that 42 C.F.R. § 460.40 sets forth violations for which CMS may impose sanctions and respectfully refers the Court to that section for a complete and accurate statement of its contents.

a)      The allegation in Paragraph 97(a) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

b)      The allegation in Paragraph 97(b) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

c)      The allegation in Paragraph 97(c) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

d)      The allegation in Paragraph 97(d) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

e)      The allegation in Paragraph 97(e) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

f)      The allegation in Paragraph 97(f) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

g)      The allegation in Paragraph 97(g) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

h)    The allegation in Paragraph 97(h) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

i)    The allegation in Paragraph 97(i) constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.40 for a statement of the violations for which CMS may impose sanctions.

98.    The allegation in Paragraph 98 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.42 for a description of CMS's authority to suspend enrollment or payment.

99.    The allegation in Paragraph 99 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. §§ 460.40 and 460.46 for a list of violations for which CMS may impose sanctions and a description of CMS's authority to impose civil monetary penalties.

100.    The allegations in Paragraph 100 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS respectfully refers the Court to 42 C.F.R. § 460.48 for a statement of additional actions by CMS or the State "if CMS determines that the PACE organization is not in substantial compliance with" the requirements in Part 60, and § 460.50 for a statement of circumstances under which CMS or an SAA may terminate a PACE program agreement.

101.    Paragraph 101 purports to quote from and characterize the Articles of Incorporation of Total Community Options, Inc., which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and

-28-

otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101, and on that basis denies them.

102.    The first sentence of Paragraph 102 is too vague to permit a response and WCAS therefore denies it on that basis.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 102, which do not present a fair and complete description of the matters described therein, and on that basis denies them, except admits that a *MarketWatch* article dated November 11, 2021, contains quotes attributed to Dr. Lazaroff, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

103.    WCAS admits that the first sentence of Paragraph 103 appears to characterize a *MarketWatch* article dated November 11, 2021.  As to the remainder of Paragraph 103, WCAS admits that (a) Scully served as Administrator of CMS under President George W. Bush, (b) Scully was a General Partner of WCAS Management Corporation when he met Hewitt, and (c) a *MarketWatch* article dated November 11, 2021, purports to quote Scully.  WCAS refers the Court to that document for its true and correct contents, and otherwise denies the allegations in Paragraph 103, which do not present a fair and complete description of the matters described therein.

104.    WCAS admits that (a) Tavenner served as chief operating officer and acting administrator for CMS from 2010-2013 and (b) a *MarketWatch* article dated November 11, 2021, purports to quote Scully.  WCAS refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 104, which do not present a fair and complete description of the matters described therein.

105.    The first sentence of Paragraph 105 is too vague to permit a response and WCAS therefore denies it on that basis.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 105, and on that basis denies them.   The fourth, fifth, sixth, seventh and eighth sentences of Paragraph 105 purport to quote from and characterize an article published by *The Denver Post* dated December 6, 2015 and an opinion of the Colorado Attorney General, *In the Matter of the InnovAge Master Plan of Conversion*, dated March 24, 2016, which are documents that speaks for themselves.  WCAS respectfully refers the Court to those documents for a complete and accurate statement of their contents, and otherwise denies the allegations in the fourth, fifth, sixth, seventh and eighth sentences of Paragraph 105, which do not present a fair and complete description of the matters described therein.

106.    WCAS admits that InnovAge and certain wholly owned subsidiaries were formed as for-profit corporations effective May 13, 2016, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 106, and on that basis denies them.  The second sentence of Paragraph 106 purports to quote from and characterize an article published by *The New York Times* on August 20, 2016, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the second sentence of Paragraph 106.

107.    The first and second sentences of Paragraph 107 are too vague to permit a response and do not contain a fair and complete description of the matters described therein, and WCAS therefore denies them on those bases, except WCAS admits that a *MarketWatch* article dated

November 11, 2021, contains quotes attributed to Scully and respectfully refers the Court to that article for a complete and accurate statement of its contents, and otherwise denies the remaining allegations in Paragraph 107, which do not contain a fair and complete description of the matters described therein.

108.    WCAS denies the allegations in Paragraph 108, which do not contain a fair and complete description of the matters described therein, except admits that (a) a *Modern Healthcare* article dated January 6, 2017, contains quotes attributed to Scully, and (b) Paragraph 108 purports to characterize and quote from a *MarketWatch* article dated November 11, 2021, and respectfully refers the Court to those articles for a complete and accurate statement of their contents.

109.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Hewitt's and Scully's growth strategy in the first sentence of Paragraph 109, and on that basis denies them.  WCAS denies the remaining allegations in the first sentence of Paragraph 109.  WCAS admits that InnovAge's Form 10-K, filed with the SEC on September 23, 2021, and InnovAge's Form 10-K, filed with the SEC on September 12, 2023, report that approximately 99.5% of InnovAge's revenue for the fiscal years ended June 30, 2020 and 2021, and approximately 99.7% and 99.8% of its revenue for the fiscal years ended June 30, 2022 and 2023, respectively, was derived from capitation agreements with government payors in which it received fixed PMPM fees, but otherwise denies the allegations in the second and third sentences of Paragraph 109, which are too vague to permit a response.  WCAS denies the allegations in the fourth sentence of Paragraph 109.

110.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and on that basis denies them.

111.     WCAS denies the allegations in the first sentence of Paragraph 111, which do not present a fair and complete description of the matters described therein.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 111, and on that basis denies them.  WCAS admits that the allegations in the third sentence of Paragraph 111 appear to characterize InnovAge's 2016 Annual Report.  WCAS admits that InnovAge reported increases in participants and revenue for fiscal years 2018, 2019, 2020 and 2021, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the fourth sentence of Paragraph 111, and on that basis denies them.  The fifth sentence of Paragraph 111 purports to quote from and characterize InnovAge's 2017 Annual Report, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the fifth sentence of Paragraph 111.  As to the sixth sentence of Paragraph 111, WCAS admits that InnovAge expanded its network of centers by developing de novo centers and acquiring others, but otherwise denies the remaining allegations in the sixth sentence of Paragraph 111.  The seventh sentence of Paragraph 111 purports to characterize InnovAge's 2018 Annual Report, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the seventh sentence of Paragraph 111.

112.     Paragraph 112 purports to quote from and characterize InnovAge's 2019 Annual Report, including an image, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise

denies the allegations in Paragraph 112, which do not present a fair and complete description of the matters described therein.

113. WCAS denies the allegations in the first sentence of Paragraph 113. InnovAge admits that (a) InnovAge paid dividends to shareholders in 2019, (b) the second sentence of Paragraph 113 purports to characterize information in InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, and (c) that a *MarketWatch* article dated November 11, 2021 contains a quote attributed to Scully, but otherwise denies the allegations in Paragraph 113, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Third Amended Registration Statement, and the *MarketWatch* article dated November 11, 2021, for a complete and accurate statement of their contents.

114. WCAS admits that in 2020, one or more entities affiliated with WCAS solicited bids for a full or partial sale of InnovAge and otherwise denies the allegations in the first sentence of Paragraph 114, which do not present a fair and complete description of the matters described therein. The second sentence of Paragraph 114 purports to characterize an article published by *PE Hub* on July 3, 2020, which is a document that speaks for itself. WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in the second sentence of Paragraph 114. WCAS denies the allegations in the third and fourth sentences of Paragraph 114; however, by way of further response, WCAS states that in June 2020, Ignite Aggregator LP, TCO Group Holdings, Inc. and the equity holders of TCO Group Holdings, Inc. entered into a Securities Purchase Agreement pursuant to which the equity holders of TCO Group Holdings, Inc. sold a portion of their equity interest in InnovAge to Ignite

-33-

Aggregator LP and respectfully refers the Court to InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 3021, for a complete description of Ignite Aggregator LP, TCO Group Holdings, L.P. and their respective affiliations with Apax and WCAS.

115. WCAS denies the allegations in Paragraph 115, which are too vague to permit a response and pertain to matters of which WCAS lacks knowledge. WCAS further states that the allegations in the second sentence of Paragraph 115 constitute legal conclusions, to which no response is required.

116. WCAS denies the allegations in Paragraph 116, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated March 29, 2021, contains quotes attributed to unnamed former employees and respectfully refers the Court to that article for a complete and accurate statement of its contents.

117. WCAS denies the allegations of Paragraph 117, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated March 29, 2021, contains quotes attributed to unnamed former employees and respectfully refers the Court to that article for a complete and accurate statement of its contents.

118. WCAS denies the allegations of Paragraph 118, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated March 29, 2021, contains quotes attributed to unnamed former employees and respectfully refers

the Court to that article and the *Capitol Forum* article dated July 9, 2021, referenced in Paragraph 118 for a complete and accurate statement of their contents.

119.    WCAS denies the allegations in the first sentence of Paragraph 119, which do not present a fair and complete description of the matters described therein.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 119, and on that basis denies them.

120.    The allegations in the first sentence of Paragraph 120 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the first sentence of Paragraph 120.  WCAS denies the second, third and fourth sentences of Paragraph 120, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former and current employees of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated May 10, 2021, contains quotes attributed to unnamed former and current employees and respectfully refers the Court to that article for a complete and accurate statement of its contents.

121.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121, and on that basis denies them.

122.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122, and on that basis denies them.

123.    Paragraph 123 purports to quote from and characterize an article published by *MarketWatch* on November 11, 2021, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents,

-35-

and otherwise denies the allegations in Paragraph 123, which do not present a fair and complete description of the matters described therein.

124. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 124, and on that basis denies them. WCAS denies the remaining allegations of Paragraph 124, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former business development representative of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* article dated July 9, 2021, that is cited in Paragraph 124 for a complete and accurate statement of its contents.

125. WCAS denies the allegations in the first and third sentences of Paragraph 125. WCAS further states that the allegations in the third sentence of Paragraph 125 constitute legal conclusions, to which no response is required. The second sentence of Paragraph 125 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves. WCAS respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents, and otherwise denies the allegations in the second sentence of Paragraph 125. WCAS denies the remaining allegations of Paragraph 125, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former social workers of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* article dated July 9, 2021, that is referenced in Paragraph 125 for a complete and accurate statement of its contents.

126. The first sentence of Paragraph 126 includes a legal conclusion, to which no response is required, and purports to quote from and characterize the CMS PACE Marketing

Guidelines, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents.  The allegations in the second sentence of Paragraph 126 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the second sentence of Paragraph 126.

127.    WCAS denies the allegations of Paragraph 127, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed former employees of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated May 10, 2021, contains quotes attributed to unnamed former employees and respectfully refers the Court to that article for a complete and accurate statement of its contents.

128.    WCAS denies the allegations of Paragraph 128, which do not present a fair and complete description of the matters described therein.

129.    WCAS denies the allegations of Paragraph 129, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former Denver social worker and unnamed current and former employees of which WCAS lacks knowledge, except admits that *Capitol Forum* articles dated March 29, 2021, and May 10, 2021, contain quotes attributed to an unnamed Denver social worker and unnamed current and former employees, and respectfully refers the Court to those articles for a complete and accurate statement of their contents.

130.    WCAS denies the allegations of Paragraph 130, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed current and former employees of which WCAS lacks knowledge, except admits that *Capitol Forum*

-37-

articles dated March 29, 2021, and May 10, 2021, contain quotes attributed to unnamed current and former employees and respectfully refers the Court to those articles for a complete and accurate statement of their contents.

131.    WCAS denies the allegations of Paragraph 131, which do not present a fair and complete description of the matters described therein and pertain to statements by Shelbie Engelking ("Engelking") and current and former employees of which WCAS lacks knowledge, except admits that (a) Engelking has served as the State of Colorado's PACE Ombudsman, and (b) *Capitol Forum* articles dated March 29, 2021, and May 10, 2021, contain quotes attributed to Engelking and current and former employees and respectfully refers the Court to those articles for a complete and accurate statement of their contents.

132.    WCAS denies the allegations of Paragraph 132, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former InnovAge social worker of which WCAS lacks knowledge, except respectfully refers the Court to the article published by *The Capitol Forum* on May 10, 2021, for its complete and accurate contents.

133.    WCAS denies the allegations of Paragraph 133, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former social worker of which WCAS lacks knowledge, except admits that (a) PACE organizations must establish interdisciplinary teams and assign each participant an interdisciplinary team, and (b) a *Capitol Forum* article dated to the article dated May 10, 2021, contains quotes attributed to an unnamed former social worker, and respectfully refers the Court to Title 42, Chapter IV, Subchapter E, Part 460 and the PACE Manual for a complete and accurate

description of the interdisciplinary team requirements and the May 10, 2021 *Capitol Forum* article for a complete and accurate statement of its contents.

134. WCAS denies the allegations of Paragraph 134, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former doctor of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated May 10, 2021, contains a quote attributed to an unnamed former doctor and respectfully refers the Court to that article for a complete and accurate statement of its contents.

135. The allegations in the first sentence of Paragraph 135 constitute legal conclusions, to which no response is required. To the extent a response in required, WCAS denies the allegations in the first sentence of Paragraph 135, which are too vague to permit a response. The allegations in the second sentence of Paragraph 135 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS admits the allegations in the second sentence of Paragraph 135. WCAS admits that home care services may include assisting a patient with cooking and using the bathroom and providing medications and physical therapy. The remainder of the allegations in the third sentence of Paragraph 135 are too vague to respond to and WCAS therefore denies them on that basis. The fourth sentence of Paragraph 135 purports to quote from and characterize InnovAge's Offering Documents, which are documents that speak for themselves. WCAS respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents, and otherwise denies the allegations in the fourth sentence of Paragraph 135.

136. WCAS denies the allegations of Paragraph 136, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed

current employee and an unnamed former InnovAge enrollment representative of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 136 for a complete and accurate statement of its contents.

137.    WCAS admits that InnovAge's Third Amended Registration Statement, filed with the SEC on March 3, 2021, states that "[a]s a result of the COVID-19 pandemic, [InnovAge has] transitioned much of [its] care to in-home and telehealth services," but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137, and on that basis denies them.

138.    WCAS denies the allegations of Paragraph 138, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former social worker and unnamed former employee of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 138 for a complete and accurate statement of its contents.

139.    WCAS denies the allegations of Paragraph 139, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed current and former employees of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 139 for a complete and accurate statement of its contents.

140.    WCAS denies the allegations of Paragraph 140, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former representative of which WCAS lacks knowledge, except respectfully refers the Court to

the *Capitol Forum* article dated June 23, 2021, that purportedly is characterized and quoted in Paragraph 139 for a complete and accurate statement of its contents.

141.    WCAS denies the allegations of Paragraph 141, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed former vice president of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* articles dated June 23, 2021, and July 9, 2021, that purportedly are characterized and quoted in Paragraph 141 for a complete and accurate statement of their contents.

142.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142, and on that basis denies them.

143.    WCAS admits that a complaint asserting claims under the False Claims Act was filed by a former InnovAge employee on July 25, 2019, and by way of further response, states that the complaint was initially filed under seal but on April 2, 2020, the complaint was dismissed and the seal was lifted from the action, making the complaint publicly available.  WCAS denies the remaining allegations of Paragraph 143, which do not present a fair and complete description of the matters described therein, except admits that the complaint and accompanying exhibits filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), which was dismissed on April 2, 2020, contain allegations that "mock audits" in 2016 and 2017 found deficiencies and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

144.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144, and on that basis denies them.

-41-

145. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145, and on that basis denies them. WCAS respectfully refers the Court to the complaint and accompanying exhibits filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), which was dismissed on April 2, 2020, for a complete and accurate statement of their contents.

146. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146, and on that basis denies them. WCAS respectfully refers the Court to the complaint and accompanying exhibits filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), which was dismissed on April 2, 2020, for a complete and accurate statement of their contents.

147. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147, and on that basis denies them.

148. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148, and on that basis denies them, except respectfully refers the Court to the Participant Advisory Committee minutes, attached as Exhibit 7 to the complaint filed in *Karen Lapchewich ex rel. United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), for a complete and accurate statement of their contents.

149. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149, and on that basis denies them. WCAS respectfully refers the Court to the complaint and accompanying exhibits filed in *Karen Lapchewich ex rel.*

*United States* v. *Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019),

which was dismissed on April 2, 2020, for a complete and accurate statement of their contents.

150.    WCAS denies the allegations in Paragraph 150, which do not present a fair and complete description of the matters described therein and of which WCAS lacks knowledge, except admits (a) that CMS audited InnovAge's California and Colorado centers in 2017, 2018 and 2019, and (b) those audit results are CMS public records, and respectfully refers the Court to the PACE audit results published by CMS for a complete and accurate statement of their contents.

151.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 151, and on that basis denies them, except admits that CMS has assigned audit scores for InnovAge's audited programs. WCAS admits that CMS's published audit scores state that InnovAge's programs in California and Colorado received audit scores of 4 and 5.2, and otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the third sentence of Paragraph 151, and on that basis denies them, and respectfully refers the Court to CMS's published audit scores for 2017 for a complete and accurate statement of their contents.

152.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152, and on that basis denies them, and respectfully refers the Court to the August 2017 PACE audit results published by CMS for a complete and accurate statement of its contents.

153.    WCAS denies the allegations in the first sentence of Paragraph 153, which do not present a fair and complete description of the matters described therein.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

-43-

the second and third sentences of Paragraph 153 regarding FE-1's alleged role as a social worker

at the San Bernardino center from March 2019 to August 2019 or FE-1's subjective views and

assessments as alleged in Paragraph 153, and on that basis denies them.

154.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 154, and on that basis denies them, except admits that

Paragraph 154 purports to characterize an email sent by an unidentified former employee on

August 9, 2019, and respectfully refers the Court to a copy of that email for a complete and accurate

statement of its contents.

155.    WCAS denies the allegations in Paragraph 155.

156.    WCAS admits that CMS issued an audit report dated November 9, 2017, but

otherwise denies the allegations in Paragraph 156, which do not present a fair and complete

description of the matters described therein, and respectfully refers the Court to the audit report

for a complete and accurate statement of its contents.

157.    WCAS admits that CMS issued an audit report reflecting results of an audit on

InnovAge's Colorado centers dated September 30, 2019, and that the audit identified certain CARs

and ICARs, but denies the remaining allegations of Paragraph 157, which do not present a fair and

complete description of the matters described therein, and respectfully refers the Court to the CMS

audit report, dated September 30, 2019, for a complete and accurate statement of its contents.

158.    WCAS admits (a) InnovAge's Third Amended Registration Statement, filed with

the SEC on March 3, 2021, states that InnovAge is subject to audits by state agencies and faces

"inspections, reviews, audits and investigations under federal and state government programs and

contracts," (b) that the Colorado Department of Public Health & Environment's ("CDPHE") public

audit dashboard states that CDPHE conducted an inspection of InnovAge Home Care North, operating under facility ID 04J693 in or around approximately January 2019, and (c) that CDPHE's public audit dashboard states that the CDPHE inspection identified certain deficiencies, and, by way of further answer, states that the results of the CDPHE inspection were made available to the public on CDPHE's website, but denies the remaining allegations in Paragraph 158, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the CDPHE's dashboard of inspection results for a complete and accurate statement of its contents.

159.    WCAS admits that InnovAge's 2021 Annual Report states that HCPF audited InnovAge's Colorado PACE centers.  WCAS lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second, third and fourth sentences in Paragraph 159, and on that basis denies them, except respectfully refers the Court to the March 1, 2021 letter from HCPF for a complete and accurate statement of its contents.  The allegations in the fifth sentence of Paragraph 159 constitute legal conclusions to which no response is required.  To the extent a response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of Paragraph 159, and on that basis denies them.

160.    WCAS denies the allegations in Paragraph 160, which do not present a fair and complete description of the matters described therein, except admits that (a) CDPHE's public audit dashboard indicates that CDPHE inspected InnovAge's home care programs, (b) CDPHE's public audit dashboard indicates that the CDPHE issued citations to InnovAge in the three years before the IPO, and (c) by way of further answer, WCAS states that information concerning those

-45-

citations is published on CDPHE's website, and respectfully refers the Court to CDPHE's public dashboard of inspection results for a complete and accurate statement of its contents.

161. WCAS denies the allegations in Paragraph 161, which do not present a fair and complete description of the matters described therein, except admits that CDPHE inspections of InnovAge Home Care North, Facility ID 04J693, exit date February 21, 2019, and InnovAge Pace Home Care, Facility ID 04N711, exit date July 21, 2020, resulted in the issuance of citations to InnovAge, and by way of further answer, states that information concerning those citations is published on CDPHE's website, and respectfully refers the Court to CDPHE's public dashboard of inspection results for a complete and accurate statement of its contents.

162. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 concerning statements allegedly made by former employees, and on that basis denies them.

163. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 concerning statements allegedly made by FE-4, and on that basis denies them. WCAS denies the remaining allegations in Paragraph 163, which do not present a fair and complete description of the matters described therein.

164. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 concerning statements allegedly made by FE-2, and on that basis denies them. WCAS denies the remaining allegations in Paragraph 164, which do not present a fair and complete description of the matters described therein.

165. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165, and on that basis denies them.

166. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166, and on that basis denies them.

167. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167, and on that basis denies them.

168. WCAS admits that the allegations in Paragraph 168 appear to characterize InnovAge's Offering Documents.

169. WCAS denies the allegations in Paragraph 169, which do not present a fair and complete description of the matters described therein, except admits that a *Home Health Care News* article dated March 4, 2021, contains quotes attributed to Hewitt, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

170. WCAS denies the allegations in Paragraph 170, which do not present a fair and complete description of the matters described therein, except admits that the Offering Documents include the quoted statements set forth in Paragraph 170 and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

171. WCAS denies the allegations in Paragraph 171, which do not present a fair and complete description of the matters described therein, except admits that the Offering Documents contain the quoted statements set forth in Paragraph 171 and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

172. WCAS denies the allegations in Paragraph 172, which do not present a fair and complete description of the matters described therein, except admits that the Offering Documents refer to InnovAge's "patient-centered" business model and the InnovAge Platform, and

respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

173.    WCAS denies the allegations in Paragraph 173, which do not present a fair and complete description of the matters described therein, except admits that InnovAge's Offering Documents state that IDTs are a core component of InnovAge's model and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

174.    WCAS denies the allegations in Paragraph 174, which do not present a fair and complete description of the matters described therein, except admits that the Offering Documents discuss InnovAge's care model and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

175.    WCAS denies the allegations in Paragraph 175, which do not present a fair and complete description of the matters described therein, except admits that the Offering Documents discuss InnovAge's business model and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

176.    WCAS denies the allegations in Paragraph 176, which do not present a fair and complete description of the matters described therein, except admits that the Offering Documents discuss InnovAge's growth and sales and marketing capabilities and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

177.    WCAS denies the allegations in Paragraph 177, which do not present a fair and complete description of the matters described therein, except admits that the Offering Documents discuss InnovAge's growth and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

178.    The allegation in the first sentence of Paragraph 178 is too vague to respond to and WCAS therefore denies it on that basis.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and fifth sentences of Paragraph 178, and on that basis denies them.  WCAS admits that the allegations in the third sentence of Paragraph 178 appear to characterize InnovAge's Form 10-Q, filed with the SEC on May 11, 2021.  WCAS lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of Paragraph 178, and on that basis denies them.  The sixth sentence of Paragraph 178 purports to characterize InnovAge's Offering Documents, which are documents that speak for themselves.  WCAS respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents, and otherwise denies the allegations in the sixth sentence of Paragraph 178.

179.    WCAS denies the allegations in Paragraph 179, which do not present a fair and complete description of the matters described therein, except admits that InnovAge reported in its Form 8-K, filed with the SEC on May 10, 2021, increased year-over-year revenue for the third quarter of Fiscal Year 2021 and that a transcript of the May 10, 2021 InnovAge earnings conference call contains a reference to a "multi-pronged strategy" and respectfully refers the Court to that document for a complete and accurate statement of its contents.

180.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180, and on that basis denies them, and respectfully refers the Court to the March 10, 2021 letter from HCPF for a complete and accurate statement of its contents.

181. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181, and on that basis denies them, and respectfully refers the Court to the March 10, 2021 letter from HCPF for a complete and accurate statement of its contents.

182. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182, and on that basis denies them, and respectfully refers the Court to the March 2021 letter to Thornton participants and caregivers for a complete and accurate statement of its contents.

183. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183, and on that basis denies them, except respectfully refers the Court to the National PACE Association document referred to in Paragraph 183 for a complete and accurate statement of its contents.

184. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184, and on that basis denies them, except admits that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refers the Court to that article for a complete and accurate statement of its contents.

185. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185, and on that basis denies them, except admits that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refers the Court to that article for a complete and accurate statement of its contents.

-50-

186.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186, and on that basis denies them, except admits that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refers the Court to that article for a complete and accurate statement of its contents.

187.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187, and on that basis denies them, except admits that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refers the Court to that article for a complete and accurate statement of its contents.

188.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188, and on that basis denies them, except admits that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refers the Court to that article for a complete and accurate statement of its contents.

189.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 189, and on that basis denies them, except admits that a *Capitol Forum* article dated April 23, 2021, contains quotes attributed to unnamed operators of assisted living homes and respectfully refers the Court to that article for a complete and accurate statement of its contents.

190.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 190, and on that basis denies them.

191.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 191, and on that basis denies them, except respectfully refers the Court to the *Capitol Forum* article dated May 10, 2021, and unidentified email that are referenced and characterized in Paragraph 191 for a complete and accurate statement of their contents.

192.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192, and on that basis denies them, except admits that a *Capitol Forum* article dated May 10, 2021, contains quotes attributed to unnamed current employees at InnovAge's centers other than InnovAge's Pueblo center and respectfully refers the Court to that article for a complete and accurate statement of its contents.

193.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 193, and on that basis denies them.

194.    WCAS admits that the allegations in the second sentence of Paragraph 194 appear to characterize notices from CMS dated September 17, 2021, and December 22, 2021, respectively.  WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 194, and on that basis denies them.

195.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 195, and on that basis denies them, except admits that (a) Hewitt was interviewed by *Home Health Care News* and (b) a *Home Health Care News* article dated March 4, 2021, includes quotes attributed to Hewitt, and respectfully refers the Court to the March 4, 2021 article for a complete and accurate statement of its contents.

196.    WCAS denies the allegations in Paragraph 196, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

197.    WCAS denies the allegations in Paragraph 197, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

198.    WCAS denies the allegations in Paragraph 198, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

199.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 199, and on that basis denies them. WCAS denies the remaining allegations in Paragraph 199, which do not present a fair and complete description of the matters described therein, except respectfully refers the Court to reports published by William Blair, Piper Sandler and Barclays on May 11, 2021, for a complete and accurate statement of their contents.

200.    WCAS admits that (a) a letter from CMS dated September 17, 2021, states that CMS completed its onsite fieldwork for the Sacramento audit on approximately May 21, 2021, (b) a letter from HCPF dated December 23, 2021 states that on May 26, 2021, HCPF and CDPHE initiated a joint audit of InnovAge's Colorado centers, and (c) a letter from CMS dated December

22, 2021, states that on June 21, 2021, CMS initiated a separate focused desk audit of InnovAge's

Colorado PACE program, but otherwise denies the allegations in the first and third sentences of

Paragraph 200. The second sentence of Paragraph 200 appears to characterize the CMS PACE

Manual, which is a document that speaks for itself. WCAS respectfully refers the Court to that

document for a complete and accurate statement of its contents, and otherwise lacks the knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in the second

sentence of Paragraph 200, and on that basis denies them. WCAS admits that the allegations in

the third sentence of Paragraph 200 appear to characterize a letter from HCPF dated December 23,

2021.

201. WCAS lacks the knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in Paragraph 201 and on that basis denies them, except admits that (a)

Welch was InnovAge's Chief Medical Officer as of May 27, 2021, and (b) a *Capitol Forum* article

dated May 27, 2021, includes quotes attributed to Welch, and respectfully refers the Court to that

article for a complete and accurate statement of its contents.

202. WCAS denies the allegations in Paragraph 202, which do not present a fair and

complete description of the matters described therein and pertain to statements by unnamed former

employees of which WCAS lacks knowledge, and respectfully refers the Court to the *Capitol

Forum* article dated July 15, 2021, for a complete and accurate statement of its contents.

203. WCAS denies the allegations in Paragraph 203, which do not present a fair and

complete description of the matters described therein and pertain to matters of which WCAS lacks

knowledge, except admits that (a) Welch served as InnovAge's Chief Medical Officer as of July

15, 2021, and (b) a *Capitol Forum* article dated July 15, 2021, includes quotes attributed to Welch

and unnamed InnovAge employees and respectfully refers the Court to that article for a complete and accurate statement of its contents.

204.    WCAS denies the allegations in Paragraph 204, which do not present a fair and complete description of the matters described therein and pertain to matters of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* article dated August 26, 2021, for a complete and accurate statement of its contents.

205.    WCAS denies the allegations in Paragraph 205, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed owner of an assisted living facility of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated August 26, 2021, includes a quote attributed to the unnamed owner and respectfully refers the Court to that article for a complete and accurate statement of its contents.

206.    WCAS admits that *The Capitol Forum* published an article concerning InnovAge dated September 2, 2021, and that as of that date CMS was conducting an audit of InnovAge's Colorado and Sacramento centers.  WCAS denies the remaining allegations in Paragraph 206, which do not present a fair and complete description of the matters described therein and pertain to statements by unnamed current employees of which WCAS lacks knowledge, except respectfully refers the Court to the *Capitol Forum* article dated September 2, 2021, for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 206.

207.    WCAS denies the allegations in Paragraph 207, which do not present a fair and complete description of the matters described therein and pertain to statements by an unnamed employee of which WCAS lacks knowledge, except admits that a *Capitol Forum* article dated

-55-

September 2, 2021, includes quotes attributed to the unnamed employee and respectfully refers the Court to that article for a complete and accurate statement of its contents.

208.    Paragraph 208 purports to quote from and characterize an article published by *The Capitol Forum* on September 10, 2021, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for its complete and accurate contents, and otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 208, and on that basis denies them.

209.    Paragraph 209 purports to quote from and characterize an article published by *The Capitol Forum* on September 10, 2021, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for its complete and accurate contents, and otherwise denies the allegations in Paragraph 209, which do not present a fair and complete description of the matters described therein, are too vague to permit a response, and pertain to matters of which WCAS lacks knowledge.

210.    Paragraph 210 purports to characterize a September 17, 2021 letter from CMS, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for its complete and accurate contents, and otherwise denies the allegations in Paragraph 210, which do not present a fair and complete description of the matters described therein.

211.    WCAS denies the allegations in Paragraph 211, which do not present a fair and complete description of the matters described therein, however, by way of further answer, states that InnovAge filed its 2021 Annual Report with the SEC on Form 10-K on September 23, 2021, and respectfully refers the Court to InnovAge's Form 10-K, for a complete and accurate statement of its contents.

-56-

212.    WCAS denies the allegations in Paragraph 212, except admits that (a) InnovAge held an earnings conference call on September 21, 2021, and (b) Paragraph 212 purports to quote from statements made during that call, and respectfully refers the Court to the transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

213.    WCAS denies the allegations in Paragraph 213, except admits that (a) InnovAge held an earnings conference call on September 21, 2021, and (b) Paragraph 213 purports to quote from statements made during that call, and respectfully refers the Court to the transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

214.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and fourth sentences of Paragraph 214, and on that basis denies them.  WCAS denies the second and third sentences of Paragraph 214, which do not reflect a fair and complete description of the matters described therein, except admits that InnovAge's stock price closed at $11.65 on September 21, 2021, and respectfully refers the Court to the September 22, 2021 report published by Barclays for a complete and accurate statement of its contents.  WCAS denies the allegations in the fifth and sixth sentences of Paragraph 214, which do not reflect a fair and complete description of the matters described therein, except respectfully refers the Court to the September 22, 2021 report published by Piper Sandler for a true and correct statement of its contents.

215.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 215, and on that basis denies them, except admits that an

article in *The Gazette* dated October 9, 2021, contains quotes attributed to Mark Corbae and a person claimed to be a former executive of InnovAge, and respectfully refers the Court to the article published by *The Gazette* on October 9, 2021, for a complete and accurate statement of its contents.

216.    WCAS admits the allegations in the first sentence of Paragraph 216. WCAS denies the remaining allegations in Paragraph 216, which do not present a fair and complete description of the matters described therein, except admits that Paragraph 216 purports to characterize and quote from InnovAge's Form 10-Q and a transcript of the November 9, 2021 InnovAge earnings conference call and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

217.    WCAS denies the allegations in Paragraph 217, which do not present a fair and complete description of the matters described therein, except admits that Paragraph 217 purports to quote statements made during a November 9, 2021 earnings conference call and respectfully refers the Court to a transcript of the November 9, 2021 earnings conference call for a complete and accurate statement of its contents.

218.    WCAS denies the allegations in Paragraph 218, which do not present a fair and complete description of the matters described therein, except admits that Paragraph 218 purports to quote statements made during a November 9, 2021 earnings conference call and respectfully refers the Court to a transcript of the November 9, 2021 earnings conference call for a complete and accurate statement of its contents.

219.    WCAS denies the allegations in Paragraph 219, which do not present a fair and complete description of the matters described therein, except admits that Paragraph 219 purports

-58-

to characterize and quote statements made during a November 9, 2021 earnings conference call and respectfully refers the Court to a transcript of the November 9, 2021 earnings conference call for a complete and accurate statement of its contents.

220.    WCAS denies the allegations in Paragraph 220, which do not present a fair and complete description of the matters described therein, except admits that (a) Piper Sandler published an analyst report concerning InnovAge dated November 9, 2021, (b) InnovAge's closing price on November 9, 2021, was $7.06 per share (c) Barclays published an analyst report concerning InnovAge dated November 10, 2021 and (d) William Blair published an analyst report concerning InnovAge dated November 10, 2021, and respectfully refers the Court to the reports published by Piper Sandler, William Blair and Barclays for a complete and accurate statement of their contents.

221.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 221, and on that basis denies them.

222.    WCAS denies the allegations in Paragraph 222, which do not present a fair and complete description of the matters described therein, except respectfully refers the Court to the *MarketWatch* article dated November 13, 2021, for a complete and accurate statement of its contents.

223.    WCAS denies the allegations in Paragraph 223, which do not present a fair and complete description of the matters described therein, except admits that a *MarketWatch* article dated November 13, 2021, includes quotes attributed to Scully, and respectfully refers the Court to the *MarketWatch* article for a complete and accurate statement of its contents.

224.    WCAS denies the allegations in Paragraph 224, which do not present a fair and complete description of the matters described therein, except admits that (a) on December 22, 2021, CMS notified InnovAge that effective December 23, 2021, CMS was suspending InnovAge's enrollment of new Medicare beneficiaries at its Colorado centers, (b) by way of further answer, states that on December 23, 2021, HCPF notified InnovAge that it was suspending enrollments of new Medicaid beneficiaries at InnovAge's Colorado centers and (c) respectfully refers the Court to the letter from CMS dated December 22, 2021, and the letter from HCPF dated December 23, 2021, for a complete and accurate statement of their contents.

225.    WCAS denies the allegations in Paragraph 225, which do not present a fair and complete description of the matters described therein, except admits that the letter from CMS dated December 22, 2021, states that CMS conducted an audit of InnovAge's Colorado operations from June 21 to July 8, 2021, and respectfully refers the Court to the December 22, 2021 letter from CMS for a complete and accurate statement of its contents.

226.    WCAS admits that (a) InnovAge filed a Form 8-K on December 23, 2021, attaching a press release announcing that HCPF had verbally communicated to InnovAge that it was issuing sanctions in conjunction with CMS regarding deficiencies specific to Medicaid, and (b) letters from CMS state that CMS identified deficiencies in InnovAge's Sacramento and Colorado locations as a result of audits in 2021 and respectfully refers the Court to InnovAge's Form 8-K dated December 23, 2021, and letters from CMS dated September 17, 2021, and December 22, 2021, for a complete and accurate statement of their contents.  WCAS denies the remaining allegations in Paragraph 226, which do not present a fair and complete description of the matters described therein.

227.    WCAS admits that the allegations in Paragraph 227 appear to characterize InnovAge's press release dated December 23, 2021.

228.    WCAS denies the allegations in Paragraph 228, which do not present a fair and complete description of the matters described therein, except admits that (a) Barclays issued an analyst report dated December 23, 2021, that stated that it was downgrading InnovAge to "Equal Weight," and (b) Cowen, Piper Sandler and William Blair also issued analyst reports concerning InnovAge dated December 23, 2021, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

229.    WCAS admits that InnovAge's stock price closed at $8.25 per share on December 22, 2021, $5.31 per share on December 23, 2021, and $4.71 per share on December 27, 2021, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 229, and on that basis denies them.

230.    WCAS denies the allegations in Paragraph 230, which are too vague to permit a response.

231.    WCAS denies the allegations in Paragraph 231, which do not present a fair and complete description of the matters described therein, except admits that (a) CMS announced its suspension of enrollments at InnovAge Colorado on December 22, 2021, (b) Hewitt served as CEO of InnovAge for approximately 15 years, (c) Hewitt resigned effective January 1, 2022, and (d) the Board of Directors elevated Patrick Blair ("Blair") to the position of President and CEO, effective January 1, 2022, and by way of further response, states that InnovAge announced on November 12, 2021, that Blair had been appointed as President of InnovAge.

232.    WCAS admits the allegations in the first sentence of Paragraph 232.  WCAS admits the remaining allegations in Paragraph 232 and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, for a complete and accurate statement of its contents.

a)    WCAS admits that the allegations in Paragraph 232(a) purport to quote from and characterize InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

b)    WCAS denies the allegations in Paragraph 232(b), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, for a complete and accurate statement of its contents.

c)    WCAS denies the allegations in Paragraph 232(c), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, for a complete and accurate statement of its contents.

d)    WCAS admits that the allegations in Paragraph 232(d) purport to quote from and characterize InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

e)    WCAS admits that the allegations in Paragraph 232(e) purport to quote from and characterize InnovAge's Form 10-Q, filed with the SEC on February 9, 2022, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

233.    WCAS admits the allegations in the first sentence of Paragraph 233.  The remaining allegations in Paragraph 233 purport to quote from and characterize InnovAge's press release dated May 10, 2022, which is a document that speaks for itself.  WCAS respectfully refers the Court to that document for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 233, which do not present a fair and complete description of the matters described therein.

234.    WCAS admits the allegations in Paragraph 234 and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on May 10, 2022, for a complete and accurate statement of its contents.

a)    WCAS admits that the allegations in Paragraph 234(a) purport to quote from and characterize InnovAge's Form 10-Q, filed with the SEC on May 10, 2022, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

b)    WCAS admits that the allegations in Paragraph 234(b) purport to quote from and characterize InnovAge's Form 10-Q, filed with the SEC on May 10, 2022, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

c)    WCAS admits that the allegations in Paragraph 234(c) purport to quote from and characterize InnovAge's Form 10-Q, filed with the SEC on May 10, 2022, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

d)    WCAS admits that the allegations in Paragraph 234(d) purport to quote from and characterize InnovAge's Form 10-Q, filed with the SEC on May 10, 2022, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

235.    WCAS admits (a) the first sentence of Paragraph 235, and (b) that Paragraph 235 purports to quote from a May 10, 2022 earnings conference call, and otherwise denies the allegations in Paragraph 235, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the May 10, 2022 earnings conference call for a complete and accurate statement of its contents.

236.    WCAS admits that Paragraph 236 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise denies the allegations in Paragraph 236, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete and accurate statement of its contents.

237.    WCAS admits that Paragraph 237 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise denies the allegations in Paragraph 237, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete and accurate statement of its contents.

238.    WCAS admits that Paragraph 238 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise denies the allegations in Paragraph 238, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete and accurate statement of its contents.

239.    WCAS admits that Paragraph 239 purports to characterize and quote from a May 10, 2022 earnings conference call and otherwise denies the allegations in Paragraph 239, which do

not present a fair and complete description of the matters described therein, and respectfully refers

the Court to a transcript of the May 10, 2022 InnovAge earnings conference call for a complete

and accurate statement of its contents.

240.    The allegations in Paragraph 240 constitute legal conclusions, to which no response

is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 240.

241.    WCAS admits the allegations in the first sentence of Paragraph 241.    The

allegations in the second sentence of Paragraph 241 and in subparagraphs (a) through (l) constitute

legal conclusions, to which no response is required.  To the extent a response is required, WCAS

denies the allegations in the second sentence of Paragraph 241 and in subparagraphs (a) through

(l), as further answered below.

(a)    Paragraph 241(a) includes allegations pertaining to the Dismissed Claims,

to which no response is required.  To the extent a response is required, WCAS denies the

allegations of Paragraph 241(a), which do not present a fair and complete description of the matters

described therein, and respectfully refers the Court to the Offering Documents for a complete and

accurate statement of their contents.

(b)    WCAS denies the allegations of Paragraph 241(b), which do not present a

fair and complete description of the matters described therein, and respectfully refers the Court to

the Offering Documents for a complete and accurate statement of their contents.

(c)    Paragraph 241(c) includes allegations pertaining to the Dismissed Claims,

to which no response is required.  To the extent a response is required, WCAS denies the

allegations of Paragraph 241(c), which do not present a fair and complete description of the matters

-65-

described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(d)    Paragraph 241(d) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations of Paragraph 241(d), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(e)    Paragraph 241(e) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations of Paragraph 241(e), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(f)    WCAS denies the allegations in Paragraph 241(f), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(g)    Paragraph 241(g) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations of Paragraph 241(g), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

-66-

(h)    WCAS denies the allegations in Paragraph 241(h), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(i)    Paragraph 241(i) includes allegations pertaining to the Dismissed Claims, to which no response is required.   To the extent a response is required, WCAS denies the allegations of Paragraph 241(i), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(j)    Paragraph 241(j) includes allegations pertaining to the Dismissed Claims, to which no response is required.   To the extent a response is required, WCAS denies the allegations of Paragraph 241(j), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(k)    Paragraph 241(k) includes allegations pertaining to the Dismissed Claims, to which no response is required.   To the extent a response is required, WCAS denies the allegations of Paragraph 241(k), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

(l)    Paragraph 241(l) includes allegations pertaining to the Dismissed Claims, to which no response is required.   To the extent a response is required, WCAS denies the allegations of Paragraph 241(l), which do not present a fair and complete description of the matters

-67-

described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

242.    The allegations in Paragraph 242 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242 and its subparagraphs, as further answered below.

(a)    Paragraph 242(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(a).

(b)    WCAS denies the allegations in Paragraph 242(b).

(c)    Paragraph 242(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(c).

(d)    Paragraph 242(d) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(d).

(e)    Paragraph 242(e) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(e).

(f)    WCAS denies the allegations in Paragraph 242(f).

(g)    Paragraph 242(g) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(g).

(h)     WCAS denies the allegations in Paragraph 242(h).

(i)     Paragraph 242(i) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(i).

(j)     Paragraph 242(j) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(j).

(k)     Paragraph 242(k) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(k).

(l)     Paragraph 242(l) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 242(l).

243.    Paragraph 243 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 243 constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS denies the allegations in Paragraph 243.

244.    Paragraph 244 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 244 constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS states that Paragraph 244 purports to quote from and characterize sections of

the Code of Federal Regulations and respectfully refers the Court to those sections for a complete and accurate statement of their contents.

245. Paragraph 245 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 245 constitute legal conclusions, to which no response is required. To the extent any further response is required, WCAS denies the allegations in Paragraph 245.

246. Paragraph 246 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS admits the allegations in the first and second sentences of Paragraph 246. WCAS denies the remaining allegations in Paragraph 246, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's press release, dated May 10, 2021, for a complete and accurate statement of its contents.

247. Paragraph 247 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 247 constitute legal conclusions, to which no response is required. To the extent a further response is required, WCAS denies the allegations in Paragraph 247.

248. Paragraph 248 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS admits the allegations in the first sentence of Paragraph 248. The allegations in the second sentence of Paragraph 248 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent any further response is required, WCAS denies the allegations in the second sentence of Paragraph 248 and its subparagraphs, as further answered below.

-70-

(a)    Paragraph 248(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 248(a), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the May 10, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

(b)    Paragraph 248(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 248(b), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the Offering Documents for a complete and accurate statement of their contents.

249.    Paragraph 249 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 249 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a further response is required, WCAS denies the allegations in Paragraph 249 and its subparagraphs, as further answered below.

(a)    Paragraph 249(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 249(a).

(b)    Paragraph 249(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 249(b).

250.    WCAS admits that InnovAge filed a Form 10-Q, signed by Hewitt and Gutierrez, with the SEC on May 11, 2021.  The remaining allegations in Paragraph 250 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the remaining allegations in Paragraph 250 and its subparagraphs.

(a)    Paragraph 250(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 250(a), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(b)    WCAS denies the allegations in Paragraph 250(b), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(c)    Paragraph 250(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 250(c), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(d)    Paragraph 250(d) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 250(d), which do not present a fair and complete description of the matters

described therein, and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

(e)    Paragraph 250(e) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 250(e), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-Q, filed with the SEC on May 11, 2021, for a complete and accurate statement of its contents.

251.    The allegations in Paragraph 251 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 251 and its subparagraphs, as further answered below.

(a)    Paragraph 251(a) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 251(a).

(b)    WCAS denies the allegations in Paragraph 251(b).

(c)    Paragraph 251(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 251(c).

(d)    Paragraph 251(d) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 251(d).

(e)    Paragraph 251(e) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 251(e).

252.    Paragraph 252 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the first and second sentences of Paragraph 252.  WCAS denies the remaining allegations in Paragraph 252, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's press release, dated September 21, 2021, for a complete and accurate statement of its contents.

253.    Paragraph 253 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 253 constitute legal conclusions to which no response is required.  To the extent a further response is required, WCAS denies the allegations in Paragraph 253.

254.    Paragraph 254 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the first sentence of Paragraph 254 and otherwise denies the remaining allegations in Paragraph 254, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court a transcript of the September 21, 2021 earnings conference call for a complete and accurate statement of its contents.

(a)    WCAS denies the allegations in Paragraph 254(a), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to

-74-

a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

(b)    Paragraph 254(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 254(b), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

255.    The allegations in Paragraph 255 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 255 and its subparagraphs, as further answered below.

(a)    WCAS denies the allegations in Paragraph 255(a).

(b)    Paragraph 255(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 255(b).

256.    Paragraph 256 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in the second sentence of Paragraph 256 and Paragraph 256's subparts constitute legal conclusions to which no response is required. To the extent a further response is required, WCAS admits that (a) InnovAge filed a Form 10-K, for the fiscal year ended June 30, 2021, with the SEC on September 23, 2021, and (b) the Form 10-K was signed by Hewitt, Gutierrez, Bush, Cavanna, Dechert, Kennedy, Mahesh, Scully, Tavenner, Traynor, and Zoretic, but otherwise denies the remaining allegations in Paragraph 256, which do not present a fair and complete description of the matters described

therein, and respectfully refers the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

(a)    Paragraph 256(a) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 256(a), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

(b)    Paragraph 256(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 256(a), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

257.    Paragraph 257 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 257 constitute legal conclusions to which no response is required. To the extent a further response is required, WCAS denies the allegations in Paragraph 257.

(a)    Paragraph 257(a) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 257(a).

(b)    Paragraph 257(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 257(b).

258.    Paragraph 258 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS admits the allegations in the first and second sentences of Paragraph 258, but denies the remaining allegations in Paragraph 258, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-K, filed with the SEC on September 23, 2021, for a complete and accurate statement of its contents.

259.    WCAS admits the allegations in the first sentence of Paragraph 259.    The allegations in the second sentence of Paragraph 259 and its subparagraphs constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in the second sentence of Paragraph 259 and its subparagraphs, as further answered below.

(a)    WCAS denies the allegations in Paragraph 259(a), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the November 9, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

(b)    Paragraph 259(b) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 259(b), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the November 9, 2021 InnovAge earnings conference call, for a true and correct statement of its contents.

(c)    Paragraph 259(c) includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, WCAS denies the

-77-

allegations in Paragraph 259(c), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the November 9, 2021 InnovAge earnings conference call for a true and correct statement of its contents.

260. The allegations in Paragraph 260 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 260 and its subparagraphs, as further answered below.

(a) WCAS denies the allegations in Paragraph 260(a).

(b) Paragraph 260(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 260(b).

(c) Paragraph 260(c) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 260(c).

261. Paragraph 261 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 261 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a further response is required, WCAS admits that InnovAge filed a Form 10-Q, signed by Hewitt and Gutierrez, with the SEC on November 9, 2021, but otherwise denies the allegations in Paragraph 261.

(a) Paragraph 261(a) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 261(a), which do not present a fair and complete description of the matters

described therein, and respectfully refers the Court to InnovAge's Form 10-K, filed with the SEC on November 9, 2021, for a complete and accurate statement of its contents.

(b) Paragraph 261(b) includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 261(a), which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to InnovAge's Form 10-K, filed with the SEC on November 9, 2021, for a complete and accurate statement of its contents.

262. The allegations of Paragraph 262 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, the allegations in Paragraph 262 constitute legal conclusions, to which no response is required. To the extent a further response is required, WCAS denies the allegations in Paragraph 262.

263. The allegations of Paragraph 263 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 263, and on that basis denies them, except admits that InnovAge's Offering Documents and press releases indicate that Hewitt served as InnovAge's CEO from 2006-2021 and Gutierrez served as its CFO from 2017-2023.

264. The allegations of Paragraph 264 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, WCAS admits that (a) Hewitt served as InnovAge's CEO and Gutierrez served as InnovAge's CFO, (b) Gutierrez signed and certified InnovAge's annual and quarterly reports filed with the SEC, (c) Hewitt certified InnovAge's annual and quarterly reports filed with the SEC and (d) Hewitt and Gutierrez attended

and spoke on earnings conference calls, and otherwise denies the remaining allegations of Paragraph 264, which do not present a complete and accurate description of the matters described therein, and respectfully refers the Court to InnovAge's SEC filings and transcripts of InnovAge earnings conference calls for their complete and accurate contents.

265.    The allegations of Paragraph 265 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 265, and on that basis denies them, except admits that (a) InnovAge's SEC filings during the alleged Class Period indicate that they were signed by Hewitt and/or Gutierrez and (b) Hewitt and Gutierrez participated in certain conference calls with investors during the alleged Class Period.  WCAS further states that the allegations in the third sentence of Paragraph 265 constitute legal conclusions, to which no response is required.

266.    The allegations of Paragraph 266 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, the allegations in Paragraph 266 are too vague to permit a response and WCAS therefore denies them on that basis, except admits that Hewitt and Gutierrez (a) had access to certain confidential and proprietary information concerning InnovAge while serving in their respective roles as CEO and CFO and (b) attended certain management and Board meetings and meetings of committees thereof.

267.    The allegations of Paragraph 267 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, WCAS denies the allegations in Paragraph 267, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the May 10, 2022 InnovAge

-80-

earnings conference call that is purportedly quoted in Paragraph 267 for a complete and accurate statement of its contents.

268. The allegations of Paragraph 268 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, WCAS denies the allegations in Paragraph 268, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the May 10, 2022 InnovAge earnings conference call that is purportedly quoted in Paragraph 268 for a complete and accurate statement of its contents.

269. The allegations of Paragraph 269 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, Paragraph 269 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a further response is required, the allegations in the first sentence of Paragraph 269 constitute legal conclusions, to which no response is required. To the extent any further response is required, WCAS denies the allegations in the first sentence of Paragraph 269. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 269, and on that basis denies them.

270. The allegations of Paragraph 270 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, Paragraph 270 includes allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a further response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 270, and on that basis denies them, and

-81-

respectfully refers the Court to a report published by Barclays on March 29, 2021, for a complete and accurate statement of its contents.

271.    The allegations of Paragraph 271 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 271 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 271, and on that basis denies them, and respectfully refers the Court to reports published by Piper Sandler and William Blair on March 29, 2021, for a complete and accurate statement of their contents.

272.    The allegations of Paragraph 272 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 272 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, the allegations in Paragraph 272 constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS denies the allegations in Paragraph 272.

273.    The allegations of Paragraph 273 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, the allegations in Paragraph 273 constitute legal conclusions, to which no response is required.  To the extent a further response is required, WCAS denies the allegations in Paragraph 273, which do not present a fair and complete description of the matters described therein.

274.    The allegations of Paragraph 274 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 274 includes

allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, WCAS admits that InnovAge's Form 10-K, filed with the SEC on September 23, 2021, and InnovAge's Annual Reports state that InnovAge's business strategy was to grow by expanding its network of centers and that the majority of its revenue for the fiscal years ended in June 2020, 2021, 2022 and 2023 was derived from capitation agreements with government payors, but otherwise denies the allegations in Paragraph 274, which do not present a fair and complete description of the matters contained therein.

275.     The allegations of Paragraph 275 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 275 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, WCAS admits that InnovAge's Offering Documents and press releases indicate that Hewitt served as InnovAge's CEO from approximately 2006 to 2021 and Gutierrez served as InnovAge's CFO from approximately 2017 to 2022 and otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 275, and on that basis denies them.

276.     The allegations of Paragraph 276 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 276 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, WCAS admits that Michelle Blanton served as Vice President of Clinical Operations at InnovAge and later served as Vice President of Compliance at InnovAge, but otherwise denies the allegations in Paragraph 276, which do not present a fair and complete description of the matters described therein, and as to some of which WCAS lacks the knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276.

277.    The allegations of Paragraph 277 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 277 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, WCAS admits that between March 4, 2021, and December 22, 2021, InnovAge filed reports with the SEC, and otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 277, and on that basis denies them, but respectfully refers the Court to InnovAge's SEC filings and conference call transcripts for a complete and accurate statement of their contents.

156.    The allegations of Paragraph 156 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 156 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, WCAS denies the allegations in Paragraph 156, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the September 21, 2021 InnovAge earnings conference call and a transcript of the November 9, 2021 InnovAge earnings conference call, for a complete and accurate statement of their contents.

278.    The allegations of Paragraph 278 are not directed to WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, Paragraph 278 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a further response is required, the allegations in the first and fifth sentences of Paragraph 278

constitute legal conclusions, to which no response is required. To the extent any further response is required, WCAS admits that (a) InnovAge's press release dated November 12, 2021, states that Blair was appointed to serve as President of InnovAge on November 12, 2021, and (b) InnovAge's press release dated January 3, 2022, states that InnovAge announced Hewitt's resignation, and otherwise denies the remaining allegations of Paragraph 278, which do not present a fair and complete description of the matters described therein.

279. The allegations of Paragraph 279 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 279, and on that basis denies them. The remaining allegations in Paragraph 279 purport to characterize InnovAge's Form 10-K/A, filed with the SEC on October 28, 2021, which is a document that speaks for itself. WCAS respectfully refers the Court to that document for its complete and accurate contents, and otherwise denies the remaining allegations in Paragraph 279.

280. The allegations of Paragraph 280 are not directed to WCAS, and WCAS is not required to answer such allegations. To the extent a response is required, the allegations in Paragraph 280 constitute legal conclusions, to which no response is required. To the extent a further response is required, WCAS denies the allegations in Paragraph 280.

281. The allegations in Paragraph 281 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 281.

282. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282, and on that basis denies them, except respectfully

refers the Court to a transcript of a discussion during the June 9, 2021 Goldman Sachs 42nd Annual Global Healthcare Conference for a complete and accurate statement of its contents.

283. WCAS admits that InnovAge's stock price closed at $20.49 per share on June 9, 2021, and $20.98 per share on June 10, 2021. WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 283, and on that basis denies them. WCAS denies the remaining allegations in Paragraph 283, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of a discussion during the June 9, 2021 Goldman Sachs 42nd Annual Global Healthcare Conference for a complete and accurate statement of its contents.

284. WCAS admits that InnovAge held its Q4 2021 earnings call on September 21, 2021. WCAS denies the remaining allegations in Paragraph 284, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

285. WCAS admits that InnovAge's stock price closed at $11.65 per share on September 21, 2021, $8.75 per share on September 22, 2021, and $6.76 per share on September 23, 2021, but otherwise lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and third sentences of Paragraph 285, and on that basis denies them. The allegations in the second sentence of Paragraph 285 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in the second sentence of Paragraph 285. WCAS denies the remaining allegations in

Paragraph 285, which do not present a fair and complete description of the matters described therein, except admits that Piper Sandler and Cowen published research reports concerning InnovAge dated September 22, 2021, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

286.    WCAS denies the allegations in Paragraph 286, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to a transcript of the September 21, 2021 InnovAge earnings conference call for a complete and accurate statement of its contents.

287.    WCAS admits the allegations of Paragraph 287.

288.    WCAS denies the allegations of Paragraph 288, which do not present a fair and complete description of the matters described therein, except admits that William Blair, J.P. Morgan, Cowen and Barclays published research reports concerning InnovAge dated December 23, 2021, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

289.    WCAS admits that InnovAge's stock price closed at $8.25 per share on December 22, 2021, and $5.31 per share on December 23, 2021, with a volume of 14,188,300 shares, but otherwise denies the allegations in the first sentence of Paragraph 289, which do not present a fair and complete description of the matters described therein.  The allegations in the second sentence of Paragraph 289 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in the second sentence of Paragraph 289.

-87-

290.    The allegations in Paragraph 290 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 290.

291.    WCAS denies the allegations in Paragraph 291, including subparagraphs (a)-(d), except admits that (a) InnovAge stock was listed and traded on the Nasdaq Stock Market, (b) InnovAge filed periodic reports with the SEC, (c) InnovAge issued communications to public investors and (d) external securities analysts published publicly available reports about InnovAge.

292.    The allegations in Paragraph 292 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 292.

293.    The allegations in Paragraph 293 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 293.

294.    WCAS admits that Plaintiffs seek to bring this putative class action on behalf of all of those who purchased or otherwise acquired the common stock of InnovAge between March 4, 2021, and December 22, 2021, excluding Defendants; the officers and directors of InnovAge at all relevant times; members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns; Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and any entity in which Defendants or their immediate families have or had a controlling interest, but otherwise denies the allegations in Paragraph 294.

295.    The allegations in Paragraph 295 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits that InnovAge's stock is listed on the Nasdaq Stock Market, but otherwise denies the allegations in Paragraph 295.

296.    As to the allegations in the first sentence of Paragraph 296, WCAS admits that InnovAge's 2022 Annual Report states that as of September 12, 2022, there were 135,565,699

-88-

shares of InnovAge's common stock outstanding.  The remaining allegations in Paragraph 296 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 296.

297.    The allegations in Paragraph 297 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 297.

298.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 298, and on that basis denies them.

299.    The allegations in Paragraph 299 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 299.

300.    The allegations in Paragraph 300 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 300.

301.    The allegations in Paragraph 301 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 301.

302.    The allegations in Paragraph 302 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 302.

303.    The allegations in Paragraph 303 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 303.

304.    WCAS incorporates each response set forth above as if it were fully set forth herein.

305.    The allegations in Paragraph 305 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 305.

-89-

306.     The allegations in Paragraph 306 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 306.

307.     The allegations in Paragraph 307 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 307.

308.     The allegations in Paragraph 308 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 308.

309.     The allegations in Paragraph 308 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 309.

310.     The allegations in Paragraph 310 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 310.

311.     The allegations in Paragraph 311 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 311.

312.     The allegations in Paragraph 312 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 312.

313.     WCAS incorporates each response set forth above as if it were fully set forth herein.

314.    The allegations in Paragraph 314 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 314.

315.    The allegations in Paragraph 315 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 315.

316.    The allegations in Paragraph 316 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 316.

317.    The allegations in Paragraph 317 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits that Hewitt and Gutierrez spoke to investors during their respective tenures as CEO and CFO, but otherwise denies the allegations in Paragraph 317.

318.    The allegations in Paragraph 318 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 318.

319.    The allegations in Paragraph 319 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 319.

320.    The allegations in Paragraph 320 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 320.

321.    The allegations in Paragraph 321 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 321.

322.    The allegations in Paragraph 322 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 322.

323. WCAS admits that Plaintiffs purports to assert Securities Act claims based on statements in InnovAge's Offering Documents and further admits the allegations in the second sentence of Paragraph 323.

324. The allegations in Paragraph 324 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 324.

325. The allegations in Paragraph 325 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 325.

326. The allegations in Paragraph 326 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 326.

327. Paragraph 327 and its subparagraphs include allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 327 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a further response is required, WCAS denies the allegations in Paragraph 327 and its subparagraphs.

328. Paragraph 328 and its subparagraphs include allegations pertaining to the Dismissed Claims, to which no response is required. To the extent a response is required, the allegations in Paragraph 328 and its subparagraphs constitute legal conclusions, to which no response is required. To the extent a further response is required, WCAS denies the allegations in Paragraph 328 and its subparagraphs.

329. The allegations in Paragraph 329 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 329.

330.    Paragraph 330 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 330 are not directed at WCAS and constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS denies the allegations in Paragraph 330.

331.    Paragraph 331 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 331 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS denies the allegations in Paragraph 331.

332.    WCAS admits that Plaintiffs purport to bring this action as a putative class action on behalf of a Class consisting of all those who purchased or otherwise acquired the common stock of InnovAge in or traceable to the IPO, and who were damaged thereby (the "Securities Act Class"), excluding Defendants; the officers and directors of InnovAge at all relevant times; members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns; Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and any entity in which Defendants or their immediate families have or had a controlling interest, but otherwise denies the allegations in Paragraph 332.

333.    The allegations in the first, fourth and fifth sentences of Paragraph 333 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in the first, fourth and fifth sentences of Paragraph 333.  WCAS admits the allegations in the second sentence of Paragraph 333.  As to the third sentence of Paragraph 333, WCAS admits that InnovAge's 2021 Annual Report states that as of September 20, 2021, there were 135,516,513 shares of InnovAge common stock outstanding.

334.    The allegations in Paragraph 334 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 334.

335.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 335, and on that basis denies them.

336.    The allegations in Paragraph 336 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 336.

337.    The allegations in Paragraph 337 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 337.

338.    WCAS denies the allegations in Paragraph 338.

339.    The allegations in Paragraph 339 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 339.

340.    The allegations in Paragraph 340 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 340.

341.    WCAS denies the allegations of Paragraph 341, which do not present a fair and complete description of the matters described therein, except respectfully refers the Court to correspondence between InnovAge and federal and state regulators, including audit reports, for a complete and accurate statement of their contents.  WCAS further states that the allegations in the first sentence of Paragraph 341 constitute legal conclusions, to which no response is required.

342.    The allegations in Paragraph 342 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 342.

343.    The allegations in Paragraph 343 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 343.

344.    The allegations in Paragraph 344 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 344.

345.    The allegations in Paragraph 345 are not directed at WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, the allegations in the first sentence of Paragraph 345 constitute legal conclusions, to which no response is required.  To the extent a further response is required, WCAS admits that InnovAge's Offering Documents state that, as an emerging growth company, InnovAge was required to present only two years of audited financial statements, plus unaudited condensed consolidated financial statements for applicable interim periods, in the Offering Documents, but otherwise denies the remaining allegations in Paragraph 345, which do not present a fair and complete description of the matters described therein, and as to some of which WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

346.    The allegations in Paragraph 346 are not directed at WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, the allegations in Paragraph 346 constitute legal conclusions, to which no response is required.  To the extent a further response is required, WCAS denies the allegations in Paragraph 346.

347.    The allegations in Paragraph 347 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 347.

348.    The allegations in Paragraph 348 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 348, which are too vague to permit a response.

349.    WCAS incorporates each response set forth above as if it were fully set forth herein.

350. The allegations in Paragraph 350 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 350.

351. The allegations in Paragraph 351 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 351.

352. The allegations in Paragraph 352 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 352.

353. The allegations in Paragraph 353 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 353.

354. The allegations in Paragraph 354 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS admits that the Underwriter Defendants served as underwriters for InnovAge's IPO, but otherwise denies the allegations in Paragraph 354.

355. The allegations in Paragraph 355 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 355.

356. The allegations in Paragraph 356 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 356.

357.    WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 357, and on that basis denies them.

358.    The allegations in Paragraph 358 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 358.

359.    The allegations in Paragraph 359 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 359.

360.    The allegations in Paragraph 360 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 360.

361.    WCAS incorporates each response set forth above as if it were fully set forth herein.

362.    The allegations in Paragraph 362 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 362.

363.    The allegations in Paragraph 363 are not directed to WCAS and therefore no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 363.

364.    The allegations in Paragraph 364 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 364.

365.    The allegations in Paragraph 365 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 365.

366.    The allegations in Paragraph 366 are not directed to WCAS and constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 366, and on that basis denies them.

367.    The allegations in Paragraph 367 are not directed at WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, WCAS states that no response to Plaintiffs' offer to tender their shares of InnovAge stock is required.

368.    The allegations in Paragraph 368 are not directed at WCAS, and WCAS is not required to answer such allegations.  To the extent a response is required, the allegations in Paragraph 368 constitute legal conclusions, to which no response is required.  To the extent a further response is required, WCAS denies the allegations in Paragraph 368.

369.    The allegations in Paragraph 369 are not directed to WCAS, and therefore no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 369.

370.    WCAS incorporates each response set forth above as if it were fully set forth herein.

371.    The allegations in Paragraph 371 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 371.

372.    The allegations in Paragraph 372 constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS denies the allegations in Paragraph 372.

373.    Paragraph 373 includes allegations pertaining to the Dismissed Claims, to which no response is required.  To the extent a response is required, the allegations in Paragraph 373 constitute legal conclusions, to which no response is required.  To the extent any further response is required, WCAS denies the allegations in Paragraph 373, which do not present a fair and complete description of the matters described therein.

374.    The allegations in Paragraph 374 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 374, which do not present a fair and complete description of the matters described therein.

375.    The allegations in Paragraph 375 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 375, which do not present a fair and complete description of the matters described therein.

376.    The allegations in Paragraph 376 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 376, which do not present a fair and complete description of the matters described therein.

377.    The allegations in Paragraph 377 constitute legal conclusions, to which no response is required.  To the extent a response is required, WCAS denies the allegations in Paragraph 377.

378.    WCAS denies the allegations of Paragraph 378, which do not present a fair and complete description of the matters described therein, and respectfully refers the Court to

InnovAge's Form 10-K, filed with the SEC on September 23, 2021, and other quarterly and annual SEC filings, for a complete and accurate statement of their contents.

379. WCAS denies the allegations of Paragraph 379, which do not present a fair and complete description of the matters described therein, except admits that InnovAge entered into a Director Nomination Agreement and respectfully refers the Court to the Director Nomination Agreement, attached as Exhibit 10.3 to InnovAge's Form S-1 filed with the SEC on February 8, 2021, for a complete and accurate description of the parties to the agreement and a statement of its contents.

380. The allegations in Paragraph 380 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 380, which do not present a complete and accurate statement of the matters described therein.

381. The allegations in Paragraph 381 constitute legal conclusions, to which no response is required. To the extent a response is required, WCAS denies the allegations in Paragraph 381.

382. Paragraph 382 subparts (a) through (d) contains a prayer for relief, to which no response is required. To the extent a response is required, WCAS denies that Plaintiffs are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

As separate defenses to the Amended Complaint and the causes of actions asserted against WCAS therein (the "Causes of Action"), and without assuming the burden of proof on matters as to which it has no such burden, WCAS states as follows:

## FIRST DEFENSE

### (Dismissed Claims)

By its December 21, 2023 Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss Amended Class Action Complaint, the Court dismissed claims based on (1) the Patient-Centered Care Statement, (2) the Standardized and Well-Staffed Operations Statement, (3) the Robust Compliance Statement, (4) the Successful Risk Management Statement, (5) the Technology Statement, (6) the Expansion Model Statement, (7) the Scalability Statement, (8) the Virtuous Cycle Statement, (9) the Government Relationships Statement, (10) Items 105 and 303 of Regulation S-K, (11) Hewitt's alleged statements on May 10, 2021, concerning organic growth and staffing, (12) the Deficient Participant Assessments Statement, (13) the Alignment with Government Payors Statement, (14) Hewitt and Gutierrez's May 2021 SOX certifications, (15) the alleged September 21, 2021 Organic Growth Statement, (16), the September 21, 2021 Earnings Call Audit Statement, (17) Hewitt and Gutierrez's September 2021 SOX certifications, (18) Hewitt's alleged November 9, 2021 Audit Update Statements, (19) the Government Relationship Statement, and (20) Hewitt and Gutierrez's November 2021 SOX certifications. The Court also found that Plaintiffs failed to allege control person liability against the Director Defendants.

## SECOND DEFENSE

### (Failure to State a Cause of Action Upon Which Relief May Be Granted)

The Amended Complaint fails to state any claim against WCAS upon which relief may be granted.

## THIRD DEFENSE

### (Failure to Comply with Pleading Requirements)

The Amended Complaint failed to plead fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

## FOURTH DEFENSE

### (Barred by Statutory Safe Harbor)

Plaintiffs' claims are barred by the PSLRA's statutory safe harbor. *See* 15 U.S.C. § 78u-5(c). The alleged misstatements and omissions are forward-looking, were accompanied by sufficient cautionary language and were not made with actual knowledge that they were false or misleading.

## FIFTH DEFENSE

### (Reasonable Care and Due Diligence)

Plaintiffs and putative class members are not entitled to any recovery because WCAS exercised reasonable care; WCAS had, after reasonable and diligent investigation, reasonable grounds to believe and did believe that the statements at issue herein were true and that they omitted no material fact necessary to make those statements not misleading.

## SIXTH DEFENSE

### (No Reliance)

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions alleged in the Amended Complaint.

## SEVENTH DEFENSE

### (Knowledge)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had knowledge of the alleged untruths or omissions at the time they acquired the securities in question.

## EIGHTH DEFENSE

### (Assumption of Risks)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased the securities at issue with knowledge of the risks involved and assumed those risks, and any alleged losses were caused by those risks coming to fruition.

## NINTH DEFENSE

### (Lead Plaintiffs Not Adequate or Typical)

The claims and Causes of Action brought on behalf of a putative class are barred in whole or in part because the named Lead Plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

## TENTH DEFENSE

### (Lead Plaintiffs Improper under Rule 23)

Lead Plaintiffs' claims are improperly brought, and cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## ELEVENTH DEFENSE

### (Lack of Standing)

Lead Plaintiffs' and putative class members' claims are barred, in whole or in part, because Lead Plaintiffs and putative class members lack standing to pursue some or all of their claims against WCAS.

## TWELFTH DEFENSE

### (No Duty)

Plaintiffs' and putative class members' claims are barred in whole or in part because WCAS neither owed nor breached any duty to Plaintiffs or putative class members to disclose information allegedly omitted from any statement alleged in the Amended Complaint, and had no duty to verify, opine upon, audit, review or correct such information.

## THIRTEENTH DEFENSE

### (Loss Causation)

Plaintiffs' claims are barred in whole or in part because of the lack of loss causation. Any damages or injuries allegedly suffered by Plaintiffs or any putative class members were not legally caused by the alleged misstatements on which Plaintiffs base their claims or any omission by WCAS.

## FOURTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

## FIFTEENTH DEFENSE

### (Equitable Defenses)

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of laches, equitable estoppel, waiver or other equitable defenses.

## SIXTEENTH DEFENSE

### (Class Action)

The putative class alleged in the Complaint cannot be certified under Rule 23 of the Federal Rules of Civil Procedure

## SEVENTEENTH DEFENSE

### (Good Faith)

WCAS is not subject to control person liability under Section 20(a) of the Exchange Act or Section 15 of the Securities Act because it acted in good faith and did not directly or indirectly induce any of the alleged acts that would constitute a violation of the Exchange Act or the Securities Act.

## EIGHTEENTH DEFENSE

### (Contributory Negligence)

Plaintiffs' and putative class members' damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than the WCAS; however, in the event that a finding is made that negligence exists on the part of WCAS, WCAS's liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other persons or entities contributed to the alleged damages upon which Plaintiffs or putative class members seek recovery.

## NINETEENTH DEFENSE

### (No Fees or Costs)

Plaintiffs and putative class members are not entitled to attorney's fees, or expert fees, as a matter of law.

-105-

## TWENTIETH DEFENSE

### (Ratification)

The Amended Complaint is barred, in whole or in part, by the doctrine of ratification.

## TWENTY-FIRST DEFENSE

### (Proportionate Liability)

Any recovery for alleged damages, if any, is limited to the percentage of responsibility of each Defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiffs' alleged damages, in accordance with the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f).

## TWENTY-SECOND DEFENSE

### (Reservation of Rights)

WCAS reserves the right to raise any additional defenses, counterclaims, cross claims and third-party claims not asserted herein of which it may become aware through discovery or other investigation, and will amend or modify its answer accordingly.  WCAS further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

PRAYER FOR RELIEF

WHEREFORE, WCAS prays for relief and judgment, as follows:

**A.**    **That judgment be entered in favor of WCAS;**

**B.**    **That Plaintiffs take nothing by reason of the claims and Causes of Action asserted herein;**

**C.**    **That the Amended Complaint, and the Causes of Action against WCAS, be dismissed with prejudice;**

**D.**    **For WCAS's costs of suit, including attorneys' fees incurred in defense of this action; and**

**E.**    **For such other and further relief as the Court may deem just and proper.**

Dated:        March 4, 2024

SULLIVAN & CROMWELL LLP

By:  /s/ *Diane L. McGimsey*
Karen Patton Seymour
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 291-9307
seymourk@sullcrom.com

Diane L. McGimsey
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
mcgimseyd@sullcrom.com

*Counsel for InnovAge Holding Corp.,*
*Maureen Hewitt, Barbara Gutierrez, John*
*Ellis Bush, Andrew Cavanna, Caroline*
*Dechert, Edward Kennedy, Jr., Pavithra*
*Mahesh, Thomas Scully, Marilyn Tavenner,*
*Sean Traynor, Richard Zoretic, Apax*

WILMER CUTLER PICKERING HALE
AND DORR LLP

Peter Kurtz
1225 17th Street, Suite 2600
Denver, Colorado  80202
Telephone: (720) 274-3135
Peter.Kurtz@wilmerhale.com

Matthew D. Benedetto
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5323
Facsimile: (213) 443-5400
matthew.benedetto@wilmerhale.com

*Counsel for InnovAge Holding Corp.*

-107-

-108-

*Partners, L.P., and Welsh, Carson,
Anderson & Stowe*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2024, I electronically filed a true and correct

copy of the foregoing **DEFENDANT WCAS'S ANSWER TO AMENDED CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

parties via the CM/ECF system.

/s/ Diane L. McGimsey
Diane L. McGimsey