## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN' S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, and INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY LLC,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO. LLC,
ROBERTS & RYAN INVESTMENTS, INC.

      Defendants.

---

## UNDERWRITER DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

Defendants J.P. Morgan Securities LLC, Barclays Capital Inc., Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., Piper Sandler & Co., Capital One Securities, Inc., Loop Capital Markets LLC, Siebert Williams Shank & Co., LLC and Roberts & Ryan Investments, Inc. (collectively, the "Underwriter Defendants"), by and through their undersigned counsel at Freshfields Bruckhaus Deringer US LLP, hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws, dated June 21, 2022 (ECF No. 54) (the "Amended Complaint") filed by lead plaintiffs El Paso Firemen & Policemen's Pension Fund, Indiana Public Retirement System ("Indiana"), and San Antonio Fire & Police Pension Fund (collectively, the "Plaintiffs") individually and on behalf of all persons similarly situated against the Underwriter Defendants and InnovAge Holding Corp. ("InnovAge"), as well as Welsh, Carson, Anderson & Stowe ("WCAS"), Apax Partners ("Apax"), Maureen Hewitt, Barbara Gutierrez, John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor and Richard Zoretic (collectively, the "Individual Defendants," and together with the Underwriter Defendants, InnovAge, WCAS, and Apax, the "Defendants").

Any allegation not explicitly admitted is denied. In particular, the Underwriter Defendants deny any suggestion or allegation that InnovAge's Registration Statement on Form S-1, filed with the Securities and Exchange Commission ("SEC") on February 8, 2021, First Amended Registration Statement, filed with the SEC on February 24, 2021, Second Amended Registration Statement, filed with the SEC on February 26, 2021, Third Amended Registration Statement, filed with the SEC on March 3, 2021, and Prospectus, filed with the SEC on March 5, 2021 (collectively, the "Offering Documents"), for the March 4, 2021 initial public offering of InnovAge common

1

stock (the "IPO"), were false and misleading or omitted  material facts and respectfully refer the Court to the Offering Documents for their true and complete contents.   The Underwriter Defendants further deny that they made any untrue statement of material fact, omitted to state a material fact necessary to make statements made not misleading, or failed to conduct adequate due diligence.

The Underwriter Defendants do not, by noting or admitting that the Amended Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced documents.   Moreover, headings and footnotes in the Amended Complaint are not substantive allegations to which an answer is required.   To the extent headings in the Amended Complaint require an answer, the Underwriter Defendants deny such allegations.   To the extent footnotes in the Amended Complaint are substantive allegations, then the response to the Paragraph in which the footnote is found is the Underwriter Defendants' response to the footnote as well.   In collectively responding to the allegations of the Amended Complaint, the Underwriter Defendants intend to respond only as to allegations directed at each of them individually; and none of them should be deemed to be responding to allegations that are directed solely at other Defendants (including without limitation, other Underwriter Defendants).   To the extent an allegation in the Amended Complaint is admitted herein, that should not be construed as an admission that the Underwriter Defendants knew a particular fact at the time of the IPO.

On December 21, 2023, and January 18, 2024, the Court issued its decisions on the motions to dismiss filed by InnovAge and the Individual Defendants (ECF No. 102) and by the Underwriter Defendants (ECF No. 108), respectively, and dismissed certain claims asserted in the Amended Complaint (the "Dismissed Claims").   To the extent the allegations in the Amended Complaint

pertain to any Dismissed Claims, the Underwriter Defendants deny all such allegations and aver that no response is required.

The Underwriter Defendants reserve all rights to amend or otherwise supplement this Answer. For their specific responses to the Amended Complaint, the Underwriter Defendants respond or state as follows:

The Underwriter Defendants deny the allegations contained in the unnumbered paragraphs on Pages 5 - 6 of the Amended Complaint to the extent they suggest that the Offering Documents contained material misstatements or omissions, and otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations appearing in those paragraphs.

**INTRODUCTION**

1.      To the extent the allegations of Paragraph 1 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 1, except admit that Plaintiffs purport to bring a federal securities class action against the Defendants named therein.

2.      To the extent the allegations of Paragraph 1 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 2 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading and respectfully refer the Court to the Offering Documents for their true and complete contents.

3.      To the extent the allegations of Paragraph 3 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 3 and respectfully refer the Court to InnovAge's public filings for a complete and accurate description of InnovAge's business.

4.      To the extent the allegations of Paragraph 4 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 4.

5.      To the extent the allegations of Paragraph 5 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 5, except the Underwriter Defendants aver on information and belief that Defendant Hewitt formerly served as InnovAge's CEO, that Defendant Scully formerly served as Administrator of the Centers for Medicare and Medicaid Services ("CMS"), and that InnovAge was converted to a for-profit company in 2016.

6.      To the extent the allegations of Paragraph 6 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 6, except aver on information and belief that InnovAge's participant census and revenue for the fiscal year ended June 30, 2020 were 6,400 and $567.2 million, respectively.

4

7.     To the extent the allegations of Paragraph 7 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 7, except admit that Plaintiffs purport to reference a July 2020 agreement, and respectfully refer the Court to the referenced document for its true and complete contents.

8.     To the extent the allegations of Paragraph 8 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 8, except admit that Underwriter Defendants served as underwriters for InnovAge's IPO in March 2021, and admit that Plaintiffs purport to quote from and reference the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

9.     To the extent the allegations of Paragraph 9 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 9, insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading and respectfully refer the Court to the Offering Documents for their true and complete contents.

10.    To the extent the allegations of Paragraph 10 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the

5

allegations of Paragraph 10, insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading, except admit InnovAge's stock was offered at a price of $21 in the IPO, and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days, and admit that Plaintiffs purport to quote from and reference the Offering Documents and a July 2020 agreement, and respectfully refer the Court to the referenced documents for their true and complete contents.

11.     To the extent the allegations of Paragraph 11 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny that any stock price movements or purported investor harm was the result of any alleged misstatement or omission in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 11, except admit that Plaintiffs purport to quote from and reference certain CMS audit reports, and respectfully refer the Court to the referenced documents for their true and complete contents.

12.     To the extent the allegations of Paragraph 12 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, no response is required.  To the extent a response is required, the Underwriter Defendants deny that any stock price movements or purported investor harm was the result of any alleged misstatement or omission in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days, and otherwise

6

lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 12, except admit that Plaintiffs purport to reference a December 23, 2021 InnovAge announcement, and respectfully refer the Court to the referenced document for its true and complete contents.

13. To the extent the allegations of Paragraph 13 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 13, except admit that Plaintiffs purport to quote from certain analysts' reports, and respectfully refer the Court to the referenced documents for their true and complete contents.

14. To the extent the allegations of Paragraph 14 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 14, except admit that Plaintiffs purport to reference certain findings by Colorado agencies and CMS, and respectfully refer the Court to the referenced documents for their true and complete contents.

15. To the extent the allegations of Paragraph 15 relate to claims not asserted against the Underwriter Defendants, or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 15, except admit that Plaintiffs purport to quote from and reference a transcript of

InnovAge's May 10, 2022 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

16.     To the extent the allegations of Paragraph 16 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 16, insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading and respectfully refer the Court to the Offering Documents for their true and complete contents, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 16, except admit that Plaintiffs purport to quote from and reference a transcript of InnovAge's May 10, 2022 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

17.     To the extent the allegations of Paragraph 17 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 17.

**JURISDICTION AND VENUE**

18.     Paragraph 18 purports to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants admit that the allegations of Paragraph 18 purport to describe Plaintiffs' claims and that Plaintiffs purport to bring this action pursuant to the statutes cited in Paragraph 18.

8

19.     Paragraph 19 purports to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants admit that the allegations of Paragraph 19 purport to describe Plaintiffs' claims and that Plaintiffs purport to bring this action pursuant to the statutes cited in Paragraph 19.

20.     To the extent the allegations of Paragraph 20 purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to base venue on the statutes cited in Paragraph 20.

21.     To the extent the allegations of Paragraph 21 purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 21, insofar as directed at them, except admit that the Underwriter Defendants used the mails, interstate telephone communications and/or the facilities of national securities exchanges in connection with InnovAge's IPO.

**PARTIES**

**I.      Plaintiffs**

22.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 22.

23.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 23.

24.     The Underwriter Defendants deny the allegations of Paragraph 24, except lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of the first sentence of Paragraph 24.

9

25.     To the extent the allegations of Paragraph 25 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 25, except admit that Plaintiffs purport to reference certifications and joint declarations previously filed with the Court, and respectfully refer the Court to the referenced documents for their true and complete contents.

## II.    Defendants

### A.    Corporate Defendants

26.     To the extent Paragraph 26 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of the first three sentences of Paragraph 26, and refer to InnovAge's public filings for an accurate and complete description of InnovAge and its business, except admit that: (i) InnovAge became a publicly traded company through the IPO conducted on March 4, 2021; (ii) the IPO was conducted pursuant to the Offering Documents; (iii) as of June 14, 2021, InnovAge had over 135 million shares of common stock outstanding; and (iv) Plaintiffs purport to reference the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

27.     To the extent Paragraph 27 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 27.

10

28.    To the extent Paragraph 28 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 28, except admit that Paragraph 28 purports to reference an agreement between Apax and WCAS, and respectfully refer the Court to the referenced document for its true and complete contents.

29.    To the extent Paragraph 29 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 29, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

30.    To the extent Paragraph 30 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 30, except admit that Plaintiffs purport to quote from and reference a Director Nomination Agreement, and respectfully refer the Court to the referenced document for its true and complete contents.

31.    To the extent Paragraph 31 relates to claims not asserted against the Underwriter Defendants, or purports to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 31 insofar as directed

11

at them, but otherwise lack knowledge or information sufficient to form a belief regarding the truth

or falsity of the allegations of Paragraph 31.

### B.    Officer Defendants

32.    To the extent the allegations of Paragraph 32 relate to claims not asserted against

the Underwriter Defendants or to the Dismissed Claims, no response is required.  To the extent a

response is required, the Underwriter Defendants lack knowledge or information sufficient to form

a belief regarding the truth or falsity of the allegations of Paragraph 32, except the Underwriter

Defendants aver on information and belief that Defendant Hewitt served as the President, CEO,

and Director of InnovAge from 2006 to January 1, 2022, and admit that Plaintiffs purport to

reference the Offering Documents and certain SEC filings, and respectfully refer the Court to the

referenced documents for their true and complete contents.

33.    To the extent the allegations of Paragraph 33 relate to claims not asserted against

the Underwriter Defendants or to the Dismissed Claims, no response is required.  To the extent a

response is required, the Underwriter Defendants lack knowledge or information sufficient to form

a belief regarding the truth or falsity of the allegations of Paragraph 33, except the Underwriter

Defendants aver on information and belief that Defendant Gutierrez served as the Chief Financial

Officer and Chief People Services Officer of InnovAge from 2017 through the date of the IPO,

and admit that Plaintiffs purport to reference the Offering Documents and certain SEC filings, and

respectfully refer the Court to the referenced documents for their true and complete contents.

34.    To the extent the allegations of Paragraph 34 relate to claims not asserted against

the Underwriter Defendants or to the Dismissed Claims, no response is required.  To the extent a

response is required, the Underwriter Defendants admit that Plaintiffs purport to define the terms "Officer Defendants" and "Exchange Act Defendants."

35.    To the extent the allegations of Paragraph 35 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 35, insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading and respectfully refer the Court to the Offering Documents for their true and complete contents, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 35.

**C.    Director Defendants**

36.    To the extent the allegations of Paragraph 36 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 36, except the Underwriter Defendants aver on information and belief that Defendant Bush became a Director of InnovAge upon completion of the IPO and is currently a Director of InnovAge, and further admit that Plaintiffs purport to reference the Offering Documents and 2021 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

37.    To the extent the allegations of Paragraph 37 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack

knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations

of Paragraph 37, except the Underwriter Defendants aver on information and belief that Defendant

Cavanna became a Director of InnovAge upon completion of the IPO and is currently a Director

of InnovAge, and further admit that Plaintiffs purport to reference the Offering Documents and

2021 Annual Report, and respectfully refer the Court to the referenced documents for their true

and complete contents.

38.    To the extent the allegations of Paragraph 38 relate to claims not asserted against

the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no

response is required.  To the extent a response is required, the Underwriter Defendants lack

knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations

of Paragraph 38, except the Underwriter Defendants aver on information and belief that Defendant

Dechert became a Director of InnovAge upon completion of the IPO, and further admit that

Plaintiffs purport to reference the Offering Documents and 2021 Annual Report, and respectfully

refer the Court to the referenced documents for their true and complete contents.

39.    To the extent the allegations of Paragraph 39 relate to claims not asserted against

the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no

response is required.  To the extent a response is required, the Underwriter Defendants lack

knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations

of Paragraph 39, except the Underwriter Defendants aver on information and belief that Defendant

Kennedy became a Director of InnovAge upon completion of the IPO and is currently a Director

of InnovAge, and further admit that Plaintiffs purport to reference the Offering Documents and

2021 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

40. To the extent the allegations of Paragraph 40 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 40, except the Underwriter Defendants aver on information and belief that Defendant Mahesh became a Director of InnovAge upon completion of the IPO, and further admit that Plaintiffs purport to reference the Offering Documents and 2021 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

41. To the extent the allegations of Paragraph 41 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 41, except the Underwriter Defendants aver on information and belief that Defendant Scully became a Director of InnovAge upon completion of the IPO and is currently a Director of InnovAge, and further admit that Plaintiffs purport to reference the Offering Documents and 2021 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

42. To the extent the allegations of Paragraph 42 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack

knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 42, except the Underwriter Defendants aver on information and belief that Defendant Tavenner became a Director of InnovAge upon completion of the IPO and is currently a Director of InnovAge, and further admit that Plaintiffs purport to reference the Offering Documents and 2021 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

43. To the extent the allegations of Paragraph 43 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 43, except the Underwriter Defendants aver on information and belief that Defendant Traynor became a Director of InnovAge upon completion of the IPO, and further admit that Plaintiffs purport to reference the Offering Documents and 2021 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

44. To the extent the allegations of Paragraph 44 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 44, except the Underwriter Defendants aver on information and belief that Defendant Zoretic became a Director of InnovAge upon completion of the IPO and is currently a Director of InnovAge, and further admit that Plaintiffs purport to reference the Offering Documents and 2021

16

Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

45.    To the extent the allegations of Paragraph 45 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to define the terms "Director Defendants" and "Securities Act Individual Defendants."

46.    To the extent the allegations of Paragraph 46 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 46, except admit that Plaintiffs purport to reference the Director Nomination Agreement, and respectfully refer the Court to the referenced document for its complete and accurate content and context, and further admit that Plaintiffs purport to define the terms "WCAS Director Defendants," "Apax Director Defendants," and "Principal Shareholder Director Defendants."

47.    To the extent the allegations of Paragraph 47 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 47, insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading and respectfully refer the Court to the Offering

17

Documents for their true and complete contents, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 47.

48.    To the extent the allegations of Paragraph 48 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 48 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading and respectfully refer the Court to the Offering Documents for their true and complete contents, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 48.

49.    To the extent the allegations of Paragraph 49 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 49 insofar as directed at them, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 49.

50.    To the extent the allegations of Paragraph 50 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 50 insofar as directed at them, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 50.

**D.    Underwriter Defendants**

51.    The Underwriter Defendant referenced in Paragraph 51 admits that J.P. Morgan Securities LLC ("JPM") performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 51 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 51, no response is required.

52.    The Underwriter Defendant referenced in Paragraph 52 admits that Barclays Capital Inc. ("Barclays") performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 52 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 52, no response is required.

53.    The Underwriter Defendant referenced in Paragraph 53 admits that Goldman Sachs & Co. LLC performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 53 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 53, no response is required.

54.    The Underwriter Defendant referenced in Paragraph 54 admits that Citigroup Global Markets Inc. performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 54 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 54, no response is required.

19

55.     The Underwriter Defendant referenced in Paragraph 55 admits that Robert W. Baird & Co. Incorporated performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 55 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 55, no response is required.

56.     The Underwriter Defendant referenced in Paragraph 56 admits that William Blair & Company, L.L.C. ("William Blair") performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 56 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 56, no response is required.

57.     The Underwriter Defendant referenced in Paragraph 57 admits that Piper Sandler & Co. ("Piper Sandler") performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 57 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 57, no response is required.

58.     The Underwriter Defendant referenced in Paragraph 58 admits that Capital One Securities, Inc. performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto.  To the extent Paragraph 58 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 58, no response is required.

59. The Underwriter Defendant referenced in Paragraph 59 admits that Loop Capital Markets LLC performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto. To the extent Paragraph 59 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 59, no response is required.

60. The Underwriter Defendant referenced in Paragraph 60 admits that Siebert Williams Shank & Co., LLC performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto. To the extent Paragraph 60 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 60, no response is required.

61. The Underwriter Defendant referenced in Paragraph 61 admits that Roberts & Ryan Investments, Inc. performed underwriting services in connection with the IPO and respectfully refers the Court to the Offering Documents for a description of the underwriting arrangements related thereto. To the extent Paragraph 61 relates to claims not asserted against the Underwriter Defendants not referenced in Paragraph 61, no response is required.

62. The Underwriter Defendants admit that Plaintiffs purport to define the term "Underwriter Defendants."

63. The Underwriter Defendants deny the allegations of Paragraph 63, except admit that they performed underwriting services in connection with the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements related thereto.

64.     The Underwriter Defendants deny the allegations of Paragraph 64, except admit that they performed underwriting services in connection with the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements related thereto.

65.     The Underwriter Defendants deny the allegations in Paragraph 65, except admit that they performed underwriting services in connection with the IPO and respectfully refer the Court to the public filings in connection with the IPO for their true and complete contents and deny any allegations inconsistent therewith.

## III.     Relevant Nonparties

### A.     Former InnovAge Employees

66.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 66.

67.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 67.

68.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 68.

69.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 69.

70.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 70.

71.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 71.

## FACTUAL BACKGROUND

**I.     The Program of All-Inclusive Care for the Elderly ("PACE")**

72.     The Underwriter Defendants deny the allegations of Paragraph 72, except admit the existence of the Program of All-Inclusive Care for the Elderly ("PACE") and respectfully refer the Court to public sources, including the PACE Manual published by CMS ("CMS PACE Manual"), for a true and complete description thereof.

73.     The Underwriter Defendants deny the allegations of Paragraph 73, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

74.     The Underwriter Defendants deny the allegations of Paragraph 74, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

75.     The Underwriter Defendants deny the allegations of Paragraph 75, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

76.     The Underwriter Defendants deny the allegations of Paragraph 76, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

77.     The Underwriter Defendants deny the allegations of Paragraph 77, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

**A.    Government Approval and Funding of PACE Programs**

78.    The allegations of Paragraph 78 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 78, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to reference 42 C.F.R. §§ 460.30, 460.112 and an Audit Guide, and respectfully refer the Court to the referenced documents for their true and complete contents.

79.    The allegations of Paragraph 79 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 79, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to quote from 42 C.F.R. §§ 460.30 and 460.32(a), and respectfully refer the Court to the referenced documents for their true and complete contents.

80.    The allegations of Paragraph 80 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 80, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to quote from and reference 42 C.F.R. § 460.180, and respectfully refer the Court to the referenced document for its true and complete contents.

81.    The allegations of Paragraph 81 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations

24

of Paragraph 81, except admit the existence of the PACE program and respectfully refer the Court

to public sources, including the CMS PACE Manual, for a true and complete description thereof,

and further admit that Plaintiffs purport to quote from and reference 42 C.F.R. § 460.182, the CMS

PACE Manual, Ch. 1, § 30.4, and a graphic prepared by InnovAge, and respectfully refer the Court

to the referenced documents for their true and complete contents.

**B.      Enrollment and Disenrollment of PACE Participants**

82.      The allegations of Paragraph 82 purport to state legal conclusions and no response

is required.  To the extent a response is required, the Underwriter Defendants deny the allegations

of Paragraph 82, except admit the existence of the PACE program and respectfully refer the Court

to public sources, including the CMS PACE Manual, for a true and complete description thereof,

and further admit that Plaintiffs purport to quote from and reference 42 C.F.R. § 460.150, and

respectfully refer the Court to the referenced document for its true and complete contents.

83.      The allegations of Paragraph 83 purport to state legal conclusions and no response

is required.  To the extent a response is required, the Underwriter Defendants deny the allegations

of Paragraph 83, except admit the existence of the PACE program and respectfully refer the Court

to public sources, including the CMS PACE Manual, for a true and complete description thereof,

and further admit that Plaintiffs purport to quote from and reference certain CMS guidance, and

respectfully refer the Court to the referenced documents for their true and complete contents.

84.      The allegations of Paragraph 84 purport to state legal conclusions and no response

is required.  To the extent a response is required, the Underwriter Defendants deny the allegations

of Paragraph 84, except admit the existence of the PACE program and respectfully refer the Court

to public sources, including the CMS PACE Manual, for a true and complete description thereof.

85.     The allegations of Paragraph 85 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 85, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

86.     The allegations of Paragraph 86 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 86, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

**C.     Interdisciplinary Teams, Assessments, and Care Planning**

87.     The allegations of Paragraph 87 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 87, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to quote from and reference 42 C.F.R. §§ 460.102 and 460.106, and respectfully refer the Court to the referenced documents for their true and complete contents.

88.     The allegations of Paragraph 88 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 88, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

89.     The allegations of Paragraph 89 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations

of Paragraph 89, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

90.     The allegations of Paragraph 90 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 90, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

**D.     Organization Monitoring, Auditing, and Compliance Enforcement**

91.     The allegations of Paragraph 91 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 91, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to reference 42 C.F.R. § 460.190(a), and respectfully refer the Court to the referenced document for its true and complete contents.

92.     The allegations of Paragraph 92 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 92, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

93.     The Underwriter Defendants deny the allegations of Paragraph 93, except admit the existence of the PACE program, and refer to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to quote from and reference CMS guidance issued on March 30, 2020, and respectfully refer the Court to the referenced document for its true and complete contents.

27

### E.    Sanctions, Enforcement Action, and Termination

94.    The allegations of Paragraph 94 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 94, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to reference CMS PACE Manual, and respectfully refer the Court to the referenced document for its true and complete contents.

95.    The allegations of Paragraph 95 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 95, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

96.    The allegations of Paragraph 96 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 96, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

97.    The allegations of Paragraph 97 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 97, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to quote from and reference 42 C.F.R. § 40, and respectfully refer the Court to the referenced document for its true and complete contents.

28

98.     The allegations of Paragraph 98 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 98, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

99.     The allegations of Paragraph 99 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 99, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof.

100.     The allegations of Paragraph 100 purport to state legal conclusions and no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 100, except admit the existence of the PACE program and respectfully refer the Court to public sources, including the CMS PACE Manual, for a true and complete description thereof, and further admit that Plaintiffs purport to quote from and reference 42 C.F.R. §§ 460.48 and 460.50, and respectfully refer the Court to the referenced documents for their true and complete contents.

## II.     InnovAge and Its Business Model

### A.     Defendants Hewitt and Scully Lead Aggressive Lobbying Campaign to Transform InnovAge from a Regional Nonprofit to the First National For-Profit PACE Provider

101.     The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 101, except aver on information and belief that InnovAge was founded in May 2007 as a Colorado nonprofit corporation and that Defendant Hewitt formerly served as InnovAge's CEO, and admit Plaintiffs purport to quote from

29

InnovAge's "founding documents," and respectfully refer the Court to the referenced documents for their true and complete contents.

102.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 102, except aver on information and belief that Defendant Hewitt formerly served as InnovAge's CEO, and admit that Plaintiffs purport to quote from and reference a November 11, 2021 *MarketWatch* article, and respectfully refer the Court to the referenced document for its true and complete contents.

103.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 103, except the Underwriter Defendants aver on information and belief that Defendant Scully formerly served as Administrator of CMS under President George W. Bush, and admit that Plaintiffs purport to quote from a November 11, 2021 *MarketWatch* article, and respectfully refer the Court to the referenced document for its true and complete contents.

104.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 104, except the Underwriter Defendants aver on information and belief that Defendant Tavenner formerly served as chief operating officer and acting administrator for CMS, and admit that Plaintiffs purport to quote from a November 11, 2021 *MarketWatch* article, and respectfully refer the Court to the referenced document for its true and complete contents.

105.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 105, except admit that Plaintiffs

30

purport to quote from and reference a December 6, 2015 *Denver Post* article, and respectfully refer the Court to the referenced document for its true and complete contents.

**B.    After Its For-Profit Conversion, InnovAge Implements Aggressive Enrollment Strategy in Relentless Pursuit of Revenue Growth**

106.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 106, except aver on information and belief that InnovAge and certain wholly owned subsidiaries were formed as for-profit corporations effective May 13, 2016, and admit that Plaintiffs purport to quote from and reference an August 20, 2016 *New York Times* article, and respectfully refer the Court to the referenced document for its true and complete contents.

107.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 107, except admit that Plaintiffs purport to quote from a *MarketWatch* article, and respectfully refer the Court to the referenced document for its true and complete contents.

108.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 108, except admit that Plaintiffs purport to quote from *Modern Healthcare* and *MarketWatch* articles, and respectfully refer the Court to the referenced documents for their true and complete contents.

109.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 109, except the Underwriter Defendants aver on information and belief that approximately 99.2% and 99.5% of InnovAge's revenue for the fiscal years ended June 30, 2019 and 2020, respectively, was derived from

31

capitation agreements with government payors in which it received fixed per member, per month ("PMPM") fees.

110. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 110, except admit that Plaintiffs purport to quote from and reference the content of certain advertisements and InnovAge's 2015 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

111. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 111, except admit that Plaintiffs purport to quote from and reference statements by the National PACE Association and InnovAge's 2017 Annual Report, and respectfully refer the Court to the referenced documents for their true and complete contents.

112. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 112, except admit that Plaintiffs purport to quote from and reference InnovAge's 2019 Annual Report, and respectfully refer the Court to the referenced document for its true and complete contents.

113. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 113, except admit that Plaintiffs purport to reference a *MarketWatch* article, and respectfully refer the Court to the referenced document for its true and complete contents.

114. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 114, except admit that Plaintiffs

32

purport to quote from and reference a July 3, 2020 PEHub.com article, and respectfully refer the

Court to the referenced document for its true and complete contents.

### C. After Its For-Profit Conversion, InnovAge Became Singularly Focused on Enrollment

115. To the extent the allegations of Paragraph 115 purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 115 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct an adequate due diligence investigation, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 115, except admit that Plaintiffs purport to reference an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

116. To the extent Paragraph 116 relates to claims not asserted against the Underwriter Defendants, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 116.

117. To the extent Paragraph 117 relates to claims not asserted against the Underwriter Defendants, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 117, except admit that Plaintiffs purport to quote from and reference an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

33

118. To the extent Paragraph 118 relates to claims not asserted against the Underwriter Defendants, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 118, except admit that Plaintiffs purport to quote from and reference an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

119. To the extent Paragraph 119 relates to claims not asserted against the Underwriter Defendants, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 119.

120. To the extent Paragraph 120 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 120, except admit that Plaintiffs purport to quote from and reference 42 C.F.R. §§ 460.150, 460.152, and an article from *The Capitol Forum*, and respectfully refer the Court to the referenced documents for their true and complete contents.

121. To the extent Paragraph 121 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 121.

122.    To the extent Paragraph 122 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 122.

123.    To the extent Paragraph 123 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 123, except admit that Plaintiffs purport to quote from and reference a November 2021 *MarketWatch* interview, and respectfully refer the Court to the referenced document for its true and complete contents.

124.    To the extent Paragraph 124 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 124, except admit that Plaintiffs purport to quote from and reference an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

125.    To the extent Paragraph 125 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 125 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct an adequate due diligence investigation, and otherwise lack knowledge or information sufficient to form a belief regarding

35

the truth or falsity of the allegations of Paragraph 125, except admit that Plaintiffs purport to quote from and reference the Offering Documents and an article from *The Capitol Forum*, and respectfully refer the Court to the referenced documents for their true and complete contents.

126. To the extent the allegations of Paragraph 126 purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to quote from and reference the PACE Manual and 42 C.F.R. § 460.82, and respectfully refer the Court to the referenced documents for their true and complete contents.

127. To the extent Paragraph 127 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 127, except admit that Plaintiffs purport to quote from and reference an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

**D.    As Enrollment Surged, InnovAge's Centers Suffered from Severe Staff Shortages, High Caseloads, and Significant Delays and Lack of Contracts with Specialists**

128. To the extent Paragraph 128 relates to claims not asserted against the Underwriter Defendants, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 128.

129. To the extent Paragraph 129 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief

regarding the truth or falsity of the allegations of Paragraph 129, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

130.    To the extent Paragraph 130 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 130, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

131.    To the extent Paragraph 131 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 131, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

132.    To the extent Paragraph 132 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 132, except admit that Plaintiffs purport to quote from and reference a letter sent to patients enrolled at InnovAge's San Bernardino, California facility, and respectfully refer the Court to the referenced document for its true and complete contents.

133.     To the extent Paragraph 133 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 133, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

134.     To the extent Paragraph 134 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 134, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

135.     To the extent Paragraph 135 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 135 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 135, except admit that Plaintiffs purport to quote from and reference the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

136.     To the extent Paragraph 136 relates to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response

is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 136, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

137.    To the extent Paragraph 137 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 137.

138.    To the extent Paragraph 138 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 138, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

139.    To the extent Paragraph 139 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 139, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

140.    To the extent Paragraph 140 relates to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter

Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 140, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

141. To the extent Paragraph 141 relates to claims not asserted against the Underwriter Defendants, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 141, except admit that Plaintiffs purport to quote from an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

**E. For Years, Internal and External Audits Revealed the Widespread Dysfunction, Systemic Deficiencies, and Substandard Care at InnovAge's Centers in Every State**

142. To the extent the allegations of Paragraph 142 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 142.

**1. California**

143. To the extent the allegations of Paragraph 143 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 143, except admit that a complaint asserting claims under the False Claims Act was filed by a former InnovAge employee on July 25, 2019 (the "Qui Tam Complaint") in an action captioned *Karen*

*Lapchewich ex rel. United States v. Total Community Options, Inc.*, 19-cv-01370-DMG-SP (C.D. Cal. July 25, 2019), and aver that on April 2, 2020, the Qui Tam Complaint was voluntarily dismissed and unsealed, making the complaint publicly available and respectfully refer the Court to the Qui Tam Complaint and any attachments thereto for their true and complete contents.

144.    To the extent the allegations of Paragraph 144 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 144, except admit that Plaintiffs purport to reference InnovAge's internal audit reports, and respectfully refer the Court to the referenced documents for their true and complete contents.

145.    To the extent the allegations of Paragraph 145 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 145, except admit that Plaintiffs purport to quote from and reference the Qui Tam Complaint and certain mock audit reports, and respectfully refer the Court to the referenced documents for their true and complete contents.

146.    To the extent the allegations of Paragraph 146 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 146, except admit that Plaintiffs purport to reference

41

the Qui Tam Complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

147.    To the extent the allegations of Paragraph 147 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 147.

148.    To the extent the allegations of Paragraph 148 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 148, except admit that Plaintiffs purport to quote from and reference an attachment to the Qui Tam Complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

149.    To the extent the allegations of Paragraph 149 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  The Underwriter Defendants deny the allegations of Paragraph 149, except lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 149, except admit that Plaintiffs purport to quote from the Qui Tam Complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

150.    To the extent the allegations of Paragraph 150 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 150, except admit that

42

Plaintiffs purport to reference certain CMS public records, and respectfully refer the Court to the referenced documents for their true and complete contents.

151. To the extent the allegations of Paragraph 150 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 151, except admit that Plaintiffs purport to reference certain CMS audit reports, and respectfully refer the Court to the referenced documents for their complete and accurate contents.

152. To the extent the allegations of Paragraph 152 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 152, except admit that Plaintiffs purport to quote from and reference certain CMS audit reports, and respectfully refer the Court to the referenced documents for their true and complete contents.

153. To the extent the allegations of Paragraph 153 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 153.

154. To the extent the allegations of Paragraph 154 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 154, except admit that

Plaintiffs purport to reference an August 9, 2019 email, and respectfully refer the Court to the referenced document for its true and complete contents.

### 2.    Colorado

155.    To the extent the allegations of Paragraph 155 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 155.

156.    To the extent the allegations of Paragraph 156 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 156, except admit that CMS issued an audit report of InnovAge on November 9, 2017 and respectfully refer the Court to the referenced document for its true and complete contents.

157.    To the extent the allegations of Paragraph 157 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 157, except admit that CMS issued an audit report of InnovAge on September 30, 2019 and respectfully refer the Court to the referenced document for its true and complete contents.

158.    To the extent the allegations of Paragraph 158 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the

44

truth or falsity of the allegations of Paragraph 158, except admit that Plaintiffs purport to quote from and reference inspection findings by the Colorado Department of Public Health & Environment ("CDPHE"), and respectfully refer the Court to the referenced document for its true and complete contents.

159.    To the extent the allegations of Paragraph 159 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 159, except admit that Plaintiffs purport to quote from and reference a letter from the Colorado Department of Health Care Policy and Financing ("HCPF"), and respectfully refer the Court to the referenced document for its true and complete contents.

160.    To the extent the allegations of Paragraph 160 relate to claims not asserted against the Underwriter Defendants or purport to state legal conclusions, no response is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 158, except admit that Plaintiffs purport to quote from and reference a letter HCPF, and respectfully refer the Court to the referenced document for its true and complete contents.

161.    The Underwriter Defendants deny the allegations of Paragraph 161, except lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 161, except admit that Plaintiffs purport to quote from and reference certain CDPHE citations, and respectfully refer the Court to the referenced documents for their true and complete contents.

162.    The Underwriter Defendants deny the allegations of Paragraph 162, insofar as directed at them.

163.    The Underwriter Defendants deny the allegations of Paragraph 163, insofar as directed at them.

164.    The Underwriter Defendants deny the allegations of Paragraph 164, insofar as directed at them.

165.    The Underwriter Defendants deny the allegations of Paragraph 165, insofar as directed at them, except admit that Plaintiffs purport to reference an InnovAge cease and desist letter, and respectfully refer the Court to the referenced document for its true and complete contents.

166.    The Underwriter Defendants deny the allegations of Paragraph 166, insofar as directed at them.

167.    The Underwriter Defendants deny the allegations of Paragraph 167, insofar as directed at them.

III.    **InnovAge Launches Successful IPO Based on Its Patient-Centered Care Model and Track Record of Enrollment Growth**

168.    The Underwriter Defendants deny the allegations of Paragraph 168, except admit that on February 8, 2021, InnovAge filed a Registration Statement on Form S-1, which was subsequently amended on February 24 and 26 and March 3 and which offered 16,666,667 shares of InnovAge common stock at a price of $21.00, and respectfully refer the Court to the Offering Documents for their true and complete contents.

169.    To the extent the allegations of Paragraph 169 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the

46

Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 169, except admit that Plaintiffs purport to quote from a *Home Health Care News* article, and respectfully refer the Court to the referenced document for its true and complete contents.

170. The Underwriter Defendants deny the allegations of Paragraph 170, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

171. The Underwriter Defendants deny the allegations of Paragraph 171, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

172. The Underwriter Defendants deny the allegations of Paragraph 172, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

173. The Underwriter Defendants deny the allegations of Paragraph 173, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

174. The Underwriter Defendants deny the allegations of Paragraph 174, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that

Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

175.    The Underwriter Defendants deny the allegations of Paragraph 175, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

176.    The Underwriter Defendants deny the allegations of Paragraph 176, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

177.    The Underwriter Defendants deny the allegations of Paragraph 177, including any allegation or suggestion that the Offering Documents were false and misleading, except admit that Plaintiffs purport to quote from the Offering Documents, and respectfully refer the Court to the referenced documents for their true and complete contents.

178.    The Underwriter Defendants deny the allegations of Paragraph 178, insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 178, except admit the allegations in the third sentence of Paragraph 178, and respectfully refer the Court to the Offering Documents for their true and complete contents and to public market sources for a true and accurate record of the stock price on the relevant days.

179.   To the extent the allegations of Paragraph 179 relate to claims not asserted against the Underwriter Defendants, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 179.

IV.   **Unknown to Investors, Defendants Misrepresented InnovAge's Care Model and Growth Strategy**

A.   **Days after the IPO, Colorado Notifies InnovAge About Complaints of Staff Shortages, Caseload Size, Scheduling, and Inadequate Medical Care**

180.   The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 180, except admit that Plaintiffs purport to quote from and reference a March 10, 2021 HCPF letter, and respectfully refer the Court to the referenced document for its true and complete contents.

181.   The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 181, except admit that Plaintiffs purport to quote from and reference a March 10, 2021 HCPF letter, and respectfully refer the Court to the referenced document for its true and complete contents.

182.   The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 182, except admit that Plaintiffs purport to quote from and reference a March 2021 letter, and respectfully refer the Court to the referenced document for its true and complete contents.

183.   The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 183.

49

184. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 184, except admit that Plaintiffs purport to quote from and reference an April 23, 2021 *The Capitol Forum* article, and respectfully refer the Court to the referenced document for its true and complete contents.

185. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 185, except admit that Plaintiffs purport to quote from and reference an April 23, 2021 article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

186. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 186, except admit that Plaintiffs purport to quote from and reference an April 23, 2021 *The Capitol Forum* article, and respectfully refer the Court to the referenced document for its true and complete contents.

187. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 187, except admit that Plaintiffs purport to quote from and reference an April 23, 2021 *The Capitol Forum* article, and respectfully refer the Court to the referenced document for its true and complete contents.

188. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 186, except admit that Plaintiffs purport to quote from and reference an April 23, 2021 *The Capitol Forum* article, and respectfully refer the Court to the referenced document for its true and complete contents.

189. The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 189, except admit that Plaintiffs

purport to quote from and reference an April 23, 2021 *The Capitol Forum* article, and respectfully refer the Court to the referenced document for its true and complete contents.

**B.      InnovAge Orders Staff to "Clean Up" Evidence of Delays at Its Centers in Advance of Expected Audits of Colorado and Sacramento Facilities**

190.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 190.

191.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 191, except admit that Plaintiffs purport to quote from and reference an April 2021 email, and respectfully refer the Court to the referenced document for its true and complete contents.

192.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 192, except admit that Plaintiffs purport to quote from and reference an article by *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

193.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 193.

194.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 194, except admit that Plaintiffs purport to reference certain CMS guidance, and respectfully refer the Court to the referenced document for its true and complete contents.

51

**C.      Post-IPO, Defendants Continue to Represent That InnovAge's Patient-Centered Care Model Is the Key to Its Growth Strategy and Financial Performance**

195.      The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 195, except admit that Plaintiffs purport to quote from and reference the transcript an interview with Home Healthcare News, and respectfully refer the Court to the referenced document for its true and complete contents.

196.      The Underwriter Defendants deny the allegations of Paragraph 196 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 197, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's May 10, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

197.      The Underwriter Defendants deny the allegations of Paragraph 197 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 197, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's May 10, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

198.      The Underwriter Defendants deny the allegations of Paragraph 198 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 198, except admit that Plaintiffs purport to quote from and reference the transcript of

52

InnovAge's May 10, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

199.    The Underwriter Defendants deny the allegations of Paragraph 199 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 199, except admit that Plaintiffs purport to quote from and reference research reports published by Barclays, Piper Sandler, and William Blair regarding InnovAge, and respectfully refer the Court to the referenced documents for their true and complete contents.  To the extent Paragraph 199 relates to claims not asserted against the Underwriter Defendants that are not referenced in Paragraph 199, no response is required.

**D.      Colorado Regulators Begin Surprise Audit of InnovAge's Colorado Programs to Assess Staff Shortages, High Turnover, and Insufficient Medical Care**

200.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 200.

201.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 201, except admit that Plaintiffs purport to reference an article from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

202.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 202, except admit that Plaintiffs purport to quote from and reference a July 15, 2021 *The Capitol Forum* report, and respectfully refer the Court to the referenced document for its true and complete contents.

203.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 203, except admit that Plaintiffs purport to quote from and reference a July 15, 2021 *The Capitol Forum* report, and respectfully refer the Court to the referenced document for its true and complete contents.

204.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 204, except admit that Plaintiffs purport to quote from and reference an August 26, 2021 *The Capitol Forum* report, and respectfully refer the Court to the referenced document for its true and complete contents.

205.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 205, except admit that Plaintiffs purport to quote from and reference an August 26, 2021 *The Capitol Forum* report, and respectfully refer the Court to the referenced document for its true and complete contents.

206.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 206, except admit that Plaintiffs purport to quote from and reference a September 2, 2021 *The Capitol Forum* report, and respectfully refer the Court to the referenced document for its true and complete contents.

207.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 207, except admit that Plaintiffs purport to quote from and reference a September 2, 2021 *The Capitol Forum* report, and respectfully refer the Court to the referenced document for its true and complete contents.

208.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 208, except admit that Plaintiffs

purport to reference the transcript of a September 10, 2021 InnovAge staff call, and respectfully refer the Court to the referenced document for its true and complete contents.

209.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 209, except admit that Plaintiffs purport to quote from and reference a report from *The Capitol Forum*, and respectfully refer the Court to the referenced document for its true and complete contents.

E.    **After CMS Suspends Enrollment at InnovAge's Sacramento Center, Defendants Reassure Investors That the Problems Are Limited and Isolated**

210.    The Underwriter Defendants deny the allegations of Paragraph 210 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 210, except admit that Plaintiffs purport to quote from and reference a September 17, 2021 letter from CMS, and respectfully refer the Court to the referenced document for its true and complete contents.

211.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 211, except admit that Plaintiffs purport to quote from and reference InnovAge's 2021 Form 10-K, and respectfully refer the Court to the referenced document for its true and complete contents.

212.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 212, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's September 21, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

55

213.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 213, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's September 21, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

214.    The Underwriter Defendants deny that any stock price movement or purported investor harm was the result of any alleged misstatement or omission in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 214, except admit that Plaintiffs purport to quote from and reference certain analyst reports regarding InnovAge, and respectfully refer the Court to the referenced documents for their true and complete contents.

215.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 215, except admit that Plaintiffs purport to quote from and reference an October 9, 2021 *The Gazette* article, and respectfully refer the Court to the referenced document for its true and complete contents.

216.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 216, except admit that Plaintiffs purport to reference InnovAge's Form 10-Q filed on November 9, 2021 and the transcript of InnovAge's earnings call from that same day, and respectfully refer the Court to the referenced documents for their true and complete contents.

56

217.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 217, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's November 9, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

218.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 218, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's November 9, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

219.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 219, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's November 9, 2021 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

220.    The Underwriter Defendants deny the allegations of Paragraph 220, insofar as directed at them, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 220, except admit that Plaintiffs purport to quote from research reports published by Barclays, Piper Sandler, and William Blair, and respectfully refer the Court to the referenced documents for their true and complete contents.  To the extent Paragraph 220 relates to claims not asserted against the Underwriter Defendants that are not referenced in Paragraph 220, no response is required.

221.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 221, except admit that Plaintiffs

purport to reference a November 11, 2021 *The Capitol Forum* article, and respectfully refer the Court to the referenced document for its true and complete contents.

222.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 222, except admit that Plaintiffs purport to quote from and reference a November 13, 2021 *MarketWatch* article, and respectfully refer the Court to the referenced document for its true and complete contents.

223.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 223, except admit that Plaintiffs purport to quote from and reference a November 13, 2021 *MarketWatch* article, and respectfully refer the Court to the referenced document for its true and complete contents.

### F.    InnovAge's Stock Price Plummets after CMS and Colorado Suspend Enrollment at the Company's Colorado Centers

224.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 224, except admit that Plaintiffs purport to quote from and reference a December 22, 2021 letter from CMS, and respectfully refer the Court to the referenced document for its true and complete contents.

225.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 225, except admit that Plaintiffs purport to quote from and reference a December 22, 2021 letter from CMS, and respectfully refer the Court to the referenced document for its true and complete contents.

226.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 226, except admit that Plaintiffs

58

purport to quote from and reference a December 22, 2021 letter from CMS, and respectfully refer the Court to the referenced document for its true and complete contents.

227.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 227.

228.    The Underwriter Defendants deny the allegations of Paragraph 228, except admit that Plaintiffs purport to quote from research reports published by Barclays, Piper Sandler, and William Blair, and respectfully refer the Court to the referenced documents for their true and complete contents.  To the extent Paragraph 228 relates to claims not asserted against the Underwriter Defendants that are not referenced in Paragraph 228, no response is required.

229.    To the extent the allegations of Paragraph 229 purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny that any stock price movements or purported investor harm was the result of any alleged misstatement or omission in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

V.    **Subsequent Events**

230.    The Underwriter Defendants deny the allegations of Paragraph 230 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 230.

231.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 231, except the Underwriter

Defendants aver on information and belief that Defendant Hewitt resigned as President and CEO effective January 1, 2022 and Patrick Blair was appointed President and CEO effective January 1, 2022.

232.    The Underwriter Defendants deny the allegations of Paragraph 232 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 232, except admit that Plaintiffs purport to quote from and reference InnovAge's February 9, 2022 press release and Form 10-Q for 2Q 2022, and respectfully refer the Court to the referenced documents for their true and complete contents.

233.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 233, except admit that Plaintiffs purport to quote from and reference InnovAge's May 10, 2022 press release and Form 10-Q for 3Q 2022, and respectfully refer the Court to the referenced documents for their true and complete contents.

234.    The Underwriter Defendants deny the allegations of Paragraph 234 to the extent they assert or suggest that the Offering Documents were false and misleading, and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 234, except admit that Plaintiffs purport to quote from and reference InnovAge's Form 10-Q for 3Q 2022, and respectfully refer the Court to the referenced document for its true and complete contents.

235.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 235, except admit that Plaintiffs

purport to quote from and reference the transcript of InnovAge's May 10, 2022 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

236.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 236, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's May 10, 2022 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

237.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 237, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's May 10, 2022 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

238.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 238, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's May 10, 2022 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

239.    The Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 239, except admit that Plaintiffs purport to quote from and reference the transcript of InnovAge's May 10, 2022 earnings call, and respectfully refer the Court to the referenced document for its true and complete contents.

## EXCHANGE ACT VIOLATIONS

**I.    Materially False and Misleading Statements and Omissions During the Class Period**

240.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.  To the extent the allegations of Paragraph 240 assert or

61

suggest that the Offering Documents were false and misleading, the Underwriter Defendants deny such allegations.

### A.    March 2021 Offering Documents

241.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.  To the extent the allegations of Paragraph 241 assert or suggest that the Offering Documents were false and misleading, the Underwriter Defendants deny such allegations.

242.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.  To the extent the allegations of Paragraph 242 assert or suggest that the Offering Documents were false and misleading, the Underwriter Defendants deny such allegations.

243.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.  To the extent the allegations of Paragraph 243 assert or suggest that the Offering Documents were false and misleading, the Underwriter Defendants deny such allegations.

244.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.  To the extent the allegations of Paragraph 244 assert or suggest that the Offering Documents were false and misleading, the Underwriter Defendants deny such allegations.

245.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.  To the extent the allegations of Paragraph 245 assert or

suggest that the Offering Documents were false and misleading, the Underwriter Defendants deny such allegations.

**B.      Third Quarter 2021 Press Release, Earnings Call, and Quarterly Report**

**1.      May 10, 2021 Press Release**

246.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

247.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**2.      May 10, 2021 Earnings Call**

248.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

249.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**3.      May 11, 2021 Quarterly Report**

250.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

251.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**C.      Fourth Quarter 2021 Press Release, Earnings Call, and Annual Report**

**1.      September 21, 2021 Press Release**

252.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

253. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

### 2. September 21, 2021 Earnings Call

254. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

255. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

### 3. September 22, 2021 Annual Report

256. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

257. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

### D. First Quarter 2022 Press Release, Earnings Call, and Quarterly Report

### 1. November 9, 2021 Press Release and Earnings Call

258. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

259. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

260. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

### 2.    November 9, 2021 Quarterly Report

261.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

## II.    Summary of Scienter Allegations

262.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

263.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

264.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

265.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

266.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

### A.    InnovAge's Admissions Establish Hewitt's and Gutierrez's Scienter

267.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

268.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

### B.    InnovAge's Historical and Projected Enrollment Growth Was the Most Important Factor Informing the Company's Valuation

269.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

65

270. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

271. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

272. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**C.      InnovAge and the Officer Defendants Closely Monitored Reports on Enrollment Growth, Regulatory Compliance, Staffing, and Quality of Care**

273. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

274. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

275. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

276. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**D.      Concealment and Obstruction of Government Audits**

277. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

[156.][1] Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

---

[1] The Amended Complaint incorrectly numbers this Paragraph 156 and then continues with the following paragraph being numbered Paragraph 278.  Rather than treat this correctly as the 278th paragraph, the Underwriter Defendants

**E.    The Ouster or Resignations of InnovAge's Chief Executive Officer and Chief Medical Officer**

278.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**F.    The Defendants Were Financially Motivated to Perpetrate the Fraud**

279.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**G.    Defendants Hewitt's and Gutierrez's Scienter Is Imputed to the Company**

280.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**III.    Loss Causation and Economic Loss**

281.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

282.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

283.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

284.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

285.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

---

adopt Plaintiffs' erroneous paragraph numbering to maintain consistency between the numbering in the Amended Complaint and this Answer.

286. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

287. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

288. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

289. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

290. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**IV.  Presumption of Reliance**

291. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

292. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

293. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**V.  Exchange Act Class Action Allegations**

294. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

295. Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

296.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

297.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

298.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

299.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

300.    Paragraphs 240 – 300 relate to claims not asserted against the Underwriter Defendants and no response is required.

**VI.    Inapplicability of the Statutory Safe Harbor and Bespeaks-Caution Doctrine**

301.    To the extent the allegations of Paragraph 301 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 301.

302.    To the extent the allegations of Paragraph 302 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 302.

303.    To the extent the allegations of Paragraph 303 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no

response is required.  To the extent a response is required, the Underwriter Defendants deny the

allegations of Paragraph 303.

## VII.    Exchange Act Causes of Action

### Count I: Violation of Section 10(b) of the Exchange Act

### (Against All Exchange Act Defendants)

304.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

305.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

306.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

307.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

308.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

309.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

310.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

311.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter

Defendants and no response is required.

312.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

**Count II: Violation of Section 20(a) of the Exchange Act**

**(Against the Officer Defendants and Defendants WCAS and Apax)**

313.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

314.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

315.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

316.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

317.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

318.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

319.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

320.    Paragraphs 304 – 320 relate to claims not asserted against the Underwriter Defendants and no response is required.

71

**SECURITIES ACT VIOLATIONS**

321.    To the extent the allegations of Paragraph 321 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 321, except admit that Plaintiffs purport to assert claims pursuant to the statute cited therein.

322.    To the extent the allegations of Paragraph 322 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 322.

323.    To the extent the allegations of Paragraph 323 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 323, except admit that Plaintiffs purport to bring claims under the statute referenced therein, and admit the existence of the Offering Documents, and respectfully refer the Court to those documents for their true and complete contents.

324.    To the extent the allegations of Paragraph 324 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 324, including any allegation or suggestion that the Offering Documents were false or misleading, or that the Underwriter Defendants failed to conduct adequate due diligence.

325.    To the extent the allegations of Paragraph 325 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 325, including any allegation or suggestion that the Offering Documents were false or misleading, or that the Underwriter Defendants failed to conduct adequate due diligence.

326.    To the extent the allegations of Paragraph 326 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.

I.    **False and Misleading Statements in the Offering Documents**

327.    The claims based on Paragraphs 327(a), (c)-(e), (g), and (i)-(l) have been dismissed and no response is required.  To the extent the allegations of Paragraphs 327(b), (f) and (h) relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraphs 327(b), (f) and (h), including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence, and respectfully refer the Court to the Offering Documents for their true and complete contents.

328.    The claims based on Paragraphs 328(a), (c)-(e), (g), and (i)-(l) have been dismissed and no response is required.  To the extent the allegations of at Paragraphs 328(b), (f) and (h) relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraphs 328(b), (f) and (h), including any

73

allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence, and respectfully refer the Court to the Offering Documents for their true and complete contents.

329. The allegations of Paragraph 329 relate to the Dismissed Claims and no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 329 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

330. The allegations of Paragraph 330 relate to the Dismissed Claims and no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 330 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

331. The allegations of Paragraph 331 relate to the Dismissed Claims and no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 331 insofar as directed at them, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

## II.    Securities Act Class Action Allegations

332. To the extent the allegations of Paragraph 332 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants deny any

74

allegation or suggestion in Paragraph 332 that the Offering Documents were false and misleading. The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment.  The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 332.

333.    To the extent the allegations of Paragraph 333 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 333 that the Offering Documents were false and misleading. The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment.  The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 333, except admit that as of September 14, 2021, InnovAge had over 135 million shares of common stock outstanding.

334.    To the extent the allegations of Paragraph 334 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 334 that the Offering Documents were false and misleading. The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a

putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment. The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 334.

335. To the extent the allegations of Paragraph 335 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment. The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 335.

336. To the extent the allegations of Paragraph 336 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 336 that the Offering Documents were false and misleading. The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment. The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 336.

337.    To the extent the allegations of Paragraph 337 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 337 that the Offering Documents were false and misleading. The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment.  The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 337.

### III.    The Securities Act Defendants Failed to Conduct a Reasonable Investigation and Exercise Reasonable Care in Connection with the Offering

338.    To the extent the allegations of Paragraph 338 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 338, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

339.    To the extent the allegations of Paragraph 339 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 339, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

340.    To the extent the allegations of Paragraph 340 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 340, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

341.    To the extent the allegations of Paragraph 341 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 341, except admit that Plaintiffs purport to reference a 2020 audit report and certain correspondence and submissions exchanged between InnovAge and Colorado regulators, and respectfully refer the Court to the referenced documents for their true and complete contents.

342.    To the extent the allegations of Paragraph 342 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 342, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

343.    To the extent the allegations of Paragraph 343 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the

allegations of Paragraph 343, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

344.    To the extent the allegations of Paragraph 344 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 344, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

345.    To the extent the allegations of Paragraph 345 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 345, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

346.    To the extent the allegations of Paragraph 346 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 346, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

347.    Paragraph 347 relates to claims not asserted against the Underwriter Defendants and no response is required.

348.    To the extent the allegations of Paragraph 348 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 348, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to conduct adequate due diligence.

## IV.    Securities Act Causes of Action

### Count III: Violation of Section 11 of the Securities Act

### (Against InnovAge, the Securities Act Individual Defendants, and the Underwriter Defendants)

349.    To the extent the allegations of Paragraph 349 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants repeat and restate their answers to each paragraph above as if fully set forth herein.

350.    To the extent the allegations of Paragraph 349 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 350, except admit that Plaintiffs purport to bring this action under the statute specified therein.

351.    To the extent the allegations of Paragraph 351 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no

response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 351.

352.     Paragraph 352 relates to claims not asserted against the Underwriter Defendants and no response is required.

353.     Paragraph 353 relates to claims not asserted against the Underwriter Defendants and no response is required.

354.     To the extent the allegations of Paragraph 354 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 354, except admit that they performed underwriting services in connection with the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements related thereto.

355.     To the extent the allegations of Paragraph 355 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 355, including any allegation or suggestion that the Offering Documents were false and misleading or that the Underwriter Defendants failed to perform adequate due diligence.

356.     To the extent the allegations of Paragraph 356 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 356, including any allegation or suggestion that the Offering Documents

were false and misleading or that the Underwriter Defendants failed to perform adequate due diligence.

357.    To the extent the allegations of Paragraph 357 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 357, except admit that Plaintiffs purport to define the term "Securities Act Class."

358.    To the extent the allegations of Paragraph 358 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny that any stock price movements or purported investor harm was the result of any alleged misstatement or omission in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of InnovAge's stock price on the relevant days.

359.    To the extent the allegations of Paragraph 359 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 359, except lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 359 concerning the knowledge of Plaintiffs and other members of the putative class.

360.    To the extent the allegations of Paragraph 360 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no

82

response is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 360 to the extent they allege or suggest that the Offering Documents were false and misleading and otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 360.

<strong>Count IV: Violation of Section 12(a)(2) of the Securities Act</strong>

<strong>(Against InnovAge and the Underwriter Defendants)</strong>

361. To the extent the allegations of Paragraph 361 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, the Defendant JPM repeats and restates its answers to each paragraph above as if fully set forth herein.

362. To the extent the allegations of Paragraph 362 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, Defendant JPM denies the allegations of Paragraph 362, except admits that Plaintiff Indiana purports to bring a claim against JPM under Section 12(a)(2).

363. To the extent the allegations of Paragraph 363 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required. To the extent a response is required, Defendant JPM denies the allegations of Paragraph 363, except admits that Plaintiff Indiana purports to bring a claim against JPM under Section 12(a)(2).

364. To the extent the allegations of Paragraph 364 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no

83

response is required.  To the extent a response is required, Defendant JPM dienes the allegations of Paragraph 364, including any allegation or suggestion that the Offering Documents were false and misleading or that Defendant JPM failed to conduct adequate due diligence.

365.   To the extent the allegations of Paragraph 365 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendant JPM dienes the allegations of Paragraph 365, including any allegation or suggestion that the Offering Documents were false and misleading or that Defendant JPM failed to conduct adequate due diligence.

366.   To the extent the allegations of Paragraph 366 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendant JPM denies the allegations of Paragraph 366, including any allegation or suggestion that the Offering Documents were false and misleading or that Defendant JPM failed to conduct adequate due diligence, except lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations of Paragraph 366 regarding the knowledge of Plaintiffs and members of the putative class.

367.   To the extent the allegations of Paragraph 367 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendant JPM denies the allegations of Paragraph 367.

368.   To the extent the allegations of Paragraph 368 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no

response is required.  To the extent a response is required, Defendant JPM denies the allegations of Paragraph 368.

369.    To the extent the allegations of Paragraph 369 relate to claims not asserted against the Underwriter Defendants or to the Dismissed Claims, or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendant JPM denies the allegations of Paragraph 369.

**Count V: Violation of Section 15 of the Securities Act**

**(Against the Securities Act Individual Defendants and Defendants WCAS and Apax)**

370.    Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.  To the extent a response is required, the Underwriter Defendants repeat and restate their answers to each paragraph above as if fully set forth herein.

371.    Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

372.    Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

373.    Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

374.    Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

375.    Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

376. Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

377. Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

378. Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

379. Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

380. Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

381. Paragraphs 370 – 381 relate to claims not asserted against the Underwriter Defendants and no response is required.

**PRAYER FOR RELIEF**

382. The Underwriter Defendants deny that Plaintiffs and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice and/or enter judgment in the Underwriter Defendants' favor on all such claims and order such further relief as the Court deems just and proper. The Underwriter Defendants further deny that this case is appropriate for class action treatment.

**JURY TRIAL DEMANDED**

No response is required to Plaintiffs' demand for a jury trial.

## AFFIRMATIVE DEFENSES

The Underwriter Defendants do not relieve Plaintiffs of proving under the appropriate standard of proof all elements of the claims they allege.  Without admitting any wrongful conduct on their part, and without assuming any burden of proof or persuasion or presentation or production of evidence that they would not otherwise bear, the Underwriter Defendants assert the following defenses.  The Underwriter Defendants reserve the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise, such defenses subsequently come to light, and the Underwriter Defendants expressly reserve the right to rely on and/or assert any defense or affirmative defense raised by any other defendants in their respective answers to the Amended Complaint.

## FIRST DEFENSE

The Amended Complaint fails to state any claim against any Underwriter Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs and members of the putative class lack standing to maintain their claims under Section 11 of the Securities Act of 1933 (the "Securities Act") to the extent that they cannot demonstrate a purchase of securities traceable to the IPO.

## THIRD DEFENSE

Plaintiffs and members of the putative class lack standing to maintain their claims under Section 12 of the Securities Act against the Underwriter Defendants to the extent they did not purchase InnovAge securities in the IPO from the Underwriter Defendants.

87

**FOURTH DEFENSE**

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because Plaintiffs have not suffered any injury or harm as a result of the actions of any Underwriter Defendant alleged in the Amended Complaint.

**FIFTH DEFENSE**

The Underwriter Defendants had no duty to disclose any facts allegedly not disclosed or to characterize disclosed facts pejoratively.

**SIXTH DEFENSE**

The Underwriter Defendants are not liable because any alleged misrepresentation or omission for which the Underwriter Defendants are allegedly responsible was not material.

**SEVENTH DEFENSE**

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged misstatement or omission in the Offering Documents was false or misleading.

**EIGHTH DEFENSE**

The Underwriter Defendants are not liable because they acted at all times with reasonable care and due diligence and had, after reasonable investigation, reasonable grounds to believe, and did believe, as the Offering Documents became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**NINTH DEFENSE**

The Underwriter Defendants are not liable to the extent that the acts or omissions alleged

in the Amended Complaint related to portions of the Offering Documents reviewed by experts retained to assist in preparing such documents, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading.

## TENTH DEFENSE

The Underwriter Defendants are not liable because they were entitled to rely and did rely reasonably and in good faith upon the written opinion of the Company's counsel and other representations and opinions provided to the Underwriter Defendants in connection with the Offering Documents that, subject to the conditions stated therein, the Offering Documents did not violate Section 11 of the Securities Act.

## ELEVENTH DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the lack of loss causation and because the Offering Materials and the Underwriter Defendants did not cause any losses.

## TWELFTH DEFENSE

Plaintiffs cannot recover all or part of the amounts they aver is recoverable under the Securities Act because such amounts represent losses caused by factors other than the depreciation in value of InnovAge securities at issue resulting from such part of the Offering Documents that Plaintiffs aver was untrue or omitted to state a material fact required to be stated therein to make a statement not misleading.

## THIRTEENTH DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the lack of transaction causation.

## FOURTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, by the bespeaks caution doctrine.

## FIFTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because they did not acquire the Securities relying on any alleged untrue statement of a material fact in the Offering Materials or relying upon the Offering Materials and not knowing of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## SIXTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, at the time Plaintiffs acquired the Securities, Plaintiffs knew or should have known of any alleged untrue statement of a material fact in the Offering Materials or of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## SEVENTEENTH DEFENSE

The Underwriter Defendants allege, upon information and belief, that if and to the extent the Offering Documents and materials incorporated therein are found to have false or misleading, the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. The substance of the allegedly

90

material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in public filings and announcements, in the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## EIGHTEENTH DEFENSE

Plaintiffs voluntarily assumed the risk of injury and damages alleged in the Amended Complaint, if in fact any injury or damages have been sustained, which the Underwriter Defendants expressly deny.

## NINETEENTH DEFENSE

Plaintiffs have failed to mitigate or attempt to mitigate damages, if in fact any damages have been sustained, which the Underwriter Defendants expressly deny, and any recovery by Plaintiffs must be barred or diminished by reason thereof.

## TWENTIETH DEFENSE

The Underwriter Defendants are not liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific securities underwritten and distributed by each Underwriter Defendant were offered for sale.

## TWENTY-FIRST DEFENSE

This action is not properly maintainable as a class action pursuant to Fed. R. Civ. P. 23.

## TWENTY-SECOND DEFENSE

The Underwriter Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other Defendants to the extent that the Underwriter Defendants may share in such a defense.

91

### TWENTY-THIRD DEFENSE

In the event that a final judgment is rendered against any of the Defendants, each Underwriter Defendant is liable solely for the portion of the judgment that corresponds to the percentage of their responsibility because the Underwriter Defendants did not knowingly commit a violation of the federal securities laws.

### TWENTY-FOURTH DEFENSE

The Underwriter Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

DATED at New York, New York this 4th day of March, 2024.

Respectfully submitted,

FRESHFIELDS BRUCKHAUS
DERINGER US LLP

   /s/ Mary Eaton

Mary Eaton
Nicholas A. Caselli
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
Tel.: (212) 277-4000
mary.eaton@freshfields.com
nicholas.caselli@freshfields.com

*Counsel for J.P. Morgan Securities LLC,
Barclays Capital Inc., Goldman Sachs &
Co. LLC, Citigroup Global Markets Inc.,
Robert W. Baird & Co. Incorporated,
William Blair & Company, L.L.C., Piper
Sandler & Co., Capital One Securities,
Inc., Loop Capital Markets LLC, Siebert
Williams Shank & Co., LLC, and Roberts
& Ryan Investments, Inc.*

93

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2024, I electronically filed a true and correct copy of the foregoing **UNDERWRITER DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record, including:

Cecil E. Morris
cmorris@fwlaw.com

Adrian Peter Castro
acastro@fwlaw.com

Julie G. Reiser
jreiser@cohenmilstein.com

Stephen Douglas Bunch
dbunch@cohenmilstein.com

Jan E. Messerschmidt
jmesserschmidt@cohenmilstein.com

Carol V. Gilden
cgilden@cohenmilstein.com

Manuel Juan Dominguez
jdominguez@cohenmilstein.com

Molly Judith Bowen
mbowen@cohenmilstein.com

Brendan R. Schneiderman
bschneiderman@cohenmilstein.com

Karen P. Seymour
seymourk@sullcrom.com

Diane L. McGimsey
mcgimseyd@sullcrom.com

Michelle Keast-Nachtrab

94

michelle.keast-nachtrab@wilmerhale.com

Matthew D. Benedetto
matthew.benedetto@wilmerhale.com

Peter A. Kurtz
peter.kurtz@wilmerhale.com

I also contemporaneously served a copy on my clients.

        */s/ Mary Eaton*
        Mary Eaton