# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, and INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, AND
ROBERTS & RYAN INVESTMENTS, INC.,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs, the El Paso Firemen & Policemen's Pension Fund ("El Paso"), San Antonio Fire & Police Pension Fund ("San Antonio"), and Indiana Public Retirement System ("Indiana"), and Defendants InnovAge Holding Corp ("InnovAge"), Maureen Hewitt, Barbara Gutierrez, John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor, Richard Zoretic, Welsh, Carson, Anderson & Stowe, Apax Partners US, LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., Piper Sandler & Co., Capital One Securities, Inc., Loop Capital Markets LLC, Siebert Williams Shank & Co., LLC, and Roberts & Ryan Investments, Inc., each of whom individually is referred to herein as a "Party," and collectively, the "Parties," by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Court's Electronic Case Filing Procedures VI sets forth the

procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party reasonably and in good faith believes contains or reflects (1) "a trade secret or other confidential research, development, or commercial information" that may be subject to a protective order under Fed. R. Civ. Pro. 26(c)(1)(G), or otherwise contains information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: personal financial information, private personnel information and other proprietary business information, and (2) information that would otherwise be considered confidential in the jurisdiction in which the information or item originated or is required by law or agreement to be kept confidential.

2.3    Counsel (without qualifier): Outside Counsel and In-House Counsel, as well as their support staff.

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

STIPULATED PROTECTIVE ORDER

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY CONFIDENTIAL" information or items: information that the Designating Party reasonably and in good faith believes to be Protected Health Information, other medical information, social security numbers, home telephone numbers and addresses, and tax returns, and other competitively sensitive non-public information.

2.8     In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action that is also a Designating Party.

2.10    Outside Counsel: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Protected Health Information:  individually identifiable health information as set forth in 45 C.F.R. § 160.103.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

STIPULATED PROTECTIVE ORDER

processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards, where reasonably feasible, and will only make such designation if there is a reasonable and good faith belief that such designation is warranted. The Designating Party agrees, where reasonably practicable and not unduly burdensome, to designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each document that contains Protected Material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the

STIPULATED PROTECTIVE ORDER

designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each document that contains Protected Material.

(b)      Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Stipulated Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases the court reporter shall be informed of this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulated Protective Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulated Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

STIPULATED PROTECTIVE ORDER

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2    Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13.

STIPULATED PROTECTIVE ORDER

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    the Receiving Party's Outside Counsel in this action, as well as employees and contractors of said Outside Counsel;

(c)    the officers, directors, employees, and contractors assisting in the prosecution or defense of the litigation (including In-House Counsel) of the Receiving Party;

(d)    Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

(f)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(g)    mediators and their staff who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h)    court reporters, videographers, and their staff;

(i)    professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)    witnesses providing testimony during their depositions in this action. Pages of transcribed deposition testimony or exhibits used during depositions that reveal Protected Material

must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees and contractors of said Outside Counsel;

(b) Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, but only to the extent necessary to provide such services in connection with the litigation of this action and only after being informed of the provisions of this Stipulation and agreeing to abide by its terms;

(e) mediators and their staff who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f) court reporters, videographers, and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER

(h) witnesses providing testimony during their depositions in this action who possessed or knew the information or in the course of their job responsibilities, had the right to access or know the information. Pages of transcribed deposition testimony or exhibits used during depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j) any other person or entity that the Designating Party agrees to in writing.

7.4    Nothing herein is intended to limit or govern the manner in which the Producing Party handles its own documents produced that are given a confidential designation hereunder, including without limitation to whom the documents may be shown.

7.5    All information that has been designated as "HIGHLY CONFIDENTIAL," and any and all reproductions of that information, must be retained in the custody of the Outside Counsel for the Receiving Party, except that Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

7.6    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated HIGHLY CONFIDENTIAL, provided that the specific contents of the information warranting the HIGHLY CONFIDENTIAL designation must not be disclosed.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless the subpoena or court order is confidential and not permitted to be disclosed;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order also are applicable to information produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Non-Party in this action. Such

STIPULATED PROTECTIVE ORDER

information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party consents to production of the requested information within 14 days of receiving the notice and accompanying information or fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9.4    For the avoidance of doubt, the provisions of Section 9 do not prevent all Parties from promptly providing all documents produced in this action by any Non-Party pursuant to

STIPULATED PROTECTIVE ORDER

subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree to, and the Court orders, protection from disclosure of information subject to a legally recognized claim of protection, including without limitation, the attorney-client privilege, the work-product doctrine, or other applicable protection against claims of waiver as set forth below.

11.2    The Parties agree that the inadvertent disclosure of privileged materials in this action is not a waiver of the privilege in any other federal or state proceeding.

11.3    The Parties further agree that production of documents in this action (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the attorney work product doctrine, joint defense or other similar doctrine, or by another legal privilege or immunity protecting information from discovery, shall not constitute a waiver of any privilege or other protection that the Producing Party would otherwise be entitled to assert in

this action with respect to the documents or information (or the subject matter thereof), provided that the Producing Party complies with the provisions of Rule 502(b) of the Federal Rules of Evidence.

11.4    If the Producing Party promptly notifies the Receiving Party of the inadvertent production of materials that are subject to a claim of privilege or of protection as provided in Section 11.1 hereof (the "Identified Materials"), and provides a privilege log for the produced materials, the Receiving Party shall gather and return all copies of such materials to the Producing Party within ten (10) business days of receipt of notice of production of Identified Materials, except for any pages containing privileged or otherwise protected markings by the Receiving Party, which pages shall instead be destroyed, and certified as such to the Producing Party within ten (10) business days of receipt of the notice of production of Identified Materials.

11.5    Notwithstanding the provisions in Section 11.4 above, if the Receiving Party has already reviewed the Identified Materials when notified by the Producing Party that the materials are subject to a claim of privilege or protection, and the Receiving Party contests a claim of privilege or work product protection made by the Producing Party, the Parties shall meet and confer to reach a mutually agreeable solution. If the Parties cannot agree, the Receiving Party must move for court relief within 14 days of the meet and confer. The Receiving Party shall sequester all copies of the document sought to be clawed back but may retain a copy of such information as is necessary to file a motion challenging the clawback during the pendency of the motion.

11.6    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.7    If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take

reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to claim that the information is subject to a claim of privilege or of protection as trial-preparation material.

11.8    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity, nor relieve a Party of any obligation to take reasonable steps to prevent disclosure of privileged information.

11.9    The stipulated agreement set forth in Section 11 and its subparts of this Order does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

11.10   Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

STIPULATED PROTECTIVE ORDER

Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with this Court's Electronic Case Filing Procedures VI. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

Within 90 days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party must either return all Protected Material to the Producing Party or destroy such material, at the election of the Receiving Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, attorney client communications, and consultant and Expert work product that do not contain Protected Health Information, even if such materials

STIPULATED PROTECTIVE ORDER

otherwise contain Protected Material. Any such archival copies that contain or constitute Protected

Material remain subject to this Stipulated Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 3, 2024                    Respectfully submitted,

| | |
|---|---|
| */s/ Julie G. Reiser* | */s/ Diane L. McGimsey* |
| Julie G. Reiser | Karen Patton Seymour |
| S. Douglas Bunch | SULLIVAN & CROMWELL LLP |
| Molly Bowen | 125 Broad Street |
| Jan E. Messerschmidt | New York, NY 10004 |
| Brendan R. Schneiderman | Tel.: (212) 558-4000 |
| COHEN MILSTEIN SELLERS & TOLL PLLC | Fax.: (212) 291-9305 |
| 1100 New York Avenue, N.W., Fifth Floor | seymourk@sullcrom.com |
| Washington, D.C. 20005 | |
| Tel.: (202) 408-4600 | Diane L. McGimsey |
| Fax.: (202 408-4699 | SULLIVAN & CROMWELL LLP |
| jreiser@cohenmilstein.com | 1888 Century Park East, Suite 2100 |
| dbunch@cohenmilstein.com | Los Angeles, CA 90067 |
| mbowen@cohenmilstein.com | Telephone: (310) 712-6600 |
| jmesserschmidt@cohenmilstein.com | Facsimile: (310) 712-8800 |
| bschneiderman@cohenmilstein.com | mcgimseyd@sullcrom.com |

| | |
|---|---|
| Carol V. Gilden | *Counsel for InnovAge Holding Corp., Maureen* |
| COHEN MILSTEIN SELLERS & TOLL PLLC | *Hewitt, Barbara Gutierrez, John Ellis Bush,* |
| 190 South LaSalle Street, Suite 1705 | *Andrew Cavanna, Caroline Dechert, Edward* |
| Chicago, IL 60603 | *Kennedy, Jr., Pavithra Mahesh, Thomas* |
| Tel.: (312) 357-0370 | *Scully, Marilyn Tavenner, Sean Traynor,* |
| Fax.: (312) 357-0369 | *Richard Zoretic, Apax Partners US LLC, and* |
| cgilden@cohenmilstein.com | *Welsh, Carson, Anderson & Stowe* |

| | |
|---|---|
| Manuel J. Dominguez | Peter Kurtz |
| COHEN MILSTEIN SELLERS & TOLL PLLC | WILMER CUTLER PICKERING HALE AND DORR |
| 2925 PGA Boulevard, Suite 200 | LLP |
| Palm Beach Gardens, FL 33410 | 1225 17th Street, Suite 2600 |
| Tel.: (561) 551-1400 | Denver, CO 80202 |
| Fax.: (561) 515-1401 | Tel: (720) 598-3453 |
| jdominguez@cohenmilstein.com | Fax: (720) 274-3133 |
| | peter.kurtz@wilmerhale.com |
| *Lead Counsel for Lead Plaintiff* | |
| | *Counsel for InnovAge Holding Corp.* |
| Cecil E. Morris | |
| Adrian P. Castro | */s/ Mary Eaton* |
| FAIRFIELD AND WOODS, P.C. | Mary Eaton |

1801 California Street, Suite 2600
Denver, CO 80202
Tel.: (303) 830-2400
Fax.: (303) 830-1033
cmorris@fwlaw.com
acastro@fwlaw.com

*Liaison Counsel for Lead Plaintiffs*

Nicholas A. Caselli
Abhinaya Swaminathan
FRESHFIELDS BRUCKHAUS DERINGER US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
Tel.: (212) 277-4000
Fax.: (212) 277-4001
mary.eaton@freshfields.com
nicholas.caselli@freshfields.com
abhinaya.swaminathan@freshfields.com

*Counsel for J.P. Morgan Securities LLC,
Barclays Capital Inc., Goldman Sachs & Co.
LLC, Citigroup Global Markets Inc., Robert
W. Baird & Co. Incorporated, William Blair
& Company, L.L.C., Piper Sandler & Co.,
Capital One Securities, Inc., Loop Capital
Markets LLC, Siebert Williams Shank & Co.,
LLC, and Roberts & Ryan Investments, Inc.*

IT IS SO ORDERED, this _____ day of _____, 2024.


_____
THE HONORABLE SUSAN B. PROSE
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

<u>**EXHIBIT A**</u>

<u>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**</u>

<u>**CERTIFICATION**</u>

I, _____, a _____ of _____, hereby certify that I have read the attached Stipulated Protective Order, dated _____. I hereby agree to be bound by the terms of the Stipulated Protective Order. For purposes of enforcing the Stipulated Protective Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the District of Colorado. I understand that violation of the Stipulated Protective Order is punishable by contempt of Court.

Signature:_____    Dated: _____

STIPULATED PROTECTIVE ORDER