## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, and INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

        Defendants.

---

## LEAD PLAINTIFFS' UNOPPOSED MOTION TO STRIKE OR, IN THE ALTERNATIVE, MAINTAIN LEVEL 1 RESTRICTION

---

Pursuant to Colo. L. Civ. R. 7.2, Lead Plaintiffs El Paso Firemen & Policemen's Pension Fund ("El Paso"), San Antonio Fire & Police Pension Fund ("San Antonio"), and Indiana Public Retirement System's ("Indiana" and, collectively, "Lead Plaintiffs") hereby move the Court for an order to strike irrelevant portions of deposition transcripts submitted as exhibits to Defendants' Brief in Opposition to Plaintiffs' Motion to Certify the Class ("Opposition"), filed on August 23, 2024 (ECF Nos. 160-2, 3, and 4), or in the alternative to docket the excerpts of the relevant portions of the deposition transcripts and maintain Level 1 restriction for the full deposition transcripts.

Although Defendants' Opposition relies on just a few pages of testimony, they filed as exhibits the entire transcript of each Lead Plaintiff's deposition. Lead Plaintiffs are willing to have the portions of the deposition transcripts that Defendants *do* rely on docketed without restriction. However, the remainder of the deposition transcripts that Defendants *do not* rely on contain large swathes of Confidential information. The transcript portions not relied on are irrelevant to Defendants' Opposition and not germane to the Court's decision and so there is no public interest in viewing them, but their disclosure would implicate Lead Plaintiffs' privacy and business interests. Because these full transcripts offer no public interest value, Plaintiffs respectfully request that the Court enter an order (1) striking the irrelevant portions of ECF No. 161-2, 3, and 4 or in the alternative (2) docketing without restriction the redacted transcript excerpts attached to the Declaration of Molly Bowen as Exhibits A, B, and C and maintain Level 1 restriction for the full deposition transcripts at ECF Nos. 161-2, 3, and 4.

## CERTIFICATE OF CONFERRAL

Pursuant to Colo. L. Civ. R. 7.1(a), Lead Plaintiffs have conferred with Defendants regarding this matter. Defendants do not oppose the docketing of the redacted transcript excerpts attached as Exhibits A, B, and C, and reserve their right to maintain that the transcripts do not warrant

Confidential designation.

## BACKGROUND

Discovery in this matter is governed by a Protective Order, entered by the Court on May 20, 2024 (ECF No. 142). The Protective Order provides that material may be deemed Confidential if it reflects "a trade secret or other confidential research, development, or commercial information … or otherwise contains information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: … proprietary business information[.]" *Id.* at 3. The Protective Order also contemplates that parties may "designate all or portions of depositions and other testimony with the appropriate designation … by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony." *Id.* at 7.

On May 8, 2024, Lead Plaintiffs filed their Motion for Class Certification. ECF No. 140. In the following weeks, Defendants deposed the three Lead Plaintiffs. On August 23, 2024, Defendants filed their Opposition to Lead Plaintiffs' Motion for Class Certification, citing the deposition transcripts of each of the Lead Plaintiffs:

- Exhibit 2: August 9, 2024, deposition transcript of Lead Plaintiff El Paso Firemen & Policemen's Pension Fund, by and through its representative;

- Exhibit 3: August 14, 2024, deposition transcript of Lead Plaintiff San Antonio Fire & Police Pension Fund by and through its representative; and

- Exhibit 4: August 13, 2024, deposition of Lead Plaintiff Indiana Public Retirement System, by and through its representative.

ECF Nos. 161-2-4.

In their opposition to the motion for class certification, Defendants cited just a few pages of

2

transcript testimony, yet filed the full deposition transcript of each Lead Plaintiff as an exhibit, totaling over 500 pages. *Id.* Interspersed throughout each of Exhibits 2, 3, and 4 is discussion of Lead Plaintiffs' approach to investment strategy for their beneficiaries, including specific trades (including those of companies with no relevance to this litigation), holdings, investments, and advice the Lead Plaintiffs received regarding investment decisions. *See, e.g.*, ECF No. 161-2 at 71:20-72:20 (discussing each of El Paso's transactions and why each one was made); ECF No. 161-4 at 153:21-54:18 (discussing each of Indiana's transactions). Additionally, interspersed throughout each transcript is extensive discussion of documents which have been designated as Confidential or Highly Confidential in this matter. *See* ECF No. 161-2 at 72 (introducing Confidential document); ECF No. 161-4 at 197 (introducing Highly Confidential document). Plaintiffs have notified Defendants that these transcripts are designated Confidential.

## ARGUMENT

### A.  The Irrelevant Portions of the Transcripts May be Stricken

Courts have the authority to strike redundant or immaterial content to "conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case" and "to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). While the authority to strike pursuant to Federal Rule of Civil Procedure 12(f) is limited to pleadings and typically is held to not encompass exhibits, the court's inherent authority to manage the orderly disposition of their cases empowers it to strike exhibits. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (federal courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Here, three deposition transcripts were docketed in their entirety despite Defendants'

relying on only a few lines or pages of each. That practice is disfavored. Indeed, in the summary judgment context, the District of Colorado specifically discourages the filing of voluminous, irrelevant portions of exhibits. *See* D.C.Colo.L.CivR 56.1(c) ("[v]oluminous exhibits are discouraged" and instructing that parties "shall limit exhibits to essential portions of documents."); *Cousik v. City and Cnty. of Denver*, No. 22-cv- 01213-NYW-KAS, 2024 WL 896756 at *2 n.4 (D. Colo. Mar. 1, 2024) (chiding parties for filing full deposition transcripts where they rely on just a portion).

Lead Plaintiffs accordingly request that the Court strike the portions of the deposition transcripts that are not relied on by Defendants for purposes of opposing class certification. The portions that should *remain in the record* are: ECF No. 161-2 at 89:20-90:8 and 92:1-101:13; ECF No. 161-3 at 25:6-32:17; and ECF No. 161-4 at 55:19-56:5.

**B. Alternatively, the Relied-Upon Portions of the Transcripts May Be Docketed Without Restriction, and the Irrelevant Portions Warrant Level 1 Restriction**

While there is a presumption of access to judicial records, access may be restricted when the public's right of access is outweighed by certain competing interests. *See JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of the Cnty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014); *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Under Local Rule 7.2, a party seeking to restrict access must (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access are not adequate. Courts in this District regularly restrict access to documents that "contain confidential or highly confidential (i) financial information, (ii) licensing information, and (iii) advertising and related information, all of which is competitively sensitive and the public disclosure of which would cause competitive damage to the

4

parties." *Health Grades, Inc. v. MDx Med., Inc.*, No. 11-cv-00520-RM-BNB, 2014 WL 12741068, at \*2 (D. Colo. Mar. 28, 2014) (granting motion to restrict); *see also Suture Express, Inc. v. Owens & Minor Distribution, Inc.*, 851 F.3d 1029, 1047 (10th Cir. 2017) (recognizing that the public's right to judicial documents is "not absolute," and the "confidential documents, financial information, and contracts" at issue sufficiently outweighed the public's right of access such that they should be sealed); *SMB Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at \*3 (D. Colo. Apr. 12, 2011) ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing.").

With respect to the portions of the deposition transcripts that Defendants rely on, Lead Plaintiffs have *no objection* to those excerpts' being publicly available without restriction. Lead Plaintiffs provide those excerpts as Exhibits A, B, and C to the Declaration of Molly Bowen. Defendants do not oppose the docketing of those excerpts.

However, the remaining hundreds of pages of deposition testimony were not relied upon by Defendants and contain large swathes of Confidential information. The balance of the public interest in access to courts against harm to Lead Plaintiffs' privacy and business interests weighs in favor of granting Level 1 restriction.

*There is no public interest in irrelevant portions of a deposition transcript.* The vast majority of each deposition transcript that is not cited by Defendants is not germane to Defendants' argument or to the Court's decision on the motion. There is thus no public interest in viewing the large portions of the deposition transcripts that Defendants do not rely on. *Cf. Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-cv-01587-WJM-NYW, 2021 WL 5140300 at \*7 (D. Colo. Nov. 14, 2021) (discussing the public interest in viewing exhibits actually relied on by the court). Further, these are exhibits to a non-dispositive motion. Confidential discovery material submitted with non-

5

dispositive motions is "not subject to the common-law right of access." *Nichols v. Denver Health &*

*Hosp.*, No. 19-cv-02818-DDD-KLM, 2020 WL 12697605, at \*5 (D. Colo. Oct. 29, 2020) ("Discov-

ery rules are in place to facilitate orderly preparation for trial, not to educate or titillate the public.");

*see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30–34 (1984) (sealing pretrial depositions

does not restrict access to "traditionally public sources of information").

     *Public access to the irrelevant portions of the deposition transcripts harms Lead Plaintiffs'*

*privacy and business interests*. On the other side of the scale, Lead Plaintiffs' privacy and business

interests are implicated by the disclosure of the full transcripts. Exhibits 2, 3, and 4 are subject to

the Protective Order entered by the Court. Protective orders "allow the parties to make full disclo-

sure in discovery without fear of public access to sensitive information and without the expense

and delay of protracted disputes over every item of sensitive information, thereby promoting the

overriding goal of the Federal Rules of Civil Procedure, 'to secure the just, speedy, and inexpen-

sive determination of every action.'" *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424,

1427 (10th Cir. 1990) (quoting Fed. R. Civ. P. 1).

     The deposition transcripts discuss each Lead Plaintiffs' approach to earning returns for their

beneficiaries, specific trades (including those of companies with no relevance to this litigation), hold-

ings, investments, and advice the Lead Plaintiffs received regarding investment determinations. *See,*

*e.g.*, ECF No. 161-2 at 71:20-72:20 (discussing each of El Paso's transactions and why each one was

made); ECF No. 161-4 at 153:21-54:18 (discussing each of Indiana's transactions). Additionally, in-

terspersed throughout each transcript is extensive discussion of documents which have been desig-

nated as Confidential or Highly Confidential in this matter. *See* ECF No. 161-2 at 72 (introducing

Confidential document); ECF No. 161-4 at 197 (introducing Highly Confidential document reflecting

investments in other companies not at issue). Public access to the transcripts in their entirety would

harm Lead Plaintiffs because it would reveal sensitive, private information about the pension funds' investment decisions which—as demonstrated by Defendants' own omission of that testimony from their brief—has no relevance in this case. Accordingly, courts grant requests to seal such transcripts. *See Teets v. Great-W. Life & Annuity Ins. Co.*, No. 14-cv-02330-WJM-NYW, 2016 WL 9735729, at *2 (D. Colo. May 18, 2016) (restricting publication of documents because they "appear to reflect financial information that Great–West considers proprietary").

Because discussion of the aforementioned topics and exhibits are scattered throughout the entirety of each deposition transcript and reflect sensitive, non-public business information, Plaintiffs ask that these transcripts be granted Level 1 restriction, with the exception of the portions cited by Defendants that Plaintiffs agree can be publicly disclosed. That is the least restrictive practicable option for protecting Plaintiffs' privacy interests.

**CONCLUSION**

Accordingly, for the foregoing reasons, Lead Plaintiffs respectfully request that their motion to restrict be granted and the Court (1) strike ECF Nos. 161-2, 3, and 4 with the exception of ECF No. 161-2 at 89:20-90:8 and 92:1-101:13; ECF No. 161-3 at 25:6-32:17; and ECF No. 161-4 at 55:19-56:5 or in the alternative (2) docket without restriction the redacted transcript excerpts attached to the Declaration of Molly Bowen as Exhibit A, B, and C and maintain Level 1 restriction for the full deposition transcripts at ECF No. 161-2, 3, and 4.

Dated: September 6, 2024

Respectfully submitted,

*/s/ Molly Bowen*

COHEN MILSTEIN SELLERS & TOLL PLLC
Julie Goldsmith Reiser
Molly Bowen
Jan E. Messerschmidt
Brendan R. Schneiderman
1100 New York Avenue, N.W., Fifth Floor

7

Washington, D.C. 20005
Tel.: (202) 408-4600
Fax.: (202) 408-4699
jreiser@cohenmilstein.com
mbowen@cohenmilstein.com
jmesserschmidt@cohenmilstein.com
bschneiderman@cohenmilstein.com

Carol V. Gilden
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel.: (312) 357-0370
Fax.: (312) 357-0369
cgilden@cohenmilstein.com

Manuel J. Dominguez
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel.: (561) 515-1400
Fax.: (561) 515-1401
jdominguez@cohenmilstein.com

*Lead Counsel for Lead Plaintiffs*

FAIRFIELD AND WOODS, P.C.
Cecil E. Morris
Adrian P. Castro
1801 California Street, Suite 2600
Denver, CO 80202
Tel.: (303) 830-2400
Fax.: (303) 830-1033
cmorris@fwlaw.com
acastro@fwlaw.com

*Liaison Counsel for Lead Plaintiffs*

8

9

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2024, I electronically filed the foregoing with the Clerk

of the Court via ECF, which in turn served notice on all counsel of record.

Dated:    September 6, 2024                    */s/ Molly Bowen*
                                                Molly Bowen

9