**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE
PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WELSH, CARSON, ANDERSON & STOWE,
APAX PARTNERS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

      Defendants.

---

**STIPULATION AND ORDER RE LEAD PLAINTIFFS' MOTION FOR LEAVE TO
AMEND COMPLAINT**

---

WHEREAS, on July 15, 2024, lead plaintiffs El Paso Firemen & Policemen's Pension Fund, San Antonio Fire & Police Pension Fund, and Indiana Public Retirement System ("Lead Plaintiffs") filed a Motion for Leave to Amend the Complaint (ECF No. 153) (the "Motion for Leave to Amend"), which seeks leave to file a Second Amended Class Action Complaint to (1) add WCAS Management Corporation, WCAS Management L.P., WCAS Management, LLC, and TCO Group Holdings, L.P. (together, the "New PE Defendants") as defendants; (2) drop Welsh, Carson, Anderson & Stowe[1] ("WCAS") as a defendant; (3) update the name of defendant Apax Partners, L.P. to Apax Partners US LLC ("Apax"); and (4) make certain changes to the allegations from the Amended Class Action Complaint related to the parties named as defendants;

WHEREAS, defendants InnovAge Holding Corp. ("InnovAge"); Maureen Hewitt and Barbara Gutierrez (the "Officer Defendants"); John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor, and Richard Zoretic (the "Director Defendants"); WCAS; and Apax (together with InnovAge, the Officer Defendants, the Director Defendants, and WCAS, "Defendants"), do not oppose the Motion for Leave to Amend, *provided that*:

(1) the Court's December 21, 2023 Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss Amended Class Action Complaint (ECF No. 102) and the Court's January 18, 2024 Order Granting in Part and Denying in Part Underwriter Defendants' Motion to Dismiss Amended Class Action Complaint (ECF No. 108) (together, the "MTD Orders") shall apply fully as to Defendants to the allegations, claims, and causes of action in Plaintiffs' Second Amended Class Action Complaint that are substantially the same as the allegations, claims, and causes of actions in Plaintiffs' Amended Class Action Complaint;

---

[1] Defendants contend that a legal entity called "Welsh, Carson, Anderson & Stowe" does not exist. For the avoidance of doubt, Defendants enter into this stipulation on behalf of the entity or entities, if any, which Plaintiffs may ultimately claim are associated with "Welsh, Carson, Anderson & Stowe."

(2) Defendants shall not be required to move to dismiss or answer the Second Amended Class Action Complaint and shall preserve the same rights of appeal as to the MTD Orders with respect to Plaintiffs' Second Amended Class Action Complaint as Defendants have as to the MTD Orders with respect to Plaintiffs' Amended Class Action Complaint;

WHEREAS, Sullivan & Cromwell LLP agrees to accept service of the Second Amended Class Action Complaint on behalf of the New PE Defendants within 7 days following approval by the Court of this Stipulation and the filing of the Second Amended Class Action Complaint, whichever is later;

WHEREAS, any motion to dismiss the Second Amended Class Action Complaint to be filed by the New PE Defendants shall be limited to whether the Second Amended Class Action Complaint adequately pleads control person liability against the New PE Defendants pursuant to Section 20(a) of the Exchange Act and Section 15 of the Securities Act;

WHEREAS, Lead Plaintiffs and Defendants agree to the following briefing schedule for any motion to dismiss the Second Amended Class Action Complaint to be filed by the New PE Defendants:

(1) New PE Defendants shall file any motion to dismiss the Second Amended Class Action Complaint within 35 days of accepting service of the Second Amended Class Action Complaint;

(2) Lead Plaintiffs shall file any opposition to the New PE Defendants' motion to dismiss 35 days thereafter;

(3) New PE Defendants shall file any reply in support of their motion to dismiss 21 days thereafter; and

WHEREAS, Defendants contend that if the New PE Defendants file a motion to dismiss the Second Amended Class Action Complaint, then absent agreement of the parties all discovery in the case must be stayed pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B);

WHEREAS, Lead Plaintiffs disagree with Defendants' position on a PSLRA stay;

WHEREAS, Lead Plaintiffs and Defendants agree that, if the New PE Defendants file a motion to dismiss the Second Amended Class Action Complaint, certain parameters enumerated below shall apply to discovery through December 31, 2024, after which point if the motion to dismiss has not been resolved, Plaintiffs and Defendants must schedule a conference with the Court by no later than January 17, 2025, subject to the Court's availability, to discuss whether the discovery limitations continue;

WHEREAS, the parameters on discovery during that period (and any extension granted by the Court), absent agreement of the parties, are as follows:

(1) All discovery of the New PE Defendants shall be stayed;

(2) Depositions of the following shall be stayed:  the Securities Act Individual Defendants (which consist of the Director Defendants and Officer Defendants), Apax, and any 30(b)(6) deposition on the topic of the New PE Defendants, in recognition of the likelihood and attendant burden of needing to re-depose these individuals, entities, and/or that topic;

(3) All other forms of discovery will proceed, provided that in any depositions Plaintiffs may not seek any testimony concerning the New PE Defendants and recognizing that Plaintiffs reserve their rights to seek a further deposition of any such person or entity and Defendants reserve their rights to object to any effort to seek a further deposition of any such person or entity; and

(4) Plaintiffs may seek leave of Court to conduct discovery otherwise prohibited by these limitations;

**IT IS THEREFORE STIPULATED** by the parties, through their undersigned counsel, subject to the Court's approval, that:

1. the MTD Orders shall apply fully to the allegations, claims, and causes of action in Plaintiffs' Second Amended Class Action Complaint that are substantially the same as

-4-

the allegations, claims, and causes of actions in Plaintiffs' Amended Class Action Complaint.

2. Defendants shall not be required to move to dismiss or answer the Second Amended Class Action Complaint and shall preserve the same rights of appeal in connection with the MTD Orders with respect to Plaintiffs' Second Amended Class Action Complaint as Defendants have with respect to Plaintiffs' Amended Class Action Complaint.

3. Sullivan & Cromwell LLP shall accept service of the Second Amended Class Action Complaint on behalf of the New PE Defendants within 7 days following approval by the Court of this Stipulation and the filing of the Second Amended Class Action Complaint, whichever is later.

4. New PE Defendants shall file any motion to dismiss the Second Amended Class Action Complaint within 35 days of accepting service of the Second Amended Class Action Complaint.

5. Lead Plaintiffs shall file any opposition to the New PE Defendants' motion to dismiss 35 days thereafter.

6. New PE Defendants shall file any reply in support of their motion to dismiss 21 days thereafter.

7. If the New PE Defendants file a motion to dismiss the Second Amended Class Action Complaint, discovery shall proceed as follows:

(1) All discovery of the New PE Defendants shall be stayed;

(2) Depositions of the following shall be stayed: the Securities Act Individual Defendants (which consist of the Director Defendants and Officer Defendants), Apax, and any 30(b)(6) deposition on the topic of the New PE Defendants;

(3) All other forms of discovery will proceed, provided that in any depositions Plaintiffs may not seek any testimony concerning the New PE Defendants and recognizing that Plaintiffs reserve their rights to seek a further deposition of any such person or entity and Defendants reserve their rights to object to any effort to seek a further deposition of any such person or entity; and

(4) Plaintiffs may seek leave of Court to conduct discovery otherwise prohibited by these limitations;

8. If the Court has not yet ruled on the New PE Defendants' motion to dismiss by December 31, 2024, the parties shall jointly request a conference with the Court to be held by no later than January 17, 2025 or as soon thereafter as the Court is available to discuss whether the limitations on discovery agreed to herein shall continue.

Dated:  August  5, 2024

/s/ Molly Bowen
Cecil E. Morris
Adrian P. Castro
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
cmorris@fwlaw.com
acastro@fwlaw.com

Liaison Counsel for the Class

Julie G. Reiser
S. Douglas Bunch

/s/ Diane L. McGimsey
Karen P. Seymour
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 291-9307
seymourk@sullcrom.com

Diane L. McGimsey
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 712-6600

-6-

Molly Bowen
Jan E. Messerschmidt
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W. │ Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jreiser@cohenmilstein.com
dbunch@cohenmilstein.com
mbowen@cohenmilstein.com
jmesserschmidt@cohenmilstein.com
bschneiderman@cohenmilstein.com

Carol V. Gilden
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
cgilden@cohenmilstein.com

Manuel J. Dominguez
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
jdominguez@cohenmilstein.com

*Lead Counsel for the Class*

Facsimile: (310) 712-8800
mcgimseyd@sullcrom.com

*Counsel for InnovAge Holding Corp.,
Maureen Hewitt, Barbara Gutierrez, John
Ellis Bush, Andrew Cavanna, Caroline
Dechert, Edward Kennedy, Jr., Pavithra
Mahesh, Thomas Scully, Marilyn Tavenner,
Sean Traynor, Richard Zoretic, Apax
Partners, L.P., and Welsh, Carson, Anderson
& Stowe*

Peter Kurtz
WILMER CUTLER PICKERING HALE AND
    DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3154
Facsimile: (720) 274-3133
peter.kurtz@wilmerhale.com

Matthew Benedetto
WILMER CUTLER PICKERING HALE AND
    DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5323
Facsimile: (213) 443-5400
matthew.benedetto@wilmerhale.com

*Counsel for InnovAge Holding Corp.*

-7-

-8-

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: September 11, 2024

_____

HON. SUSAN B. PROSE
UNITED STATES MAGISTRATE JUDGE