**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.: 21-cv-2770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WCAS MANAGEMENT CORPORATION,
WCAS MANAGEMENT, L.P.,
WCAS MANAGEMENT, LLC,
APAX PARTNERS US LLC,
TCO GROUP HOLDINGS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

      Defendants.

# ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a consolidated securities action is pending in the Court entitled *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, No. 21-cv-02770-WJM-SBP (the "Action");

WHEREAS, (a) Lead Plaintiffs El Paso Firemen & Policemen's Pension Fund ("El Paso"), San Antonio Fire & Police Pension Fund ("San Antonio"), and Indiana Public Retirement System ("Indiana"), on behalf of themselves and the other members of the Class; and (b) Defendants InnovAge Holding Corp. ("InnovAge"); Maureen Hewitt and Barbara Gutierrez (the "Officer Defendants"); John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor and Richard Zoretic (the "Director Defendants"); WCAS Management Corporation, WCAS Management, L.P., and WCAS Management LLC (the "WCAS Defendants"); Apax Partners US LLC; TCO Group Holdings, L.P.; J.P. Morgan Securities LLC, Barclays Capital, Inc., Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., Piper Sandler & Co., Capital One Securities, Inc., Loop Capital Markets LLC, Siebert Williams Shank & Co., LLC, and Roberts & Ryan Investments, Inc. (the "Underwriter Defendants," and collectively "Defendants"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 2, 2025 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

1

WHEREAS, Lead Plaintiffs have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on **November 26, 2025 at 10:30 a.m.** in Courtroom A801 of the **Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294-2500**, or by virtual means, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b)

to determine whether a Judgment substantially in the form attached as Exhibit B to Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Approval Of Notice to the Class, and Memorandum of Law in Support should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether Lead Counsel's request for attorneys' fees of up to 20% of the Settlement Fund, plus actual expenses up to $800,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement, as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within ten business days of the date of entry of this Order, InnovAge, at no cost to the Settlement Fund, Lead Counsel or the Claims

Administrator, shall provide or cause to be provided to Lead Counsel or the Claims Administrator, in electronic format, its shareholder lists (consisting of names, mailing addresses, and, if available, e-mail addresses) of record purchasers of InnovAge common stock during the Class Period;

(b) beginning not later than fifteen business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, to be mailed by first-class mail or links to the Notice and Claim Form to be e-mailed to all potential Class Members who may be identified through reasonable effort, including those identified by InnovAge and through mailing the Postcard Notice to the largest and most common brokers and other nominee owners, who will be instructed to forward the Postcard Notice/e-mail links to the Notice and Claim Form or provide names, addresses, and/or e-mails of Class Members, as discussed below in paragraph 6;

(c) beginning not later than ten business days after the date of entry of this Order, the Claims Administrator shall cause a copy of the Notice to be posted on a website to be developed for the Settlement, from which copies of the Notice can be downloaded;

(d) not later than ten business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investors Business Daily* and to be transmitted once over the *Globe Newswire*; and

4

(e) not later than seven calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, Postcard Notice, and the Summary Notice, and (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Notice and Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and

all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed and published, respectively.

      6.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired InnovAge publicly traded common stock during the Class Period for the benefit of another person or entity shall: (a) within seven calendar days of receipt of notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, within seven calendar days of receipt of the Postcard Notices, forward them to all such beneficial owners; (b) within seven calendar days of receipt of notice, request from the Claims Administrator the direct link to the Notice and Claim Form on the website to be developed for the Settlement and, within seven  calendar days of receipt of the link, forward the link to all such beneficial owners for whom valid e-mail addresses are available; or (c) within seven calendar days of receipt of notice, send a list of the names, mailing addresses, and, if available, e-mail addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice or e-mail the direct link to the Notice and Claim Form to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, not to exceed (a) $0.02 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.02 per e-mail for e-mailing the direct link to the Notice and Claim Form; or (c) $0.02 per Postcard Notice mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims

Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **CAFA Notice** – As provided in the Stipulation, InnovAge shall serve the notice required under Section 1715(b) of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten calendar days following the filing of the Stipulation with the Court.  InnovAge shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven calendar days before the Settlement Hearing, InnovAge shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  All Claim Forms must be postmarked no later than one hundred twenty calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claim Forms provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late

Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11. **Exclusion from the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one calendar days prior to the Settlement Hearing, to: *InnovAge Securities Litigation – EXCLUSIONS*, c/o Strategic Claims Services, 600 North Jackson Street, Suite 205, Media, PA 19063-2564, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, No. 21-cv-02770-WJM-SBP (D. Colo.)"; (iii) state the number of shares of InnovAge common stock that the person or entity requesting exclusion (A) purchased/acquired and/or sold from March 4, 2021 through December 22, 2021, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold, and (B) held as of the close of trading on December 22, 2021; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not

9

be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

13. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

14. **Appearance and Objections at Settlement Hearing** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

15. Any Class Member who or which does not request exclusion from the

10

Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one calendar days prior to the Settlement Hearing.

      Lead Counsel:

            Cohen Milstein Sellers & Toll PLLC
            Molly Bowen
            1100 New York Avenue NW, 8th Floor
            Washington, DC 20005

      Representative Defendants' Counsel:

            Sullivan & Cromwell LLP

                                                   Diane McGimsey
                                                   1888 Century Park East
                                                   Suite 2100
                                                   Los Angeles, CA 90067

16.    Any objections, filings, and other submissions by the objecting Class Member must: (a) identify the case name and docket number, *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, No. 21-cv-02770-WJM-SBP (D. Colo.); (b) state the name, address, and telephone number of the person or entity objecting and, in the case of entities, the name and telephone number of the appropriate contact person, and be signed by the objector; (c) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) include documents sufficient to prove membership in the Class, including documents showing the number of shares of InnovAge common stock that the objecting Class Member (i) purchased/acquired and/or sold from March 4, 2021 through December 22, 2021, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold, and (ii) held as of the close of trading on December 22, 2021.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may

call to testify and any exhibits they intend to introduce into evidence at the hearing.

17. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees, Litigation Expenses and reasonable costs and expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses and reasonable costs and expenses in this or any other proceeding.

18. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

19. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

20. **Settlement Fund** – The contents of the Settlement Fund held by The

13

Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or if the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions as of April 3, 2025, as provided in the Stipulation.

23. **Use of This Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Stipulation (whether or consummated), the negotiations leading to the execution of the Stipulation or the Supplemental Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement

14

(including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however,* that if the Stipulation is approved by the

15

Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

24. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and Litigation Expenses, and Lead Plaintiffs' motion for reasonable costs and expenses **no later than thirty-five calendar days** prior to the Settlement Hearing; and reply papers, if any, shall be filed and served **no later than fourteen calendar days** prior to the Settlement Hearing.

SO ORDERED.

Dated this 17th day of June, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge