# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, and INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WCAS MANAGEMENT CORPORATION,
WCAS MANAGEMENT, L.P.,
WCAS MANAGEMENT, LLC,
APAX PARTNERS US LLC,
TCO GROUP HOLDINGS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY LLC,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO. LLC,
ROBERTS & RYAN INVESTMENTS, INC.

      Defendants.

---

**DECLARATION OF GAIL A. JENSEN IN SUPPORT OF: (I) LEAD PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN
OF ALLOCATION; AND (II) LEAD PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES**

---

I, Gail A. Jensen, declare under penalty of perjury as follows:

1.  I am the General Counsel for San Antonio Fire & Police Pension Fund ("SAFPPF"), which, along with El Paso Firemen and Policemen's Pension Fund ("EPFPPF") and Indiana Public Retirement System ("INPRS"), are the Court-appointed Lead Plaintiffs in the above-captioned action (the "Action"). [1] I have served as SAFPPF's General Counsel since 2017. In that capacity, and on behalf of SAFPPF, I submit this declaration in support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (ii) Lead Plaintiffs' Motion for Award of Attorneys' Fees and Expenses.

2.  SAFPPF is a $4.125 billion pension fund, as of year-end 2024, operated to benefit firefighters and police officers in San Antonio, Texas. *See* ECF No. 6-5 ("Lead Plaintiff Joint Declaration") ¶ 4.

3.  SAFPPF is familiar with and takes seriously the obligations and fiduciary responsibilities a lead plaintiff owes to a class. That understanding is informed by, among other things, SAFPPF's prior experience as a lead plaintiff and representative party in shareholder class actions, as well as conversations with counsel. *See id.*

4.  I have personal knowledge of the matters set forth in this Declaration, and I could and would testify competently thereto.

**I.  SAFPPF's Involvement in and Oversight of the Action**

5.  One of my responsibilities as General Counsel is supervising securities litigation brought by SAFPPF.

6.  SAFPPF suffered significant losses in InnovAge securities it purchased during the Class Period and its Board of Trustees decided to seek appointment as Lead Plaintiff in this Action, and to be represented by Lead Counsel.

7.  SAFPPF's performance of its responsibilities as a lead plaintiff and class representative, described in

---

[1] Unless otherwise stated, all capitalized terms herein shall have the same meanings as in the Stipulation and Agreement of Settlement, dated June 2, 2025 (ECF No. 199-2).

detail below, required regular communications between me, on behalf of SAFPPF, and Court-appointed Lead Counsel Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"). Those efforts included discussing overall case strategy, major filings, and discovery requests such as document requests, disputes, and productions, as well as administrative matters like case scheduling. In addition, SAFPPF received regular status reports from Cohen Milstein on case developments and participated in regular discussions with attorneys from Cohen Milstein concerning the prosecution of the Action, the strengths of and risks to the claims, and settlement.

8.  In particular, throughout the course of this Action, I or others on behalf of SAFPPF coordinated with Lead Counsel about, and participated in, the following case events:

   a.  **Lead Plaintiff Appointment Process.** As part of the lead plaintiff appointment process, I, on behalf of SAFPPF, reviewed SAFPPF's lead plaintiff application, communicated with Cohen Milstein and co-Lead Plaintiffs regarding the other Lead Plaintiffs' applications, attended a conference call with Cohen Milstein and the other Lead Plaintiffs regarding the responsibilities and obligations of lead plaintiffs and class representatives, and executed a joint declaration memorializing the same. That joint declaration conveyed Lead Plaintiffs' understanding of the requirements for serving as lead plaintiff under the PSLRA, our incentives to maximize the recovery for the Class, and why the Class would benefit from SAFPPF, EPFPPF, and INPRS's leadership. Lead Plaintiff Joint Declaration. As part of the appointment process, SAFPPF's Executive Director, Warren J. Schott, also submitted a certification asserting SAFPPF's willingness and eligibility to serve as a class representative in this matter, and documenting SAFPPF's transactions in InnovAge common stock.

   b.  **Review of and Feedback on Significant Case Filings.** On behalf of SAFPPF, I regularly reviewed and provided feedback on drafts of the key documents filed in this Action. Those documents include, among others, drafts of the amended complaint; Lead Plaintiffs'

opposition to Defendants' three motions to dismiss; briefing supporting Lead Plaintiffs' motion for class certification; and the motions for preliminary and final approval of the proposed Settlement. In addition, I, on behalf of SAFPPF, alongside INPRS and EPFPPF, submitted a joint declaration in support of Lead Plaintiffs' motion for class certification, in which Lead Plaintiffs affirmed their diligent supervision and monitoring of this Action's progress. ECF No. 141-2.

c.  **Rule 26(a) Initial Disclosures and Discovery.** I, along with investment staff and other pension fund staff, conferred with Cohen Milstein regarding the requisite Rule 26(a) initial disclosures, which I reviewed before they were served on Defendants. I and other SAFPPF staff were also extensively involved in the document collection, review, and production process, which involved coordinating with our IT consultant to perform e-discovery searches. I also personally searched for documents as part of the response effort to Defendants' requests. Inevitably, this undertaking raised follow-up questions and issues that I and other SAFPPF representatives helped address. All of this work required regular conversation with and receipt of regular updates from Cohen Milstein regarding the overall discovery efforts in the litigation. In total, SAFPPF produced 3,233 pages spanning 226 documents in this matter, with many hundreds more having to be collected and reviewed.

d.  **Rule 30(b)(6) Deposition.** On August 14, 2024, I and my colleague Mr. Schott were deposed in connection with Lead Plaintiffs' motion for class certification. The 30(b)(6) deposition notice included eleven topics. I focused on those involving SAFPPF's policies and procedures as to securities litigation and the facts underlying the merits of this Action, including the statements that survived Defendants' motions to dismiss and the regulatory environment in which PACE operates. Mr. Schott focused on those involving SAFPPF's trading activity; investment personnel, policies and procedures; SAFPPF's relationship with William Blair

Investment Management, SAFPPF's investment manager; InnovAge's IPO; and SAFPPF's evaluation process of its investment portfolios. Mr. Schott and I each spent significant time preparing for the deposition, including by conferring with one another and by reviewing the deposition notice, key pleadings, including Lead Plaintiffs' 179-page complaint, Lead Plaintiffs' motion for class certification and accompanying briefing and exhibits, and other key documents such as SAFPPF's investment management agreements, applicable policies, and other documents that govern that engagement and SAFPPF's securities litigation policy. We also participated in multiple many-hours-long preparation meetings with Lead Counsel, both via teleconference and in-person in SAFPPF.

e. **Settlement Negotiations.** SAFPPF was an active participant in the settlement process in this Action. SAFPPF reviewed Lead Plaintiffs' mediation statement and corresponding exhibits, as well as InnovAge's mediation statement. In addition, I, on behalf of SAFPPF, joined representatives from EPFPPF and INPRS in participating in the October 29, 2024, mediation session before mediator Robert A. Meyer. During that session, SAFPPF participated in conversations regarding negotiation strategy and what offers and counteroffers were in the best interest of the Class. After the mediation session, SAFPPF's representatives conferred at length with Cohen Milstein over the subsequent months regarding the Parties' respective positions, the likelihood of success on the merits, and other considerations such as Defendants' ability to pay a settlement, should the litigation continue. Upon receiving the mediator's proposal, SAFPPF's Board of Trustees evaluated and approved the proposed settlement.

## II. **SAFPPF Endorses the Settlement**

9.  Based on its extensive experience litigating securities class actions,[2] combined with its knowledge and involvement with this Action and its familiarity with Lead Counsel, SAFPPF believes that the proposed Settlement is fair, reasonable and adequate to the Class. The $27 million recovery is highly favorable, particularly in light of the risks of continued litigation and collectability. It provides an immediate meaningful result for the Class.

10. Among other risks, continued litigation might have resulted in a reduced recovery for the Class due to: (i) Defendants' colorable arguments as to falsity, materiality, scienter, and control, some of which the Court indicated a willingness to revisit once a full factual record had been developed; (ii) possible challenges to loss causation and damages, which would result in a highly uncertain battle-of-the-experts; and (iii) concerns regarding Defendants' ability to pay a larger settlement or judgment, in light of being underinsured and the low price at which InnovAge stock was trading at the time of settlement. These risks made real the possibility of no, or at least a severely reduced, recovery for the Class.

11. In light of these concerns, the successful resolution of this Action required extensive efforts on the part of Lead Plaintiffs and Lead Counsel, particularly given the complexity of the legal and factual issues—given the dozens of Defendants in this matter and the intricate regulatory nature of the facts of this case.

12. SAFPPF accordingly believes that this is a favorable recovery and supports approval of the Settlement.

---

[2] *See, e.g., San Antonio Fire & Police Pension Fund v. Dole Food Co.*, No. 1:15-CV-1140-LPS, 2017 WL 11917433, at *2 (D. Del. July 18, 2017) (approving $74 million settlement and fees and reimbursement request in securities class action where SAFPPF was lead plaintiff); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, No. 1:08-cv-08093-LTS, ECF Nos. 287–88 (S.D.N.Y. May 27, 2015) (approving $500 million securities settlement, plus fees and reimbursement, with SAFPPF serving as a named plaintiff).

### III. SAFPPF's Reimbursement of Reasonable Costs and Expenses

13. The PSLRA, 15 U.S.C. § 78u-4(a)(4), provides for an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." Under that provision, SAFPPF seeks reimbursement for the costs and expenses incurred due to its representation of the Class in the Action in the amount of $15,000.

14. As described above, SAFPPF submits that its significant contributions to the successful prosecution and resolution of this Action and the time SAFPPF's representatives devoted to pursuing claims on behalf of the Class, helped to achieve this settlement and justifies this request.

15. Importantly, the time that I, Mr. Schott, and other staff members of SAFPPF devoted to pursuing the Class's interests in this Action was time we otherwise would have devoted to the other important work of the fund. Accordingly, the time devoted to this Action represents a direct cost to SAFPPF.

### IV. Approval of the Attorneys' Fee Request and Reimbursement of Litigation Expenses

16. Finally, SAFPPF supports Lead Counsel's request for an award of attorneys' fees in the amount of 20% of the Settlement Fund. SAFPPF has evaluated and authorized the fee request by considering the substantial recovery obtained for the Class in this Action.

17. SAFPPF concludes that the request is fair and reasonable in light of Lead Counsel's exceptional work performed on behalf of the Class. A 20% award is particularly appropriate here because of the reasons stated above and in more detail in the accompanying brief, including the highly complex nature of the litigation; the impediments to recovery, including Defendants' arguments as to liability and Defendants' possible inability to pay; that the request is 10% lower than is customary in this District and represents a lodestar multiplier of less than one; counsel's investment of time and resources; and that amount of the Settlement is nearly double the median in the Tenth Circuit.

18. SAFPPF further believes that the reimbursement of litigation expenses sought by counsel is reasonable because it seeks only reasonable reimbursement for costs and expenses necessary for the

initiation, prosecution, and resolution of the claims in the Action.

### V. <u>**Conclusion**</u>

19. In light of the foregoing facts, SAFPPF respectfully submits that the Court should grant Lead Plaintiffs' Motion for Final Approval of the Settlement and the Plan of Allocation, approve Lead Plaintiffs' request to award SAFPPF a reimbursement of $15,000 for reasonable costs and expenses for its substantial work in connection with the prosecution of this Action, and grant Lead Plaintiffs' Motion for Award of Attorneys' Fees and Expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21 day of October, 2025, at San Antonio, TX.

Gail A. Jensen
General Counsel

On behalf of San Antonio Fire & Police Pension Fund