# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, and INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

       Plaintiffs,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
JOHN ELLIS BUSH,
ANDREW CAVANNA,
CAROLINE DECHERT,
EDWARD KENNEDY, JR.,
PAVITHRA MAHESH,
THOMAS SCULLY,
MARILYN TAVENNER,
SEAN TRAYNOR,
RICHARD ZORETIC,
WCAS MANAGEMENT CORPORATION,
WCAS MANAGEMENT, L.P.,
WCAS MANAGEMENT, LLC,
APAX PARTNERS US LLC,
TCO GROUP HOLDINGS, L.P.,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY LLC,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO. LLC,
ROBERTS & RYAN INVESTMENTS, INC.

       Defendants.

## DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) CAFA NOTICE MAILING; (B) MAILING/EMAILING OF NOTICE; (C) PUBLICATION OF THE SUMMARY NOTICE; AND (D) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

I, Josephine Bravata, declare and state as follows:

1. I am the Director of Quality Assurance at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty-five years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and seventy-five (575) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

2. Pursuant to the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement, dated June 17, 2025 (ECF No. 200, the "Preliminary Approval Order"), SCS was retained by Lead Counsel as Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement, as well as the processing of Claims.[1]

3. I submit this declaration in order to provide the Court and the Parties information regarding the mailing of CAFA notice, dissemination of Notice to potential Class Members in accordance with the Court's order, and establishment of a website and toll-free number dedicated to this Action, as well as updates concerning other aspects of the Settlement administration process.

I.    **MAILING OF CAFA NOTICE**

4. At the request of Representative Defendants' Counsel, and separate from our engagement as Claims Administrator, on June 10, 2025, SCS mailed a notice of proposed class action settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), to the federal and state officials designated by Defendants' Counsel, by certified return receipt through the United States Postal Service. The mailing consisted of: (a) a letter regarding the Settlement approved by

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated June 2, 2025 (ECF No. 199-1, the "Stipulation").

1

Defendants' Counsel describing the mailing (the "CAFA Letter"); and (b) a CD-ROM containing copies of the documents referenced in the CAFA Letter.  Attached as **Exhibit A** is a copy of the CAFA Letter that SCS mailed.

## II.    DISSEMINATION OF NOTICE

5.  Pursuant to the Preliminary Approval Order, SCS is responsible for disseminating notice of the Settlement to potential Class Members.

6.  The Notice directed those who purchased thecommon stock of InnovAge Holding Corp. ("InnovAge") during the Class Period for the beneficial interest of a person or organization other than themselves to either (a) within seven (7) business days of receipt of the Notice, request from SCS sufficient copies of the Notice Packet to forward to all such beneficial owners, or (b) within seven (7) business days of receipt of the Notice, provide to SCS the names and addresses of all such beneficial owners.

7.  SCS sent the Depository Trust Company ("DTC") a Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on June 30, 2025.  LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.  A true and correct copy of the Notice and Claim Form is attached as **Exhibit B**.

8.  As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,049 banks and brokerage companies ("Nominee Account Holders"), as well as 1,415 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").

9.  On June 30, 2025, SCS caused a letter to be mailed or e-mailed to the 2,464 Nominee Account Holders and Institutional Groups contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that within seven calendar days from the date of the letter, they either (a) email the link to the electronic Notice and Claim Form to their clients who may be beneficial purchasers and for whom valid email addresses were available; (b) mail the Postcard Notice to their customers who may be beneficial purchasers; or (c) provide SCS with the names, last known addresses, and email addresses (to the extent known) of such beneficial purchasers so that SCS could promptly and directly email the Notice and Claim Form link or mail the Postcard Notice to them.  A copy of the letter sent to these nominees is attached as **Exhibit C**.

10. To provide actual notice to persons and entities who (I) purchased or otherwise acquired publicly traded InnovAge common stock between May 11, 2021 and December 22, 2021, inclusive, and/or (II) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 Initial Public Offering ("Class Period"), and were damaged thereby (the "Class"),[2] SCS mailed the Postcard Notice to potential members of the Class pursuant to the Preliminary Approval Order.  **Exhibit D** is a copy of the Postcard Notice.

11. On July 1, 2025, SCS mailed the Postcard Notice to three persons and entities identified on the transfer agent records which Defendants' Counsel forwarded to SCS.  These records reflect persons and entities that purchased InnovAge common stock for the account(s) of themselves or their clients during the Class Period.  Following this mailing, SCS received 1,069 additional names and addresses of potential Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS. Additionally, SCS received a request from a nominee for 2,905 Postcard

---

[2] Excluded from the Class are Defendants; the officers and directors of InnovAge at all relevant times; members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns; Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and any entity in which Defendants or their immediate families have or had a controlling interest.

Notices so that the nominee could forward them to its customers, and SCS received notification from a nominee that they mailed the Postcard Notice to 295 of their customers. Through the date of this declaration, 4,272 Postcard Notices have been mailed to potential Class Members.

12. Additionally, SCS received 5,485 valid email addresses from nominees to send the Notice and Claim Form link, and SCS was notified by a nominee that it emailed 1,633 of its customers to notify them of this Settlement and provide the direct link to the Notice and Claim Form on the Settlement website.

13. In total, 11,390 notices were sent to potential Class Members either by mailed Postcard Notice or emailed link to the Notice and Claim Form.

14. Out of the 4,272 Postcard Notices mailed, 311 were returned to SCS as undeliverable. Of these 311 undeliverable Postcard Notices, the United States Postal Service provided forwarding addresses for eight, and SCS immediately mailed another Postcard Notice to the potential Class Members at the updated addresses. The remaining 303 Postcard Notices returned undeliverable were "skip-traced" to obtain updated addresses, and 20 new Postcard Notices were mailed to updated addresses obtained through skip-tracing. That process will continue.

## III.  PUBLICATION OF THE SUMMARY NOTICE

15. Pursuant to the Preliminary Approval Order, the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice") was published once in the *Investors Business Daily* and transmitted once over *Globe Newswire* on July 21, 2025, as shown in the confirmations of publication attached hereto as **Exhibit E**.

## IV.  TOLL-FREE TELEPHONE LINE

16. SCS maintains a toll-free telephone number (1-866-274-4004) for Class Members to call and obtain information about the Settlement, which was included in the mailed Postcard Notice,

4

emailed Notice and Claim Form link, and the published Summary Notice. SCS has promptly responded to each telephone inquiry and will continue to address Class Member inquiries throughout the administration process.

## V.    SETTLEMENT WEBSITE

17. On June 30, 2025, SCS established a webpage for the Settlement ("Settlement Website") on its website at www.strategicclaims.net/InnovAge/. The website is accessible 24 hours a day, 7 days a week. The website contains the current status; the key dates and deadlines; the link to the online claim form; the important documents section, which consists of the Notice and Claim Form, Postcard Notice, Preliminary Approval Order, Stipulation, and Second Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 171); and the representative filers sections, which consists of the nominee letter, the electronic filing instructions and descriptions, as well as the electronic filing template. The address for the Settlement Website is set forth in the Notice, Claim Form, and Summary Notice, and to date has had 1,932 page views by 699 unique users.

18. SCS will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of this administration.

## VI.    REPORT ON EXCLUSIONS AND OBJECTIONS

19. The Postcard Notice, Notice, Summary Notice, and the Settlement Website informed potential Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than November 5, 2025. The Notice directs Settlement Class Members who wish to request exclusion to mail their request to *InnovAge Securities Litigation – EXCLUSIONS,* c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. The Notice also sets forth the information that must be included in each request for exclusion.

20. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has not received any requests for exclusion.

21. According to the Postcard Notice, Notice, Summary Notice, and Settlement website, Class Members seeking to object to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or Lead Plaintiffs' motion for service awards must serve their objections upon Lead Counsel and Representative Defendants' Counsel, as well as file them with the Court, no later than November 5, 2025. As of the date of this declaration, SCS has neither received any objections nor been notified of any objections being filed.

22. SCS will submit a Supplemental Declaration after the November 5, 2025 deadline addressing any requests for exclusion or objections received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 22, 2025

_Josephine B ravata_

Josephine Bravata

6

**EXHIBIT A**

## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-310-712-6600
FACSIMILE: 1-310-712-8800
WWW.SULLCROM.COM

*1888 Century Park East*
*Los Angeles, California 90067-1725*

NEW YORK • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

June 10, 2025

Via USPS Certified Mail

TO:  ALL ADDRESSEES IDENTIFIED IN THE ATTACHED EXHIBIT 1

> Re:  *El Paso Firemen & Policemen's Pension Fund et al.* v. *InnovAge Holding Corp. et al.*, No. 21-cv-02770 (D. Colo.)

Dear Sir or Madam:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1715, InnovAge Holding Corp. ("InnovAge"), Maureen Hewitt, Barbara Gutierrez, John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor, Richard Zoretic, WCAS Management Corporation, WCAS Management, L.P., WCAS Management, LLC, Apax Partners US LLC, TCO Group Holdings, L.P., J.P. Morgan Securities LLC, Barclays Capital Inc., Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company LLC, Piper Sandler & Co., Capital One Securities, Inc., Loop Capital Markets LLC, Siebert Williams Shank & Co. LLC, and Roberts & Ryan Investments, Inc. (together, the "Settling Defendants") provide notice of a proposed class action settlement reached between the Settling Defendants and Plaintiffs El Paso Firemen & Policemen's Pension Fund, San Antonio Fire & Police Pension Fund, and Indiana Public Retirement System (together, "Lead Plaintiffs") in the action captioned, *El Paso Firemen & Policemen's Pension Fund et al.* v. *InnovAge Holding Corp. et al.*, No. 21-cv-02770 (D. Colo.) (the "Action").

The Action is a class action in which Lead Plaintiffs have alleged, among other things, that the Settling Defendants made purported false or misleading statements in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and sections 11, 12(a)(2) and 15 of the Securities Act of 1933, which Lead Plaintiffs allege caused the price of InnovAge stock to trade at artificially inflated prices between March 4, 2021 and December 22, 2021, inclusive (the "Class Period").  Specifically, Plaintiff alleges that the Settling Defendants concealed that some patients at InnovAge facilities received substandard care and some InnovAge facilities were understaffed, and, as a result, there was an undisclosed heightened risk that audits by federal and state regulators could result in sanctions that would negatively impact InnovAge's business operations.

-2-

On January 8, 2025, the Court certified a class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) comprising all persons and entities who (i) purchased or otherwise acquired the publicly traded common stock of InnovAge between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021, IPO and were damaged thereby (the "Certified Class").

The Settling Defendants deny Lead Plaintiffs' allegations of wrongdoing and liability and maintain that they have good and meritorious defenses to Lead Plaintiffs' allegations and claims of damages.

During the course of litigating the Action, Lead Plaintiffs and the Settling Defendants engaged a neutral third-party mediator to facilitate efforts to resolve the Action through a potential settlement.  Beginning in October 2024 and continuing through June 2025, Lead Plaintiffs and the Settling Defendants engaged in extensive arm's-length negotiations undertaken in good faith.  In April 2025, Lead Plaintiffs and the Settling Defendants reached an agreement in principle to resolve the Action through a settlement proposed by the neutral third-party mediator.  On June 2, Lead Plaintiffs and the Settling Defendants executed a Stipulation and Agreement of Settlement (the "Settlement").  A copy of the Settlement and the exhibits thereto are enclosed as Exhibit 2.  The Settlement was filed with the Court, together with Lead Plaintiffs' motion for preliminary approval of the Settlement, on June 2, 2025.

In accordance with the CAFA notice provisions, 28 U.S.C. § 1715, the Settling Defendants are including the following documents on the enclosed disc as part of this notice:

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** Enclosed as Exhibits 3-5 are copies of the original Class Action Complaint for Violations of the Federal Securities Laws, filed on October 14, 2021, the First Amended Class Action Complaint for Violations of the Federal Securities Laws and attached exhibits, filed on June 21, 2022, and the operative Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on September 17, 2024.  Copies of prior complaints are electronically available through the internet from the United States Courts' PACER system for the United States District Court for the District of Colorado (https://ecf.cod.uscourts.gov/).

2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:**  As of June 10, the Court has not scheduled any hearings in the Action. The Court could (on its own initiative or at the request of the parties) establish dates for preliminary and final fairness hearings or rule on the motion for preliminary approval without holding a hearing.  In such case, an order will be entered on the public docket for this matter, which is available through the United States Courts' PACER system for the United States District Court for the District of Colorado (https://ecf.cod.uscourts.gov/).  Enclosed as Exhibit 6 is Lead Plaintiffs'

-3-

Unopposed Motion for Preliminary Approval of Settlement and Approval of Notice to the Class, and Memorandum of Law in Support.  Lead Plaintiffs' [Proposed] Order Preliminarily Approving Settlement And Authorizing Dissemination of Notice of Settlement is attached as Exhibit A to the Settlement, and Lead Plaintiffs' [Proposed] Final Judgment and Order of Dismissal is attached as Exhibit B to the Settlement.

3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members:**  The proposed (1) Notice of Proposed Settlement of Class Action; (2) Proof of Claim Form; (3) Summary Notice; and (4) Postcard Notice to class members are attached as Exhibits A-1, A-2, A-3, and A-4 to the Settlement.

4. **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:**  A copy of the Settlement, including exhibits, all of which are subject to Court approval, is enclosed as Exhibit 2.

5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:**  A copy of the Confidential Supplemental Agreement Regarding Settlement (the "Supplemental Agreement") is enclosed as Exhibit 7.  The Supplemental Agreement is a confidential document that has not been filed in the Action.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment:**  Enclosed as Exhibits 8-10 are the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss Amended Class Action Complaint, dated December 21, 2023; Order Granting in Part and Denying in Part Underwriter Defendants' Motion to Dismiss Amended Class Action Complaint, dated January 18, 2024; and Order Denying Motion to Dismiss, dated March 31, 2025.

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members and the Estimated Proportionate Share of the Claims of Such Members to the Settlement:**  CAFA requires a defendant, "if feasible," to provide "the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement," or if that is not feasible, to provide a "reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement."  *See* 28 U.S.C. § 1715(b)(7)(A)-(B).  The Settling Defendants cannot feasibly identify the names of all class members who reside in each state or the estimated proportionate share of the claims of such members of the entire Settlement.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  There are no written judicial opinions relating to the materials described in

-4-

subparagraphs (3) through (6) of 28 U.S.C. § 1715(b) and thus no such opinions are attached.

The foregoing information is provided based on the status of the proceedings at the time of the submission of this notification and on the data currently available to the Settling Defendants.  The Settling Defendants reserve the right to supplement this notice and to provide additional information in support of the Settlement.

If you have any questions about this notice, the Action, or the enclosed materials, please contact me at (310) 712-6600.

Sincerely,

Diane L. McGimsey

(Enclosures)

cc:     Molly Bowen Esq.
        (Cohen Milstein Sellers & Toll PLLC)

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

INNOVAGE HOLDING CORP., MAUREEN HEWITT, BARBARA GUTIERREZ, JOHN ELLIS BUSH, ANDREW CAVANNA, CAROLINE DECHERT, EDWARD KENNEDY, JR., PAVITHRA MAHESH, THOMAS SCULLY, MARILYN TAVENNER, SEAN TRAYNOR, RICHARD ZORETIC, WCAS MANAGEMENT CORPORATION, WCAS MANAGEMENT, L.P., WCAS MANAGEMENT, LLC, APAX PARTNERS US LLC, TCO GROUP HOLDINGS, L.P., J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., ROBERT W. BAIRD & CO.  INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., PIPER SANDLER & CO., CAPITAL ONE SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SIEBERT WILLIAMS SHANK & CO., LLC, and ROBERTS & RYAN INVESTMENTS, INC.,

      Defendants.

---

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

---

***A federal court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the U.S. District Court for the District of Colorado (the "Court"), if you (i) purchased or otherwise acquired the publicly traded common stock of InnovAge between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 initial public offering (the "IPO") ("Class Period") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, El Paso Firemen & Policemen's Pension Fund, San Antonio Fire & Police Pension Fund, and Indiana Public Retirement System, on behalf of themselves and the other members of the Class (as defined in ¶ 20 below), have reached a proposed settlement of the Action for $27,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, InnovAge, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 63 below).**

1.    **Description of the Action and the Class:** This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that InnovAge; its Chief Executive Officer, Maureen Hewitt, and its Chief Financial Officer, Barbara Gutierrez (the "Officer Defendants"); John Ellis Bush, Andrew Cavanna, Caroline Dechert, Edward Kennedy, Jr., Pavithra Mahesh, Thomas Scully, Marilyn Tavenner, Sean Traynor, and Richard Zoretic (the "Director Defendants"); WCAS Management Corporation, WCAS Management, L.P. and WCAS Management LLC (the "WCAS Defendants"); Apax Partners US LLC,; TCO Group Holdings, L.P.; J.P. Morgan Securities LLC, Barclays Capital, Inc., Goldman Sachs & Co. LLC, Citigroup Global Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., Piper Sandler & Co., Capital One Securities, Inc., Loop Capital Markets LLC, Siebert Williams Shank & Co., LLC, and Roberts & Ryan Investments, Inc. (the "Underwriter Defendants," and collectively "Defendants") violated the federal securities laws by making materially false and misleading statements and omissions in connection with InnovAge's IPO and public statements to investors. A more

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated June 2, 2025 (the "Stipulation"), which is available at www.strategicclaims.net/InnovAge/.

detailed description of the Action is set forth in ¶¶ 11-19 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 20 below.

2.    **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $27,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court, including any request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3.    **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of InnovAge publicly traded common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.699 per affected share. Class Members should note, however, that the foregoing average recovery is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their InnovAge shares, the total number and value of valid Claim Forms submitted, the amount of Notice and Administration Costs, and the amount of attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation set forth herein or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Cohen Milstein Sellers & Toll PLLC, has been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in April of 2022, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel, on behalf of Lead Plaintiffs' Counsel,[2] will apply to the Court for attorneys' fees of up to 20% of the Settlement Fund, plus actual expenses up to $800,000 for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.161 per affected share of InnovAge publicly traded common stock. Class Members should note that this amount is only an estimate. The estimated average recovery is $0.538 per affected share of InnovAge publicly traded common stock.

6.    **Identification of Attorney Representatives:** Lead Plaintiffs and the Class are represented by Cohen Milstein Sellers & Toll PLLC, Molly Bowen, 1100 New York Avenue NW, 8th Floor, Washington, DC 20005; mbowen@cohenmilstein.com; (202) 408-4600.

7.    **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN NOVEMBER 5, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 31 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |

---

[2] Lead Plaintiffs' Counsel includes Lead Counsel and Fairfield and Woods, P.C., the Court-appointed Liaison Counsel.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN NOVEMBER 5, 2025.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Net Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN NOVEMBER 5, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses awarded by the Court, including any request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class; you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. Submitting this objection will not exclude you from the Class. |
| **GO TO A HEARING ON NOVEMBER 26, 2025 AT 10:30 A.M., AND FILE A** *NOTICE* **OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN NOVEMBER 5, 2025.** | Filing a written objection and notice of intention to appear by November 5, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO** *NOTHING***.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? ..................................................................................................................... Page 4
What Is This Case About? ...................................................................................................................................... Page 4
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class? ........................................................................................................................ Page 5
What Are Lead Plaintiffs' Reasons For The Settlement? ...................................................................................... Page 5
What Might Happen If There Were No Settlement? .............................................................................................. Page 6
How Are Class Members Affected By The Action
    And The Settlement? ........................................................................................................................................ Page 6
How Do I Participate In The Settlement? What Do I Need To Do? ....................................................................... Page 8
How Much Will My Payment Be? ......................................................................................................................... Page 8
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid? ..................................................................................................................... Page 9
What If I Do Not Want To Be A Member Of The Class?
    How Do I Exclude Myself? .............................................................................................................................. Page 9
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing? May I Speak At
    The Hearing If I Don't Like The Settlement? ................................................................................................. Page 9
What If I Do Nothing? ........................................................................................................................................... Page 11
What If I Bought Shares On Someone Else's Behalf? ........................................................................................... Page 11
Can I See The Court File? Whom Should I Contact If I Have
    Questions? ........................................................................................................................................................ Page 11

3

## WHY DID I GET THE POSTCARD NOTICE?

8.      The Court directed that the Postcard Notice be mailed to you to direct you to this Notice because you or someone in your family or an investment account for which you serve as a custodian may have (i) purchased or otherwise acquired the publicly traded common stock of InnovAge between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 IPO. The Court has directed us to make this Notice available to you because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class (the "Settlement Hearing"). *See* ¶¶ 52-60 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.      InnovAge operates as a healthcare company focused on providing all-inclusive medical and social services for certain frail seniors, most of whom are "dually eligible" for Medicare and Medicaid. InnovAge provides these services through the Program of All-Inclusive Care for the Elderly ("PACE"), funded by government payors, primarily Medicare and Medicaid, which comprises 99% of InnovAge's revenue.

12.      Lead Plaintiffs allege that throughout the Class Period, Defendants made a series of materially false or misleading statements and omissions to investors, and that these materially false or misleading statements and omissions allegedly caused the price of InnovAge's common stock to be artificially inflated and to decline when the truth was revealed. Specifically, Lead Plaintiffs claim that InnovAge made false and misleading statements regarding its ability to provide individualized care plans; maintain continuity of care; enable participants to live independently at home; and maintain staffing levels. Lead Plaintiffs allege these statements were false and misleading, based primarily on regulatory findings that InnovAge had failed to implement and monitor its plan of care, meet the needs of participants 24 hours a day, or ensure proper staffing levels.

13.      Lead Plaintiffs claim that state and federal regulators levied sanctions including an enrollment freeze, and Lead Plaintiffs allege that such disclosures caused the price of InnovAge common stock to drop.

14.      On June 21, 2022, Lead Plaintiffs filed and served their First Amended Class Action Complaint (the "First Amended Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, as well as under Sections 11, 12(a)(2), and Section 15 of the Securities Act of 1933 (the "Securities Act").

15.      On September 13, 2022, InnovAge, the Officer Defendants, the Director Defendants, Welsh, Carson, Anderson & Stowe, and Apax Partners, L.P. served their motion to dismiss the First Amended Complaint. That same day, the Underwriter Defendants served their separate motion to dismiss the First Amended Complaint. On November 14, 2022, Lead Plaintiffs served their memorandum of law in opposition to these motions and, on December 14, 2022, Defendants served their reply papers. Lead Plaintiffs submitted supplemental authority in support of their motion on February 21, 2023, April 10, 2023, and September 15, 2023. On December 21, 2023, the Court issued its Order granting in part and denying in part InnovAge's, the Officer Defendants', the Director Defendants', Welsh, Carson, Anderson & Stowe's, and Apax Partners, L.P.'s motion to dismiss the First Amended Complaint. On January 18, 2024, the Court issued its Order granting in part and denying in part the Underwriter Defendants' Motion to dismiss the First Amended Complaint.

16.      On March 4, 2024, Defendants filed and served their Answers to the First Amended Complaint, after which extensive discovery occurred.

17.      On September 17, 2024, Lead Plaintiffs filed and served their Second Amended Class Action Complaint, clarifying and correcting the identity of certain private equity entities, including the WCAS Defendants.

18.      On June 2, 2025, the Parties entered into the Stipulation of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.strategicclaims.net/InnovAge/.

4

19.     On June 17, 2025, the Court preliminarily approved the Settlement, authorized notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASS?

20.     If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

> all persons or entities who (i) purchased or otherwise acquired the publicly traded common stock of InnovAge between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 IPO and were damaged thereby.

Excluded from the Class are: Defendants; the officers and directors of InnovAge at all relevant times and members of their immediate families and their legal representatives, heirs, successors or assigns; Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and any entity in which Defendants or the Individual Defendants' immediate families have or had a controlling interest, provided, however, that any Investment Vehicle shall not be excluded from the Class. Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?" on page 9 below.

**PLEASE NOTE: Receipt of the Postcard Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than November 5, 2025.

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

21.     Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.

22.     Risks attendant to further litigation include hurdles to proving falsity, scienter, control person liability and loss causation. Lead Plaintiffs faced challenges establishing that each misstatement was false and misleading. The statements that survived motion to dismiss involved InnovAge's: (i) ability to provide individualized care plans; (ii) ability to maintain continuity of care; (iii) ability to enable participants to live independently at home; and (iv) staffing levels and the reasons for any staffing shortages. As to statements in categories (i)-(iii), Defendants would argue that these statements could not be taken as assurances that InnovAge would operate perfectly and are not false simply because InnovAge encountered operational challenges, and that any issues were isolated. As to the staffing statements, Defendants would argue that they disclosed the fact of staffing shortages and that such shortages were the result of the COVID-19 pandemic and were well-known to investors. Further, Lead Plaintiffs faced challenges establishing materiality: in the motion to dismiss order, the Court noted that the materiality inquiry is an "intensely fact-specific" one on which Defendants may be able to prevail once the Court had a "full record." Certain defendants alleged to be secondarily liable as "control persons" have additional defenses that Lead Plaintiffs would need to overcome. The private equity defendants intended to raise the affirmative defense that they conducted reasonable due diligence with respect to the challenged statements, and the Underwriter Defendants similarly intended to raise the affirmative defense that they conducted reasonable due diligence in underwriting the IPO of InnovAge. As to scienter, Defendants would argue that the nature and severity of the sanctions was unexpected, particularly in light of the complications of operating during COVID-19; that Hewitt's knowledge of complaints about staffing issues at certain centers was not sufficiently particularized; that the timing of Hewitt's resignation does not support a finding of scienter; and that the timing of Hewitt and Gutierrez's compensation awards did not support a motive to inflate InnovAge's stock price.

23.     Lead Plaintiffs also faced risks relating to loss causation and damages: the Parties would have contested whether and to what extent InnovAge's stock price drops were attributable to the alleged fraud versus other confounding factors (including statements dismissed from the case). This issue would have boiled down to a "battle-of-the-experts," which creates significant uncertainty and risks to recovery.

24.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $27,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

25.    Defendants deny Lead Plaintiffs' allegations in full and deny any wrongdoing or liability for the claims alleged. Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

27.    As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

29.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30.    If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 31) on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees (as defined in ¶ 32), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

31.    "Released Plaintiffs' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, judgments, matters, issues, losses, damages and liabilities, whether known or unknown, suspected or unsuspected, contingent or non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in any forum against Defendants' Releasees that: (a) arise out of, concern, are based upon, or relate in any way to the claims, allegations, transactions, facts, matters or occurrences, representations, or omissions asserted, involved, set forth, or referred to in the Second Amended Complaint or in any prior complaints in the Action, or which could have been alleged in the Action; and (b) arise out of, concern, are based upon, or relate in any way to the purchase, acquisition, sale, holding, or disposition of InnovAge securities during the Class Period.  The Released Plaintiffs' claims do not cover, include, or release any claims relating to the enforcement of the Settlement. This release also does not cover the derivative claims asserted in *Brian Hall, derivatively on behalf of InnovAge Holding Corp. v. Hewitt et al.*, No. 2023-0527, filed in the Court of Chancery of the State of Delaware. The Stipulation shall also include provisions confirming the applicability of 15 U.S.C. § 78u-4(f)(7) to the Settlement.

32.    "Defendants' Releasees" means Defendants and any of their related parties, including, without limitation, any

and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, shareholders, equity holders, joint venturers, managers, managing directors, supervisors, consultants, servants, experts, auditors, financial advisors, indemnitors, receivers, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers or reinsurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, legatees, devisees, spouses, predecessors, successors, and assigns.

33.     "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

34.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 35) on behalf of a Defendant, in that capacity, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity that submits a request for exclusion from the Class that is accepted by the Court.

35.     "Released Defendants' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, judgments, matters, issues, losses, damages and liabilities, whether known or unknown, suspected or unsuspected, contingent or non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in any forum against Plaintiffs' Releasees that concern, are based upon, arise out of, or relate in any way to the institution, prosecution, or settlement of the claims in the Action against Defendants. The Released Defendants' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; (ii) any claims between Defendants' Releasees and their respective insurers; or (iii) any claims arising from the March 3, 2021, Underwriting Agreement between InnovAge and the Underwriter Defendants, including InnovAge's indemnification obligations pursuant to that agreement.

36.     "Plaintiffs' Releasees" means Plaintiffs and all other Class members, in his, her, or its capacity as a purchaser or acquirer of InnovAge common stock, together with their attorneys or any of their related parties, including, without limitation, any and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, shareholders, equity holders, joint venturers, managers, managing directors, supervisors, consultants, servants, experts, auditors, accountants, financial advisors, indemnitors, receivers, managing agents, employees, attorneys, investment bankers, underwriters, insurers or reinsurers in their capacities as such, immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, legatees, devisees, spouses, predecessors, successors, and assigns.

7

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

37.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation so that it is *postmarked* **(if mailed) by November 5, 2025** to the Claims Administrator at *InnovAge Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, or **submitted online at www.strategicclaims.net/InnovAge/ no later  than 11:59 p.m. E.T. November 5, 2025**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net/InnovAge/. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 274-4004 or by emailing the Claims Administrator at info@strategicclaims.net. Please retain all records of your ownership of and transactions in InnovAge publicly traded common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in InnovAge publicly traded common stock.

38.    If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

39.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

40.    Pursuant to the Settlement, InnovAge has agreed to pay or cause to be paid a total of $27,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court, including any request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

41.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

42.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

43.    Approval of the Settlement is independent from approval of the plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

44.    Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form postmarked (or submitted online) on or before November 5, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 31 above) against the Defendants' Releasees (as defined in ¶ 32 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

45.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

46.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

47.    Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. Appendix A to this Notice sets forth the Proposed Plan of Allocation of the Net Settlement Fund, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

48.     Lead Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Class, nor have Lead Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court, on behalf of Lead Plaintiffs' Counsel, for attorneys' fees of up to 20% of the Settlement Fund, plus actual expenses up to $800,000 for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

49.     Each Class Member will be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *InnovAge Securities Litigation* – EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. The Request for Exclusion must be **received no later than November 5, 2025**. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must state that you "request exclusion from the Class in *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, No. 1:21-cv-2770-WJM-SBP (D. Colo.)" and must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) be signed by the person or entity requesting exclusion or an authorized representative; and (iii) state the number of shares of InnovAge publicly traded common stock you (a) purchased/acquired and/or sold from March 4, 2021 through December 22, 2021, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold, and (b) held as of the close of trading on December 22, 2021. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

50.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Class is the only option that may allow you to be part of any future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitation or a statute of repose. In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

51.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

52.     **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. You should check the Court's docket or the Settlement website, www.strategicclaims.net/InnovAge/, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

53.     The Settlement Hearing will be held on **November 26, 2025 at 10:30 a.m.**, either in person at the U.S. District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, Courtroom A801, 901 19th Street, Denver, CO 80294, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and

9

adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement, at or after the Settlement Hearing without further notice to the members of the Class.

54.      Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or Lead Plaintiffs' motion for service awards. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S. District Court for the District of Colorado at the address set forth below **on or before November 5, 2025**. You must also serve the papers on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before November 5, 2025**.

| Clerk's Office: | Lead Counsel: | Representative Defendants' Counsel: |
|---|---|---|
| U.S. District Court District of Colorado Alfred A. Arraj United States Courthouse Room A105 901 19th Street Denver, CO 80294 | Cohen Milstein Sellers & Toll PLLC Molly Bowen 1100 New York Avenue NW, 8th Floor Washington, DC 20005 | Sullivan & Cromwell LLP Diane L. McGimsey 1888 Century Park East Suite 2100 Los Angeles, CA 90067 |

55.      Any objection must (a) identify the case name and case number, *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, No. 1:21-cv-2770-WJM-SBP (D. Colo.); (b) state the name, address, and telephone number of the person or entity objecting, and, in the case of entities, the name and telephone number of the appropriate contact person; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) include documents sufficient to establish membership in the Class, including documents showing the number of shares of InnovAge common stock that the objecting Class Member (i) purchased/acquired and/or sold from March 4, 2021 through December 22, 2021, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold, and (ii) held as of the close of trading on December 22, 2021. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

56.      You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

57.      If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 54 above so that it is *received* **on or before November 5, 2025**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

58.      You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 54 above so that the notice is *received* **on or before November 5, 2025.**

59.      The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

60.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees, plus actual expenses, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

61.     If you do nothing, all of your claims against Defendants and the other Defendants' Releasees will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim Form in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

62.     If you (i) purchased or otherwise acquired the publicly traded common stock of InnovAge between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 IPO, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Postcard Notices, forward them to all such beneficial owners; (ii) within seven (7) calendar days of receipt of notice, request from the Claims Administrator a copy of the direct link to the Notice and Claim Form on the Settlement website and, within seven (7) calendar days of receipt of the direct link, email it to all such beneficial owners; or (iii) within seven (7) calendar days of receipt of notice, provide a list of the names, mailing addresses, and email addresses (if available) of all such beneficial owners to *InnovAge Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; info@strategicclaims.net. If you choose option (iii), the Claims Administrator will send a direct link to the Notice and Claim Form, to those beneficial owners for whom valid email addresses are available, or a copy of the Postcard Notice. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.02 per name, mailing address and e-mail address (to the extent available) provided to the Claims Administrator; (b) $0.02 per e-mail for e-mailing notice; or (c) $0.02 per Postcard Notice mailed, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.strategicclaims.net/InnovAge/, by calling the Claims Administrator toll-free at (866) 274-4004, or by emailing the Claims Administrator at info@strategicclaims.net.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

63.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Clerk's Office, U.S. District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Room A105, 901 19th Street, Denver, CO 80294. Additionally, copies of the Stipulation, the operative Complaint, and any related orders entered by the Court will be posted on the Settlement website, www.strategicclaims.net/InnovAge/.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *InnovAge Securities Litigation*<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson Street, Suite 205<br>Media, PA 19063<br>Toll-Free: (866) 274-4004<br>Email: info@strategicclaims.net<br>www.strategicclaims.net/InnovAge/ | and/or | **Cohen Milstein Sellers & Toll PLLC**<br>Attn: Molly Bowen<br>1100 New York Avenue NW, 8th Floor<br>Washington, DC 20005<br>Tel.: (202) 408-4600<br>Email: mbowen@cohenmilstein.com<br><br>Lead Counsel |
|---|---|---|

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: June 17, 2025

By Order of the Court
United States District Court
District of Colorado

**Appendix A: Proposed Plan of Allocation of the Net Settlement Fund**

**PROPOSED PLAN OF ALLOCATION**

1.    As discussed above, the Settlement provides $27 million in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.strategicclaims.net/InnovAge/.

2.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

3.    The Plan of Allocation was created with the assistance of Lead Plaintiffs' damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of InnovAge common stock to be artificially inflated throughout the Class Period. In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in InnovAge common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

4.    All purchases of InnovAge common stock from May 11, 2021, through December 22, 2021, both dates inclusive, are potentially eligible for compensation based on claims asserted under the Exchange Act.[3]  Shares of InnovAge common stock purchased on or before October 14, 2021, are also potentially eligible for compensation based on claims asserted under the Securities Act.[4]

5.    A "Recognized Loss Amount" will be calculated as set forth below for each purchase of InnovAge common stock during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

6.    The Recognized Loss Amount for each qualifying purchase of InnovAge common stock is ***the greater of*** (a) the Securities Act Recognized Loss Amount calculated below, if any, ***or*** (b) the Exchange Act Recognized Loss Amount calculated below, if any.

7.    As detailed below, the Net Settlement Fund will be allocated on a pro rata basis to Authorized Claimants based on their Recognized Claims.

**I.        Securities Act Recognized Loss Amount Calculations**

8.    Securities Act claims were asserted with respect to shares of InnovAge common stock purchased during the Class Period that were traceable to the registration statement utilized in connection with the initial public offering ("IPO").  All shares of InnovAge common stock purchased from the IPO of the common stock on March 4, 2021, through October 14, 2021, inclusive, are traceable to the IPO and potentially eligible for recovery under the Securities Act.

9.    The statutory formula for the calculation of damages under the Securities Act serves as a guide for the calculation of the "Securities Act Loss Amounts" under the Plan of Allocation.  For purposes of the Securities Act calculations, October 14, 2021, is considered to be the "date of suit."

10.   For each share of InnovAge publicly traded common stock purchased or otherwise acquired traceable to the Registration Statement utilized in connection with the March 4, 2021, Initial Public Offering, which represents common stock purchased up to and including October 14, 2021, that was:

---

[3] Any transactions in InnovAge common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Purchases of InnovAge common stock will be considered to have been made in or traceable to the IPO registration statement only if they occurred between March 4, 2021, and October 14, 2021, both dates inclusive.

13

    a) Sold before October 14, 2021, the Securities Act Recognized Loss Amount for each such share shall be the purchase price per share (not to exceed the issue price at the Offering of $21.00 per share) minus the sale price per share.

    b) Sold between October 14, 2021 and the close of trading on October 17, 2023,[5] the Securities Act Recognized Loss Amount for each such share shall be the purchase price per share (not to exceed the issue price at the IPO of $21.00 per share) minus the sale price per share (not to be less than $6.52 per share, the closing price on October 14, 2021).

    c) Retained through the close of trading on October 17, 2023, the Securities Act Recognized Loss Amount for each such share shall be the purchase price per share (not to exceed the issue price at the IPO of $21.00 per share) minus $6.52 per share, the closing price on October 14, 2021.

## II.    Exchange Act Recognized Loss Amount Calculations

11. In this case, Lead Plaintiffs allege that Defendants made false and misleading statements during the Class Period, which had the effect of artificially inflating the trading price of InnovAge common stock. Lead Plaintiffs further allege that corrective information released to the market removed alleged artificial inflation from the share prices of InnovAge common stock on September 22, 2021 and December 23, 2021 (the "corrective disclosures").

12. Exchange Act Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of InnovAge common stock at the time of purchase and at the time of sale.

13. For each share of InnovAge publicly traded common stock purchased or otherwise acquired from May 11, 2021, through and including December 22, 2021, that was:

    a) Sold before September 22, 2021, the Exchange Act Recognized Loss Amount will be $0.00.

    b) Sold between September 22, 2021 through and including the close of trading on December 22, 2021, the Exchange Act Recognized Loss Amount will be the *lesser* of: (i) the amount of artificial alleged inflation per share on the date of purchase as stated in Table A below minus the amount of alleged artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase price minus the sale price.

    c) Sold between December 23, 2021, through and including the close of trading on March 22, 2022, the Exchange Act Recognized Loss Amount will be the *least* of: (i) the amount of alleged artificial inflation per share on the date of purchase as stated in Table A below; or (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between December 23, 2021 and the date of sale as stated in Table B below.

    d) Held as of the close of trading on March 22, 2022, the Exchange Act Recognized Loss Amount will be the *lesser* of: (i) the amount of alleged artificial inflation per share on the date of purchase as stated in Table A below; or (ii) the purchase price minus $4.91.[6]

### ADDITIONAL PROVISIONS

14. **Calculation of Claimant's "Recognized Claim":** A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to InnovAge common stock. As stated above, the Recognized Loss Amount for each purchase of InnovAge common stock during the Class Period is ***the greater of*** (a) the Securities Act Recognized Loss Amount (if any) ***or*** (b) the Exchange Act Recognized Loss Amount (if any).

15. **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of InnovAge common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against

---

[5] October 17, 2023, is the last trading day in which the closing price of InnovAge common stock exceeded the closing price on October 14, 2021, the date of suit.

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of InnovAge common stock during the "90-day look-back period," December 23, 2021, through and including March 22, 2022. The mean (average) closing price for InnovAge common stock during this 90-day look-back period was $4.91.

purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

16. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of InnovAge common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of InnovAge common stock during the Class Period shall not be deemed a purchase, acquisition or sale of InnovAge common stock for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of InnovAge common stock unless (i) the donor or decedent purchased or otherwise acquired or sold InnovAge common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of InnovAge common stock.

17. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the InnovAge common stock. The date of a "short sale" is deemed to be the date of sale of the InnovAge common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

18. In the event that a Claimant has an opening short position in InnovAge common stock, the earliest purchases or acquisitions of InnovAge common stock during the Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

19. **Common Stock Purchased/Sold Through the Exercise of Options**: With respect to InnovAge common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

20. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. The pro rata share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

21. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed pro rata to all Authorized Claimants entitled to receive payment.

22. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

23. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re- distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re- distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

24. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, the Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

25. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify

the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.strategicclaims.net/InnovAge/.

**TABLE A**
**Estimated Inflation in InnovAge Publicly Traded Common Stock**
**May 11, 2021 through December 22, 2021**

| Date Range | Inflation Per Share of InnovAge Common Stock |
|---|---|
| May 11, 2021 – September 21, 2021 | $5.87 |
| September 22, 2021 – December 22, 2021 | $2.97 |
| After December 22, 2021 | $0.00 |

**TABLE B**
**90-Day Look-back Table for InnovAge Publicly Traded Common Stock**
**Closing Price and Average Closing Price**
**December 23, 2021 through March 22, 2022**

| Date | Closing Price | Average Closing Price Between December 23, 2021 and Date Shown | Date | Closing Price | Average Closing Price Between December 23, 2021 and Date Shown |
|---|---|---|---|---|---|
| 12/23/2021 | $5.31 | $5.31 | 2/8/2022 | $5.14 | $4.84 |
| 12/27/2021 | $4.71 | $5.01 | 2/9/2022 | $5.49 | $4.86 |
| 12/28/2021 | $4.62 | $4.88 | 2/10/2022 | $4.56 | $4.85 |
| 12/29/2021 | $4.93 | $4.89 | 2/11/2022 | $5.02 | $4.86 |
| 12/30/2021 | $4.94 | $4.90 | 2/14/2022 | $4.81 | $4.86 |
| 12/31/2021 | $5.00 | $4.92 | 2/15/2022 | $5.05 | $4.86 |
| 1/3/2022 | $5.01 | $4.93 | 2/16/2022 | $4.87 | $4.86 |
| 1/4/2022 | $5.37 | $4.99 | 2/17/2022 | $4.48 | $4.85 |
| 1/5/2022 | $4.87 | $4.97 | 2/18/2022 | $4.51 | $4.84 |
| 1/6/2022 | $4.67 | $4.94 | 2/22/2022 | $4.11 | $4.82 |
| 1/7/2022 | $4.25 | $4.88 | 2/23/2022 | $4.13 | $4.81 |
| 1/10/2022 | $4.49 | $4.85 | 2/24/2022 | $4.49 | $4.80 |
| 1/11/2022 | $4.75 | $4.84 | 2/25/2022 | $4.77 | $4.80 |
| 1/12/2022 | $4.77 | $4.84 | 2/28/2022 | $4.93 | $4.80 |
| 1/13/2022 | $4.85 | $4.84 | 3/1/2022 | $4.81 | $4.80 |
| 1/14/2022 | $4.60 | $4.82 | 3/2/2022 | $4.80 | $4.80 |
| 1/18/2022 | $4.50 | $4.80 | 3/3/2022 | $4.80 | $4.80 |
| 1/19/2022 | $4.60 | $4.79 | 3/4/2022 | $4.87 | $4.80 |
| 1/20/2022 | $4.70 | $4.79 | 3/7/2022 | $4.78 | $4.80 |
| 1/21/2022 | $4.52 | $4.77 | 3/8/2022 | $4.75 | $4.80 |
| 1/24/2022 | $4.71 | $4.77 | 3/9/2022 | $5.08 | $4.81 |
| 1/25/2022 | $4.75 | $4.77 | 3/10/2022 | $5.12 | $4.81 |
| 1/26/2022 | $4.90 | $4.77 | 3/11/2022 | $4.97 | $4.82 |
| 1/27/2022 | $4.80 | $4.78 | 3/14/2022 | $4.99 | $4.82 |
| 1/28/2022 | $4.87 | $4.78 | 3/15/2022 | $5.37 | $4.83 |
| 1/31/2022 | $5.22 | $4.80 | 3/16/2022 | $5.54 | $4.84 |
| 2/1/2022 | $5.18 | $4.81 | 3/17/2022 | $5.70 | $4.86 |

16

| Date | Closing Price | Average Closing Price Between December 23, 2021 and Date Shown | | Date | Closing Price | Average Closing Price Between December 23, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 2/2/2022 | $5.10 | $4.82 | | 3/18/2022 | $5.79 | $4.87 |
| 2/3/2022 | $4.92 | $4.82 | | 3/21/2022 | $5.81 | $4.89 |
| 2/4/2022 | $4.85 | $4.83 | | 3/22/2022 | $5.91 | $4.91 |
| 2/7/2022 | $5.01 | $4.83 | | | | |

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
NOVEMBER 5, 2025**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
*El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding
Corp.,* No. 1:21-cv-2770-WJM-SBP

</td><td>

</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.,* No. 1:21-cv-2770-WJM-SBP (the "Action"),[1] you must complete and, on page 6 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice.

3. YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.STRATEGICCLAIMS.NET/INNOVAGE/ NO LATER THAN 11:59 P.M. ET ON NOVEMBER 5, 2025 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE NOVEMBER 5, 2025, ADDRESSED AS FOLLOWS:

*InnovAge Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5. If you are a Class Member and you did not timely and validly request exclusion from the Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE INNOVAGE HOLDING CORP. ("INNOVAGE") PUBLICLY TRADED COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

8. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

9. All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim Form or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated June 2, 2025 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.strategicclaims.net/InnovAge/.

1

on all the holdings and transactions in InnovAge publicly traded common stock made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a) expressly state the capacity in which they are acting;

    (b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the InnovAge publicly traded common stock; and

    (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

**IDENTIFICATION OF TRANSACTION(S)**

12. Use Part II of this form entitled "Schedule of Holdings and Transactions in InnovAge Publicly Traded Common Stock" to supply all required details of your transaction(s) in InnovAge publicly traded common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in InnovAge publicly traded common stock which took place during the period from March 4, 2021, through December 22, 2021, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from December 23, 2021 through March 22, 2022) and the period from the date of suit (*i.e.* October 14, 2021) through October 17, 2023, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your transactions in InnovAge publicly traded common stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

**OTHER**

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004 or you can visit the website, www.strategicclaims.net/InnovAge/, where copies of the Claim Form and Notice are available for downloading.

19. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004, email at efile@strategicclaims.net, or visit their website at www.strategicclaims.net/InnovAge/ to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

20. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/InnovAge/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

INNOVAGE

**PROOF OF CLAIM AND RELEASE FORM**

<table>
<tr>
<td>

**MUST BE
POSTMARKED
NO LATER THAN
NOVEMBER 5, 2025**

</td>
<td>

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
*El Paso Firemen & Policemen's Pension Fund v.
InnovAge Holding Corp.*,
No. 1:21-cv-2770-WJM-SBP

</td>
<td></td>
</tr>
</table>

| PART I: CLAIMANT IDENTIFICATION |
| --- |

**Claimant/Representative Contact Information:**
The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

Claimant's Name (as you would like it to appear on your check if eligible for payment):

Joint Claimant's Name:

Entity Name (if claimant is not an individual):

Representative's Name (if different from the Claimant's Name(s) listed above):

Address Line 1 (Number and Street or P.O. Box):

Address Line 2 (if needed):

| City: | State or Province: | Zip Code: |
| --- | --- | --- |

| Foreign Country (only if not USA): | Foreign County (only if not USA): |
| --- | --- |

| Telephone Number (home): | Telephone Number (work): |
| --- | --- |

Email Address:

| Last four digits of Social Security Number (for individuals): | **OR** | Last four digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
| --- | --- | --- |

3

**PART II: SCHEDULE OF TRANSACTIONS IN INNOVAGE PUBLICLY TRADED COMMON STOCK**

A. **Purchases During the Class Period: List all purchases of InnovAge publicly traded common stock between March 4, 2021, and December 22, 2021, inclusive. Be sure to attach documentation verifying your transactions:**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

B. **Purchases During the 90-Day Lookback Period and through October 17, 2023: Please state the total number of shares of InnovAge publicly traded common stock purchased between December 23, 2021, and October 17, 2023, inclusive:**

**Quantity of Shares Purchased**

|  |
|---|

C. **Sales: List all sales of InnovAge publicly traded common stock between March 4, 2021, and October 17, 2023, inclusive. Be sure to attach documentation verifying your transactions:**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D. **Unsold Holdings: List the number of shares of InnovAge publicly traded common stock held as of the close of trading on October 17, 2023. Be sure to attach documentation verifying your holdings such as a current account statement:**

**Quantity of Shares Held**

|  |
|---|

**IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, USE PHOTOCOPIES OF THIS PAGE AND CHECK THIS BOX. □**

YOU MUST READ THE RELEASE CONTAINED IN THE FOLLOWING PART IV, AND YOUR SIGNATURE ON PAGE 6 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

**PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (we) submit this Claim Form under the terms of the Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the District of Colorado with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (we) have not submitted any other claim covering the same purchases or sales of InnovAge publicly traded common stock and know of no other person having done so on my (our) behalf.

## PART IV: RELEASE

1. I (we) hereby acknowledge, on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of me (us), in that capacity, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

2. "Defendants' Releasees" means Defendants and any of their related parties, including, without limitation, any and all of their past, present, and future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, shareholders, equity holders, joint venturers, managers, managing directors, supervisors, consultants, servants, experts, auditors, financial advisors, indemnitors, receivers, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers or reinsurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, legatees, devisees, spouses, predecessors, successors, and assigns.

3. "Released Plaintiffs' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, judgments, matters, issues, losses, damages and liabilities, whether known or unknown, suspected or unsuspected, contingent or non-contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, direct or indirect, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in any forum against Defendants' Releasees that: (a) arise out of, concern, are based upon, or relate in any way to the claims, allegations, transactions, facts, matters or occurrences, representations, or omissions asserted, involved, set forth, or referred to in the Second Amended Complaint or in any prior complaints in the Action, or which could have been alleged in the Action; and (b) arise out of, concern, are based upon, or relate in any way to the purchase, acquisition, sale, holding, or disposition of InnovAge securities during the Class Period. The Released Plaintiffs' Claims do not cover, include, or release any claims relating to the enforcement of the Settlement. This release also does not cover the derivative claims asserted in Brian Hall, derivatively on behalf of InnovAge Holding Corp. v. Hewitt et al., No. 2023-0527, filed in the Court of Chancery of the State of Delaware. The Settlement Agreement shall also include provisions confirming the applicability of 15 U.S.C. § 78u-4(f)(7) to the Settlement.

4. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the

foregoing waiver was separately bargained for and a material element of the Settlement.

5. This release shall be of no force or effect unless and until the Court approves the Settlement and the Effective Date of the Settlement (as defined in the Stipulation) occurs.

6. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

7. I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of InnovAge publicly traded common stock during the required period as set forth above.

8. I (we) hereby warrant and represent that I (we) have not submitted any other claim covering the same purchases of InnovAge publicly traded common stock and know of no other person having done so on my (our) behalf.

9. I (we) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice and that I (we) have not requested to be excluded from the Class pursuant to the procedures set forth in the Notice.

10. The claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein.

11. I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require.

12. The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination.

 I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action.

13. I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____ , in _____ , _____.
(Month/Year)           (City)                    (State/Country)

| | |
|---|---|
| Signature of Claimant | Signature of Joint Claimant, if any |
| Print Name of Claimant | Print Name of Joint Claimant, if any |
| Date | Date |

*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

| | |
|---|---|
| Signature of Person Completing Form | Date |
| Print Name of Person Completing Form | Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor or Administrator) |

6

*InnovAge Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**REMINDER CHECKLIST**

☐ 1.  Please be sure to sign this Claim Form.

☐ 2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.

☐ 3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**

☐ 4.  Keep a copy of your Claim Form for your records.

☐ 5.  If you move, please send your new address to the Claims Administrator at the address below:

*InnovAge Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

☐ 6.  **Do not use highlighter on the Claim Form or supporting documentation.**

**EXHIBIT C**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net          FAX: (610) 565-7985

June 30, 2025

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS AND ENTITIES WHO (I) PURCHASED OF OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF INNOVAGE HOLDING CORP. ("INNOVAGE") BETWEEN MAY 11, 2021 AND DECEMBER 22, 2021, INCLUSIVE; AND/OR (II) PURCHASED OR OTHERWISE ACQUIRED PUBLICLY TRADED INNOVAGE COMMON STOCK EITHER IN OR TRACEABLE TO INNOVAGE'S MARCH 4, 2021 INITIAL PUBLIC OFFERING (THE "IPO") ("CLASS PERIOD").

Excluded from the Class are: Defendants; the officers and directors of InnovAge at all relevant times and members of their immediate families and their legal representatives, heirs, successors or assigns; Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and any entity in which Defendants or the Individual Defendants' immediate families have or had a controlling interest, provided, however, that any Investment Vehicle shall no be excluded from the Class.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *InnovAge Securities Litigation* <br> Civil Action No.: 21-cv-02770-WJM-SBP <br> Claim Filing Deadline: November 5, 2025 <br> Exclusion Deadline: November 5, 2025 <br> Objection Deadline: November 5, 2025 <br> Notice to Appear Deadline: November 5, 2025 <br> Settlement Hearing: November 26, 2025 | **Security Identifiers:** <br><br> Cusip Number: 45784A104 <br> ISIN: US45784A1043 <br> SEDOL: BNKLRT1 <br> Ticker Symbol: NASDAQ: INNV |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the direct link to the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and the Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim Form") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notices, you have seven (7) calendar days to mail them; or
4. Request a direct link to the Notice and Claim Form and email the link to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.02 per direct link to the Notice and Claim Form emailed,** OR
- **$0.02 per name, address and email address** if you are providing us the records, OR
- **$0.02 per name and address, including materials, plus postage at the pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice and Claim Form and other important case-related documents are available on our website at www.strategicclaims.net/InnovAge/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
InnovAge Securities Litigation

# EXHIBIT D

InnovAge Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

The United States District Court for the District of Colorado has preliminarily approved a proposed class action Settlement of all claims in the action captioned *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.,* No. 1:21-cv-2770-WJM-SBP. The Settlement resolves all of the claims that Defendants violated the federal securities laws by making allegedly false and misleading statements and omissions to the investing public, which allegedly caused the Class to purchase InnovAge Holding Corp. ("InnovAge") publicly traded common stock at artificially inflated prices. Defendants expressly deny all of Lead Plaintiffs' allegations of wrongdoing or liability whatsoever and deny that the Class Members' alleged losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have (i) purchased or otherwise acquired the publicly traded common stock of InnovAge between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021, initial public offering ("IPO") and were damaged thereby. The Settlement provides that, in exchange for the settlement and dismissal and release of claims against Defendants, a fund consisting of $27,000,000 ("Settlement Fund"), less attorneys' fees and Litigation Expenses, will be divided among all Class Members who submit a valid Proof of Claim and Release Form ("Claim Form"). For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation and Agreement of Settlement at www.strategicclaims.net/InnovAge/ and please request a copy of the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and Claim Form by contacting the Claims Administrator in any of the following ways: (1) mail: *InnovAge Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (2) call: toll free, (866) 274-4004; (3) Fax: (610) 565-7985; (4) email: info@strategicclaims.net; or (5) visit the website: www.strategicclaims.net/InnovAge/.

Claim Forms must be electronically submitted by 11:59 p.m. ET on November 5, 2025 at www.strategicclaims.net/InnovAge/ or mailed to the Claims Administrator at the address in the preceding paragraph so that it is postmarked by November 5, 2025. **To qualify for payment, you must submit a Claim Form.** If you do not want to be legally bound by the Settlement, you must exclude yourself by November 5, 2025 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by November 5, 2025. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing ("Settlement Hearing") on November 26, 2025 at 10:30 a.m. at the Alfred A. Arraj U.S. Courthouse, Courtroom A801, 901 19th Street, Denver, CO 80294, or via remote means at the Court's discretion, to consider whether to approve the Settlement, the Plan of Allocation, a request for attorneys' fees of up to 20% of the Settlement Fund, plus actual expenses up to $800,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. The Court reserves the right to hold the Settlement Hearing by remote means. You may, but are not required to, attend the hearing and ask to be heard by the Court. For more information, call (866) 274-4004, or visit www.strategicclaims.net/InnovAge/.

**EXHIBIT E**

**AFFIDAVIT**

**STATE OF NEW JERSEY** )

) ss:

**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Keith Oechsner, being duly sworn, depose and say that I am the advertising clerk of the Publisher of

INVESTORS BUSINESS DAILY, a weekly national newspaper of general circulation throughout  the

United States, and that the notice attached to this Affidavit has been regularly

published in INVESTORS BUSINESS DAILY for National distribution for

 1   insertion(s) on the following date(s):

JUL-21-2025;

ADVERTISER: INNOVAGE HOLDING CORP.;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
 21   day of   July          2025

Notary Public



IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

INNOVAGE HOLDING CORP., MAUREEN HEWITT, BARBARA GUTIERREZ, JOHN ELLIS BUSH, ANDREW CAVANNA, CAROLINE DECHERT, EDWARD KENNEDY, JR., PAVITHRA MAHESH, THOMAS SCULLY, MARILYN TAVENNER, SEAN TRAYNOR, RICHARD ZORETIC, WCAS MANAGEMENT CORPORATION, WCAS MANAGEMENT, L.P., WCAS MANAGEMENT, LLC, APAX PARTNERS US LLC, TCO GROUP HOLDINGS, L.P., J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., ROBERT W. BAIRD & CO. INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., PIPER SANDLER & CO., CAPITAL ONE SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SIEBERT WILLIAMS SHANK & CO., LLC, and ROBERTS & RYAN INVESTMENTS, INC.,

Defendants.

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** All persons or entities who (i) purchased or otherwise acquired the publicly traded common stock of InnovAge Holding Corp. ("InnovAge") between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 initial public offering ("IPO") and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the District of Colorado (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $27,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **November 26, 2025 at 10:30 a.m.**, before the Honorable William J. Martínez either in person at the U.S. District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, Courtroom A801, 901 19th Street, Denver, CO 80294, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 2, 2025 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement**. If you have not yet received the Postcard Notice directing you to the location of the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *InnovAge Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; calling toll-free (866) 274-4004; or emailing info@strategicclaims.net. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.strategicclaims.net/InnovAge/.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator **postmarked (or submitted online) no later than November 5, 2025**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion to the Claims Administrator such that it is *received no later than November 5, 2025*, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received no later than November 5, 2025*, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*InnovAge Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Email: info@strategicclaims.net
www.strategicclaims.net/InnovAge/

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Molly Bowen
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel.: (202) 408-4600
Email: mbowen@cohenmilstein.com

By Order of the Court

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.strategicclaims.net/InnovAge/.

The mutual fund performance section contains extensive tabular data organized in multiple columns. Each fund listing includes: 36 Mo Performance Rating, Fund name, YTD % Chg, 12Wk % Chg, 5 Yr After Tax Rtn, Net Asset Value, and NAV Chg.

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| A | Cap App | +5 | +17 | +12 | 82.97 | 0.49 |
| A | MidCap | +7 | +12 | +10 | 45.41 | 0.42 |
| B- | SAM Bal | +7 | +10 | +5 | 17.09 | 0.06 |
| B | SAM Csv G | +7 | +13 | +7 | 20.52 | 0.10 |
| A- | SAM Str G | +8 | +15 | +9 | 24.13 | 0.13 |

**Principal Funds Inst**
$55.4 bil 800-222-5852

| E | Intfl Prt | +5 | +2 | 0 | 7.87 | 0.01 |
| A | LC S&P500 | +8 | +20 | +13 | 30.51 | 0.17 |
| A+ | LC G I | +8 | +24 | +10 | 17.83 | 0.11 |
| B- | LCV III | +5 | +12 | +10 | 19.91 | 0.10 |
| C+ | LT 2030 | +7 | +10 | +6 | 14.81 | 0.06 |
| B | LT 2040 | +8 | +13 | +7 | 17.14 | 0.09 |
| B+ | LT 2050 | +9 | +15 | +9 | 18.53 | 0.13 |
| D | Real Est | +3 | +3 | +5 | 28.64 | -0.06 |
| D+ | Sp Prf SI | +4 | +4 | +2 | 9.30 | 0.00 |

**ProFunds Inv Class**
$2.5 bil 888-776-3637

| A+ | Semiconduct +29 | +104 | +41 | 52.18₈ | 0.68 |
| A+ | UltraNASDAQ +12 | +56 | +19 | 128.38₈ | 1.91 |

**Putnam Funds Class A**
$42.7 bil 800-225-1581

| B | Putnam Bal | +6 | +13 | +6 | 26.93 | 0.09 |
| B | D AAB | +7 | +12 | +6 | 16.77 | 0.05 |
| A- | D AAG | +9 | +15 | +8 | 21.09 | 0.08 |
| A- | FocIntlEqty +21 | +14 | +7 | 17.64 | 0.06 |
| A- | Growth0ppty +6 | +26 | +11 | 73.97 | 0.41 |
| A | IntlCpOppty +24 | +14 | +9 | 48.01 | -0.13 |
| A | Intl Equity +23 | +13 | +8 | 30.42 | 0.11 |
| A- | Research | +7 | +21 | +12 | 56.40 | 0.31 |
| A- | Sstrnbl Ldrs +2 | +18 | +9 | 124.92 | 0.62 |

**Putnam Funds Class Y**
$34.6 bil 800-225-1581

| A | LargeCpVal +9 | +14 | +13 | 37.41 | 0.20 |
| A | Sm Cap Gro | +4 | +19 | +9 | 81.54 | 0.93 |
| D+ | UltShtDurl | +3 | +1 | +2 | 10.14 | 0.00 |

**Russell Funds S**
$17.5 bil 800-787-7354

| A | Global Eq | +10 | +17 | +11 | 11.00 | 0.06 |
| E | Tax Ex Bond | +0 | +1 | +2 | 21.35 | -0.06 |
| A | TM US Lg Cp +6 | +19 | +11 | 89.82 | 0.51 |

**Rydex Dynamic Fds**
$1.2 bil 800-820-0888

| A+ | NASDAQ 2x +12 | +57 | +20 | 617.71 | 9.20 |
| A- | S&P 500 2x | +9 | +40 | +20 | 351.72 | 3.77 |

**Rydex Investor Class**
$2.2 bil 800-820-0888

| A+ | NASDAQ-100 +10 | +26 | +13 | 90.17₈ | 0.68 |
| A+ | Nova Fund | +4 | +21 | +9 | 159.80₈ | 1.29 |

## –S–T–U–

**Schwab Funds**
$373 bil 800-345-2550

| A- | Core Eqty | +5 | +18 | +11 | 24.54₈ | 0.13 |

| A+ | Fdm Itl LCI +21 | +13 | +12 | 12.55₈ | 0.04 |
| B+ | Fdm US LCI +6 | +13 | +14 | 29.44₈ | 0.14 |
| C+ | FdmUSSmCol +0 | +17 | +11 | 17.77₈ | 0.18 |
| A- | Intl Idx | +19 | +11 | +9 | 26.97₈ | 0.13 |
| A+ | Lg-Cap Gro +10 | +27 | +14 | 39.28₈ | 0.25 |
| A- | MktTrk Al E +10 | +16 | +11 | 25.67₈ | 0.14 |
| A | S&P 500 Idx | +8 | +20 | +13 | 97.33₈ | 0.52 |
| C+ | SC Idx | +2 | +19 | +8 | 36.38₈ | 0.44 |
| A | Tot Stk Mkt | +7 | +20 | +13 | 106.49₈ | 0.64 |
| A | 1000 Index | +8 | +20 | +13 | 135.67₈ | 0.79 |
| E | TRSIntflPSI | +5 | +2 | 0 | 10.34₈ | 0.01 |

**SEI Inst F**
$20.7 bil 800-858-7233

| E | CoreFundinc +3 | +1 | -1.0 | 9.47 | 0.00 |
| A+ | Lg Cap Gro | +9 | +25 | +13 | 46.79 | 0.35 |
| A | S&P 500 | +8 | +20 | +13 | 100.99 | 0.54 |
| B+ | Tx-Mgd LgCp +8 | +17 | +11 | 38.00 | 0.26 |

**SEI Inst Intl F**
$20.7 bil 800-858-7233

| A | Intl Eq | +22 | +14 | +9 | 13.50 | 0.09 |

**SEI Tax Exempt F**
$20.7 bil 800-858-7233

| E | Int-Tm Muni +0 | +1 | +1 | 10.83 | -0.02 |

**Selected Funds**
$1.7 bil 800-243-1575

| A+ | AmericanShs +12 | +18 | +12 | 38.18₈ | 0.06 |
| A | S&P 500 Id | +8 | +19 | +13 | 79.11₈ | 0.42 |

**Sit Funds**
$1.4 bil 800-332-5580

| A- | DividendGro | +8 | +17 | +11 | 16.83 | 0.09 |
| A+ | LargeCapGro +5 | +22 | +12 | 80.44₈ | 0.43 |
| A- | MidCapGrowt +3 | +21 | +8 | 25.09₈ | 0.31 |
| B | LCV Idx | +7 | +12 | +11 | 27.35 | 0.15 |
| A- | LCV | +8 | +13 | +12 | 23.85 | 0.06 |
| B- | Lfcy 2040 | +8 | +14 | +8 | 11.93 | 0.05 |
| B+ | Qnt SCE | +2 | +18 | +11 | 18.65 | 0.17 |
| D- | Real Est | +1 | +4 | +4 | 17.87 | -0.05 |
| A | S&P500 Idx | +8 | +20 | +13 | 69.10 | 0.37 |
| C- | SCB Idx | +2 | +20 | +8 | 24.26 | 0.29 |
| A | Soc Ch Eq | +10 | +19 | +12 | 28.98 | 0.24 |

**Tocqueville Funds**
$464 mil 800-697-3863

| A | Tocq Fd | +10 | +22 | +12 | 51.58₈ | 0.55 |

**Torray Fund**
$332 mil 855-753-8174

| A- | Fund | +8 | +14 | +11 | 56.93₈ | 0.52 |

**Tortoise Capital**
$3.1 bil 855-822-3863

| A+ | MLP&Pipe | +2 | +1 | +7 | 49.57₈ | 0.00 |

**Touchstone Family Fd**
$8.6 bil 800-543-0407

| D | Flex Inc | +3 | +2 | +2 | 10.31 | 0.01 |

| A | Value | +13 | +14 | +19 | 65.22 | 0.41 |

**Thivent Funds A**
$6.6 bil 800-847-4836

| A- | G Stk | +10 | +17 | +9 | 29.25 | 0.17 |
| A+ | LC Gro | +7 | +26 | +11 | 19.41 | 0.12 |

**Thivent Funds S**
$5.9 bil 800-847-4836

| A | LC Val | +9 | +14 | +13 | 31.34₈ | 0.18 |
| C+ | MC Stk | +3 | +15 | +10 | 37.33₈ | 0.43 |

**Thompson IM Fds,Inc**
$1.9 bil 800-999-0887

| D+ | Bond | +4 | +2 | +3 | 10.56₈ | 0.00 |

**Thornburg Fds**
$17.2 bil 800-847-0200

| A | Inc Bldr | +7 | +14 | +11 | 30.25 | 0.13 |
| A | Intl Eq | +22 | +12 | +10 | 31.89 | 0.24 |
| D | Ltd Inc | +4 | +2 | +1 | 13.06 | 0.00 |
| E | Ltd Muni | +2 | +2 | +1 | 13.48 | -0.01 |

**TIAACREF Inst**
$160 bil 877-518-9161

| E | Bond Indx | +4 | +3 | -1.0 | 9.58 | 0.00 |
| D- | Core Bond | +3 | +1 | -1.0 | 9.08 | 0.00 |
| D | Core+ Bd | +3 | +1 | 0 | 9.11 | 0.00 |
| A | Eq Idx | +7 | +20 | +13 | 44.08 | 0.27 |
| A+ | Gro & Inc | +5 | +22 | +12 | 15.75 | 0.13 |
| A | Intl Eq | +17 | +13 | +9 | 15.49 | 0.06 |
| C | Intl Eq Ix | +19 | +11 | +9 | 26.25 | 0.13 |
| C | LC Id 2020 | +7 | +8 | +5 | 20.17 | 0.05 |
| C+ | LC Id 2025 | +7 | +9 | +6 | 22.93 | 0.07 |
| B | LC Id 2035 | +9 | +12 | +7 | 29.09 | 0.11 |
| B | LC Id 2040 | +10 | +14 | +9 | 32.10 | 0.14 |
| A- | LC Id 2045 | +10 | +15 | +10 | 34.05 | 0.17 |
| A- | LCG Idx | +8 | +27 | +14 | 72.65 | 0.46 |
| A- | LCG | +7 | +28 | +11 | 30.83 | 0.19 |
| B- | LCV Idx | +7 | +12 | +11 | 27.35 | 0.15 |
| A- | LCV | +8 | +13 | +12 | 23.65 | 0.06 |
| B- | Lfcy 2040 | +8 | +14 | +8 | 11.93 | 0.05 |

**UM Funds**
$3.4 bil 800-480-4111

| C+ | Beh Val | +1 | +14 | +15 | 84.76 | 1.05 |

**USAA Aggressive Gr**
$71.2 bil 800-235-8396

| A+ | Aggressive+6 | +10 | +29 | +12 | 73.68₈ | 0.63 |

**USAA Group**
$71.2 bil 800-235-8396

| A | 500 Index | +8 | +20 | +13 | 78.73₈ | 0.42 |
| A- | CapitalGrow +15 | +11 | +13.9% | 0.07 | |
| C+ | Cornerstone +12 | +7 | +10 | 19.57₈ | 0.09 |
| C- | Cornerstone +8 | +9 | +5 | 28.00₈ | 0.08 |
| B- | Growth&Inc | +7 | +16 | +11 | 25.01₈ | 0.12 |
| A+ | Growth | +9 | +28 | +12 | 42.03₈ | 0.30 |
| B- | IncomeStock +5 | +10 | +10 | 18.38₈ | 0.08 |
| A- | Internation +20 | +13 | +9 | 31.00₈ | 0.12 |
| A+ | NASDAQ-100 +10 | +27 | +14 | 56.88₈ | 0.43 |
| A+ | PrecMetMin +52 | -2 | +6 | 28.67₈ | -0.34 |
| A | Sci & Tech | +7 | +32 | +6 | 32.59₈ | 0.17 |
| B | SustainWorl +9 | +17 | +10 | 32.13₈ | 0.19 |
| B | TargetRet20 | +9 | +11 | +8 | 14.10₈ | 0.05 |
| E | Tax-Exint-T +0 | +2 | +2 | 13.24₈ | 0.00 |
| E | Tax-ExLng-T +2 | -2 | +1 | 11.35₈ | -0.11 |

**USAA Income**
$71.2 bil 800-235-8396

| D- | Income | +3 | +2 | 0 | 11.48 | 0.01 |

**USAA IntmTerm Bd**
$71.2 bil 800-235-8396

| D | Intm-TermBd +3 | +1 | 0 | 9.13 | 0.00 |

**USAA ShortTerm Bd**
$71.2 bil 800-235-8396

| D+ | Short-TermB +3 | +1 | +2 | 9.13 | 0.00 |

## –V–W–X–

**Value Line Funds**
$2.4 bil 800-243-2729

| A+ | LineCapApp +13 | +23 | +8 | 14.22₈ | 0.06 |
| A+ | LineLgCoFc +24 | +40 | +10 | 44.79₈ | 0.34 |
| A- | LineSelGro | +6 | +10 | +10 | 36.74₈ | 0.30 |

**VanEck Funds**
$12.0 bil 800-544-4653

| A+ | Intl Gold | +55 | +2 | +5 | 16.07 | -0.18 |

**Vanguard Funds Adm**
$3.2539 bil 800-662-2739

| A | 500 Idx | +8 | +20 | +13 | 581.37₈ | 3.10 |
| D- | Bal Idx | +6 | +12 | +7 | 50.17₈ | 0.18 |
| E | CA Intm-Trm +0 | +1 | +1 | 11.18₈ | 0.00 |
| E | CA Lng-Tm | -3 | +0 | +1 | 10.94₈ | -0.02 |
| A- | Cap Opp | +8 | +21 | +11 | 204.15₈ | 1.06 |
| A | Cnsmr Dis | -2 | +20 | +11 | 190.22₈ | 0.75 |
| A- | Comm Indx +10 | +23 | +11 | 86.82₈ | 0.38 |
| A- | Dev Mkt | +20 | +13 | +9 | 18.24₈ | 0.08 |
| B+ | Div A I | +4 | +13 | +11 | 56.05₈ | 0.29 |
| B- | EM St I | +14 | +16 | +6 | 41.87₈ | 0.27 |
| B- | Energy Idx | +2 | +8 | +19 | 60.72₈ | 0.40 |
| A- | Energy | +12 | +7 | +13 | 90.48₈ | 0.14 |
| B | Equity Inc | +8 | +11 | +11 | 94.03₈ | 0.40 |
| A- | Euro S | +24 | +12 | +10 | 96.56₈ | 0.37 |
| A- | Explorer | +0 | +18 | +7 | 107.36₈ | 1.25 |
| A+ | Ext MI | +5 | +23 | +9 | 150.58₈ | 1.73 |
| B+ | Finl Indx | +15 | +16 | +14 | 64.33₈ | 0.66 |
| B+ | FTSE xUS | +18 | +13 | +8 | 41.80₈ | 0.21 |
| C+ | GI Min Vol | +9 | +5 | +7 | 33.45₈ | 0.09 |
| E | GNMA | -3 | +1 | 0 | 9.23₈ | 0.00 |
| A | Gro & Inc | +8 | +21 | +13 | 110.05₈ | 0.67 |
| A+ | Gro Idx | +7 | +24 | +14 | 230.53₈ | 1.26 |
| C | Health Care | -4 | +1 | -3 | 72.16₈ | -0.69 |
| E | Hi Yld TxEx | -2 | +0 | +2 | 10.18₈ | -0.03 |
| C+ | Hlth Cr Idx | -3 | +0 | +5 | 122.66₈ | -1.3 |
| C- | HY Corp | -5 | +4 | +3 | 5.50₈ | 0.00 |
| A- | Infobtx Idx +14 | +22 | +15 | 148.41₈ | 1.58 |
| E | Infl-Prot | +4 | +2 | 0 | 23.22₈ | 0.02 |
| A- | InfoTch Idx +11 | +36 | +16 | 153.12₈ | 3.47 |
| D- | Int Crp Bd | +5 | +3 | 0 | 22.14₈ | 0.01 |
| E | Int Trs | +4 | +1 | -1.0 | 19.96₈ | -0.01 |
| D- | Int-TB | +4 | +2 | -1.0 | 10.33₈ | -0.01 |
| D+ | Int-Tm Inv | +5 | +3 | 0 | 8.73₈ | 0.00 |
| E | Int-Tm Trs | +4 | +1 | +0 | 9.69₈ | -0.01 |
| D+ | Int-Tm TxEx +0 | +1 | +1 | 13.35₈ | -0.02 |
| B+ | Intl Gro | +16 | +19 | +6 | 118.22₈ | 0.79 |
| A- | Lg-Cp I | +8 | +20 | +13 | 146.30₈ | 0.76 |
| C | Lg-Tm Inv | +2 | +2 | -3 | 7.73₈ | 0.00 |
| E | Lg-Tm Trs | -6 | -0 | -1.6.0 | 7.73₈ | 0.00 |
| D- | Ltd-Tm TxEx +2 | +2 | +2 | 10.91₈ | 0.01 |

| A | MC G I | +13 | +22 | +10 | 123.48₈ | 1.07 |
| C | MC V I | +11 | +11 | 86.39₈ | 0.66 | |
| B+ | Md-Cp I | +8 | +16 | +10 | 350.88₈ | 2.86 |
| E | NJ Lng-Trm | -2 | +0 | +2 | 10.88₈ | -0.03 |
| E | NY Lng-Trm | -2 | +0 | +1 | 10.37₈ | -0.02 |
| E | PA Lng-Trm | -2 | +0 | +1 | 10.32₈ | -0.03 |
| B- | Pac Stk | +16 | +13 | +6 | 100.68₈ | 0.55 |
| A- | PRIMECAP | +9 | +19 | +12 | 181.12₈ | 0.69 |
| D- | RE Idx | +3 | +4 | +5 | 127.11₈ | -0.29 |
| B- | S-C Id | +2 | +18 | +9 | 116.71₈ | 1.38 |
| B | SC G Id | +2 | +20 | +6 | 99.80₈ | 1.33 |
| B- | SC V I | +2 | +16 | +12 | 86.21₈ | 0.92 |
| B- | Sh-Tm Bd | +3 | +1 | 0 | 10.25₈ | 0.00 |
| D- | Sh-Tm Fed | +3 | +1 | +1 | 10.26₈ | 0.00 |
| D | Sh-Tm Inv | +4 | +2 | +1 | 10.43₈ | 0.00 |
| D- | Sh-Tm Trs | +3 | +1 | 0 | 9.87₈ | -0.01 |
| D- | Sh-Tm Tx-Ex | +2 | +2 | +2 | 15.83₈ | 0.00 |
| D | ST Corp Bd | +4 | +2 | +1 | 21.54₈ | 0.00 |
| D- | ST IPSI | +4 | +1 | +2 | 25.09₈ | 0.02 |
| D- | ST Trs | +3 | +1 | +1 | 19.51₈ | -0.01 |
| C+ | TM Bal | +4 | +10 | +7 | 46.49₈ | 0.11 |
| A+ | TM Cap App | +8 | +19 | +13 | 323.62₈ | 1.88 |
| C- | TM SmCp | -1 | +18 | +9 | 92.11₈ | 1.03 |
| E | Tot Bd | +3 | +1 | -1.0 | 9.57₈ | 0.00 |
| D- | Tot Intl BI | +1 | +1 | -1.0 | 19.66₈ | -0.01 |
| A- | TSM Idx | +7 | +20 | +13 | 150.50₈ | 0.91 |
| A+ | US Growth | +10 | +29 | +11 | 203.46₈ | 1.32 |
| C- | Util Indx | +10 | +6 | +8 | 89.27₈ | 0.30 |
| D | Val Idx | +6 | +11 | +12 | 69.38₈ | 0.35 |
| B+ | Welleslely | +5 | +5 | +3 | 62.04₈ | 0.10 |
| B | Wellington | +7 | +13 | +8 | 78.38₈ | 0.15 |
| A- | Windsor II | +7 | +15 | +12 | 83.30₈ | 0.49 |
| B- | Windsor | +4 | +12 | +12 | 72.80₈ | 0.43 |

**Vanguard Funds Ins**
$1019 bil 800-662-7447

| A | Rus 1000 Id | +8 | +20 | +13 | 859.29₈ | 5.36 |
| B | Rus 1000 Vid | +8 | +20 | +13 | 552.96₈ | 3.26 |
| A | Rus 1000 VI | +7 | +11 | +11 | 335.89₈ | 1.86 |
| A- | Rus 3000 Id | +7 | +20 | +13 | 536.99₈ | 3.30 |

**Vanguard Funds InsP**
$1019 bil 800-662-7447

| A- | Instl Index | +8 | +19 | +13 | 512.07₈ | 2.74 |
| B+ | Intl Equity | +21 | +15 | +9 | 9.67 | 0.05 |
| A- | Instl Eqty | +7 | +20 | +13 | 43.32₈ | 0.25 |
| E | LT Trs | +0 | -1 | -6.0 | 23.16₈ | -0.01 |
| A+ | Mega Cap | +8 | +24 | +14 | 450.51₈ | 2.10 |
| B | S&P MC 400 | +3 | +16 | +11 | 428.47₈ | 4.55 |
| A | S&P SC 600 | -1 | +18 | +9 | 420.66₈ | 4.76 |
| A | T WldStk | +7 | +17 | +11 | 265.23₈ | 1.49 |
| E | Tot Bd II | +3 | +1 | -1.0 | 9.44 | 0.00 |

**Vanguard Funds InstP**
$1019 bil 800-662-7739

| A- | Inst SMc | +3 | +12 | +13 | 105.13₈ | 0.64 |

**Vanguard Funds Inv**
$1611 bil 800-662-2739

| A | Div Eqty | +7 | +20 | +11 | 54.42₈ | 0.38 |
| C | Div Gro | +3 | +8 | +9 | 36.22₈ | 0.07 |
| A | GI Cap Cyc +25 | +15 | +15 | 15.80₈ | 0.02 |
| A- | Glbl Eqty | +13 | +22 | +9 | 40.01₈ | 0.24 |
| B | Intl ExpIrr | +21 | +16 | +6 | 19.75₈ | 0.13 |
| B | Intl Val | +16 | +15 | +8 | 43.56₈ | 0.08 |
| C- | LS Cons Gro | +6 | +7 | +4 | 21.48₈ | 0.06 |
| B+ | LG Growth | +10 | +14 | +8 | 48.16₈ | 0.22 |
| D | LS Income | +5 | +4 | +1 | 15.47₈ | 0.02 |
| B- | LS Mod Gro | +8 | +11 | +6 | 33.55₈ | 0.12 |
| C+ | MA Tax-Ex | -2 | +0 | +1 | 9.68₈ | -0.02 |
| A- | Mid-Cap6rth +7 | +25 | +7 | 28.77₈ | 0.30 |
| A- | PrmCp Cre | +11 | +21 | +12 | 36.97₈ | 0.19 |
| B+ | Sel Value | +4 | +15 | +13 | 28.26₈ | 0.21 |
| C+ | STAR | +8 | +12 | +6 | 29.24₈ | 0.10 |
| B+ | Str SC Eq | +1 | +20 | +13 | 40.09₈ | 0.40 |
| A- | Strat Eqty | +4 | +19 | +13 | 37.61₈ | 0.40 |
| D+ | Tgt Ret Inc | +6 | +6 | +3 | 13.69₈ | 0.02 |
| C- | Tgt Ret2020 | +8 | +9 | +5 | 20.11₈ | 0.06 |
| B- | Tgt Ret2030 | +8 | +11 | +6 | 41.02₈ | 0.14 |
| B- | Tgt Ret2035 | +9 | +12 | +7 | 26.13₈ | 0.10 |
| B | Tgt Ret2040 | +10 | +13 | +8 | 47.35₈ | 0.20 |
| A- | Tgt Ret2045 | +10 | +14 | +9 | 32.69₈ | 0.15 |
| A- | Tgt Ret2050 | +11 | +16 | +10 | 55.30₈ | 0.28 |
| A- | Tgt Ret2060 | +11 | +16 | +10 | 56.86₈ | 0.29 |
| B+ | TotIntlStk | +18 | +14 | +8 | 22.23₈ | 0.11 |

**Victory Funds**
$11.8 bil 800-539-3863

| A+ | Dvsd Stock | +10 | +22 | +13 | 23.90 | 0.19 |
| A+ | RS Growth | +8 | +28 | +11 | 33.48 | 0.22 |

**Victory:Estab Val**
$20.3 bil 800-539-3863

| C+ | Estab Val | +2 | +11 | +11 | 46.50 | 0.44 |

**Victory:Global En Tran**
$20.3 bil 800-539-3863

| A- | GlobalEnTra +28 | +36 | +3 | 41.37 | -0.25 |

**Victory:Intl Cre Eqty**
$20.3 bil 800-539-3863

| A- | Intl Cre Eqty | +21 | +15 | +9 | 9.67 | 0.05 |

**Victory:Intl SmCp**
$20.3 bil 800-539-3863

| B+ | IntlCrEqty | +27 | +19 | +9 | 18.83 | 0.05 |

**Victory:RS Global**
$20.3 bil 800-539-3863

| A | RS Global | +17 | +17 | +12 | 25.96 | 0.15 |

**Victory:RS Internatl**
$20.3 bil 800-539-3863

| A- | RSInternatl | +17 | +11 | +9 | 14.02 | 0.04 |

**Victory:Sm Co Opp**
$20.3 bil 800-539-3863

| C- | Sm Co Opp | -3 | +14 | +9 | 45.70 | 0.54 |

**VictoryII-Mkt Neu I**
$20.3 bil 800-539-3863

| D- | Mkt Neu I | +6 | +1 | 8.72 | 0.00 | |

**Virtus Equity Trust**
$2.8 bil 800-243-1574

| A+ | KARCapGrowt +6 | +19 | +7 | 21.19 | 0.07 |
| D- | KAR Sm-Cp G -7 | +9 | +2 | 30.70 | 0.42 |

**VirtusFunds**
$5.1 bil 800-243-1574

| A- | Silvant FG | +11 | +29 | +14 | 96.11 | 0.43 |
| A- | ZevenlnnGrS +11 | +35 | +7 | 64.62 | 0.40 |
| A- | ZvnbrgnTech +11 | +38 | +12 | 100.50 | 0.81 |

**VirtusFunds CI I**
$8.6 bil 800-243-1574

| A- | KARIntlSMC +21 | +12 | +6 | 22.64 | 0.22 |
| A- | KAR SmCp Cr | +0 | +11 | +11 | 57.06 | 0.68 |
| D- | NwfleetMSST +3 | +2 | +2 | 4.55 | 0.00 |

**Vivaldi Merger**
$1.4 bil 877-779-1999

| D | TrustMrgrAr | +4 | +2 | +3 | 10.94 | 0.00 |

**Voya Fds**
$8.0 bil 800-992-0180

| D- | Intmdt Bd | +3 | +1 | -1.0 | 8.68 | -0.01 |
| A- | Large-CapGr +7 | +27 | +11 | 64.65 | 0.36 |
| A- | MdCp Opps | +7 | +22 | +7 | 19.44 | 0.20 |

**Wasatch**
$4.9 bil 800-551-1700

| B | Core Gro | -4 | +12 | +8 | 86.65₈ | 1.36 |

**WCM**
$1.9 bil 888-988-9801

| A- | IntlSCGrowt +24 | +25 | +6 | 25.81 | 0.18 |

**WCM Focus Funds**
$20.0 bil 888-988-9801

| A- | FocusedItlG +24 | +18 | +8 | 26.94 | 0.26 |

**Weitz Funds**
$6.6 bil 888-859-0698

| D- | CorePlusInc | +3 | +1 | +1 | 9.36 | 0.00 |

**WesMark Funds**
$806 mil 800-864-1013

| A- | LargeCompan +5 | +21 | +10 | 24.01₈ | 0.17 |

**Western Asset**
$19.2 bil 877-721-1926

| E | CorePlusBn | -4 | +2 | -2.0 | 9.15 | -0.01 |
| E | ManagedMuni -3 | +0 | +1 | 14.28 | -0.04 |

**Wilmington Funds**
$14.8 bil 800-497-2960

| A | RiverSmCpG | +7 | +28 | +13 | 75.08 | 1.32 |
| A | LC Str | +8 | +20 | +12 | 34.10 | 0.20 |

---

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

IN RE GIGACLOUD TECHNOLOGY INC SECURITIES LITIGATION    No. 1:23-cv-10645-JMF

THIS DOCUMENT RELATES TO:    ALL ACTIONS

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:**  All persons and entities who or that purchased or otherwise acquired Class A ordinary shares of GigaCloud Technology Inc ("GigaCloud") during the period from August 18, 2022 to May 22, 2024, both dates inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Co-Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and GigaCloud, Larry Lei Wu, Xin Wan, Kwok Hei David Lau, Zhiwu Chen, Thomas Liu, and Aegis Capital Corp (collectively, the "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $2,750,000 (the "Settlement").

A hearing will be held remotely on October 9, 2025, at 3:30 p.m. before the Honorable Jesse M. Furman of the United States District Court for the Southern District of New York, (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June 16, 2025; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing or change it to an in-person hearing without providing another written notice.  Information about the hearing, including instructions for remote access, will be posted at www.gigacloudsecuritiessettlement.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting www.gigacloudsecuritiessettlement.com or by contacting the Claims Administrator at:

*In re GigaCloud Technology Inc Securities Settlement*
Strategic Claims Services
P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063
(866) 274-4004
info@strategicclaims.net

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

| POMERANTZ LLP | THE ROSEN LAW FIRM, P.A. |
|---|---|
| Jeremy A. Lieberman, Esq. | Laurence M. Rosen, Esq. |
| Jonathan D. Park, Esq. | Brian B. Alexander, Esq. |
| 600 Third Avenue, 20th Floor, New York, NY 10016 | 275 Madison Avenue, 40th Floor, New York, NY 10016 |
| www.pomlaw.com | www.rosenlegal.com |
| (212) 661-1100 | (212) 686-1060 |

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than October 6, 2025.*  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than September 18, 2025.*  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, or, for users of the Court's Electronic Case Filing system, by that system, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than September 18, 2025.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: JUNE 20, 2025    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

INNOVAGE HOLDING CORP., MAUREEN HEWITT, BARBARA GUTIERREZ, JOHN ELLIS BUSH, ANDREW CAVANNA, CAROLINE DECHERT, EDWARD KENNEDY, JR., PAVITHRA MAHESH, THOMAS SCULLY, MARILYN TAVENNER, SEAN TRAYNOR, RICHARD ZORETIC, WCAS MANAGEMENT CORPORATION, WCAS MANAGEMENT, L.P., WCAS MANAGEMENT, LLC, APAX PARTNERS US LLC, TCO GROUP HOLDINGS, L.P., J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., ROBERT W. BAIRD & CO. INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., PIPER SANDLER & CO., CAPITAL ONE SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SIEBERT WILLIAMS SHANK & CO., LLC, and ROBERTS & RYAN INVESTMENTS, INC.,

    Defendants.

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:**  All persons or entities who (i) purchased or otherwise acquired the publicly traded common stock of InnovAge Holding Corp. ("InnovAge") between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 initial public offering ("IPO") and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the District of Colorado (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $27,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **November 26, 2025 at 10:30 a.m.**, before the Honorable William J. Martinez either in person at the U.S. District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, Courtroom A801, 901 19th Street, Denver, CO 80294, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 2, 2025 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement.** If you have not yet received the Postcard Notice directing you to the location of the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *InnovAge Securities Litigation,* c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; calling toll-free (866) 274-4004; or emailing info@strategicclaims.net. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.strategicclaims.net/InnovAge/.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator *postmarked (or submitted online) no later than* **November 5, 2025.** If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion to the Claims Administrator such that it is *received no later than* **November 5, 2025,** in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received no later than* **November 5, 2025,** in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*InnovAge Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Email: info@strategicclaims.net
www.strategicclaims.net/InnovAge/

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Molly Bowen
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel.: (202) 408-4600
Email: mbowen@cohenmilstein.com

By Order of the Court

[1]  Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.strategicclaims.net/InnovAge/.

**INVESTOR'S BUSINESS DAILY**

FREE WEBINAR

# How to Screen for Stocks Like a Pro

**Thursday, July 24**
@ 1:15pm PT / 4:15pm ET

In this free webinar from Investor's Business Daily, Scott St. Clair (IBD Senior Premium Product Group Manager) and Gerry Volkersz (Premium Product Coach) will show you how to use MarketSurge's powerful stock screener to quickly generate new trade ideas and identify high-probability setups.

**investors.com/webinar**



Scan QR code to learn more!

© 2025 Investor's Business Daily, LLC. Investor's Business Daily, IBD, IBD Digital, IBD Live and Leaderboard are trademarks of Investor's Business Daily, LLC.

©2025 Investor's Business Daily, LLC. All rights reserved.

 Gmail

**Josephine Bravata <jbravata@strategicclaims.net>**

**GlobeNewswire Release Distribution Confirmation: Cohen Milstein Sellers & Toll PLLC**
1 message

**donotreply@globenewswire.com** <donotreply@globenewswire.com>                                    Mon, Jul 21, 2025 at 9:01 AM
To: jbravata@strategicclaims.net
Cc: jbravata@strategicclaims.net, fknowles@strategicclaims.net



Boost the trust and credibility of your next press release. Get CLEAR Verified by GlobeNewswire

## Release Distribution Confirmation

**Cohen Milstein Sellers & Toll PLLC Announces Proposed Class Action Settlement on Behalf of Purchasers of InnovAge Holding Corp. Publicly Traded Common Stock - INNV**

**Cross time: 07/21/25 09:00 AM ET: Eastern Time - View release on GlobeNewswire.com**

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

 GlobeNewswire by notified

Cohen Milstein Sellers & Toll PLLC Announces Proposed Class Action...

# Cohen Milstein Sellers & Toll PLLC Announces Proposed Class Action Settlement on Behalf of Purchasers of InnovAge Holding Corp. Publicly Traded Common Stock - INNV

July 21, 2025 09:00 ET | Source: Cohen Milstein Sellers & Toll PLLC

Follow

DENVER, July 21, 2025 (GLOBE NEWSWIRE) -- Cohen Milstein Sellers & Toll PLLC announces that the United District Court for the District of Colorado has approved the following announcement of a proposed class action settlement that would benefit purchasers of InnovAge Holding Corp. publicly traded common stock (NASDAQ: INNV):

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

INNOVAGE HOLDING CORP., MAUREEN HEWITT, BARBARA GUTIERREZ, JOHN ELLIS BUSH, ANDREW CAVANNA, CAROLINE DECHERT, EDWARD KENNEDY, JR., PAVITHRA MAHESH, THOMAS SCULLY, MARILYN TAVENNER, SEAN TRAYNOR, RICHARD ZORETIC, WCAS MANAGEMENT CORPORATION, WCAS MANAGEMENT, L.P., WCAS MANAGEMENT, LLC, APAX PARTNERS US LLC, TCO GROUP HOLDINGS, L.P., J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., ROBERT W. BAIRD & CO. INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., PIPER SANDLER & CO., CAPITAL ONE SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SIEBERT WILLIAMS SHANK & CO., LLC, and ROBERTS & RYAN INVESTMENTS, INC.,

Defendants.

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**  All persons or entities who (i) purchased or otherwise acquired the publicly traded common stock of InnovAge Holding Corp. ("InnovAge") between May 11, 2021, and December 22, 2021, inclusive; and/or (ii) purchased or otherwise acquired publicly traded InnovAge common stock either in or traceable to InnovAge's March 4, 2021 initial public offering ("IPO") and were damaged thereby (the "Class").[1]

PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the District of Colorado (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $27,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **November 26, 2025 at 10:30 a.m.**, before the Honorable William J. Martinez either in person at the U.S. District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, Courtroom A801, 901 19th Street, Denver, CO 80294, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 2, 2025 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement. If you have not yet received the Postcard Notice directing you to the location of the Notice and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *InnovAge Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063; calling toll-free (866) 274-4004; or emailing info@strategicclaims.net. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.strategicclaims.net/InnovAge/.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form to the Claims Administrator *postmarked (or submitted online) no later than November 5, 2025*. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion to the Claims Administrator such that it is *received* no later than November 5, 2025, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees, plus actual expenses for litigating the case, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than November 5, 2025, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Requests for the Notice and Claim Form should be made to:

InnovAge Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Email: info@strategicclaims.net
www.strategicclaims.net/InnovAge/

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Molly Bowen
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel.: (202) 408-4600
Email: mbowen@cohenmilstein.com

By Order of the Court

_____

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.strategicclaims.net/InnovAge/.

Tags

Class Action

Share