# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 21-cv-2770-WJM-SBP

EL PASO FIREMEN & POLICEMEN'S PENSION FUND, SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

INNOVAGE HOLDING CORP., MAUREEN HEWITT,
BARBARA GUTIERREZ, JOHN ELLIS BUSH,
ANDREW CAVANNA, CAROLINE DECHERT,
EDWARD KENNEDY, JR., PAVITHRA MAHESH,
THOMAS SCULLY, MARILYN TAVENNER,
SEAN TRAYNOR, RICHARD ZORETIC,
WCAS MANAGEMENT CORPORATION,
WCAS MANAGEMENT, L.P., WCAS MANAGEMENT, LLC,
APAX PARTNERS US LLC, TCO GROUP HOLDINGS, L.P.,
J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO., CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

      Defendants.

---

## ORDER APPROVING DISTRIBUTION PLAN

---

WHEREAS, in the above-captioned action (the "Action"), the Court-appointed Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on June 2, 2025, the parties entered into a Stipulation and Agreement of Settlement ("Settlement Agreement" or "Stipulation") (ECF No. 199-1);

WHEREAS, on June 17, 2025, the Court issued its Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (ECF No. 200, the "Preliminary Approval Order");

WHEREAS, as stated in the Preliminary Approval Order, the deadline for Settlement Class Members to submit claims to participate in a distribution from the Net Settlement Fund was November 5, 2025;

WHEREAS, the Court held a Settlement Fairness Hearing on December 5, 2025, and issued its Amended Order Granting Final Approval of Class Action Settlement and Awarding Attorney Fees and Expenses on December 17, 2025 (ECF No. 208);

WHEREAS, as reflected in the Declaration of Josephine Bravata in Support of Lead Plaintiffs' Motion for Approval of Distribution of Net Settlement Fund ("Bravata Dec." or "Bravata Declaration"), the Claims Administrator has completed the process of reviewing all submitted Claims, and has made a recommendation as to the eligibility of each submitted Claim;

WHEREAS, Lead Plaintiffs and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Lead Plaintiffs' Unopposed Motion for Approval of

1

Distribution of Net Settlement Fund, the Memorandum in support thereof, the Bravata Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Lead Plaintiffs' Unopposed Motion for Approval of Distribution of Net Settlement Fund is GRANTED.  (ECF No. 210.)

2. This Order incorporates by reference the definitions in the Settlement Agreement and the Bravata Declaration, and all capitalized terms used in this Order shall have the same meanings as defined in the Stipulation or in the Bravata Declaration.

3. This Court has continuing jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, as discussed in further detail below.

4. Lead Plaintiffs' proposed plan for distribution of the Net Settlement Fund to Authorized Claimants is APPROVED.  Accordingly:

    a. The administrative recommendations of the Court-approved Claims Administrator, Strategic Claims Services ("SCS"), to accept the Timely Eligible Claims stated in Exhibit B-1 to the Bravata Declaration and the Late But Otherwise Eligible Claims stated in Exhibit B-2 to the Bravata Declaration, are adopted;

    b. The Claims Administrator's administrative recommendations to reject the inadequately documented claims set forth in Exhibit D to the Bravata Declaration and the ineligible claims set forth in Exhibit

2

E to the Bravata Declaration are adopted;

c.   Any claims received after December 1, 2025, and any responses to deficiency and/or rejection notices received after February 3, 2026, are rejected as untimely;

d.   SCS is directed to conduct an Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees.  Specifically:

   i.   In accordance with the Court-approved Plan of Allocation, SCS will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund by dividing the Authorized Claimant's Recognized Claim by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund (the "Distribution Amount");

   ii.   SCS will, in accordance with the terms of the Court-approved Plan of Allocation, eliminate from the distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00.  These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by SCS;

e.   In order to encourage Authorized Claimants to deposit their checks promptly, all Distribution checks will bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION

3

180 DAYS AFTER ISSUE DATE.";

f.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund nine months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) related to the nature of Plaintiffs' claims, to be recommended by Lead

4

Counsel and approved by the Court.

g.  Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown.  The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants in subsequent distributions, if such distributions are determined to be economically feasible;

h.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator and its agents/employees, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement, beyond the amounts allocated to Authorized Claimants pursuant to this Order, provided that such released persons acted in accordance with the Stipulation, the Final Judgment, and this Class

5

Distribution Order.

    i.  Not less than one year after the final distribution of the Net Settlement Fund, SCS may destroy the paper copies of the Claim Forms and all supporting documentation.  Not less than one year after the final distribution of the Net Settlement Fund, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation.

5.  This Court retains jurisdiction to consider any future disputes between the parties regarding the administration of the Settlement, but only to the extent they are material and merit the time and resources of this Court.

Dated this 11th day of June, 2026.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge